# EXHIBIT 1

# MULTIPLE LIABILITY POLICY

SURED: Hewlett-Packard Company
DDRESS: 3000 Hanover Street, Palo Alto, California 94304 ---

☐ INDIVIDUAL  ☐ PARTNERSHIP  ☒ CORPORATION  ☐ JOINT VENTURE  ☐

RODUCER: Alexander and Alexander, Inc.
ADDRESS: One Constitution Plaza, Boston, MA 02129
OLICY PERIOD: October 31, 1992 to October 31, 1993   POLICY NO. CXC024869

12:01 A.M. STANDARD TIME AT INSURED'S ADDRESS

OCCUPATION: Design, manufacture and sale of Computer Equipment and related products.

AUDIT PERIOD: ANNUAL, UNLESS OTHERWISE STATED
INSURER: CIGNA Property and Casualty Insurance Company
ADDRESS: 1650 Arch Street, 24th Floor, P. O. Box 7716, Philadelphia, PA 19192
*HEREINAFTER CALLED THE COMPANY*

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by ☒. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE PARTS | LIMITS OF LIABILITY | | | |
| --- | --- | --- | --- | --- |
| | Bodily Injury Liability | | Property Damage Liability | |
| | each occurrence | aggregate | each occurrence | aggregate |
| ☐ Owners', Landlords' and Tenants' Liability Insurance | | | | |
| ☐ Structural Alterations, New Construction, Demolition | | | | |
| ☐ Manufacturers' and Contractors' Liability Insurance | | | | |
| ☐ Independent Contractors | | | | |
| ☐ Completed Operations and Products Liability Insurance | See Form 9060 | | | |
| ☐ Contractual Liability Insurance | | | | |
| ☐ Comprehensive General Liability Insurance | | | | |
| | each person | each occurrence | each occurrence | |
| ☒ Comprehensive Automobile Insurance | See Form 9059 | | | |
| | Personal Liability | | Personal Medical Payments | |
| | each occurrence | each person | each accident | |
| ☐ Comprehensive Personal Insurance | | | | |
| ☐ Farmer's Comprehensive Personal Insurance | | | | |
| | Physical Damage to Property | | Animal Collision—Farmer's Part Only Market Value not exceeding $300 each animal | |
| | each occurrence | each person | each accident | |
| ☐ Premises Medical Payments Insurance | | | | |
| ☐ Automobile Medical Payments Insurance | | | | |
| ☐ Insurance Against Uninsured Motorist | aggregate | | insured's participation | |
| ☐ Personal Injury Liability Insurance | (See Additional Declarations attached for Coverages and Limits of Liability) | | | |
| ☐ Automobile Physical Damage Insurance (Fleet Automatic or Non-Fleet) | (See Additional Declarations attached for Coverages and Limits of Liability) | | | |
| ☐ Automobile Physical Damage Insurance (Dealers) | (See Additional Declarations attached for Coverages and Limits of Liability) | | | |
| ☐ Garage Insurance | | | | |

Endorsements attached to policy at inception: Manuscript policy as attached. Endorsements 1-13

During the past three years no insurer has cancelled insurance, issued to the Named Insured, similar to that afforded hereunder, unless otherwise stated here

TOTAL ADVANCE PREMIUM ▶ $1,000.

If the Policy Period is more than one year and the premium is to be paid in installment
premium is payable on:

Effective Date

1st Anniversary

ALL-STATE LEGAL®  EXHIBIT  1

HP0000667

Authorized Representative

GC/mm 10/28/92iversary

This Declarations and Coverage Part(s), with Policy Standard Provisions and Endorsements, if any, issued to form a part thereof, completes the above numbered pol

# SINGLE LIMIT OF LIABILITY

This endorsement modifies such insurance as is
afforded by the provisions of the policy
relating to the following:
COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
BASIC AUTOMOBILE LIABILITY INSURANCE
GARAGE INSURANCE

## SCHEDULE

| Coverages | Limits of Liability |
|---|---|
| Bodily Injury Liability and Property Damage Liability | $2,000,000. each occurrence |

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage Liability are amended to read as follows:

**LIMITS OF LIABILITY**
Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury damage, (3) claims made or suits brought on account of bodily injury or property damage or (4) automobiles to which this policy applies, the company's liability is limited as follows:

Bodily Injury Liability and Property Damage Liability:
The limit of Liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages because of bodily injury including damages for care and loss of services, or property damage as a result of any one occurrence.

For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

ATTACHED TO AND FORMING PART OF POLICY NO. CXC024869

OF THE_____ CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY

ISSUED TO_____ Hewlett Packard

EFFECTIVE_____ October 31, 1992

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

FORM 9059 (Rev. 8-82)
PAGE 1 OF 1

AUTHORIZED REPRESENTA

AMENDMENT-LIMITS OF LIABILITY
(Single Limit)
(Individual Coverage Aggregate Limit)
This endorsement modifies such insurance as is
afforded by the provisions of the policy
relating to the following:
COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE

SCHEDULE

| Coverages | Limits of Liability |
|---|---|
| Bodily Injury Liability and Property Damage Liability | $2,000,000. each occurrence<br>$2,000,000. aggregate |

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to Bodily Injury Liability and Property Damage Liability are amended to read as follows:

LIMITS OF LIABILITY
Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury damage, (3) claims made or suits brought on account of bodily injury or property damage or (4) units of mobile equipment to which this policy applies, the company's liability is limited as follows:

Bodily Injury Liability and Property Damage Liability:
(a)  The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the company's liability for all damages because of bodily injury, including damage for care and loss of services, or property damage as a result of any one occurrence.

(b)  Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all bodily injury including damages for care and loss of services, and property damage which occurs during each annual period while this policy is in force commencing from its effective date and which is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate":

(1)  all property damage arising out of premises or operations including property damage for which liability is assumed under any incidental contract relating to premises or operations, but excluding property damage included in subparagraph (2) below;

FORM 9060 (Rev. 8-82)
PAGE 1 OF 2

(2)   all property damage arising out of and occurring in the course of operations performed for the named insured by the Independent contractor and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures; (3) if Products-Completed Operations Insurance is afforded, all bodily injury including damages for care and loss of services, and property damage included within the completed operations hazard and all bodily injury and property damage included within the products hazard; and (4) if Contractual Liability Insurance is afforded, all property damage for which liability is assumed under any contract to which the Contractual Liability Insurance applies.

Such Aggregate limits shall apply separately:

(i)   to the property damage described in subparagraphs (1) and (2) and separately with respect to each project away from premises owned by or rented to the named insured;

(ii)   to the sum of the damages for all bodily injury, including damages for care and loss of services, and property damage described in subparagraph (3); and

(iii)   to the property damage described in subparagraph (4) and separately with respect to each project away from premises owned by or rented to the named insured.

(c)   For the purpose of determining the limit of the company's liability, all bodily injury, including damages for care and loss of services, and property damages rising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.



ATTACHED TO AND FORMING PART OF POLICY NO. CXC024869

OF THE   CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY

ISSUED TO   Hewlett Packard

EFFECTIVE   October 31, 1992

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER
AUTHORIZED REPRESENTATIVE

FORM 9060 (Rev.8-82)
PAGE 2 OF 2

3

HEWLETT-PACKARD COMPANY

THE COMPREHENSIVE GENERAL AND AUTOMOBILE LIABILITY POLICY: FOREIGN

## INSURING AGREEMENT

### Coverage A - Personal Injury Liability

To pay on behalf of the Insured all sums, which the Insured shall become legally obligated to pay as damages, because of personal injury, including death at any time resulting therefrom and care and loss of services sustained by any person or to indemnify the Insured, therefor, in jurisdictions where legally prohibited from paying on his behalf.

### Coverage B - Property Damage Liability

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages, because of injury to or destruction of property, including the loss of use thereof, caused by an occurrence as defined herein or to indemnify the Insured, therefore, in jurisdictions where legally prohibited from paying on his behalf.

### Coverage C - Advertiser's Liability

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages occurring in the course of the Named Insured's advertising activities, arising out of libel, slander, defamation of character, violation of right of privacy, unfair competition or infringement of copyright, title or slogan, or to indemnify the Insured, therefore, in jurisdictions where legally prohibited from paying on his behalf.

### Coverage D - Employer's Liability: See Endorsement No. 13

## DEFENSE AND SETTLEMENT

The Company shall have the right and duty, except in such jurisdiction where legally prohibited, to defend any suit against the insured seeking damages on account of personal injury or property damage or both, or Advertiser's Liability or Employer's Liability even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigations, negotiation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgement or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgements or settlements, provided that where legal prohibitions exist, the company agrees to indemnify the insured for monies expended in the defense of any suit.

1

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

a) All expenses incurred by the Company, all costs taxed against the insured in any suit defended by the Company and all interest on the entire amount of any judgement therein which accrues after entry of the judgement and before the Company has paid or tendered or deposited in court that part of the judgement which does not exceed the limit of the Company's liability thereon;

b) All premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy and the cost of bail bonds required of the insured, because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies not to exceed $5,000 per bail bond, but the Company shall have no obligation to apply for or to furnish any such bonds;

c) Expenses incurred by the Insured for first aid to others (as shall be imperative) at the time of an occurrence, for bodily injury to which this policy applies;

d) All reasonable expenses incurred by the Insured at the Company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25. per day, arising out of,

    a) The investigation or defense of any claim or suit.

    b) Attendance at hearings or trials at such request.

    c) Expenses incurred by the Insured in investigation and settlement of suits where the Company is not legally permitted to defend, or cannot for any reason defend, any suit against the Insured.

## DEFINITIONS

When used in this part of the policy (including endorsements forming part hereof)

"hired automobile" means an automobile not owned by the Named Insured which is used under contract on behalf of, or loaned to, the Named Insured provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the Named Insured (b) an employee or agent of the who is granted an operating allowance of any sort for the use of such automobile;

2

HR0000672

"automobile" means a land motor vehicle, trailer or semi-trailer designated for travel on public roads (including any machinery or apparatus attached thereto) but does not include mobile equipment.

"non-owned automobile" means an automobile, which is neither an owned automobile nor a hired automobile.

"owned automobile" means an automobile owned by the Named Insured or an automobile whose insurance coverage is the responsibility of the Named Insured.

"personal injury" means

## Group A

1) bodily injury, shock, fright, humiliation, mental injury or anguish, sickness, disease or disability, including death at any time resulting therefrom;

2) injury arising out of assault and battery not committed by or at the direction of the Insured unless committed for the purpose of preventing or eliminating a threat of injury to persons or property.

3) injury arising out of the inadequate or improper administering of medical treatment to a business invitee who sustains bodily injury while on the Named Insured's premises, or an Insured who fails to render such immediate medical treatment as may be warranted by the circumstances, including (a) Medical, Surgical, Dental X-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith, or (b) the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

## Group B

except as provided under Coverage C - "Advertiser's Liability"

1) false arrest, detention or imprisonment, or malicious prosecution, harassment, discrimination (where insurance in connection therewith is not prohibited or violative of law or public policy, by legislation, court decision or administrative ruling) or humiliation;

2) libel, slander, defamation, or invasion of the rights of privacy;

3) wrongful entry or eviction, or other invasion of the rights of private occupancy.

If such offenses as described are committed during the policy period.

3

"employee benefit programs"    See endorsement #3

"insured" the unqualified word "insured" includes the Named Insured and also includes the following:

A.    Any employee, executive officer, independent contractor, director or stockholder of the Named Insured

    1)    acting within the scope of his duties as such; or

    2)    attending, practicing, or participating in athletic or social or civic events sponsored or approved by the Named Insured; or

    3)    while driving a personally owned or temporary substitute vehicle on company business or while a Contract Car user or regular car user.

    4)    while using a non-owned automobile in the business of the Named Insured and with the permission of the owner.

B.    Non-operating joint ventures, partnerships, principals, co-owners and other non-operating parties or interests in <u>specific projects</u> with the Named Insured for whom or for which the Named Insured is the sole operator, but only with respect to liability arising out of such projects.

C.    With respect to the operation, for the purpose of locomotion upon a public highway of an automobile or mobile equipment registered under any motor vehicle registration law, any other person while operating with the permission of the Named Insured, any such equipment registered in the name of the Named Insured, and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available either on a primary or excess basis, to such person or organization.

D.    With respect to the Products Hazard, as defined, to any person or organization (herei referred to as "vendor") but only with respect to the distribution or sale in the regula course of the vendor's business of the Named Insured's products.

E.    Any person, organization, corporation, municipality, trustee or executor or administrat of an estate of whom the Named Insured is obligated by virtue of an agreement ordinance to provide such insurance as is afforded by this policy.

F.    Any other person while using an owned automobile, employee owned automobile, c hired automobile with the permission of the Named Insured provided has ac operation or his other actual use thereof is within the scope of such permission, but respect to bodily injury or property damage arising out of the loading or unload thereof, such other person shall be an insured only if he is:

6

   1)     a lessee or borrower of the automobile, or

   2)     an employee of the Named Insured or of such lessee or borrower.

G.    Any individual in whose name tangible property is held or operations conducted when such individual is in fact acting as trustee for the Named Insured, provided the Named Insured exercises full control and supervision of the property or operation.

H.    Any other interest covered as an additional insured under any underlying policy, but only to the extent that insurance is provided to such additional insured thereunder.

The insurance afforded applies separately to each insured against whom claim is made of suit brought, except that such coverage shall not serve to increase the limit of the Company's liability

## EXCLUSIONS

This insurance does not apply:

A)    To liability covered under any contract or agreement other than a written contract or an oral contract that is committed to writing within 90 days, but this exclusion does not apply to a warranty of fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be in a workmanlike manner.

B)    To liability for personal injury as defined under Group A paragraph 3 of "definitions" arising out of the rendering or failure to render medical treatment when the insured:

   1)     Provides any of the medical and kindred services as part of its business or occupation, such as a hospital or municipal rescue unit.

C)    To liability arising out of the ownership, maintenance, operations or use, including loading and unloading or any:

   1)     Aircraft owned or operated by or rented or loaned to any insured.

   2)     Any other aircraft operated by any person in the course of his employment by any insured.

D)    To liability arising out of the ownership, maintenance, operation, use, loading and unloading of any mobile equipment while being used in any pre-arranged or organized racing, speed or demolition contest or activity, or

E)    To liability arising out of the ownership, maintenance, operation, use, loading, or unloading of any watercraft

7

1) Owned or operated by or rented or loaned to any insured, or

2) Operated by any person during the course of his or her employment by the insured; but this exclusion does not apply to:

    a) Watercraft while ashore on premises owned by, rented to or controlled by the Named Insured, or

    b) To any watercraft under 50 feet in length provided such watercraft is not owned by or rented to the Named Insured and is not being used to carry persons for a charge.

F) To liability arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

G) To liability due to war, whether or not declared, civil war, insurrection, rebellion or revolution, acts of terrorism, or to any act or condition incidental to any of the foregoing, with respect to any coverage provided under this policy and including:

1) Liability assumed by the Insured under any contract incidental or otherwise; or

2) Expenses for first aid under the Supplementary Payments provision;

H) To property damage to:

1) Property owned or occupied by or rented to the insured, or

2) Property used by the insured.

I) To liability arising out of the loss of use of tangible property which has not been physically injury or destroyed resulting from:

1) A delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or

2) The failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured:

8

HP0000676

But this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured.

J) To property damage sustained to the Named Insured's goods, products or containers manufactured, sold, handled or work completed by or for the Named Insured, out of which the occurrence arises;

K) To property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

L) To damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the Named Insured's products or work completed by or for the Named Insured or any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

M) To liability included in Group A to any employee of the Insured arising out of and in the course of his employment by the Insured but this exclusion does not apply to liability assumed by the Insured under any contract;

N) To liability arising out of any publication or utterance described in Group B, "personal injury" if the first injurious publication or utterance of the same or similar material by or on behalf of the insured was made prior to the effective date of this insurance;

O) To liability arising out of a publication or utterance described in Group B, "personal injury" concerning any organization or business enterprise, or its products or services, made by or at the direct of the Named Insured, with knowledge of the falsity thereof;

P) Under Group C of the definition of "personal injury" to liability arising out of:

   1) Any dishonest, fraudulent, criminal or malicious act or omission, libel, slander discrimination or humiliation;

   2) To any claim for failure of performance of contract by any insurer;

   3) To any claim based upon:

      a) Failure of securities to perform as represented by an insured.

9



b) advice given by an insured in connection with participation or non-participation in stock subscription plans of Savings programs.

Q) To liability under Coverage C arising out of:

1) Failure of performance of contract, but this exclusion shall not apply to claims for unauthorized appropriation of ideas based on an alleged breach of implied contract;

2) Infringement of registered trade mark, service mark or trade name use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised but the exclusion R (2) shall not relate to titles or slogans;

3) Incorrect description of any article or commodity;

4) Mistake in advertised price.

## CONDITIONS

### 1. INSPECTION AND AUDIT

The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof, nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property operations are safe, or healthful, or are in compliance with any laws, rule or regulation.

The Company may examine and audit the Named Insured's books and records at any time during the policy period and extensions thereof are within three years after the final termination of this policy, as far as they relate to the subject of this insurance.

### 2. FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for personal injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The Insured agrees to reimburse the Company for any payment made by the Company that it would not have been obligated to make under the terms of this policy were it not for the agreement contained in this paragraph.

10

3. ## ACTION AGAINST THE COMPANY

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgement against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgement or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have the right under this policy to join the Company as a party to any action against the insured to determine the insured's liability, nor shall the Company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Company of any of its obligations hereunder.

4. ## POLICY PERIOD

This policy applies only to such occurrences and personal injury which take place during the policy period and within the policy territory. If any occurrence arising out of the insured's advertising activities began prior to the policy period or continues after the policy period, the Company's liability shall be limited to the proportion of the total damages resulting from such occurrence which the use of injurious material or the injurious acts during that period bears to the aggregate use of injurious material or the total number of injurious acts.

5. ## SEVERABILITY INTEREST

The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except that the inclusion of more that one insured shall not operate to increase the limit of the Company's liability as set forth in the policy. For the purpose of cancellation of this policy or the altering thereof or agreeing upon the settlement of losses, or receipting and receiving for payment of claims or for making premium adjustments, the Named Insured, shall be deemed as sole and irrevocable agent of each insured hereunder.

6. ## POLICY TERRITORY

Shall be worldwide for claim or suit resulting from an occurrence outside the United States of America, its territories or possessions, Canada, Cuba and North Korea.

11

HP0000679

7. <u>INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT</u>

a) <u>The Corporate Insurance Division of the Named Insured at Boston, MA upon learning of any occurrence,</u> including personal injury to which this policy applies shall give written notice as soon as practicable to Alexander & Alexander, Inc., A Massachusetts Corporation, One Constitution Plaza, Boston, MA 02129 or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and also reasonable obtainable information respecting the time, place and circumstances of occurrence, the names and addresses of the injured and o: available witnesses.

b) The Corporate Insurance Division of the Named Insured at Boston, MA upon receipt of notice of claim of suit against the Insured shall immediately forward to the Company every demand, notice, or summons of other process so received.

c) The insured shall cooperate with the Company and, upon the Company's request assist in making settlements, in the conduct of suits and in enforcing any rights of contribution or indemnify against any person or organization who may be liable to the insured because of personal injury or property damage with respect to which insurance is afforded under this policy; and the insured; upon the Company's request shall attend hearings and trials and assist in securing an giving evidence and obtaining the attendance of witnesses. The insured shall no except at his own cost, voluntarily make any payment, assume any obligation of incur any expense other than for such first aid to others as shall be imperat the time of accident.

8. <u>OTHER INSURANCE</u>

If other valid and collectible insurance with any other insurer is available to the insur covering a loss or expense also covered hereunder (except insurance purchased by t Named Insured to apply specifically in excess hereof) the insurance afforded by t policy shall be in excess of and shall not contribute with such other insurance.

If collectible insurance under any other policy(ies) of the Company of any of subsidiary companies is available to the insured covering a loss also covered hereun the Company's total liability and that of its subsidiary companies shall in no event exc the greater or greatest limit of liability applicable to such loss under this or any s other policy(ies).

If such other insurer shall, for any reason, refuse or fail to defend and indemnify insured, then the Company will take over and defend and indemnify in accordance the terms and conditions of this policy, as thought such other policy did not c However, noting contained herein shall be construed to prejudice the Company's r against other insurer.

12

9.    **"IN-REM"**

In consideration of the premium for which this policy is written, it is agreed that any accident or occurrence otherwise covered by the policy resulting in an action "In-Rem" shall in all respects be treated in the same manner though the action resulting therefrom were "In-Personam" against the insured.

10.    **UNINTENTIONAL ERRORS AND OMISSIONS**

Coverage afforded by this policy shall not be invalidated or affected by any inadvertent errors, omissions for improper description of premises, elevators or other descriptions mentioned in this policy. It is also agreed that inadvertent errors to comply with policy terms and/or conditions will not invalidate or affect coverage.

11.    **DEVALUATION DEFICIENCY**

In the event the insured should sustain a loss as a direct or indirect result of the failure of any local insurance coverage to indemnify because of deficiency arising through evaluation of the currency at a covered location, the Company will indemnify the insured for the otherwise uninsured amount of the loss up to the limit of liability which would have applied had the loss been settled under this policy, subject to the deductible, if any, and terms and conditions of this policy.

12.    **AUTOMATIC COVERAGE - ADDITIONAL INTEREST - NINETY DAYS REPORTING**

The unqualified word "insured" includes the Named Insured and any person, organization, trustee or estate to whom the Named Insured is obligated by virtue of a contract or agreement to provide insurance as is afforded by this policy, but only as respects operations or facilities of the Named Insured or facilities used by them, or use of automobiles by or on behalf of the Named Insured, provided that in no event shall coverage apply for the portion of any claim or loss in excess of the amount of insurance which the Named Insured is required to provide. Automatic coverage will be afforded to such insured's as described above provided that the Company is notified of such insured's in writing within 90 days.

13.    **SUBROGATION**

In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery therefore, the insured shall execute all papers required and shall do everything that may be necessary to secure such rights, but unless consented to by the Named Insured the Company shall have no rights to be subrogated to or require assignment of the insured's rights of recovery against:

13

a)  any of the Named Insured's subsidiary companies or corporations or against the directors, officers or employees thereof;

b)  any watercraft or aircraft owned or chartered by the Named Insured or by any subsidiary Company of the Named Insured, but then only as respects their activity directly in behalf of the Named Insured's operations insured hereunder; and

c)  any person or persons, corporations or company who by contract, whether oral or written, joins the insured as a co-participant in any of the insured's operations insured hereunder against any watercraft, owned chartered by such person, corporation or company but then only as respects their activities directly in behalf of the operations insured hereunder in which such party had joined the insured.

In the event of such payment under this policy, the Company will act in concert will all other interests concerned in the exercise of such rights or recovery. Any amounts which may be so recovered shall be apportioned as follows:

Any interest that shall have paid an amount over and above any payment made under this policy shall be reimbursed up to the amount paid by them, the Company shall the be reimbursed out of any balance then remaining up to the amount paid under this policy;

The insured or any underlying insurer, is entitled to claim the residue, if any. The expenses of all proceedings necessary to the recovery of such amounts shall be apportioned between the interests concerned in the ratio of their respective recoveries as finally settled. If there should be no recovery in proceedings instituted solely on the initiative of the Company, the expense thereof shall be borne by the Company.

14.  <u>ASSIGNMENT</u>

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon. If the Named Insured shall be adjudged bankrupt or insolvent within the policy period, this policy, unless cancelled, shall cover the insured's legal representative for the unexpired portion of such period and, subject otherwise to the provisions of the definition of insured, any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative but in no event for a period of more than sixty (60) days after the date of such adjudication.

14

15. <u>CANCELLATION</u>

This policy may be cancelled by the Named Insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when, thereafter the cancellation shall be effective. In the event of cancellation, non-renewal or material change of the policy by the Company, the Company shall give the Insured not less than ninety (90) days prior written notice before such cancellation, non-renewal or material change becomes effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Named Insured or by the Company shall be equivalent to mailing.

Should cancellation be placed in effect by the Company in accordance with said conditions described above, then the premium due for the policy period shall be determined on a pro-rata basis. However, should the Named Insured or any of its authorized agents effectively cancel this policy then the premium due for the policy period shall be determined on a short-rate basis.

16. <u>LIMIT OF LIABILITY</u>

1)    The limit of the Company's liability under Coverage A, B, C or D or any combination thereof shall be considered one total limit for all claims arising out of any one occurrence, as provided under the rating page for each section, either separately or in unison.

15



| Effective | Endorsement No. | Canceling Endorsement No. |
|---|---|---|
| October 31, 1992 | 1 | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## NAMED INSURED ENDORSEMENT

It is hereby agreed that the Named Insured is amended to include the following:

HEWLETT-PACKARD and any partnership, joint venture, subsidiary, affiliated, associated, allied, controlled or proprietary company, corporation, firm, organization or any other entity as now exists or may hereafter be constituted, formed or acquired where HEWLETT-PACKARD CORPORATION, has ownership, interest (irrespective or stated percentage), management control or responsibility for providing insurance.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000684

**CIGNA**

| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>2 | Canceling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## MINIMUM EARNED PREMIUM

The minimum earned premium for this insurance is $1000., and shall be considered as being fully earned as of the effective date of this endorsement.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>3 (Page 1 of 6) | Canceling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## EMPLOYEE BENEFIT PROGRAMS ENDORSEMENT
### INSURING AGREEMENTS

I.  To indemnify the Insured for all sums which the Insured shall become legally obligated to pay on account of any claim made against the Insured and caused by any negligent act, error or omission of the Insured, or any other person for whose acts the Insured is legally liable in the administration of the Insured's Employee Benefit Programs as defined herein.

II. It is further understood and agreed that in event of any claim, irrespective of the amount, notice thereof shall be given by or on behalf of the Insured to the Company, or any of its authorized agents, in accordance with the terms of the Policy and Company may at its option, investigate such claim or negotiate or settle any claim, and the Insured agrees, if the Company undertakes to negotiate or settle any such claim, to join the Company in such negotiation or settlement.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective | Endorsement No. | Cancelling |
|---|---|---|
| October 31, 1992  --- | 3 (Page 2 of 6)  --- | Endorsement No.  ---- |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## III.  DEFINITION

(a) "Insured" the unqualified word "insured", wherever used, includes not only the Named Insured, but also any partner, executive officer, director, stockholder or employee provided such employee is authorized to act in the administration of the Insured's Employee Benefit Programs.

(b) "Employee Benefit Programs" - The term "Employee Benefit Programs" shall mean group life insurance, accident insurance, group health insurance, profit sharing plans, pension plans, employee stock subscription plans, workers' compensation, unemployment insurance, social security, disability benefits insurance and travel savings or vacation plans.

(c) "Administration" - The unqualified word "Administration", wherever used shall mean:

(1) Giving counsel to employee with respect to the Employee Benefit Programs;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MASON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective | Endorsement No. | Canceling Endorsement No. |
|---|---|---|
| October 31, 1992 | 3 (Page 3 of 6) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

(2)  Interpreting the Employee Benefit Programs;
(3)  Handling of records, in connection with the Employee Benefit Programs;
(4)  Effecting enrollment, termination or cancellation of employees under the Employee Benefit Programs;

provided all such acts are authorized by the Named Insured.

## EXCLUSION

THIS POLICY DOES NOT APPLY:

(a)  to any dishonest, fraudulent, criminal or malicious act, libel, slander, or humiliation;

(b)  to bodily injury to, or sickness, disease, or death, of any person, or to injury to or destruction of any tangible property, including the loss of use thereof;

(c)  to any claim for failure of performance of contract by any Insurer;

(d)  to any claim based upon failure of stock to produce financial gain as represented by the Named Insured or any employee thereof.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MAGON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>3 (Page 4 of 6) | Cancelling<br>Endorsement No. |
|---|---|---|
| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company | |
| Issued To: | HEWLETT PACKARD | |

## CONDITIONS

1. **LIMITS OF LIABILITY**

   The limit of liability stated in this Policy as applicable to "each occurrence" is the limit of the Company's Liability for all damages on account of any claim covered hereunder; the limit of Liability stated in this Policy as "aggregate" is, subject to the above provision respecting each claim, the total limit of the Company's Liability for all claims covered hereunder and occurring during each policy year. The inclusion herein of more than one insured shall not operate to increase the limits of the Company's Liability.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>3 (Page 5 of 6) | Cancelling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company | |

| Issued To:    HEWLETT PACKARD |
|---|

2. <u>ASSISTANCE AND COOPERATION OF THE INSURED</u>

The insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits, the Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense.

3. <u>ACTION AGAINST COMPANY</u>

No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of the Policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgement against the Insured after actual trial or by written agreement of the Insured's, the claimant and the Company.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective October 31, 1992 | Endorsement No. 3 (Page 6 of 6) | Cancelling Endorsement No. |
|---|---|---|

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company | |

| Issued To: | HEWLETT PACKARD | |

Any person or organization or the legal representative thereof who has secured such judgement or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded by this Policy. Nothing contained in the Policy shall give any person or organization any right to join the Company as a codefendant in any action against the Insured to determine the Insured liability.

4.    NON-ASSIGNABLE

The interest of the Insured under this Policy shall not be assignable to any other interest.

SCHEDULE OF EMPLOYEE BENEFIT PROGRAM

As per Definition III (b).
A Deductible of $1,000. shall apply to each claim.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective | Endorsement No. | Canceling |
| --- | --- | --- |
| | | Endorsement No. |
| October 31, 1992 | 4 (Page 1 of 7) | |

| Forms Part of Policy | Of The |
| --- | --- |
| CXC024869 | CIGNA Property and Casualty Insurance Company |

| Issued To: | HEWLETT PACKARD |
| --- | --- |

### NUCLEAR CLAUSE EXCLUSION
### C-433

Notwithstanding anything to the contrary elsewhere in the policy, this policy does not apply:

A.    Under any Liability Coverage, to Bodily Injury or Property Damage:

1.    With respect to which an Insured under the policy who is also an insured under any Nuclear Liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance of Canada, or any similar type association, pool or scheme, or to which an insured would be an insured under any such policy but for its termination upon exhaustion of its limits of liability; or

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective  October 31, 1992 | Endorsement No.  4 (Page 2 of 7) | Canceling  Endorsement No. |
|---|---|---|
| Forms Part of Policy  CXC024869 | Of The  CIGNA Property and Casualty Insurance Company | |
| Issued To: | HEWLETT PACKARD | |

C-433

2.  Resulting from the Hazardous Properties of Nuclear Material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from any government, or any agency thereof, under any agreement entered into by any such government, or any agent thereof, with any person or organization.

B.  Under any medical payments coverage, or under any supplementary payments provision relating to first aid, to expenses incurred with respect to Bodily Injury resulting from the Hazardous Properties of Nuclear Material and arising out of the operation of a Nuclear Facility by any person or organization;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 4 (Page 3 of 7) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

C.  Under any Liability Coverage, to Bodily Injury or Property Damage resulting from the Hazardous Property of Nuclear Material, if:

1.  The Nuclear Material (a) is at any Nuclear Facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

2.  The Nuclear Material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured, or

3.  The Bodily Injury or Property Damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any Nuclear Facility:

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000604



| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>4 (Page 4 of 7) | Cancelling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company |
|---|---|

**Issued To:**      HEWLETT PACKARD

D.    Except that this exclusion shall not apply to:

   1.    The use of particles accelerators incidental to ordinary industrial or educational research, or

   2.    The use, handling, storage, transportation or disposal of
      a.    Radioactive isotopes for medical or industrial use or

      b.    Radium or radium compounds at other than a Nuclear Facility

E.    As used in this exclusion:

   1.    "Hazardous Properties" include radioactive, toxic, or explosive properties;

   2.    "Nuclear Material" means Source Material, Special Nuclear Material or By-Product Material;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MASON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____

Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>4 (Page 5 of 7) | Cancelling<br>Endorsement No. |
|---|---|---|
| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company | |
| Issued To: | HEWLETT PACKARD | |

3. "Source Material", "Special Nuclear Material", and "By-Product Material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

4. "Spent Fuel" means any fuel element or fuel components, solid or liquid, which have been used or exposed to radiation in a Nuclear Reactor;

5. "Waste" means any waste material (a) containing By-Product Material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its Source Material content and (b) resulting from the operation by any person or organization of any Nuclear Facility included within the definition of Nuclear Facility under paragraph (6) (a) or (b) thereof;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 4 (Page 7 of 7) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|
| Issued To: | HEWLETT PACKARD |

7.  "Nuclear Reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

8.  "Property Damage" includes all forms of radioactive contamination of property.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>5 | Canceling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## <u>EXCESS AND DIFFERENCE IN CONDITIONS ENDORSEMENT</u>

It is agreed that the coverage afforded by the Comprehensive General Liability coverage part (and any amendments thereto) shall be excess and Difference-In-Conditions (D.I.C.) of any Locally-Admitted General Liability Insurance policy(ies).

... "The coverage afforded by the Comprehensive General Liability coverage part (and any amendments thereto) shall be primary in the event:

    i.    such underlyer does not afford coverage for a loss covered by this policy, or

    ii.    no underlyer exists.

Where such underlyer is not provided by the Company or its Affiliates, the Insured agrees that the coverage and Limits of Liability provided by the underlyer, in effect at the inception of this policy, will be maintained in full force. If such underlyer is not maintained, losses covered by this policy will be settled as if the underlyer were in effect."

It is also agreed that the Limits of Liability of this policy shall be inclusive of and not in addition to the Limits of Liability of the Locally-Admitted policies described above.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000699



| Effective | Endorsement No. | Canceling Endorsement No. |
|---|---|---|
| October 31, 1992 | 6 (Page 1 of 2) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## AUTOMOBILE EXCESS AND DIFFERENCE IN CONDITIONS ENDORSEMENT

In consideration of the premium chargeable under this policy, it is understood and agreed that such insurance as is afforded hereunder is based on the condition that in each country where the named insured owns automobile or leases automobiles for a period in excess of 30 days, the named insured will maintain in full force and effect throughout the term of this insurance an automobile liability insurance policy issued by a local national insurance company with limits of not less than:

Bodily Injury

Property Damage

$25,000    each person

$25,000    each occurrence

$25,000    each occurrence

It is further agreed that coverage hereunder shall apply as excess and difference in conditions of such other insurance, subject to the terms and conditions of this policy.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000700



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 6 (Page 2 of 2) | |

| Forms Part of CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

In the event of failure by the Insured to maintain the aforementioned insurance in force, the insurance provided by this policy shall apply in the same manner it would have applied had such insurance been so maintained.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Canceling Endorsement No. |
|---|---|---|
| October 31, 1992 | 7 (Page 1 of 2) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## AIRCRAFT PRODUCTS AND GROUNDING EXCLUSION ENDORSEMENT

In consideration of the premium paid, and notwithstanding anything contained in this policy to the contrary, it is agreed that this policy shall not apply to any liability arising of "aircraft products and completed operations" or reliance upon any representation or warranty made with respect thereto, nor to any liability arising out of the grounding of any aircraft.

"Aircraft Products and Completed Operations" means: (1) Aircraft (including missiles or spacecraft and ground support or control equipment used therewith) and any other goods or products manufactured, sold, handled or distributed by the insured for any services provided or recommended by the insured or by other trading under his named for use in the manufacture, repair, operation, maintenance or use of any aircraft, and (2) Any articles, furnished by the insured and installed in aircraft or used in connection with aircraft or for spare parts for aircraft, including ground handling tools and equipment, and also means training aids, instructions, manuals, blueprints, engineering data, engineering advice, and labor related to such aircraft or articles.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective

October 31, 1992 | Endorsement No.

7 (Page 2 of 2) | Canceling
Endorsement No. |

| Forms Part of Policy
CXC024869 | Of The
CIGNA Property and Casualty Insurance Company |

| Issued To: | HEWLETT PACKARD |

"Grounding" shall mean the withdrawal of one or more aircraft from the flight operations or the imposition of speed, passenger of load restrictions on such aircraft, by reason of the existence of or alleged or suspected existence of any defect, fault on condition in such aircraft or any part thereof sold, handled or distributed by the insured or manufactured, assembled or processed by any other person or organization according to specification, plans, suggestions, orders, or drawings of the insured or with tools, machinery or other equipment furnished to such persons or organizations by the insured, whether such aircraft so withdrawn are owned or operated by the same or different persons, organizations or corporations.

A grounding shall be deemed to commence on the date of an accident or occurrence which discloses such conditions, or on the date an aircraft is first withdrawn from service on account of such condition, whichever occurs first.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>8 | Canceling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company | |

| Issued To: | HEWLETT PACKARD |

## PREMISES MEDICAL PAYMENT ENDORSEMENT

The company will pay to or for each person who sustains bodily injury caused by an occurrence, all reasonable medical expenses incurred within one year from the date of the accident on account of such bodily injury, provided such bodily injury arises out of;

a)    a condition in the insured's premises or

b)    operations with respect to which the Named Insured is afforded coverage for bodily injury liability under this policy.

The limit of the companies liability shall not exceed $10,000 for each person sustaining bodily injury in any one accident subject to a total limit of $100,000 for all medical expenses of two or more persons in any one accident.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

*John E. Macon*

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

Authorized Representative

PB/gc
October 29, 1992

HP0000704

**CIGNA**

| Effective | Endorsement No. | Cancelling |
| --- | --- | --- |
| October 31, 1992 | 9 (Page 1 of 5) | Endorsement No. |

| Forms Part of Policy | Of The |
| --- | --- |
| CXC024869 | CIGNA Property and Casualty Insurance Company |

| Issued To: | HEWLETT PACKARD |
| --- | --- |

## FINANCIAL LOSS EXTENSION ENDORSEMENT

In consideration of an additional premium, as set forth below, this policy is extended to pay on behalf of the Insured all sums, which the Insured shall become legally obligated to pay as damages and expenses, because of <u>financial loss</u> whether caused by an occurrence or not during the term of this policy, or to indemnify the Insured therefor in jurisdictions where legally prohibited from paying on his behalf.

<u>Defense and Settlement:</u>

The Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such financial loss even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgement or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgements or settlements.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 9 (Page 2 of 5) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

<u>Limit of Liability:</u>

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain financial loss, or (3) claim made or suits brought on account of financial loss, the total liability of the Company for all damages because of financial loss, including costs and expenses incurred in the defense of the Insured shall not exceed US $500,000 (Five Hundred Thousand U.S. Dollars) during any one policy year.

<u>Deductible:</u>

The Company's limit of liability as stated above applies only to the amount of damages in excess of U.S. $50,000. (Fifty Thousand U.S. Dollars) any one occurrence.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MASON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000706



| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>9 (Page 3 of 5) | Cancelling<br>Endorsement No. |
|---|---|---|

| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

<u>Exclusions:</u>

This insurance extension shall not apply to:

1.   The cost of removal, repair, recovery, alteration, replacement, demolition, breaking out, dismantling, delivery, making good or recall of:

   a)   the Insured's products, and/or

   b)   faulty or inadequate workmanship performed by or on behalf of the Insured;

2.   Any liability arising out of or in connection with:

   a)   Personal Injury, and/or

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

*[signature]*

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____

Authorized Representative

PB/gc
October 29, 1992

 

| Effective October 31, 1992 | Endorsement No. 9 (Page 4 of 5) | Cancelling Endorsement No. |
|---|---|---|

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company | |

| Issued To: | HEWLETT PACKARD | |

b)   Property Damage, however, subject to the terms of Exclusion 1 above, this Exclusion does not apply to liability for financial loss which is directly attributable to the Insureds's products;

3.   Liability which attaches by virtue of an agreement unless liability would have attached in the absence of such agreement;

4.   Liability arising out of or in connection with the testing or misuse of the Insured's products;

5.   Liability arising out of or in connection with advice, design, consultancy, specifications, formulae or supervision given or undertaken by the Insured.

a)   not pursuant to the supply of the Insured's products, and/or

b)   for a fee;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 9 (Page 5 of 5) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

6.  Liability resulting from conspiracy, conversion, deceit, inducement of breach of contract, injurious falsehood or infringement of patent copyright, trade mark or trade name.

7.  Claims arising out of any circumstances for which notification has been given to previous insurers or which are known to the Insured at inception of this policy.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective<br><br>October 31, 1992 | Endorsement No.<br><br>10 (Page 1 of 2) | Cancelling<br>Endorsement No. |
|---|---|---|
| Forms Part of Policy<br>CXC024869 | Of The<br>CIGNA Property and Casualty Insurance Company | |
| Issued To:   HEWLETT PACKARD | | |

## FIRE LEGAL LIABILITY COVERAGE - REAL PROPERTY

It is hereby understood and agreed that with respect to property damage to structures or portions thereof rented to or leased to the named insured, including fixtures permanently attached thereto, if such property damage arises out of fire

(A)   All of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

This insurance does not apply to liability assumed by the insured under any contract or agreement.

(B)   The limit of property damage liability as respects this Fire Legal Liability Coverage - Real Property is $1,000,000. each occurrence unless otherwise stated in the schedule of this endorsement.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

HP0000710



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 10 (Page 2 of 2) | — |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

(C)   The Fire Legal Liability Coverage - Real Property shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof), available to the insured, such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the Other Insurance Condition of the policy is amended accordingly.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 11 (Page 1 of 2) | |
| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company | |
| Issued To: | HEWLETT PACKARD | |

## HOST LIQUOR LAW LIABILITY COVERAGE

It is hereby understood and agreed that coverage provided herein does not apply to bodily injury or property damage for which the Insured or his indemnitee may be held liable

(1)  as a person or organization engaged in the business of manufacturing, distributing, selling or service alcoholic beverages, or

(2)  if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

(i)  by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____

Authorized Representative

PB/gc
October 29, 1992



| Effective  October 31, 1992 | Endorsement No.  11 (Page 2 of 2) | Cancelling Endorsement No. |
|---|---|---|

| Forms Part of Policy  CXC024869 | Of The  CIGNA Property and Casualty Insurance Company | |

| Issued To:  HEWLETT PACKARD | | |

(ii)    by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol of which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the Insured or his indemnitee as an owner or lessor described in (2) above;

It is further understood and agreed that the exclusion described above does not apply with respect to liability of the insured or their indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the named insured's business, provided the named insured is not engaged in the business of manufacturing, distributing, selling or serving of alcoholic beverages.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992



| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 12 | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## DATA PROCESSING ERRORS AND OMISSIONS EXCLUSION

It is hereby understood and agreed that this policy does not apply to any claim, suit, action or proceeding arising out of data processing errors or omissions.

"Data Processing errors or omissions" means:

(1) The complete or partial failure of any computer, computer systems, computer connected system or device, computer controlled system, device, or equipment, or other computer related system, devices or equipment to perform it intended function, or,

(2) The inaccuracy, misuse, or complete or partial lack of usefulness of the input or output of any computer, computer system, or any computer connected or controlled equipment or device, or computer related systems, equipment or devices.

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992

**CIGNA**

| Effective | Endorsement No. | Cancelling Endorsement No. |
|---|---|---|
| October 31, 1992 | 13 (Page 1 of 2) | |

| Forms Part of Policy CXC024869 | Of The CIGNA Property and Casualty Insurance Company |
|---|---|

| Issued To: | HEWLETT PACKARD |
|---|---|

## EMPLOYERS LIABILITY COVERAGE ENDORSEMENT

Such insurance as is afforded by the policy shall apply to Bodily Injury which is sustained by any employee of the Insured, and which arises out of and in the course of his employment by the Insured, notwithstanding anything to the contrary stated elsewhere in this policy.

The insurance afforded by this endorsement shall not apply:

    a)    to punitive or exemplary damages on account of bodily injury or death of any employee employed in violation of the law;

    b)    to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the Insured for damages because of such injury or death resulting therefrom;

Policy Period: 10-31-92 to 10-31-93

All other terms and conditions remain unchanged.

JOHN E. MACON, VICE PRESIDENT
GLOBAL BUSINESS CENTER

_____
Authorized Representative

PB/gc
October 29, 1992