# EXHIBIT 5

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

David A. Gauntlett
M. Danton Richardson++
Eileen Spadoni
Leo E. Lundberg, Jr.
Stanley H. Shure
Richard Wm. Zevnik
Eric Robert Little
Mark H. Plager*
Richard B. Hopkins, II

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

info@gauntlettlaw.com
www.gauntlettlaw.com

++Also Admitted in TX, LA & D.C.
*Also Admitted in CO, D.C., NJ & NY

Our File Number:

10191.003

August 19, 1998

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**

The following communication is an insurer-insured communication protected within the meaning of Civil Code § 2860(d), which provides in relevant part: "Any information disclosed by the insured or by the independent counsel is not a waiver of the privilege as to any other party."

**VIA U.P.S OVERNIGHT**

Romain Oliver Nelsen, Esq.
Nelsen, Thompson, Pegue & Thornton
2425 Olympic Blvd., Suite 4000 W
Santa Monica, CA 90404-4032

Re: Hewlett-Packard Co. v. Nu-kote International, Inc.
Counterclaim Nu-kote International, Inc. v. Hewlett Packard Co.
United States District Court Northern District Case No. C-95-2254CW
Insured: Hewlett-Packard Co.
CIGNA Policy No. CXCO24869

Dear Mr. Nelsen:

This letter is further to our August 19, 1998 telephone conversation. You confirmed that your client had not yet supplied you with a copy of the pertinent policy.

Enclosed please find a copy of CIGNA Policy No. CX024869, policy period October 31, 1992 to October 31, 1993. As previously advised, this policy period is the applicable policy period because Nu-kote entered the inkjet refill product market in July 1993.

It has been two months since Hewlett-Packard Company tendered the defense of the above counterclaim under the captioned CIGNA policy. It has been approximately a month since your offices informed Hewlett-Packard of your retention as coverage counsel with respect to the above matter.

10191-003/081998/41292.1



EXHIBIT
5

HP0000903



**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Romain Oliver Nelsen, Esq.
Re: <u>Hewlett-Packard v. Nu-kote</u>
August 19, 1998
Page 2

We have received no word from CIGNA as to its coverage position since the date of tender. The CIGNA policy at issue affords express coverage for "advertising liability," and defines same in broad language, including "unfair competition." The Nu-kote counterclaim alleges wrongful acts by Hewlett-Packard during the CIGNA policy period committed in the course of its advertising activities that fall within the plain meaning of "unfair competition," among other enumerated offenses. The Nu-kote counterclaim seeks to impose liability on Hewlett-Packard for injury stemming from publication of advertising materials in numerous foreign markets.

The CIGNA policy at issue contains an express duty to defend. The Nu-kote counterclaim alleges damages falling squarely within CIGNA's coverage. We look forward to receipt of CIGNA's acknowledgment of its duty to defend and indemnify its insured in this matter. Please advise to whom at CIGNA Hewlett-Packard's defense counsel should be forwarding its bills for reimbursement by CIGNA. Should you have any further questions, please do not hesitate to contact the undersigned.

Very truly yours,

Richard Wm. Zevnik

RWZ:pam
Enclosure

cc:    David A. Gauntlett, Esq., w/o encl.

10191-003/081998/41292.1