# EXHIBIT 8

# GAUNTLETT & ASSOCIATES

### ATTORNEYS AT LAW

David A. Gauntlett
Danton Richardson++
...een Spadoni
Leo E. Lundberg, Jr.
Stanley H. Shure
Richard Wm. Zevnik
Eric Robert Little
Raymond J. Liddy

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

info@gauntlettlaw.com
www.gauntlettlaw.com

++Also Admitted in TX, LA & D.C.

Our File Number:

10191.003

October 27, 1998

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**
This following communication is an attorney-insurer confidential communication. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.

## VIA U.P.S. OVERNIGHT DELIVERY

Thomas Correll, Esq.
Lewis D'Amato, Brisbois & Bisgaard
550 West C Street
Suite 800
San Diego, CA 92101

Re:    **Hewlett Packard Company v. Nu-kote International, Inc.; and Counterclaim Nu-kote International, Inc. v. Hewlett Packard Co.**
**United States District Court Northern District Case No. C-95-2254CW**

Dear Mr. Correll:

Hewlett-Packard acknowledges receipt of your letter dated October 9, 1998. In that letter, you request that Hewlett-Packard make arrangements to allow you to review discovery, motions, depositions, and other documents which relate to the Nu-kote counterclaim.

A.    **CIGNA's Execution of its Confidentiality Agreement with Hewlett-Packard Does not Permit Hewlett-Packard to Allow CIGNA Unfettered Access to its Entire File Due to the Existence of a Stringent Protective Order in the Action on the Nu-kote Counterclaim**

CIGNA has requested, in effect, to review Hewlett-Packard's entire file relating to the action on the Nu-kote counterclaim. Notwithstanding CIGNA's execution of the confidentiality agreement requested by Hewlett-Packard in conjunction with its original tender letter, Hewlett-Packard not able to accommodate CIGNA's October 9, 1998 request in the manner in which it has been framed. This response explains the reasons why this is so, and requests that CIGNA please provide Hewlett-Packard with narrowly drawn, and specific requests for information relating to specified coverage concerns so that Hewlett-Packard can best respond within the restrictions to which it is subject. It

10191-003/102798/43055.1

EXHIBIT

8

ALL-STATE LEGAL®

**GAUNTLETT
ASSOCIATES**
TTORNEYS AT LAW

Thomas Correll, Esq.
October 27, 1998
Page 2

is important that CIGNA be aware of and understand that Hewlett-Packard is not withholding any information from CIGNA material to the issue of Hewlett-Packard's liability, if any, to Nu-kote. Rather, Hewlett-Packard's inability to accommodate CIGNA's request to review its entire file stems solely from the restrictions placed on Hewlett-Packard by the District Court's protective order. As such, there is no issue as to Hewlett-Packard's cooperation with CIGNA.[1] Hewlett-Packard is providing CIGNA with all information reasonably necessary to CIGNA's determination of coverage consistent with the scope of that protective order.

B.      **The Protective Order Entered in the Action on the Nu-kote Counterclaim Restricts Release of "Confidential" Information to Insurers of the Parties that Have Agreed to Provide Coverage**

Hewlett-Packard is bound by a stringent court-ordered protective order in the underlying action. Under the terms of that protective order, material designated by the parties as "confidential" can only be disclosed to insurers that have agreed to provide coverage to their respective insureds. Even then, information cannot be disclosed to any such insurer without prior, advance notice to the other party. Essentially all of the motions filed and formal discovery exchanged between Hewlett-Packard and Nu-kote have been designated as "confidential" by the parties and are subject to the protective order. Accordingly, Hewlett-Packard is not in a position to accommodate CIGNA's request to view Hewlett-Packard's files in the manner proposed by your October 9, 1998 letter.

Hewlett-Packard was able to provide CIGNA with the documents previously provided because those documents had not been designated as "confidential" by either of the parties to the underlying action. In addition, as discussed below, Hewlett-Packard encloses with this letter other documents it has located which are not subject to the protective order. At such time as CIGNA acknowledges a duty to defend, Hewlett-Packard will be in a position to provide it with more information and documents than it presently is able to do.

C.      **The Information Hewlett-Packard has Provided to CIGNA Appears Sufficient to Trigger CIGNA's Duty to Defend**

Hewlett-Packard believes that the information previously provided to CIGNA were sufficient for purposes of CIGNA's determination of its defense obligation arising from the Nu-kote counterclaim. The materials previously provided to CIGNA consisted of a copy of the then-current

---

[1] See, e.g., A. Windt, INSURANCE CLAIMS AND DISPUTES, §3.02, pp. 110-116 (1995 Clark Boardman Callaghan)[duty to cooperate relates only to issue of liability to third party claimant; duty to cooperate only triggered if insurer's request is reasonable, precise and definite; insured only breaches cooperation provision if it wilfully refuses to cooperate; insurer must show insured's refusal to cooperate prevented evidence or witnesses material to insured's defense from being presented to jury].

# GAUNTLETT ASSOCIATES
### ATTORNEYS AT LAW

Thomas Correll, Esq.
October 27, 1998
Page 3

Nu-kote counterclaim, as well as copies of Hewlett-Packard product advertisements and/or product inserts showing that every Hewlett-Packard inkjet cartridge sold during CIGNA's 1992-1993 policy period contained statements in multiple foreign languages – Spanish, German, French, Italian, Chinese, Japanese – that are among those forming the basis for Nu-kote's claims of product disparagement and unfair competition.

The inkjet cartridge products in question, and these advertising materials relative thereto, were distributed and sold world-wide during CIGNA's policy period. Nu-kote entered the inkjet refill market in July 1993, and was allegedly injured from the outset by the alleged false and disparaging statements contained in Hewlett-Packard's advertising regarding use of refill products in its cartridges and printers. This information shows that Nu-kote seeks damages from Hewlett-Packard for alleged product disparagements contained in advertising materials Hewlett-Packard distributed world-wide during CIGNA's policy period.

Hewlett-Packard previously provided Mr. Nelsen with a copy of the relevant CIGNA policy. We enclose a copy in case Mr. Nelsen did not forward same to you. We also enclose copies of the documents provided to Mr. Ryan, plus Nu-kote's current counterclaim. In addition, in response to inquiries by other of Hewlett-Packard's insurers, Hewlett-Packard has located a number of documents that it may disclose without violating the protective order. These documents confirm that Nu-kote entered the inkjet refill product market in July 1993. Hewlett-Packard believes that these documents, together with the product inserts reflecting allegedly disparaging statements regarding Nu-kote's inkjet refill products in various non-USA markets during the CIGNA policy period, and together with the allegations of the Nu-kote counterclaim, trigger CIGNA's duty to defend for the reasons previously communicated to you.

D. **Hewlett-Packard Requests that CIGNA Inform it of Issues CIGNA Believes Prevent it from Making a Coverage Determination and that CIGNA Direct Narrow, and Specific Requests for Information Relative Thereto in Order to Permit Hewlett-Packard to Respond Consistent with its Obligations under the Protective Order in the Nu-kote Action**

If CIGNA does not believe the information previously provided to it, as well as that enclosed, permits it to determine whether its defense obligation has arisen, please inform us of the specific issues of concern to CIGNA. The need for CIGNA to provide Hewlett-Packard with highly specific inquiries stems from the fact that Hewlett-Packard must carefully frame its responses to avoid incorporating, and hence disclosing, material or information that is subject to the protective order. In several instances, Hewlett-Packard has been able to respond to inquiries by other of its insurers with respect to specific issues in a manner that has permitted Hewlett-Packard to remain in compliance with its obligations under the protective order.



**GAUNTLETT ASSOCIATES**
TTORNEYS AT LAW

Thomas Correll, Esq.
October 27, 1998
Page 4

In addition, Hewlett-Packard must request that CIGNA take all steps necessary to avoid any contact with Nu-kote, its counsel, and/or its insurers. While Hewlett-Packard's settlement negotiations with Nu-kote are in a hiatus due to a change in top management at Nu-kote, disclosure to Nu-kote that Hewlett-Packard has insurance coverage applicable to Nu-kote's counterclaim would cause Hewlett-Packard severe prejudice in attempting to negotiate an economic resolution of the Nu-kote counterclaim.

We look forward to your reply.

Very truly yours,

Richard Wm. Zevnik

RWZ:pam
Enclosures

cc:    David A. Gauntlett, Esq., w/o encls.
       Leo E. Lundberg, Jr., Esq., w/o encls.
       Raymond J. Liddy, Esq., w/o encls.

10191-003/102798/43055.1