# EXHIBIT 9

# LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

**LOS ANGELES OFFICE**
SUITE 1200
221 NORTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90012
TELEPHONE (213) 250-1800

**COSTA MESA OFFICE**
SUITE 1400
650 TOWN CENTER DRIVE
CENTER TOWER BUILDING
COSTA MESA, CALIFORNIA 92626
TELEPHONE (714) 545-9200

**SAN FRANCISCO OFFICE**
SUITE 1900
601 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94108
TELEPHONE (415) 362-2580

LAWYERS
SUITE 800
550 WEST "C" STREET
SAN DIEGO, CALIFORNIA 92101-3531
TELEPHONE (619) 233-1006
FACSIMILE (619) 233-8627

**INLAND EMPIRE OFFICE**
TRI-CITY CORPORATE CENTRE, SUITE 600
650 EAST HOSPITALITY LANE
SAN BERNARDINO, CALIFORNIA 92408-3508
TELEPHONE (909) 387-1130

**SACRAMENTO OFFICE**
SUITE 300
2500 VENTURE OAKS WAY
SACRAMENTO, CALIFORNIA 95833-3509
TELEPHONE (916) 564-5400

**FACSIMILE**
LOS ANGELES (213) 250-7900
COSTA MESA (714) 850-1030
SAN FRANCISCO (415) 434-0882
SAN BERNARDINO (909) 387-1138
SACRAMENTO (916) 564-5444

Thomas M. Correll
DIRECT DIAL (619) 699-4544
E-MAIL: correll@ldlb.com

OUR FILE NO.
24035.003

January 13, 1999

Richard Wm. Zevnik
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA 92612

Re: *Hewlett-Packard Co. v. Nu-kote International, Inc.*
US DIST. COURT (Northern Div.) Case No. C 95 2254 CW)
Issuing Company : Insurance Company of North America
Policy Nos. : XCPG0962057-G; XCPG0962191-A and XCPG1715374
Issuing Company : Century Indemnity Company (as successor to CIGNA Specialty Insurance Company, fka California Union Insurance Company)
Policy No. ZCX 011363 and ZCX 011364

Dear Mr. Zevnik:

This will acknowledge receipt of your letter of December 29, 1998. I was out of the office over the holidays. I will be forwarding your correspondence to my client with my thoughts.

In the meantime, I would like to provide the following comments. First, I am disappointed that you have not taken steps to provide in full the information requested. It is obvious that the protective order would apply to information a party or a non-party witness claims to be its trade secret or confidential research, development or commercial information. However, I specifically advised you I was not interested in that type of documentation. The issue here involves the factual basis for the claims made which go to Hewlett-Packard's conduct in the marketplace, not the technical specifications of the products at issue. Presumably, there have been written discovery requests which go to these issues and appropriate responses. I fail to see how the

DATA98SD-44292.1

EXHIBIT 9

Richard William Zevnik
January 13, 1999
Page 2

protective order would apply to that type of documentation. The protective order does not prevent Hewlett-Packard from providing its own insured with information/ documentation that does not originate from another party and that is not designated "confidential."

As indicated in your December 23, 1998 letter, Hewlett-Packard requested coverage from CIGNA under the policy in effect from October 31, 1992 to October 31, 1993. If it is Hewlett-Packard's position that there are potentially covered offenses occurring in the subsequent years referenced in footnote 1, I would ask that you please forward to me full and complete copies of those policies. I am not sure how the earlier policy would apply, however, if in fact you are tendering coverage under the policy in effect from October 31, 1991 to October 31, 1992, pleased also forward a complete copy of that policy also.

My only other immediate comment involves the information provided concerning other insurance. Please note that the foreign general liability policy which we are discussing includes an excess other insurance clause. Please see Endorsement No. 5 whereby the policy specifies it is Excess and Difference-in-Conditions of any locally-admitted general liability insurance policies. Your letter makes no mention of any such policies.

I will more fully respond to your letter in the future. However, in the meantime, I would once again request Hewlett-Packard's complete cooperation in providing any and all information and documentation in any way related to the actual allegations of the claims being made by Nu-kote arising out of Hewlett-Packard's alleged improper publication of oral and written materials which state that:

1. Nu-kote's products are of inferior quality;
2. Nu-kote's products are incompatible with HP equipment;
3. Nu-kote's products are likely to cause damage to HP equipment;
4. HP ink supply cartridges are not refillable; and
5. Nu-kote's products infringe upon HP's trademarks and patents.

This request not only includes any and all information and/or documentation available in Hewlett-Packard's files and/or provided by Nu-kote, but also includes any and all discovery requests and responses and/or motions which might include factual assertions with regard to these issues. As you know, this is a foreign comprehensive general liability policy. Therefore, any such information related to the issue of whether Nu-kote is alleging damages arising from foreign operations should be included.

Richard William Zevnik
January 13, 1999
Page 3

Thank you.

Very truly yours,

*Thomas M. Correll*

Thomas M. Correll
LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

TMC/nln