# EXHIBIT 10

# GAUNTLETT & ASSOCIATES
ATTORNEYS AT LAW

. Gauntlett
on Richardson+
Spadoni
es A. Lowe*
E. Lundberg, Jr.
nley H. Shure
hard Wm. Zevnik
iel C. Carmichael, III
c Robert Little
an H. McVay++
ymond J. Liddy
chelle D. Danley
hard E. Masson

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

+Also Admitted in TX, LA & D.C.
*Admitted in CO
++Also Admitted in D.C.

Our File Number:

10191.003

February 19, 1999

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**

This following communication is an attorney-insurer confidential communication. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.

**VIA UPS OVERNIGHT**

Thomas M. Correll, Esq.
Lewis, D'Amato, Brisbois & Bisgaard
550 West "C" Street, Suite 800
San Diego, CA 92101

Re: **Hewlett Packard Company v. CIGNA**
Santa Clara County Superior Court, Case No. CV-780008

Dear Mr. Correll:

Enclosed please find a courtesy copy of the Complaint for Declaratory Relief we recently filed in Santa Clara County Superior Court.[1] Hewlett-Packard has taken this step because CIGNA has had over eight months to evaluate Hewlett-Packard's tender, yet has refused to state its coverage position on the merits, despite having been provided with sufficient information and documents to demonstrate the existence of a duty to defend under the "advertiser's liability" coverage of the CIGNA policy. Accordingly, Hewlett-Packard regards CIGNA's refusal to state its coverage position as a constructive denial of coverage.

We are in the process of serving CIGNA's agent for service of process, Mr. David Pritchett, in Rancho Cordova. We will be serving him with both the Complaint as well as the Protective Order, a copy of which is also enclosed herein,[2] whereby all documents filed in this matter are to be filed under seal. Please see to it that whomever CIGNA retains to defend itself in this matter

---

[1] Copy of Complaint is attached hereto as **Exhibit "A."**

[2] Copy of Protective Order is attached hereto as **Exhibit "B."**

10191-003/021999/46418.1

**EXHIBIT 10**

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Thomas M. Correll, Esq.
February 19, 1999
Page 2

understands the importance of strictly complying with this Protective Order. We also enclose a stipulation for protective order which we ask CIGNA to execute in order to avoid the necessity of proceeding with a motion for same.[3] Further, should CIGNA decide to retain counsel other than yourself to represent it in this litigation, please see to it that the transition takes place rapidly, and that all documents enclosed herewith are transmitted to such counsel.

Hewlett-Packard hereby once again re-tenders this matter to CIGNA and requests CIGNA reconsider its earlier decision to refuse to acknowledge and to discharge its contractual duty to defend Hewlett-Packard in the action on the Nu-kote counterclaim. Hewlett-Packard has previously provided documents and information to CIGNA which clearly trigger CIGNA's duty to provide Hewlett-Packard a defense against the Nu-kote claims. The operative counterclaim alleges several causes of action falling within CIGNA's express "advertiser's liability" offense of "unfair competition." These include an express count for common law unfair competition, as well as claims for state law false advertising, Lanham Act § 43(a) false and misleading advertising, trade libel, and intentional interference with prospective economic advantage. Each of these counts alleges a form of unfair competition.

The factual allegations also fall with squarely within CIGNA's unfair competition coverage. The information and documents provided to CIGNA show that Nu-kote seeks damages from Hewlett-Packard for statements made by Hewlett-Packard in advertising materials which, Nu-kote contends, disparaged its inkjet refill products. These advertising materials were disseminated by Hewlett-Packard worldwide during CIGNA's policy period. Nu-kote expressly alleges that it first entered the market with inkjet refill products designed to compete with Hewlett-Packard inkjet cartridges during CIGNA's policy period and was immediately damaged by Hewlett-Packard's alleged "fear, uncertainty and doubt" campaign. CIGNA has been provided with independent information verifying that Nu-kote's product launch of products intended to compete with Hewlett-Packard's cartridges occurred in July 1993, during CIGNA's policy period.

To date, CIGNA's only response has been to demand unfettered access to all Hewlett-Packard's documents without once specifying any particular coverage issues of concern. CIGNA's request for unfettered access to Hewlett-Packard's documents also is irrelevant for purposes of its determination of CIGNA's defense obligation. Moreover, cases such as this are routinely resolved on cross-motions for summary judgment without discovery by either party, particularly where, as here, the allegations of the underlying complaint fall squarely within the policy's insuring agreement.

The documents and information previously provided establish that obligation. CIGNA has the legal means available to it of discharging its defense obligation while at the same time protecting

---

[3] Stipulation for protective order is attached hereto as **Exhibit "C."**

10191-003/021999/46418.1

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Thomas M. Correll, Esq.
February 19, 1999
Page 3

its interests with respect to issues of indemnity and/or allocation of defense costs. Hewlett-Packard urges CIGNA to avail itself of those remedies and to begin promptly to discharge its duty to defend.

The duty of cooperation does not oblige Hewlett-Packard to conduct an affirmative investigation which may uncover information potentially adverse to its interests in the underlying action. As you now know, under the Protective Order in effect in the Nu-kote action which we previously sent you, Hewlett-Packard may only allow its insurers *which have agreed to provide coverage and a defense* to gain access to information designated as confidential. As we previously informed CIGNA, the parties to the underlying action have designated virtually *all* information exchanged between them in the action as confidential, whether or not that information may, in fact, qualify as bona fide trade secrets under applicable law. Hewlett-Packard *cannot* and *will not* disclose information designated by Nu-kote as confidential, without subjecting itself to potential sanctions for violation of a court order. We are aware of no authority which would require an insured to take action which might subject it to sanctions or otherwise jeopardize its interests in the underlying action. The duty of cooperation does not go that far. Moreover, an insurer may not exercise its rights under a policy in a manner to the detriment of its insured. Barney v. Aetna Cas. & Sur. Co., 185 Cal.App.3d 966 (1986).

Hewlett-Packard once again requests that CIGNA please acknowledge its duty to defend the Nu-kote counterclaim. To the extent that CIGNA contends that its defense obligations may be limited, CIGNA has been provided with the operative counterclaim and, based thereon, has sufficient information on which to assert a reservation of rights. Should CIGNA desire to agree to defend Hewlett-Packard, with or without a reservation of rights, please advise us immediately. Hewlett-Packard looks forward to CIGNA's reply.

Very truly yours,

Richard Wm. Zevnik

RWZ:pam
Enclosures

10191-003/021999/46418.1