# EXHIBIT 21



## GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

David A. Gauntlett
. Danton Richardson++
Eileen Spadoni
Leo E. Lundberg, Jr.
Stanley H. Shure
Richard Wm. Zevnik
Eric Robert Little
Mark H. Plager*
Richard B. Hopkins
Catherine A. Kruy
Cesar Nava

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

info@gauntlettlaw.com
www.gauntlettlaw.com

++Also Admitted in TX, LA & D.C.
*Also Admitted in CO, D.C., NJ & NY

Our File Number:

10191-003

June 19, 1998

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**
The following communication is an insurer-insured communication protected within the meaning of Civil Code § 2860(d), which provides in relevant part: "Any information disclosed by the insured or by the independent counsel is not a waiver of the privilege as to any other party."

**VIA FACSIMILE & U.S. MAIL**
**(818) 593-4430**

Insurance Company of North America
c/o CIGNA
21860 Burbank Boulevard, Suite 200
Woodland Hills, CA 91367
  Attn: Guy S. Blaire
      Senior Claims Specialist

Re:  **Hewlett-Packard Company v. Nu-kote International, Inc.**
     **Counterclaim Nu-kote International, Inc. v. Hewlett Packard Co.**
     **United States District Court Northern District Case No. C-95-2254CW**

Subject: **Request for Settlement Authority**

| Policy Number | Policy Period | Coverage | Limit of Liability |
|---|---|---|---|
| XCPG0962191-A | 09/30/92 - 09/30/93 | Excess | $10,000,000 XS $50,000,000 |

Dear Mr. Blaire:

By now you have had time to examine our previous tender letters on behalf of our client, Hewlett-Packard ("H-P"), for defense and indemnity for counterclaims against H-P in an action pending in the Federal District Court for the Northern District of California entitled, Hewlett-Packard Co. v. Nu-kote International, Inc., U.S.D.C., N.D. Case No. C-95-2254 CW (the "Nu-kote

10191-003/061998/39242.1

HP0000850

EXHIBIT 21



GAUNTLETT & ASSOCIATES
ATTORNEYS AT LAW

Insurance Company of North America
c/o CIGNA
June 19, 1998
Page 2

Action"). The purpose of this letter is to request with urgency that your company extend settlement authority sufficient to resolve the claims asserted by Nu-kote against your insureds. Specifically, H-P requests authorization to extend a settlement offer of up to $15,000,000.

Settlement negotiations between H-P and Nu-kote have reached a crucial juncture. An opportunity presently exists to settle Nu-kote's counterclaims for a very reasonable sum based on H-P's potential damages exposure should the Nu-kote counterclaims proceed through trial to judgment. H-P previously provided your company with a summary of the claims asserted by Nu-kote, the majority of which fall squarely within your company's indemnity coverage.

The information pertinent to your company's position in response to this request for settlement authority is as follows:

- The total damages to which H-P is exposed in the event the present opportunity to settle the Nu-kote counterclaims is not taken advantage of could approach $300 million and exceed H-P's total indemnity limits under all applicable policies.

- If no settlement occurs, defense counsel's damages expert conservatively estimates H-P's damage exposure at between $12-$50 million before trebling, $36-$150 Million with trebling.[1] With potential enhancements and discretionary awards of attorneys' fees, the total exposure to H-P could amount to multiples of this sum.

- Recent rulings from Judge Ware and a Special Magistrate recommending dismissal of the majority of H-P Patent claims increases the likelihood that Nu-kote will prevail on its counterclaims.

This settlement offer is reasonable, based on (1) the increased likelihood of Nu-kote succeeding in its counterclaims based on the recent decisions from Judge Ware and the Special Magistrate; (2) the exposure that H-P faces if Nu-kote prevails; (3) the current political structure of Nu-kote which favors settlement; (4) Nu-kote may file for bankruptcy at any moment, in the event of which the trustee may likely prefer to proceed to trial rather than settle on behalf of the bankrupt estate; (5) judicially sponsored mediation provides the best platform for H-P to deal directly with the

---

[1] California Insurance Code Section 533 does not prevent H-P from seeking coverage for treble damages in an anti-trust lawsuit. See, e.g., California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1,34, 221 Cal. Rptr. 171 (1985) ("Because neither the insurance policy itself nor the statutes and public policy of this state preclude coverage for the treble damages, it necessarily follows that Royal Globe had and continues to have a duty to indemnify California Shoppers for the full amount of the Uneedus judgment.")

10191-003/061998/39242.1



**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Insurance Company of North America
c/o CIGNA
June 19, 1998
Page 3

President and Board of Nu-kote rather than only with Nu-kote's counsel who express an "optimistic" view of recovery against H-P; and (6) a confidential settlement agreement between H-P and Nu-kote will prevent copycat suits and other litigation against H-P.

We appreciate the fact that it may be difficult for you to fully evaluate your company's obligations given the speed with which this case is proceeding. However, as you are aware, California law obligates your company to accept reasonable settlements within policy limits without regard to considerations of whether coverage may or may not exist, in whole or in part.

The present situation meets the criteria to justify extending H-P settlement authority with respect to the Nu-kote counterclaims for the following reasons:

First, the potential exposure to H-P substantially exceeds its applicable policy limits.

Second, the present settlement opportunity is manifestly reasonable: it is a small percentage of defense counsel's best estimate of H-P's actual damages exposure in the event of trial, which likewise exceed the limits of your company's layer of coverage.

Third, settlement also will result in defense costs savings which otherwise would be incurred through trial. Costs of trial could approach $15 million.

Under applicable California law, when there is a great risk of recovery beyond the policy limits, an insurer should accept a reasonable settlement demand within policy limits in order to avoid exposing its insured to personal liability in excess of those limits. Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658, 328 P.2d 198 (1958).[2]

To date, your company has not advised H-P of its coverage position: no disclaimer nor any reservation of rights has been communicated. H-P's insurers should evaluate the present settlement opportunity based on a "prudent insurer" standard. The "prudent insurer" standard is whether a prudent insurer would have settled the case if there were no policy limits and the insurer alone were at risk. Crisci v. Security Ins. Co., 66 Cal.2d 425, 431 (1967); Betts v. Allstate Ins. Co., 154 Cal.App.3d 688, 706 (1984). An unreasonable refusal to settle within policy limits imposes on an insurer full liability for the resulting judgment, regardless of its policy limits. Comunale, supra, 50 Cal.2d 660.

---

[2] See also Palmer v. Financial Indem. Co., 215 Cal. App. 2d 419, 30 Cal. Rptr. 204 (1963). (Financial breached its duty to settle by negotiating resolution of claim in exchange for covenant not to execute only as to its primary insured, without including an additional insured, leaving the additional insured exposed to liability.)

10191-003/061998/39242.1

HP0000852



**GAUNTLETT & ASSOCIATES**
TORNEYS AT LAW

Insurance Company of North America
c/o CIGNA
June 19, 1998
Page 4

    The insurer must pay a reasonable amount in settlement "based on a fair appraisal of potential exposure and the strength of each case." Isaacson v. California Ins. Guar. Ass'n, 44 Cal.3d 775, 793, 244 Cal.Rptr. 655, 676 (1988). The determinative factor in establishing whether an insurer has fulfilled its contractual obligations whether the insurer would have accepted the offer of settlement under the circumstances present if there had been no limit to its liability and it alone were liable for the entire amount of the judgment. Johansen, *supra*, 15 C.3d at 16. As shown above, the proposed settlement is manifestly reasonable based upon the potential exposure and the relative strength of Nu-kote's position.

    Thank you for your prompt attention to this matter. Please contact the undersigned at your earliest convenience to discuss these issues upon your receipt of this letter.

Very truly yours,

Leo E. Lundberg, Jr.

LEL:RBH:pam