# EXHIBIT 25

# LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

| LOS ANGELES OFFICE<br>SUITE 1200<br>221 NORTH FIGUEROA STREET<br>LOS ANGELES, CALIFORNIA 90012<br>TELEPHONE (213) 250-1800<br><br>COSTA MESA OFFICE<br>SUITE 1400<br>650 TOWN CENTER DRIVE<br>CENTER TOWER BUILDING<br>COSTA MESA, CALIFORNIA 92626<br>TELEPHONE (714) 545-9200<br><br>SAN FRANCISCO OFFICE<br>CITICORP CENTER<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580 | LAWYERS<br>SUITE 800<br>550 WEST "C" STREET<br>SAN DIEGO, CALIFORNIA 92101-3531<br>TELEPHONE (619) 233-1006<br>FACSIMILE (619) 233-8627 | INLAND EMPIRE OFFICE<br>TRI-CITY CORPORATE CENTRE, SUITE 600<br>650 EAST HOSPITALITY LANE<br>SAN BERNARDINO, CALIFORNIA 92408-3508<br>TELEPHONE (909) 387-1130<br><br>SACRAMENTO OFFICE<br>SUITE 200<br>2500 VENTURE OAKS WAY<br>SACRAMENTO, CALIFORNIA 95833-3500<br>TELEPHONE (916) 564-5400<br><br>FACSIMILES:<br>LOS ANGELES: (213) 250-7900<br>COSTA MESA: (714) 850-1030<br>SAN FRANCISCO: (415) 434-0882<br>SAN BERNARDINO: (909) 387-1138<br>SACRAMENTO: (916) 564-5444 |

THOMAS M. CORRELL
DIRECT DIAL (619) 699-4944
E-MAIL: CORRELL@LDBB.COM

March 5, 1999

OUR FILE NO.
24035.003

Leo E. Lundberg, Jr.
**GAUNTLETT & ASSOCIATES**
18400 VON kARMAN, Ste.. 300
Irvine, CA 92612

      Re:   **Hewlett-Packard Co. v. Nu-kote International, Inc.**
      US DIST. COURT (Northern Div. Case No. C 95 2254 CW)

| | | |
|---|---|---|
| Issuing Company | : | Insurance Company of North America |
| Policy Nos. | : | XCPG0962057-G; XCPG0962191-A and XCPG1715374 |
| Issuing Company | : | Century Indemnity Company (as successor to CIGNA Specialty Insurance Company, fka California Union Insurance Company) |
| Policy No. | | ZCX 011363 and ZCX 011364 |

Dear Mr Lundberg:

    This will respond to your letter of February 8, 1999.

    You cite paragraph 7. c) of the CIGNA policy conditions. Please refer to paragraph 7. a). The notice from Hewlett-Packard was to contain reasonably obtainable information respecting the time, place and circumstances of the occurrence at issue along with all available witnesses. You failed to mention this requirement in your letter. Also, your analysis of paragraph 7. c) completely ignores the first part of the first sentence which states: "The insured shall cooperate with the Company and,...." The sentence is written in the disjunctive and obviously requires the insured's cooperation beyond assisting in the settlement of claims or in the conduct of suits. The original notice letter from your firm, dated June 13, 1998, advised CIGNA that the Nu-kote counter claim was filed on January 19, 1996 and also included a Confidentiality

DATA99SD-2934.1



EXHIBIT 25

Leo E. Lundberg, Jr.
March 5, 1999
Page 2

Agreement which CIGNA was requested to sign "....before we release additional documents to you." In fact, the Nu-kote counter claim was filed in November 1994. Despite the fact that CIGNA executed the Confidentiality Agreement as requested, and despite numerous requests for information with sufficient descriptions to properly notify any reasonable insured of the type of information being requested, your office has failed to provide anything other than copies of a couple of product inserts. Considering the vast amount of information that 3 ½ years of intensive litigation as well as Hewlett-Packard's own internal investigation must have produced, CIGNA considers your response to be blatantly inadequate.

CIGNA not only has a duty to investigate it has a right to investigate. It also has the right to expect that its insured will comply with not only the express conditions of the policy but also the spirit of the mutual covenant of good faith and fair dealing. CIGNA is not requesting that Hewlett-Packard take unreasonable steps to supply information. To the contrary, CIGNA merely requests that Hewlett-Packard provide CIGNA with access to information already available. CIGNA will be happy to travel to defense counsel's office or any other location which is most convenient for Hewlett-Packard in order to conduct this review. Obviously, this request does not extend to materials which were designated as *confidential* in the underlying case. Under California law, CIGNA is entitled to base its coverage decisions not only on the four corners of the pleadings but upon all available information as of the time the claim was presented. *See Montrose v. Superior Court [Canadian]* (1993) 6 Cal.4th 287.

Based upon your letter there is a fundamental difference of opinion between Hewlett-Packard and CIGNA with regard to this issue. CIGNA believes that an insurance carrier is entitled to review any and all information that is relevant to the claim that is available at the time the claim is tendered. Hewlett-Packard, apparently, believes that CIGNA has a duty to specify the exact coverage issue and the specific document or piece of information which is being requested. Despite the fact the fact that Hewlett-Packard has now filed a declaratory relief action, CIGNA wishes to continue in its effort to obtain Hewlett-Packard's cooperation in providing any and all information relevant to Nu-kote's claims as set forth in my prior correspondence. In that regard, please see my letter of November 16, 1998. The easiest and most reasonable method for resolving this would be to allow CIGNA to review defense counsel's discovery and motion files, other than those materials which have been designated confidential. That review may provide all of the necessary information in order for CIGNA to fully evaluate and respond to Hewlett-Packard's request for a defense. Also, please provide me with complete copies of the Old Republic fronting policies and umbrella policy. As I understand it, it is Hewlett-Packard's position that it is only

DATA99SD-2934.1

Leo E. Lundberg, Jr.
March 5, 1999
Page 3

seeking coverage under the policies in affect from September 30, 1992 to September 30, 1993. Therefore, only those policies are required.

    Since CIGNA has not been allowed access to all available relevant information, it is not in a position to respond to Hewlett-Packard's request for a defense in this matter.

> Very truly yours,
>
> *Thomas M. Correll*
>
> Thomas M. Correll
> LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

TMC/nln