# EXHIBIT 26

1 | LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP
Thomas M. Correll (SBN 108773)
2 | 550 West "C" Street
San Diego, California 92101
3 | Telephone:   (619) 233-1006
Facsimile:   (619) 233-8627
4 |
LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP
5 | Ralph A. Zappala (SBN 102052)
One Sansome Street, Suite 1400
6 | San Francisco, California 94104-4431
Telephone:   (415) 362-2580
7 | Facsimile:   (415) 434-0882
8 | Attorneys for Defendant
CIGNA PROPERTY AND CASUALTY
9 | INSURANCE COMPANY

10 |                  UNITED STATES DISTRICT COURT

11 |        FOR NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE OFFICE

12 |

13 | UNDER SEAL,                    ) No. C99-20207 SW
                                   )
14 |      Plaintiff,               ) [FILED UNDER SEAL PURSUANT TO
                                   ) PENDING EX PARTE MOTION UNDER
15 | v.                            ) CIVIL LOCAL RULES 7-11 AND 79-
                                   ) 5(e)]
16 | UNDER SEAL,                    )
                                   ) DOCUMENT FILED UNDER SEAL
17 |      Defendant.               )
     _____) ANSWER TO COMPLAINT

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |                        ┌─────────────────┐
                           │   EXHIBIT        │
27 |                        │                  │
                           │      26          │
28 |                        └─────────────────┘

COPY

1   THOMAS M. CORRELL [SBN 108773]
    JANELLE F. GARCHIE [SBN 118453]
2   **LEWIS, D'AMATO, BRISBOIS & BISGAARD** LLP
    550 West C Street, Suite 800
3   San Diego, CA 92101
    Telephone: (619) 233-1006
4   Facsimile : (619) 233-8627

5   RALPH A. ZAPPALA [SBN 102052]
    **LEWIS, D'AMATO, BRISBOIS & BISGAARD** LLP
6   One Sansome Street, Ste. 1400
    San Francisco, CA 94104
7   Telephone: (415) 362-2580
    Facsimile : (415) 434-0882

8
    Attorneys for Defendant
9   CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY

10

11                    UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13

14   HEWLETT PACKARD COMPANY,            )    Case No. C99-20207 SW
                                         )
15                        Plaintiff,     )    **CIGNA PROPERTY AND**
                                         )    **CASUALTY INSURANCE**
16        v.                             )    **COMPANY'S ANSWER TO**
                                         )    **COMPLAINT FOR**
17   CIGNA PROPERTY AND CASUALTY         )    **DECLARATORY RELIEF AND**
     INSURANCE COMPANY,                  )    **COUNTERCLAIM**
18                                       )
                          Defendant.     )
19   _____ )

20

21        Pursuant to Federal Rule of Civil Procedure Rule 12, this answering defendant, CIGNA

22   PROPERTY AND CASUALTY INSURANCE COMPANY responds to plaintiff's complaint as

23   follows:

24                        **ANSWER TO COMPLAINT**

25        1.    Responding to the allegations in paragraph 1, CIGNA PROPERTY AND CASUALTY

26   INSURANCE COMPANY ("CIGNA") has insufficient information to admit or deny Paragraph 1 of the

27   Complaint.

28

                                    1

---

CIGNA PROP & CASUALTY INS. CO'S ANSWER TO
COMPLAINT FOR DECL RLF & CTRCLAIM                          No. C99-20207 SW

2.    Responding to the allegations in paragraph 2, CIGNA admits that it is a corporation organized and existing under the laws of the state of Connecticut, with its principal place of business in Philadelphia, Pennsylvania. CIGNA admits that it was an admitted property-casualty insurer under the laws of the state of California. CIGNA admits that it was transacting the business of insurance within California.

3.    Responding to the allegations in paragraph 3, CIGNA admits that it issued a Comprehensive General and Automobile Liability Policy: Foreign, policy number CXC 024869 to H-P as named insured, effective October 31, 1992 to October 31, 1993. CIGNA has insufficient information to admit or deny that a true and correct copy of the CIGNA policy is attached to the complaint and incorporated therein as Exhibit "A."

4.    Responding to the allegations in paragraph 4, CIGNA has insufficient information to admit or deny the allegations in paragraph 4.

5.    Responding to the allegations in paragraph 5, CIGNA has insufficient information to admit or deny paragraph 5 of the complaint.

6.    Responding to the allegations in paragraph 6, CIGNA has insufficient information to admit or deny paragraph 6 of the complaint.

7.    Responding to the allegations in paragraph 7, CIGNA has insufficient information to admit or deny paragraph 7 of the complaint.

8.    Responding to the allegations in paragraph 8, CIGNA has insufficient information to admit or deny paragraph 8 of the complaint.

9.    Responding to the allegations in paragraph 9, CIGNA has insufficient information to admit or deny paragraph 9 of the complaint.

10.    Responding to the allegations in paragraph 10, CIGNA has insufficient information to admit or deny paragraph 10 of the complaint.

11.    Responding to the allegations in paragraph 11, CIGNA has insufficient information to admit or deny paragraph 11 of the complaint.

CIGNA denies the allegations set forth in the heading found on page 5:7-10.

2

12.    Responding to the allegations in paragraph 12, CIGNA has insufficient information to admit or deny paragraph 12 of the complaint.

13.    Responding to the allegations in paragraph 13, CIGNA has insufficient information to admit or deny paragraph 13 of the complaint.

14.    Responding to the allegations in paragraph 14, CIGNA has insufficient information to admit or deny paragraph 14 of the complaint.

15.    Responding to the allegations in paragraph 15, CIGNA has insufficient information to admit or deny paragraph 15 of the complaint.

16.    Responding to the allegations in paragraph 16, CIGNA has insufficient information to admit or deny paragraph 16 of the complaint.

17.    Responding to the allegations in paragraph 17, CIGNA has insufficient information to admit or deny paragraph 17 of the complaint.

CIGNA denies the allegations set forth in the headings of the complaint found at page 6:12-16.

18.    Responding to the allegations in paragraph 18, CIGNA has insufficient information to admit or deny whether H-P vigorously contests the factual allegations of the Nu-Kote Counterclaim and/or that H-P contends that those allegations are groundless and false. CIGNA denies the second sentence of paragraph 18 that, if true, the facts in the Nu-Kote Counterclaim would trigger coverage under CIGNA's policy based on H-P's characterization that the policy "agrees to defend any suit against H-P." CIGNA denies that the CIGNA policy expressly promises to defend H-P even though the allegations and "suits" against H-P may be groundless, false and fraudulent.

CIGNA denies the allegations set forth in the heading of the complaint found at page 6, lines 22-23.

19.    Responding to the allegations in paragraph 19, CIGNA admits that the declarations page attached to exhibit A evidences that a policy was issued to H-P for the period October 31, 1992 to October 31, 1993. CIGNA has insufficient information to admit or deny the remainder of paragraph 19 of the complaint.

CIGNA denies the allegations set forth in the heading of the complaint found at page 7:4-5.

3

CIGNA PROP & CASUALTY INS. CO'S ANSWER TO
COMPLAINT FOR DECL RLF & CTRCLAIM

No. C99-20207 SW

20. Responding to the allegations in paragraph 20, CIGNA admits that the "policy territory" provision of the policy attached as exhibit A expressly states that its coverage applies "worldwide for claim or suit resulting from an occurrence outside the United States," CIGNA has insufficient information to admit or deny the allegation of "etc" found in the first sentence of paragraph 20; CIGNA has insufficient information to admit or deny the same allegation found in the first sentence of paragraph 20 and CIGNA has insufficient information to admit or deny the allegation found in the second sentence of paragraph 20.

21. Responding to the allegations in paragraph 21, CIGNA has insufficient information to admit or deny paragraph 21 of the complaint.

22. Responding to the allegations in paragraph 22, CIGNA has insufficient information to admit or deny paragraph 22 of the complaint.

23. Responding to the allegations in paragraph 23, CIGNA denies the allegations in paragraph 23 of the complaint.

CIGNA denies the allegations found in the heading of the complaint found at page 7:25-26.

24. Responding to the allegations in paragraph 24, CIGNA denies the allegations in paragraph 24 of the complaint.

25. Responding to the allegations in paragraph 25, CIGNA denies the allegations in paragraph 25 of the complaint.

CIGNA denies the allegations in the heading of the complaint found at page 8:11-13.

26. Responding to the allegations in paragraph 26, CIGNA denies the allegations in paragraph 26 of the complaint.

27. Responding to the allegations in paragraph 27, CIGNA denies the allegations in paragraph 27 of the complaint.

28. Responding to the allegations in paragraph 28, CIGNA denies the allegations in paragraph 28 of the complaint.

29. Responding to the allegations in paragraph 29, CIGNA denies the allegations in paragraph 29 of the complaint.

4

1    CIGNA denies the allegations in the heading of the complaint found at page 11:4-5.

2        30.    Responding to the allegations in paragraph 30, CIGNA denies the allegations in

3    paragraph 30 of the complaint.

4        31.    Responding to the allegations in paragraph 31, CIGNA denies the allegations in

5    paragraph 31 of the complaint.

6    CIGNA denies the allegations in the heading of the complaint found at page 14:13-14.

7        32.    Responding to the allegations in paragraph 32, CIGNA denies the allegations in

8    paragraph 32 of the complaint.

9        33.    Responding to the allegations in paragraph 33, CIGNA denies the allegations in

10    paragraph 33 of the complaint; in addition, there is no paragraph 186(a) found in the third amended Nu-

11    Kote counterclaim attached as exhibit "C" to the complaint.

12        34.    Responding to the allegations in paragraph 34, CIGNA denies the allegations in

13    paragraph 34 of the complaint; in addition, there is no paragraph 186(b) found in the third amended Nu-

14    Kote counterclaim attached as exhibit "C" to the complaint.

15        35.    Responding to the allegations in paragraph 35, CIGNA denies the allegations in

16    paragraph 35 of the complaint; in addition, there is no paragraph 192 found in the third amended Nu-

17    Kote counterclaim attached as exhibit "C" to the complaint.

18    CIGNA denies the allegations in the heading of the complaint found at page 17:1-3.

19        36.    Responding to the allegations in paragraph 36, CIGNA admits that the Nu-Kote

20    Counterclaim includes Count Six entitled Lanham Act Violation; CIGNA denies the remainder of the

21    allegations in paragraph 36 of the complaint.

22        37.    Responding to the allegations in paragraph 37, CIGNA denies the allegations in

23    paragraph 37 of the complaint.

24        38.    Responding to the allegations in paragraph 38, CIGNA denies the allegations in

25    paragraph 38 of the complaint; in addition, there is no paragraph 192 found in the third amended Nu-

26    Kote counterclaim attached as exhibit "C" to the complaint.

27

28

5

39.    Responding to the allegations in paragraph 39, CIGNA denies the allegations in paragraph 39 of the complaint.

CIGNA denies the allegations in the heading of the complaint found at page 19:1-3.

40.    Responding to the allegations in paragraph 40, CIGNA admits that the Nu-Kote third amended counterclaim states a count of intentional interference with economic advantage; CIGNA denies the remainder of the allegations in paragraph 40 of the complaint.

41.    Responding to the allegations in paragraph 41, CIGNA denies the allegations in paragraph 41 of the complaint.

CIGNA denies the allegations in the heading of the complaint found at page 19:20.

42.    Responding to the allegations in paragraph 42, CIGNA admits that the letter attached to the complaint as exhibit "D" was sent by Hewlett Packard to CIGNA. With respect to the third sentence in paragraph 42, CIGNA further admits that the letter attached to the complaint as exhibit"D" included a copy of what was represented to be a copy of the Nu-Kote second amended counterclaim, CIGNA denies the remainder of the allegations in paragraph 42 of the complaint.

43.    Responding to the allegations in paragraph 43, CIGNA admits that H-P has not provided the information requested by CIGNA and cannot determine whether any obligations are owed under the policy(ies); CIGNA denies the remainder of the allegations in paragraph 43 of the complaint.

44.    Responding to the allegations in paragraph 44, CIGNA incorporates the responses to paragraphs 1-43, and the headings, as though fully set forth herein.

45.    Responding to the allegations in paragraph 45, CIGNA admits that a controversy exists between CIGNA and H-P; CIGNA denies the remainder of the allegations in paragraph 45 of the complaint.

46.    Responding to the allegations in paragraph 46, CIGNA admits the allegations of paragraph 46 of the complaint.

47.    Responding to the allegations in paragraph 47, CIGNA denies the allegations in paragraph 47 of the complaint.

6

1        48.    Responding to the allegations in paragraph 48, CIGNA incorporates its responses to

2    paragraphs 1-47 as though fully set forth herein.

3        49.    Responding to the allegations in paragraph 49, CIGNA has insufficient information to

4    admit or deny the allegations in paragraph 49 of the complaint.

5        50.    Responding to the allegations in paragraph 50, CIGNA has insufficient information to

6    admit or deny the allegations in paragraph 50 of the complaint.

7        51.    Responding to the allegations in paragraph 51, CIGNA admits that there is a controversy

8    in that CIGNA denies that it is responsible to reimburse H-P, or obligated to pay, for all or any of H-P's

9    attorneys' fees and costs incurred in defending the Nu-Kote counterclaim from the time of

10   commencement of the action thereon, or from any time.

11       52.    Responding to the allegations in paragraph 52, CIGNA admits the allegations in

12   paragraph 52 of the complaint.

13       53.    Responding to the allegations in paragraph 53, CIGNA has insufficient information to

14   admit or deny the allegations in paragraph 53 of the complaint.

15       54.    Responding to the allegations in paragraph 54, CIGNA incorporates its responses in

16   paragraphs 1-47 and 48-53 as if set forth in full herein.

17       55.    Responding to the allegations in paragraph 55, CIGNA denies the allegations in

18   paragraph 55 of the complaint.

19       56.    Responding to the allegations in paragraph 56, CIGNA has insufficient information to

20   admit or deny the allegations in paragraph 56 of the complaint.

21       57.    Responding to the allegations in paragraph 57, CIGNA denies the allegations in

22   paragraph 57 of the complaint.

23       Responding to the Prayer for Relief, CIGNA denies the Prayer for Relief at pages 22-23:16-27:1-

24   2 of the complaint.

25   ///

26   ///

27   ///

28

<div align="center">7</div>

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
#### (Failure To State A Cause Of Action)

58.    The Complaint and each and every cause of action fails to state a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure to Perform)

59.    To the extent that H-P has failed to perform all of its obligations under the policies of insurance allegedly issued by CIGNA , there is no coverage under the CIGNA policy.

### THIRD AFFIRMATIVE DEFENSE
#### (No Occurrence)

60.    H-P's causes of actions are barred, in whole or in part, because the events giving rise to allegations in the Cross-Complaint do not constitute an "occurrence" or "occurrences" within the meaning of the comprehensive general liability policies allegedly issued by CIGNA to the H-P.

### FOURTH AFFIRMATIVE DEFENSE
#### (No Property Damage, Bodily Injury, Personal Injury or Advertising Injury)

61.    H-P's causes of action are barred, in whole or in part, because the damages asserted in the Cross-Complaint do not constitute "property damage," "bodily injury," "personal injury," "advertising injury," or any other loss, damage or injury within the meaning of the comprehensive general liability policies allegedly issued by CIGNA to H-P.

### FIFTH AFFIRMATIVE DEFENSE
#### (No Damage)

62.    H-P's causes of action are barred, in whole or in part, because the damages asserted in the Complaint do not constitute "damage," "injury" or "loss" within the meaning of the insurance policies allegedly issued by CIGNA to H-P.

8

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

63.    To the extent any applicable statute of limitation has lapsed, including, but not limited to, C.C.P. Sections 337, 338, 339 and 340, coverage, if any, is barred under the contracts of insurance allegedly issued by CIGNA to H-P.

## SEVENTH AFFIRMATIVE DEFENSE
### (Expected or Intended)

64.    Insurance coverage afforded by CIGNA to H-P does not apply to accidents that result in "bodily injury," "property damage" or loss that was either expected or intended by H-P. H-P's causes of action which regard such claims or conditions are accordingly barred.

## EIGHTH AFFIRMATIVE DEFENSE
### (Policy Terms, Exclusions, Conditions and Limitations)

65.    H-P's causes of action are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the insurance contracts issued by CIGNA to H-P.

## NINTH AFFIRMATIVE DEFENSE
### (Mitigation Of Damages)

66.    To the extent that H-P has failed to mitigate, minimize or avoid any damage, injury or loss that they allegedly sustained, recovery against CIGNA, if any, must be reduced by that amount.

## TENTH AFFIRMATIVE DEFENSE
### (Notice)

67.    To the extent that H-P had notice of the conditions, events or damages asserted in the underlying litigation, and failed to give timely notice to CIGNA in accordance with the terms of the contracts of insurance allegedly issued by CIGNA, then H-P's claims against CIGNA are barred.

///
///
///
///

9

CIGNA PROP & CASUALTY INS. CO'S ANSWER TO
COMPLAINT FOR DECL RLF & CTRCLAIM

No. C99-20207 SW

### ELEVENTH AFFIRMATIVE DEFENSE
#### (No Damage During Policy Period)

68.    H-P's causes of action are barred, in whole or in part, to the extent that any of the damage, injury or loss alleged in the Complaint occurred prior to or after the expiration of the applicable alleged CIGNA policy periods.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Violation of Law or Policy)

69.    To the extent that H-P's acts or failures to act gave rise to the underlying litigation referenced in the Complaint and were in violation of law and/or public policy, H-P's causes of action are barred, in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Intentional Conduct)

70.    The policies issued by CIGNA to H-P exclude losses arising out of intentional conduct on the part of the insured.  To the extent that the underlying litigation stems from H-P's own intentional conduct, then H-P's causes of action are therefore barred, in whole or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Liabilities Assumed by Contract)

71.    To the extent that any recovery is sought in the underlying litigation for liabilities which were assumed pursuant to contract, lease or any other agreement, coverage may be barred pursuant to the terms, conditions and exclusions contained in the contracts of insurance allegedly issued by CIGNA to H-P.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (No Duty to Defend or Indemnify Due to Lack of Factual Basis)

72.    H-P has failed to allege facts sufficient to trigger any duty on behalf of CIGNA to defend the H-P in the underlying litigation.

///

///

CIGNA PROP & CASUALTY INS. CO'S ANSWER TO
COMPLAINT FOR DECL RLF & CTRCLAIM                     No. C99-20207 SW

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

73.    H-P's causes of action are barred by the equitable defense of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

74.    H-P's causes of action are barred by the equitable defense of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

75.    H-P's causes of action are barred by the equitable defense of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Cooperate)

76.    To the extent that H-P has unreasonably delayed and failed to cooperate with CIGNA with regard to the rights and duties of the parties to the alleged insurance policies at issue in this action, then H-P has breached its contract with CIGNA and H-P's causes of action are barred.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Duty to Defend or Indemnify by Policy Terms)

77.    Under the terms, conditions and exclusions of its alleged policies, should they exist at all, CIGNA is not obligated to defend or to investigate the underlying actions against H-P or to contribute to the costs of defense or investigation of those actions, or to indemnify H-P for any money paid or to be paid as a result.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Other Insurance)

78.    To the extent that any other insurance is available to cover the loss, covered by CIGNA's alleged policies, should they exist at all, then CIGNA's policies shall operate in excess of, and not contribute with, such other insurance. In addition, the CIGNA policy, under endorsement 5 is expressly excess and DIC over any locally admitted general liability policy and there is no duty to defend or indemnify.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Costs of Compliance)

79.    The alleged CIGNA policies will not provide coverage for any claim for the costs of complying with federal, state or local rules, regulations, ordinances or laws.  Such costs incurred in complying with such rules, regulations, ordinances or laws do not constitute legal "damages" or loss for which the insured is "legally" liable under the alleged CIGNA policies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Liability Imposed by Law)

80.    CIGNA is not obligated to investigate, defend or indemnify claims seeking relief against H-P for which H-P cannot "become legally obligated to pay by reason of liability imposed by law."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Monetary Damages)

81.    CIGNA is not obligated to investigate, defend or indemnify claims against H-P which do not seek monetary damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Voluntary Payments)

82.    CIGNA is not obligated to reimburse H-P for any sums voluntarily paid  without the consent of CIGNA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Coverage For Claims In The United States Of America)

83.    CIGNA is not obligated to defend or indemnify for occurrences and "personal injury" that occur in the United States or its territories, Canada, Cuba and North Korea.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Advertising Activities)

84.    CIGNA is not obligated to defend or indemnify claims that do not fall within the definition of "personal injury" and/or that do not arise out of the insured's advertising activities.

12

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Further Affirmative Defenses)

85.    CIGNA reserves the right to assert all defenses that may be pertinent to the Complaint should a more precise understanding of such claims be ascertained during the course of this litigation.

## COUNTERCLAIM OF CIGNA
### (Declaratory Relief)

1.    CIGNA Property and Casualty Insurance Company ("CIGNA") is a corporation organized and existing under the laws of the state of Connecticut, with its principal place of business in Philadelphia, Pennsylvania.

2.    CIGNA is informed and believes that Hewlett-Packard is Delaware corporation with its principal place of business in Palo Alto, California.

3.    On or about November 22, 1994, Hewlett-Packard was sued in a counterclaim filed in an action entitled *Hewlett-Packard company v. Nu-Kote International, Inc.*, United States District Court, Case No. C-94-20647 (RPA) (hereafter "the underlying action").

4.    On or about June 13, 1998 Hewlett-Packard tendered its defense to CIGNA of the action referenced in paragraph 3 above. By the date of tender Nu-Kote had filed a series of amended counterclaims and the third amended counterclaim was the operative pleading tendered to CIGNA.

5.    In response to the tender CIGNA requested information from Hewlett-Packard regarding the underlying action. Hewlett-Packard refused and still refuses to provide the requested information to CIGNA.

## FIRST COUNTERCLAIM FOR DECLARATORY RELIEF

6.    Counter-Complainant refers to and incorporates by reference each and every allegation of paragraphs 1 through 5 of this Counterclaim as though fully set forth herein.

7.    CIGNA requests declaratory relief for the purpose of determining a question of actual controversy between the parties.

13

8.    An actual controversy has arisen between CIGNA on the one hand and Hewlett-Packard, on the other hand, concerning the rights and duties of the parties. Hewlett-Packard contends that CIGNA must render its coverage determination solely on the contents of the pleadings in the underlying action and the tender letter dated June 13, 1998. CIGNA contends that it is entitled to review all relevant extrinsic evidence before rendering a coverage determination. These two contentions are to the contrary.

9.    CIGNA seeks a declaratory order that Hewlett-Packard must provide the information requested by CIGNA.

10.    A judicial determination is necessary and appropriate at this time under the circumstances of this case in order that CIGNA and Hewlett-Packard may ascertain the rights and duties with respect to CIGNA'S request for information.

## SECOND COUNTERCLAIM FOR INJUNCTIVE RELIEF

11.    CIGNA refers to and incorporates by reference each and every allegation of paragraphs 1 through 10 of this counterclaim as though fully set forth herein.

12.    By reason of the foregoing, CIGNA is entitled to review all relevant extrinsic evidence before rendering a coverage determination.

13.    As a result, CIGNA is entitled to an injunction compelling Hewlett-Packard to provide the information requested by CIGNA.

14.    In addition, CIGNA is entitled to injunctive relief which prevents Hewlett-Packard from attempting to limit CIGNA's access to or obtaining information about the underlying action and, further, CIGNA is entitled to injunctive relief which prevents Hewlett-Packard from destroying, altering or disposing of all relevant extrinsic evidence concerning the underlying action which CIGNA requested from Hewlett-Packard.

WHEREFORE, CIGNA prays for relief as follows:

15.    For a judgment that CIGNA is entitled to receive the requested information in order to determine whether CIGNA must defend or indemnify Hewlett-Packard in the underlying action;

14

1    16.    For a preliminary injunction that Hewlett-Packard must provide the information

2    requested by CIGNA relating to the tender of the underlying action.

3    17.    For costs of suit incurred herein; and

4    18.    For such other and further relief as the Court may deem just and proper.

5    Dated: March /6, 1999                    LEWIS D'AMATO, BRISBOIS & BISGAARD LLP

6

7                                            By: _____
                                                 RALPH A. ZAPPALA
8                                                Attorneys for Defendant
                                                 CIGNA PROPERTY AND CASUALTY
9                                                INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

CIGNA PROP & CASUALTY INS. CO'S ANSWER TO
COMPLAINT FOR DECL RLF & CTRCLAIM                          No. C99-20207 SW

1 | RE:       Hewlett Packard Co. v. CIGNA Property & Casualty Ins. Co., et al.

2 | VENUE:    U.S.D.C., Northern District of California, San Jose Office

3 | CASE NO.:  C99-20207 SW

4 | <center>PROOF OF SERVICE</center>

5       I am employed in the County of San Francisco, State of California. I am over the age
6 of eighteen (18) years and not a party to the within action; my business address is: One Sansome Street, Suite 1400, San Francisco, California 94104.

7       On March 16, 1999, I served the following described as **CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR**
8 **DECLARATORY RELIEF AND COUNTERCLAIM** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9

10 David A. Gauntlett       Attorneys for Plaintiff
Richard Wm. Zevnik      HEWLETT PACKARD COMPANY
11 Leo E. Lundberg, Jr.
Dean H. McVay
12 GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
13 Irvine, CA 92612
Telephone: (949) 553-1010
14 Facsimile: (949) 553-2050

15 [x]      **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and
16 processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at San Francisco,
17 California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18 []      **(BY FACSIMILE)** BY STIPULATION I caused such document to be delivered by
19 facsimile transmission to the offices of the addressee.

20 []      **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to
the offices of the addressee.

21 []      **(BY FEDERAL EXPRESS)** I caused such envelope to be delivered by Federal
22 Express to the offices of the addressee.

23 []      **(STATE)** I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

24 [x]      **(FEDERAL)** I declare that I am employed in the offices of a member of this court at
25 whose direction the service was made.

26       Executed on March 16, 1999, at San Francisco, California.

27 HELEN-LEA SALMON
(Print Name)            (Signature)
28

<center>1</center>