# EXHIBIT 27

# GAUNTLETT & ASSOCIATES
## ATTORNEYS AT LAW

David A. Gauntlett
M. Danton Richardson+
en Spadoni
.es A. Lowe*
Leo E. Lundberg, Jr.
Stanley H. Shure
Richard Wm. Zevnik
Daniel C. Carmichael, III
Eric Robert Little
Dean H. McVay++
Raymond J. Liddy
Michelle D. Danley
Richard E. Masson

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

+Also Admitted in TX, LA & D.C.
*Admitted in CO
++Also Admitted in D.C.

Our File Number:
10191.003

March 19, 1999

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**

This following communication is an attorney-insurer confidential communication. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.

**VIA FACSIMILE (619) 233-8627**
**CONFIRMATION BY U.S. MAIL**

Thomas M. Correll, Esq.
Lewis, D'Amato, Brisbois & Bisgaard
550 West "C" Street, Suite 800
San Diego, CA 92101-3540

**VIA FACSIMILE (415) 434-0882**
**CONFIRMATION BY U.S. MAIL**

Ralph A. Zappala, Esq.
Lewis, D'Amato, Brisbois & Bisgaard
One Sansome Street, Suite 1400
San Francisco, CA 94104-4431

Re: **Hewlett-Packard Company v. Nu-kote International, Inc.; and Counterclaim Nu-kote International, Inc. v. Hewlett Packard Co.** United States District Court Northern District Case No. C-95-2254CW

**Hewlett-Packard Company v. CIGNA Property and Casualty Insurance Company,** Santa Clara County Superior Court Case No. CV-780008
United States District Court Northern District Case No. C-99-20207 SW

Dear Messrs. Correll and Zappala:

Hewlett-Packard acknowledges receipt of CIGNA's Answer and Counterclaim, served by mail on March 16, 1999. CIGNA's allegation in its counterclaim to the effect that Hewlett-Packard has refused and continues to refuse to produce documents to CIGNA is inaccurate and without evidentiary support within the meaning of Federal Rules of Civil Procedure 11(b)(3). In our letter of March 11, 1999, Hewlett-Packard informed CIGNA that it would produce such documents as permitted by the underlying protective order. Our letter described the means by which CIGNA could have access to these documents, and provided information as to the approximate costs of same. The documents which Hewlett-Packard will provide CIGNA access to consist of several million pages, as our letter informed CIGNA, and comprise most of the non-confidential documents Hewlett-Packard has produced in the underlying litigation. CIGNA received a copy of our March 11, 1999 letter before filing its counterclaims. Therefore, these allegations constitute a violation of F.R.C.P. 11(b)(3).

10191-003/032399/47777.1

**EXHIBIT 27**

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Thomas M. Correll, Esq.
Ralph A. Zappala, Esq.
March 23, 1999
Page 2

Moreover, given that the documents previously provided to CIGNA are sufficient to give rise to a duty to defend, any contention by CIGNA that Hewlett-Packard has not provided CIGNA with access to its documents can relate only to either: (1) the extent of CIGNA's ultimate duty to indemnify; or, (2) allocation of defense costs. Neither of these issues will be resolved until after the conclusion of the underlying action. Therefore, these issues are irrelevant to the duty to defend issues raised by Hewlett-Packard's declaratory relief complaint. As such, the only possible purpose for CIGNA to assert counterclaims which enlarge the issues presented by the action, by injection of issues that are not ripe for decision, can have been to cause unnecessary delay or needless increase in the cost of litigation, in violation of F.R.C.P. 11(b)(1).

**Accordingly, Hewlett-Packard demands that CIGNA immediately withdraw its counterclaims. Alternatively, Hewlett-Packard asks that CIGNA stipulate to an order continuing the date by which Hewlett-Packard must respond to CIGNA's counterclaims until one week after the Court's ruling on Hewlett-Packard's Motion to Remand.**

Also, CIGNA has not requested any documents in response to Hewlett-Packard's March 11, 1999 letter. Hewlett-Packard asks that CIGNA respond to its offer to produce documents. It will take time to either make hard copies of the documents or copies of the CD-ROMS for CIGNA. We ask that you advise us at your earliest opportunity which option CIGNA chooses.

As our March 11, 1999 letter stated, upon entry of a permanent protective order by the court, Hewlett-Packard will provide CIGNA with the following additional documents:

1. **Old Republic Policies**

Hewlett-Packard will provide copies of the Old Republic primary and first-excess fronting policies, and of the Old Republic umbrella policy, upon CIGNA's payment of Hewlett-Packard's duplication costs.

2. **Hewlett-Packard Documents Produced To Nu-kote**

Hewlett-Packard has copies of approximately 4,700,000 pages of documents on a set of 264 CD-ROM discs, which Hewlett-Packard is willing to copy for CIGNA, other than privileged or otherwise protected documents, upon CIGNA's payment, in advance, for duplication costs. The costs of reproducing these CD-ROM discs is approximately $65.00 per disc, or a total of $17,160.00. H-P will also provide CIGNA with a copy of the objective data base which accesses the 264 CD-ROMS at a reproduction cost of approximately $1,000.00. The CD-ROMS can be reproduced within 14 days after they are requested. Alternatively, hard copies of the documents contained on the CD-ROMS could be made at $0.08 per page, for a total of approximately $400,000.00.

10191-003/032399/47777.1

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Thomas M. Correll, Esq.
Ralph A. Zappala, Esq.
March 23, 1999
Page 3

Under California law, once an insurer has been provided with information giving rise to a duty to defend, it must defend the action in its entirety until it can prove by conclusive evidence that no duty to defend exists. An insurer which has been provided with information demonstrating its duty to defend cannot refuse to discharge that duty on the ground that the insured may not have provided it with access to documents from which the insurer reserves rights with respect to indemnity and/or allocation of defense costs. CIGNA is obligated to investigate the underlying action with an eye towards *finding* coverage. Montrose v. Superior Court, 6 Cal. 4th 287, 295 (1993). Any further delay by CIGNA availing itself of the opportunity to review the above-described documents cannot be used to justify CIGNA's continuing failure to accept its defense obligations for the reasons just stated.

3. **Pleadings And Discovery Files**

Hewlett-Packard will also provide copies of pleadings and discovery in the underlying action which are not subject to the underlying protective order. Hewlett-Packard will provide CIGNA with copies upon CIGNA's payment, in advance, of the duplication costs. They consist of approximately 15,000 pages at their duplication cost of $.25 per page (approximately $3,750.00).[1] If you would like a copy of these documents, please advise and we will give you the precise number of documents and duplication cost.

We look forward to hearing from you concerning the above items at your earliest convenience.

Very truly yours,

Leo E. Lundberg, Jr.

LEL:pam

---

[1] The previous reference on page 2 of this letter, to $0.08 per page, is the CD-ROM vendor's charge for copies of documents printed from the CD-ROMs.

10191-003/032399/47777.1