# EXHIBIT 29

# LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

| LOS ANGELES OFFICE<br>SUITE 1200<br>221 NORTH FIGUEROA STREET<br>LOS ANGELES, CALIFORNIA 90012<br>TELEPHONE (213) 250-1800<br><br>COSTA MESA OFFICE<br>SUITE 1400<br>650 TOWN CENTER DRIVE<br>CENTER TOWER BUILDING<br>COSTA MESA, CALIFORNIA 92626<br>TELEPHONE (714) 545-9200<br><br>SAN FRANCISCO OFFICE<br>CITICORP CENTER<br>ONE SANSOME STREET, SUITE 1400<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE (415) 362-2580 | LAWYERS<br>SUITE 800<br>550 WEST "C" STREET<br>SAN DIEGO, CALIFORNIA 92101-3531<br>TELEPHONE (619) 233-1006<br>FACSIMILE (619) 233-8627 | INLAND EMPIRE OFFICE<br>TRI-CITY CORPORATE CENTRE, SUITE 600<br>650 EAST HOSPITALITY LANE<br>SAN BERNARDINO, CALIFORNIA 92408-3508<br>TELEPHONE (909) 387-1130<br><br>SACRAMENTO OFFICE<br>SUITE 200<br>2500 VENTURE OAKS WAY<br>SACRAMENTO, CALIFORNIA 95833-3500<br>TELEPHONE (916) 564-5400<br><br>FACSIMILES:<br>LOS ANGELES: (213) 250-7900<br>COSTA MESA: (714) 850-1030<br>SAN FRANCISCO: (415) 434-0882<br>SAN BERNARDINO: (909) 387-1138<br>SACRAMENTO: (916) 564-5444 |

THOMAS M. CORRELL
DIRECT DIAL (619) 699-4944
E-MAIL: CORRELL@LDBB.COM

March 23, 1999

OUR FILE NO.
24035.003

Leo E. Lundberg, Jr.
**GAUNTLETT & ASSOCIATES**
18400 Von Karman, Ste. 300
Irvine, CA 92612

Re: *Hewlett-Packard Co. v. Nu-kote International, Inc.*
US DIST. COURT (Northern Div. Case No. C 95 2254 CW)
Issuing Company : CIGNA Property and Casualty Insurance Company
Policy No. : CXC 024869

Dear Mr Lundberg:

This will respond to your letter of March 11, 1999.

I believe that we have reached an agreement with regard to a protective order in the case. With regard to the duty to defend issue, as we have previously advised you, the duty to defend is to be determined based not only on the pleadings, but on all available information at the time of the tender. Your statement that the duty to defend is triggered based upon the materials already furnished [1] regardless of any other documentation, is a misstatement of the law in California.

We have reviewed the court file. It is my understanding that the operative version of the Nu-Kote counterclaim was filed on May 4, 1998 under seal. Therefore, this is the operative pleading as of the date of tender of the claim to CIGNA. CIGNA

---

[1] This is limited to the earlier counterclaims filed by Nu-Kote and two or three product inserts.

EXHIBIT 29

c:\wpdocs\lunds.tmc

Leo E. Lundberg, Jr.
March 23, 1999
Page 2

finds itself in the unique position of being asked to defend a counterclaim that it has not seen. Please take all necessary steps to extend the Confidentiality Agreement for the benefit of CIGNA, at least with regard to the counterclaim which was filed on May 4, 1998 so that this document may be provided to CIGNA for review and analysis.

I look forward to receipt of the Old Republic policies. The existence of other insurance is most certainly relevant to the analysis of the duty to defend issue where other insurance clauses are applicable and certain policies are primary while others are excess. The cases you cite do not address that issue. Without reviewing the Old Republic policies, I cannot comment as to whether they have any impact at all on CIGNA's coverage analysis.

I am very encouraged that Hewlett-Packard has finally agreed to provide documentation to CIGNA. I am, however, concerned that the documentation you are offering as indicated in your letter of March 11, is not responsive to CIGNA's request. Rather, than destroying a forest and obtaining copies of the vast amount of documents you have indicated are available, I would appreciate first receiving from you a further description of these documents. For example, the Hewlett-Packard documents were produced, presumably, in response to request for production or "order". Please provide me with a copy of the request for production so that I can identify which items may be of interest and relevant to the coverage analysis. My suspicion is that the vast majority if not all of these documents relate to the patent infringement issues which I do not believe are necessary for CIGNA's review. As I have previously indicated, I am asking for copies of documents which represent advertising materials by Hewlett-Packard which could possibly form the bases for the Nu-Kote counterclaim. If there is an index of the documents produced by Hewlett-Packard please provide me with a copy.

Similarly, with regard to the pleadings and discovery files, I am interested in seeing the discovery and responses which relate to Nu-Kote's counterclaims and any motions filed with regard to those counterclaims. The statements made under paragraph 3d on page 5 of your letter are unclear. Are you saying that the 6,000 documents in your possession represent all of the non-confidential pleadings and discovery in the case? If so, please advise. I believe it would probably be cheaper for me to travel to your office and review the documents there in order to determine which need to be copied. If there are other non-confidential pleadings and discovery files which are not represented by the 6,000 documents, please advise how I may obtain access to those.

In paragraph 4 on page 5 of your letter you infer that the number of documents which supports Nu-Kote's claims against Hewlett-Packard are small. Please provide

Leo E. Lundberg, Jr.
March 23, 1999
Page 3

me with the specific discovery responses or any other information upon which you base that statement. CIGNA is entitled to review all such documents. Presumably, Hewlett-Packard forwarded written discovery to Nu-Kote asking that documents and witnesses be identified and produced which would support Nu-Kote's counterclaims. CIGNA is entitled to and has been demanding access to that information. Once again, I hereby reassert CIGNA's request for that information.

As you know, this firm is counsel for CIGNA with regard to the declaratory relief litigation you have initiated. I am confused with regard to your request for a stipulation to bifurcate liability and damages. As I read your complaint, it is merely asking the court for a declaration of rights. I saw no claim for damages.

In conclusion, I look forward to access to relevant documents regarding the coverage issues. Please advise whether I may come to your office to review the pleadings and discovery files you are now making available. Also, please respond to the issues raised concerning the documents as set forth in this letter.

Thank you.

Very truly yours,

Thomas M. Correll

Thomas M. Correll
LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

TMC/nln

c:\wpdocs\lunds.tmc