# EXHIBIT 33

# GAUNTLETT & ASSOCIATES
## ATTORNEYS AT LAW

David A. Gauntlett
A. Danton Richardson+
[Be]n Spadoni
[Jam]es A. Lowe*
Leo E. Lundberg, Jr.
Stanley H. Shure
Richard Wm. Zevnik
Daniel C. Carmichael, III
Eric Robert Little
Dean H. McVay++
Raymond J. Liddy
Michelle D. Danley
Richard E. Masson

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

+Also Admitted in TX, LA & D.C.
*Admitted in CO
++Also Admitted in D.C.

Our File Number:
10191.003

April 6, 1999

**CONFIDENTIAL INSURED-INSURER COMMUNICATION**

This following communication is an attorney-insurer confidential communication. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.

**VIA FACSIMILE (619) 233-8627**
**CONFIRMATION BY U.S. MAIL**

Thomas M. Correll, Esq.
Lewis, D'Amato, Brisbois & Bisgaard
550 West "C" Street, Suite 800
San Diego, CA 92101-3573

Re: **Under Seal v. Under Seal**
United States District Court Northern District Case No. C-99-20207 SW

Dear Mr. Correll:

This letter confirms our receipt of your letters dated April 6, 1999 and our telephone conference of this date. First, as we discussed, alerting Nu-kote that there may be insurance coverage for its claims against Hewlett-Packard could be <u>extremely</u> prejudicial. For example, it could lead to an attempt by Nu-kote to increase its demands for monetary compensation or other concessions by Hewlett-Packard thereby negatively impacting settlement possibilities, or may lead to attempts by Nu-kote to obtain documents or information from this dispute which it could use against Hewlett-Packard in the underlying action. Because Hewlett-Packard's rights could be severely prejudiced if facts and legal theories which concern Hewlett-Packard's potential liability in the ongoing Nu-kote litigation are made available to Nu-kote through the instant coverage action, we demand that CIGNA not contact Nu-kote or its counsel and that CIGNA not take any action in the Nu-kote Action. You have advised that CIGNA will not take any action which would give Nu-kote notice of this coverage dispute. I thank you for your agreement in this regard. Should CIGNA's position on this issue change, please notify me immediately.

Per our agreement, we will conduct the early meeting of counsel next Tuesday morning, April 13, 1999, at our office in Irvine. We asked you to bring CIGNA's Rule 16-5 disclosure documents to that meeting, which you agreed to do.

10191-003/040699/48436.1

**EXHIBIT 33**

**GAUNTLETT & ASSOCIATES**
TORNEYS AT LAW

Thomas M. Correll, Esq.
April 6, 1999
Page 2

As we have previously informed you, Hewlett-Packard has copies of the approximately 4,700,000 pages of documents produced to Nu-kote on a set of 264 CD-ROM discs. Hewlett-Packard is willing to provide CIGNA with copies of these CD-ROM discs, upon payment in advance, at the cost to CIGNA of approximately $65.00 per disc, for a total of $17,160.00. Hewlett-Packard will also provide CIGNA with a copy of the objective data base which accesses the 264 CD-ROMS, upon payment in advance of the reproduction cost of approximately $1,000.00. It will take 14 days to reproduce these items. You stated CIGNA wished to reserve its decision whether it wants copies of these disks until after reviewing the pleadings and discovery documents on April 13, 1999.

Your demand for documents exceeds the requirements of Rule 16-5 of the local rules for the Northern District. In fact, we have already complied with the requirements of Rule 16-5 weeks ago. Rule 16-5 merely provides, in pertinent part:

> In addition to satisfying the obligations imposed by FRCivP 26(a)(1)(B), at or within 10 days after the meet and confer, each party shall actually produce to all other parties all of the unprivileged documents which are then reasonably available and which tend to support the positions that the disclosing party has taken or is reasonably likely to take in the case.

The documents on which Hewlett-Packard relies in this matter have long since been produced to CIGNA. In any event, weeks ago we offered to make CIGNA copies of the documents Hewlett-Packard produced to Nu-kote, or to copy the CD ROMs on which the documents are located plus copies of the database describing those documents. As to the Nu-kote confidential documents, those documents are not "reasonably available" as they are subject to protective order. Hewlett-Packard is not able to produce such documents without being in contempt of a court order. As we have informed CIGNA numerous times, the protective order in the underlying action prevents us from producing Nu-kote documents to CIGNA which Nu-kote has designated as confidential. If CIGNA agrees to defend it will be entitled to additional documents. Until such time, however, CIGNA is not a party which may be given access to confidential documents. Hewlett-Packard will not violate the Court's protective order, and it is unreasonable for CIGNA to suggest that it do so.

Lastly, we will ask Hewlett-Packard's defense counsel for copies of any deposition transcripts which are not sealed pursuant to the protective order. Because of the impending trial in the underlying action, however, we cannot guarantee such transcripts, if there are any, will be available by next Tuesday.

10191-003/040699/48436.1



Thomas M. Correll, Esq.
April 6, 1999
Page 3

Thank you for the above-referenced agreements. I look forward to seeing you Tuesday.

Very truly yours,

M. Danton Richardson

MDR:LEL:pam