# EXHIBIT 43

THOMAS M. CORRELL [SBN 108773]
JANELLE F. GARCHIE [SBN 118453]
**LEWIS, D'AMATO, BRISBOIS & BISGAARD** LLP
550 West C Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile : ((619) 233-8627

-and-

RALPH ZAPPALA [SBN 102052]
**LEWIS, D'AMATO, BRISBOIS & BISGAARD** LLP
One Sansome Street, Ste. 1400
San Francisco, CA 94104

Telephone: (415) 362-2580
Facsimile : (415) 434-0882

Attorneys for Defendant
CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT PACKARD COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. C-99-20207 SW<br><br>Hon. Spencer Williams<br><br>**CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR FOR RECONSIDERATION OF AUGUST 24, 1999 RULING GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 8, 2000<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

[FILED UNDER SEAL PURSUANT TO COURT ORDER DATED 3/24/99]

EXHIBIT 43

SD2000:147.1

CIGNA'S MOTION FOR RECONSIDERATION
C-99-20207 SW

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................... -1-

II. HP'S OTHER INSURANCE IS DIRECTLY RELEVANT TO DUTY TO DEFEND ISSUES AND WHETHER CIGNA OWES ANY DUTIES CANNOT BE DETERMINED WITHOUT SUCH INFORMATION ................... -3-

III. HP'S FAILURE TO PROVIDE MATERIAL INFORMATION REGARDING FACTS REVEALED IN THE UNDERLYING CASE JUSTIFIES DENIAL OF HP'S MOTION FOR PARTIAL SUMMARY JUDGMENT ................ -7-

IV. CONCLUSION ..................................................... -9-

## I. INTRODUCTION

CIGNA Property & Casualty Company ("CIGNA") requests reconsideration of this Court's August 24, 1999 Order granting Hewlett Packard's ("HP") motion for partial summary judgment. On October 28, 1999 this Court granted, in part, CIGNA's Application for Leave to File a Motion For Reconsideration regarding the August 24, 1999 order. The August 24, 1999 order adjudicated that CIGNA had a duty to defend HP against a counterclaim filed by Nu-Kote in an underlying action commenced by HP. The August 24, 1999 order was made despite the fact that Hewlett Packard failed to provide to CIGNA certain requested documents generated in the underlying action from commencement of the counterclaim to the date of HP's request for defense.

California law is clear that CIGNA is entitled to and must review extrinsic evidence to determine if there is a potential for coverage. The determination of CIGNA's obligation to HP, if any, cannot, as a matter of law, occur in a vacuum. The California Supreme Court has made it clear that to determine the defense obligation, insurers, such as CIGNA, must obtain information from the pleadings and extrinsic evidence related to the claim against an insured.[1]

From the date of tender to the present, HP has failed and refused to provide documents requested by CIGNA to assist in CIGNA's coverage investigation. CIGNA has continued its attempts to obtain the requested information regarding the factual basis for Nu-Kote's allegations and the support for its damages claims. HP's refusal to provide documents has continued to occur even though the trial of the underlying action has concluded. HP's refusal to provide documents is based on a self-serving confidentiality agreement between HP and Nu-Kote and a protective order that limits the flow of documents to insurers that have agreed to defend. HP insists that it has provided necessary documents in the form of the counterclaim and certain HP documents. As to documents relating to the Nu-Kote counterclaim, HP is not the arbiter of what information CIGNA is

---

[1] CIGNA does not repeat herein the case law already set forth in its Application for Leave to File A Motion For Reconsideration pp. 3-4.

allowed to have to analyze obligations under the policy. As to the HP documents. it is not the claims that HP makes against Nu-Kote that are the focus of the coverage investigation. Instead, CIGNA needs to analyze documents produced by Nu-Kote that address the allegations and damage claims against HP. The need for this Court to reverse its ruling that there is a duty to defend is underscored by the ruling itself. The August 24, 1999 order adjudicated CIGNA's defense obligation to HP while CIGNA, in essence, had its "hands tied" by HP's refusal to provide required information to support the request for defense. CIGNA believes that there is a great likelihood that further discovery will show that Nu-Kote was not competing with HP in any foreign jurisdiction and that Nu-Kote could not recover damages under the Lanham Act or California Business and Professions Code §17200 et.seq. resulting from an occurrence in the policy territory. As the underlying court determined, Nu-Kote's Lanham Act claims are limited to HP's conduct in the United States. Nu-Kote's claims pursuant to California Business and Professions Code §17200 et seq. are, by definition, limited to unfair business practices in California and do not fall within the definition of policy territory in the CIGNA policy. For both of these reasons, Nu-Kote's claims do not result from an occurrence within the "policy territory" and there is no coverage for the Nu-Kote counter-claim. CIGNA is entitled to and must review all information pertinent to the Nu-Kote claim. Based on the limited amount of information made available by HP, CIGNA believes that the requested documents will likely show that there is no coverage under the CIGNA policy for the Nu-Kote counterclaim. As it now stands, HP has been rewarded by its refusal to provide the very documents that CIGNA believes are likely to prove that there is no coverage. HP must not be allowed to use the judicial system to obtain benefits by refusing to cooperate with CIGNA and then filing a motion for summary judgment knowing that CIGNA has no chance to fully analyze coverage.

      CIGNA will outline herein the documents that have been requested and are still needed to investigate whether there is a potential for coverage for the claims made in the Nu-Kote counterclaim. These documents may lead to additional requests for documents.

Until CIGNA is apprized of what documents exist it is impossible to provide a complete outline of necessary documents.

CIGNA will also outline for the court the importance and relevance of the discovery needed to analyze the applicability of the "Other Insurance" clause and the "Excess and Difference in Conditions" Endorsement.

## II. HP'S OTHER INSURANCE IS DIRECTLY RELEVANT TO DUTY TO DEFEND ISSUES AND WHETHER CIGNA OWES ANY DUTIES CANNOT BE DETERMINED WITHOUT SUCH INFORMATION

The CIGNA policy issued to HP contains two important provisions that relate to HP's insurance portfolio. First, the policy includes an "Other Insurance" clause which provides:

> **8. OTHER INSURANCE**
>
> If other valid and collectible insurance with any other insurer is available to the insurer covering a loss or expense also covered hereunder (except insurance purchased by the Named Insured to apply specifically in excess hereof) the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance...

Second, the CIGNA policy includes Endorsement No. 5 entitled "EXCESS AND DIFFERENCE IN CONDITIONS ENDORSEMENT." This endorsement provides:

> EXCESS AND DIFFERENCE IN CONDITIONS ENDORSEMENT
>
> It is agreed that the coverage afforded by the Comprehensive General Liability coverage part (and any amendments thereto) shall be excess and Difference-in-Conditions (D.I.C.) of an Locally-Admitted General Liability Insurance policy(ies). ...

(A copy of the policy provided by HP is attached to the HP's motion for summary adjudication, Declaration of Richard Wm. Zevnick as Exhibit "A", Condition 4, page 11; Condition 6, pages 11-12; Conditions 7&8, page 12.)

///

1       The intent of the endorsement, and express language of the endorsement, is that the coverage afforded under the policy is Excess and Difference-In-Conditions (D.I.C.) of any Locally-Admitted general liability policies for occurrences or suits in the foreign territory at issue covered by the locally-admitted policy. (See Declaration of Karen Southern, ¶2.) The CIGNA Property and Casualty Insurance Company ("CIGNA") policy number CXC024869 entitled "The Comprehensive General And Automobile Liability Policy: Foreign" is a master policy intended to be excess and fill the gaps over policies issued in countries which require locally admitted insurers to issue policies. (See Declaration of Karen Southern, ¶2.) In those countries where a CIGNA Company is locally admitted, that CIGNA Company will quote and issue a policy to Hewlett Packard. Hewlett Packard, however, has the option of obtaining coverage with any admitted carrier. CIGNA does not always have a locally admitted facility in every country in which Hewlett Packard does business. Generally, the locally admitted policies only apply to claims made in the foreign jurisdiction. (See Declaration of Karen Southern, ¶2.) CIGNA has completed a diligent search of its underwriting records and storage facilities but has been unable to locate all records relating to the Hewlett Packard Foreign Liability coverage program. (See Declaration of Karen Southern, ¶3.) Unless and until CIGNA obtains all records and has an opportunity to examine all Hewlett Packard policies in place in all jurisdictions in which the alleged unfair competition occurred, it is not able to determine whether there is other applicable insurance which may apply to the alleged loss in question. (See Declaration of Karen Southern, ¶4.) Also, in order to make a determination as to whether there is other applicable insurance which may apply to the alleged loss in question CIGNA must have information regarding which foreign jurisdictions the claimant alleges that the unfair competition occurred and resulted in damage to Nu-Kote's United States sales. (See Declaration of Karen Southern, ¶4.) CIGNA has not been provided with information to determine whether the alleged unfair competition occurred in a specific foreign jurisdiction and cannot make a determination whether there is other applicable insurance which may apply to the alleged loss in question. (See Declaration of Karen Southern, ¶5.)

Here, the unfair competition has to occur in the foreign territory and result in damage to Nu-Kote's United States sales to even potentially afford coverage. Before the CIGNA policy would apply in that foreign territory, it must be determined whether any locally admitted policy exists and/or applies. If the locally admitted policy applies, and is not exhausted, then, the CIGNA policy is excess coverage and will not provide a defense to HP. If the locally admitted policy does not cover the claim or is exhausted, only then, will the CIGNA policy be considered. Without providing any information regarding the foreign territories in which Nu-Kote claims that HP's unfairly competed with Nu-Kote, HP asserts that the foreign locally admitted policies do not apply to claims such as Nu-Kote's. That might be true, because as CIGNA acknowledges, generally the locally-admitted policies will not cover claims such as Nu-Kote's. However, the locally admitted policies might apply. CIGNA is entitled to find out before it is adjudicated to be obligated to pay nearly $50 million in attorney's fees and costs.[2]

HP claims that CIGNA has all of the necessary insurance information and HP does not need to provide it to CIGNA. CIGNA does not have all of the policy information for every country where a policy was issued to HP. CIGNA is in a "Catch 22" in that it has not been provided with any factual information to suggest an occurrence of "unfair competition" in a foreign jurisdiction falling within the "Policy Territory" to begin its analysis of whether its policy responds as excess, primary or at all.

The problem with ruling at this time that CIGNA has a duty to defend is that the information in CIGNA's possession has huge holes and is inconsistent with the information CIGNA has been able to uncover. First, it is adjudicated in the underlying action that there is no competition in any foreign territory and thus no unfair competition in a foreign territory affecting Nu-Kote's United States sales. Nu-Kote's Lanham Act claims are

---

[2] CIGNA reserves the right to deny any liability to pay for attorney's fees and costs, in whole or in part. CIGNA specifically denies any obligation to pay for attorney's fees and costs incurred prior to the date of tender. CIGNA reserves the right to allocate any obligation to pay attorney's fees and costs between covered and uncovered claims, and between claims for the prosecution of HP's claims and defenses of counterclaims.

limited to the United States. Second, Nu-Kote's California Business and Professions Code §17200 et.seq claims are limited to HP's conduct in California. Without information regarding Nu-Kote's damage claims arising out of competition in a foreign jurisdiction, it not possible for CIGNA to determine which foreign jurisdictions are at issue to further determine whether there is a requirement in that jurisdiction for a locally-admitted insurer. Once that information is obtained, CIGNA can analyze whether the locally admitted policy applies.

Pursuant to the Excess and Difference-In-Conditions endorsement, CIGNA is entitled to information as to every country in which HP sold inkjet cartridges and information whether Nu-Kote sold or offered for sale an inkjet cartridge in that country. CIGNA is entitled to all relevant locally admitted policies that are in HP's possession. Much of the information requested as part of the coverage analysis, set forth below, will also assist in the determination of whether the CIGNA policy is primary or excess.

Separate from the Excess and Difference-In-Conditions endorsement is the "Other Insurance" clause. To the extent there is other domestic insurance available to HP to potentially cover the claims of Nu-Kote, such insurance is primary and CIGNA is excess. HP claims that the Old Republic policies are "fronting policies" and have been exhausted. CIGNA is entitled to all evidence supporting the exhaustion of these policies to determine whether they are properly exhausted. CIGNA is entitled to evidence that the "limits of liability" of the Old Republic policies were exhausted by payment of attorney's fees and costs for defense of the Nu-Kote counterclaim. CIGNA is not obligated to pay for the prosecution of HP's patent infringement claims against Nu-Kote. Even if the CIGNA policy applies to the Nu-Kote counterclaim, the Old Republic policy must exhaust first pursuant to the "Other Insurance" clause.

CIGNA is entitled to information regarding whether the allegations made by Nu-Kote against HP constitute a continuing occurrence that might trigger primary liability policies subsequent to the Old Republic policies. If applicable subsequent domestic primary policies are triggered, CIGNA should be excess to those policies. (See, *Stonewall Insurance Company v. City of Palos Verdes* (1996) 46 Cal.App.4th 1810 [holding that the primary policies

exhaust horizontally.]) If other applicable insurance policies include attorney's fees and costs in the "limits of liability" then, CIGNA is entitled to evidence that all policies have exhausted by payment of attorney's fees and costs attributed only to defense of the Nu-Kote counterclaim.

### III. HP'S FAILURE TO PROVIDE MATERIAL INFORMATION REGARDING FACTS REVEALED IN THE UNDERLYING CASE JUSTIFIES DENIAL OF HP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Nothing has changed since the date this court ruled that there is a potential for coverage or since this court granted reconsideration to allow CIGNA to address the specific information needed by CIGNA. HP still has not provided CIGNA with all documentation available at the time of tender. As such, CIGNA is still in need of the documents it requested and continues to request. The duty to defend is based on facts, not speculation. CIGNA is entitled to all information available at the time of tender regarding the claims made by Nu-Kote and the damages Nu-Kote seeks in connection with the counterclaim. HP refused requests for information based on a confidentiality agreement and a stipulated protective order in the underlying case. HP unilaterally agreed to the confidentiality agreement and then used it as a shield to withhold information from CIGNA. CIGNA agreed to a confidentiality order in this case, yet, information was still withheld. CIGNA has a right to all information that may affect the coverage decision. HP has never made any attempts to seek Nu-Kote's or the underlying court's permission to reveal information. The unreasonable withholding of information prevents CIGNA from obtaining information to which it is entitled and the consequence to HP is that it is not entitled to summary judgment when there is information that may affect coverage yet is being withheld. The CIGNA policy provides:

### 7. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

a) The Corporate Insurance Division of the Named Insured at Boston, MA upon learning of any occurrence, including personal injury to which this policy applies shall give written notice as soon

as practicable to Alexander & Alexander, Inc. A Massachusetts Corporation, One Constitution Plaza, Boston MA 02129 or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and also reasonable obtainable information respecting the time, place and circumstances of occurrence, the names and addresses of the injured and of available witnesses.

b) The Corporate Insurance Division of the Named Insured at Boston, MA upon receipt of notice of claim of (sic) suit against the Named Insured shall immediately forward to the Company every demand, notice, or summons of (sic) process so received.

c) The insured shall cooperate with the Company and upon the Company's request assist in making settlements...The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such first aid to others as shall be imperative at the time of accident.

CIGNA is still in need of numerous categories of documents that existed at the time of tender of the Nu-Kote counterclaim: all interrogatories propounded to Nu-Kote and the responses of Nu-Kote; all requests for production of documents to Nu-Kote and Nu-Kote's responses thereto and all documents produced; all motions filed by Nu-Kote and HP regarding Nu-Kote's counterclaim; all deposition transcripts of percipient witnesses and expert witnesses providing testimony relating to Nu-Kote's counterclaim; generally all documents that relate to the Nu-Kote counterclaim. More specific requests, although not necessarily all-inclusive, are:

1. Writings and recordings which tend to show that Nu-Kote made claims against Hewlett-Packard Co. in the underlying lawsuit for damages resulting from commercial transactions outside the United States and its territories.

2. Writings and recordings which tend to show that Nu-Kote marketed "ink jet cartridge refill kits", "refill stations" or "mail-in" cartridge refilling services in countries other than the United States and its territories.

3. Writings and recordings which tend to show that Nu-Kote marketed ink jet cartridge products in countries other than the United States and its territories.

4. Writings and recordings for the time period July 1, 1993 through June 30, 1999 which tend to show all countries where Nu-Kote claims to have

-8-

marketed ink jet refill products intended to be used to refill ink jet cartridges marketed by Hewlett-Packard.

5. Writings and recordings which tend to show all countries, other than the United States and its territories, where Nu-Kote claims to have marketed its ink jet refill products.

6. All writings and recordings which tend to show any countries, other than the United States and its territories, where Nu-Kote marketed cartridge refill products.

## IV. CONCLUSION

The CIGNA policy includes Endorsement No. 5 entitled "EXCESS AND DIFFERENCE IN CONDITIONS ENDORSEMENT." The endorsement expressly states that the policy is excess over HP's *primary* policy in each country. There must first be a determination that there is a potential for coverage in the foreign country and then a determination of whether there is a locally admitted policy for that country. None of these determinations have been made so that summary judgment regarding CIGNA's duties is premature. CIGNA, at the very least, is entitled to conduct written interrogatories and requests for production of documents to determine what other policies of insurance might apply to this matter.

In addition to information regarding other insurance, as outlined above, CIGNA is entitled to full and complete information to assist in its investigation and determination of its obligations to HP in connection with the Nu-Kote counterclaim. The law in California is very clear that the insured does not control what information is appropriate for an insurer to review. Extrinsic evidence is important to determine if coverage exists or if no coverage exists. Here, the issue of CIGNA's right and obligation to review extrinsic evidence is critical due to the fact that the underlying action was ongoing for nearly four years before HP requested defense from CIGNA. There is obviously so much more information for CIGNA to review than there would be if the tender had happened close to the filing of the counterclaim. It is all information that CIGNA is entitled to review.

///

1  The underlying action has concluded by jury verdict. There is no legitimate reason
2  that HP has not made efforts to lift the protective order in the underlying case. HP was
3  quick to request that this court unseal and publish its Order regarding the August 24, 1999
4  ruling that CIGNA had a duty to defend. It seems that this matter is no longer a secret. It
5  is now time for HP to provide the information that CIGNA has requested since at least
6  October 1998 and on many occasions thereafter.

7  CIGNA respectfully requests that the Court reconsider its August 24, 1999 ruling
8  and allow CIGNA the opportunity to consider all of the information that is available before
9  addressing whether CIGNA owes a defense to HP of the Nu-Kote counterclaim.

10 Dated: February 1, 2000            LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP

                                    By: _____
                                        Thomas M. Correll
                                        Attorneys for Defendant
                                        CIGNA PROPERTY AND CASUALTY
                                        INSURANCE COMPANY