# EXHIBIT 50

**FILED**

JAN - 9 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | CIVIL NO. 99-20207 SW<br><br>ORDER REGARDING SCOPE OF SPECIAL MASTER'S ADJUDICATION OF ISSUES RELATING TO DAMAGES; NOTIFICATION CONCERNING COURT SEALING OF DOCUMENTS IN THIS CASE<br><br>[FILED UNDER SEAL] |

**A. ISSUES REGARDING THE MOTION SET BEFORE THE SPECIAL MASTER**

The Court has read and considered the correspondence received from both parties concerning the proper scope of Special Master Peter Stone's adjudication of issues relating to damages. A motion by Hewlett-Packard Co. ("HP") relating to the calculation of damages arising from this Court's June 19, 2001 order finding that HP was entitled to a defense from ACE Property and Casualty Insurance Co. ("ACE"), is scheduled to be heard by Special Master Stone on January 31, 2002 ("Motion for Adjudication"). The Court agrees with ACE that the Motion for Adjudication involves the determination of "legal" issues -- involving the duration of ACE's duty to defend, allocation of defense costs among covered and non-covered claims, and the applicability of Cal. Civil Code § 2860 -- that go beyond the raw calculation of hours and rates. The Court

**EXHIBIT 50**

also agrees that these issues which could potentially be resolved by way of Federal Rule of Civil Procedure 56 motions for summary judgment. However, because the questions posed by HP are inextricably intertwined with the calculation of damages, the Court believes it is prudent to allow the Special Master to consider the Motion for Adjudication prior to rendering his ultimate recommendation regarding the amount of damages. In light of the dispute over how California law should be applied in this case, in his final recommendation Special Master Stone <u>may</u> wish to provide various damage "scenarios" resulting from various possible legal conclusions regarding allocation of damages and duration of the duty to defend. For example, if ACE is liable for the costs of the defense of non-covered claims, the damages would be X, but if ACE is liable only for the costs of the covered claims, the damages would be Y. Or if ACE's liability only extends for one month, the damages would be W, but if it extends through the conclusion of the case, it would be Z. Of course, the Special Master would articulate his own legal conclusion, while addressing the possibility of other results.[1]

In the interest of resolving this long standing dispute, and in the interest of judicial economy, I am not eager to hear motions that will interrupt and prolong the Special Master's deliberations. The legal issues which are the subject of HP's Motion for Adjudication may be reviewed by the Court after it receives the report of Special Master Stone later this year.

---

[1] Whether or not to use this approach lies in the discretion of Special Master Stone.

1  On a different matter, ACE, which is pursuing discovery of HP
2  documents regarding allocation of costs, also requests a
3  continuance of the motion set before the Special Master. ACE's
4  position may have some merit, but the Court believes that the
5  timing of the motion and the briefing therefor is a matter best
6  left to Special Master Stone.
7  B.  NOTIFICATION REGARDING SEALING OF THIS CASE
8  Because I will be retiring next month, and because it seems
9  inevitable that this case will be transferred to another judge, I
10 have decided not to lift the sealing order in this case at this
11 time. When the case is transferred, the newly assigned judge may
12 wish to review whether there remains good cause for the documents
13 in this matter to remain under seal. However, for now, the case
14 will remain sealed.
15 The Plaintiff shall provide a copy of this Order to Special
16 Master Stone no later than noon on January 10, 2002.
17 IT IS SO ORDERED.
18 DATED: January 9, 2002

SPENCER WILLIAMS
United States District Judge

3