# EXHIBIT 75

Hon. Peter G. Stone (Ret.)
JAMS
160 W. Santa Clara St.
Suite 1150
San Jose Ca, 95113
408-288-2240
408-295-5267 (fax)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT PACKARD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACE PROPERTY & CASUALTY INSURANCE CO.,<br><br>Defendant. | Case No. C-99-20207 SW<br>Jams Reference No. 1110005854<br><br>ORDER ON ACE'S MOTIONS TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) AND TO COMPEL FURTHER RESPONSES TO OLD REPUBLIC SUBPOENA |

Defendant ACE Property and Casualty Insurance Company ("ACE") has filed two discovery motions to be heard on June 28, 2002: (1) a motion to compel further responses from Plaintiff Hewlett Packard Company ("HP") to request for production of documents (set one) nos. 18 and 19; and (2) a motion to compel Old Republic Insurance Company ("Old Republic") to produce documents in response to ACE's subpoena to Old Republic. After having considered the parties' papers and oral arguments, and having submitted the matter, the Special Master orders as follows:

EXHIBIT 75 (ALL-STATE LEGAL)

The discovery motions at issue involve ACE's efforts to obtain documents relating to other insurance policies issued to HP that potentially cover the defenses fees incurred by HP in defending the Nu-Kote counterclaims. The "other insurance" clause in the comprehensive general liability policy issued to HP by ACE provides that:

> If other valid and collectible insurance with any other insurer is available to the insured covering a loss or expense also covered hereunder (except insurance purchased by [HP] to apply specifically in excess hereof) the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance.

On August 24, 1999, Judge Williams granted HP's motion seeking an adjudication that ACE owed HP a defense of the underlying action. In opposition to HP's motion, ACE raised the potential impact of the "other insurance" clause in the policy. With respect to the issue of the other insurance clause, Judge Williams' August 24, 1999 order provides that:

> Cigna argues that this clause raises an issue regarding the impact of other insurance maintained by HP. HP responds that the clause applies only to primary insurance policies. The only primary policy issued to HP during the relevant time, besides the international policy issued by Cigna, is a "fronting" policy covering HP's domestic activities issued by Old Republic Insurance Company ("Old Republic"). Endsley Decl. ¶ 5, Exh A. A fronting policy does not indemnify the insured but is issued to satisfy financial responsibility laws of various states by guaranteeing to third persons who are injured that their claims will be paid.
> Old Republic also issued an excess "fronting" policy and an umbrella policy providing coverage over the excess "fronting" policy. Id. at ¶ 7. Neither of these two policies contain an express duty to defend. Id.
> On this motion for summary judgment, Cigna had the burden to identify the other insurance which would render the Cigna Policy excess and superfluous. Because Cigna has not identified such "other insurance" which would obviate Cigna's duty to defend, this presence of this issue does not preclude summary adjudication of concerning coverage.

The "fronting" primary policy states that the policy limit for coverage is $1 million. The deductible endorsement provides that:

> In consideration of the premium charged and the issuance of this policy, it is agreed that the following amount shall be deducted from the amount of any loss, any expenses and defense costs, as a result of each occurrence reported under this policy:
>
> $1,000,000 Deductible amount each occurrence plus expenses

It is further agreed that expenses incurred by the insurer arising out of any duty to defend regardless of liability shall be subject to the Deductible Endorsement. Loss payments under the deductible will reduce the applicable Limit of Insurance under this Policy.

ACE has been in possession of the three Old Republic policies since, at the latest, April 28, 1999. ACE filed a motion for reconsideration of Judge Williams' order dated August 24, 1999. In the motion, ACE requested the opportunity to undertake discovery (written interrogatories and requests for production of documents) regarding the existence of other insurance policies which may apply to the underlying action. Judge Williams' April 6, 2000 order on the motion for reconsideration provides in pertinent part that:

> The Court agrees with Cigna. While HP has provided evidence that no other policy could apply to the Nu-Kote counterclaim, it is in the interests of justice to allow Cigna to undertake further discovery on this matter. The motion is GRANTED with respect to the "Other Insurance" issue. Cigna shall have until and including July 3, 2000 to undertake discovery on this issue.

The record before the Special Master suggests that ACE did in fact undertake discovery on the "other insurance" issue prior to July 3, 2000. Subsequently, on March 15, 2001, ACE propounded upon HP requests for production of documents (set one) nos. 1-23. Request no. 18 seeks all writings which relate to correspondence between HP and any insurer in which HP requested defense or indemnity regarding the underlying action. Request no. 19 seeks all writings evidencing correspondence between HP and Old Republic regarding the underlying action. On June 14, 2001, HP objected to these requests on the grounds of the attorney-client privilege, work product protection, and a lack of relevance to HP's claim for payment of attorneys' fees and costs. HP provided ACE with amended responses on August 2, 2001. The amended responses to request nos. 18 and 19 again consisted entirely of objections. The parties' subsequent meet and confer efforts failed to resolve the dispute.

**I.    Request for Production of Documents (Set One) Nos. 18 and 19**

The primary remaining issue between the parties is the amount of reasonable defense fees ACE might owe to HP. ACE contends that it appears that the "primary" and "excess" Old Republic policies apply to the underlying action, and that the documents requested are pivotal in

determining if ACE has a potential claim for contribution or set-off[1] under the policies. Specifically, ACE argues that it needs the requested documents regarding an tender of defense by HP to Old Republic, as well as Old Republic's response, to determine whether the Old Republic policies cover the disputed attorneys' fees and costs.

In opposition, HP contends that: (1) the issue of other insurance is barred by Judge Williams' prior rulings; (2) the discovery of correspondence between HP and Old Republic is irrelevant because it is clear on the face of the policies that they do not provide coverage; and (3) ACE cannot invade Old Republic's or HP's privacy, nor can ACE invade HP's privileged communications or its attorney's work product. HP's primary argument is that the "fronting" primary policy issued by Old Republic is the only policy that could apply here because the other two policies are excess policies that carry no duty to defend. HP contends that ACE cannot recover from the Old Republic policies, and thus that correspondence between HP and Old Republic is wholly irrelevant to the claims and defenses in this case.

As an initial matter, Judge Williams' August 1999 and April 2000 orders do not preclude or foreclose ACE's ability to discover information about other insurance policies. The rulings were made with respect to ACE's attempts to avoid its duty to defend. The rulings do not address ACE's right to obtain information relating to contribution or set-off.

Each party has a right to discover any matter, not privileged, that is relevant to the claim or defense of any party. The court, for good cause, may permit discovery of information relevant to the subject matter involved in the action. Fed. R. Civ. Proc. 26(a). Relevant information may be discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b)(1)

---

[1] ACE has not made clear how the doctrine of set-off applies in this case.

The question for the Special Master is whether correspondence between HP and Old Republic concerning the underlying action (tender of defense, response thereto) is relevant to ACE's claim of equitable contribution. For the correspondence to be relevant to ACE's claims or defenses in this action there must be at least a potential for coverage under the Old Republic policies themselves. While ACE has attached the policies to its motion, it has failed to point to any policy language indicating that the Old Republic policies cover the defense costs at issue.

The domestic primary policy issued from Old Republic to HP is a fronting policy. ACE has made no argument to the contrary. A "fronting" policy has been described as one which does not indemnify or defend the insured but which is issued to satisfy financial responsibility laws of various jurisdictions by guaranteeing to third persons who are injured that their claims against the insured will be paid. Aerojet-General Corp. v. Transport Indem. Co. (1997) 17 Cal.4th 38, 50 fn. 3. ACE asserts that under California law, it is possible for an insurer to recover from an insured under a fronting policy. ACE, however, has failed to cite any California law to support its theory, and in fact the law is to the contrary. In Aerojet-General Corp. v. Transport Indemnity, Aerojet had been issued fronting policies by INA. Other insurers on the risk sought to allocate defense costs to Aerojet. The Supreme Court rejected the argument ACE makes here – that a primary insurer may recover from its insured under a from its under a fronting policy:

> [L]et us assume that, if Aerojet had been issued policies by INA that were not of the "fronting" kind, INA might have been required to make an equitable contribution to the defense costs. That assumption, however, does not compel the conclusion that, because it was issued "fronting" policies by INA, Aerojet should be required to make such a contribution itself. Although insurers may be required to make an equitable contribution to defense costs among themselves, that is all: An insured is not required to make such a contribution together with insurers. Equitable contribution applies only between insurers, and only in the absence of contract. It therefore has no place between insurer and insured, which have contracted the one with the other. Neither does it have any place between an insurer and an uninsured or "self- insured" party.

Aerojet-General Corp. v. Transport Indem. Co. (1997) 17 Cal.4th 38, 72 (internal citations omitted.)

-5-

Aerojet bars any claim for contribution based upon the Old Republic fronting policies. ACE has likewise failed to demonstrate the potential for coverage under the Old Republic umbrella policy. Absent any showing that these policies prove a potential for coverage, ACE has failed to establish the relevance of correspondence regarding the policies.

In sum, ACE has failed to establish that the information sought in requests for production nos. 18 and 19 are relevant to a claim or defense in the action. ACE's motion to compel further response to requests for production nos. 18 and 19 is DENIED.

## II.   Motion to Compel Response to Subpoena

On January 15, 2002, ACE served a subpoena on Old Republic seeking all documents related to all insurance policies issued to HP between 1992 and 2000, and all documents referring to the underlying action between HP and Nu-Kote. On January 30, 2002, Old Republic objected to the subpoena on grounds that the information sought: (1) is protected as private, privileged information of its insured; (2) is protected by the attorney-client privilege, joint defense privilege, and work product doctrine; (3) is irrelevant, overbroad, unduly burdensome, and ambiguous; and (4) fails to identify the parties to the litigation.

ACE's motion to compel further response to the subpoena argues that the information sought is relevant to its claim for set-off. As noted above, ACE has failed to establish the relevance of the information sought. The subpoena also is overbroad. ACE's motion to compel further response to the subpoena is DENIED.

Dated: 6-28-02

Hon. Peter G. Stone (Ret.)
Special Master

-6-

## PROOF OF SERVICE BY FACSIMILE AND MAIL

I, Kimberly Quintana, not a party to the within action, hereby declare that on June 28, 2002 I served the attached ORDER ON MOTIONS on the parties in the within action by mailing and faxing true copies thereof, at San Jose, California, addressed as follows:

James Lowe Esq.
Gauntlett & Associates
18400 Von Karman Ave.
Suite 300
Irvine, CA 92612
Tel: 949-553-1010
Fax: 949-553-2050

Alan Greenberg Esq.
Lewis, D'Amato, Brisbois & Bisgaard LLP
550 W. "C" Street
Suite 800
San Diego, CA 92101 USA
Tel: (619) 233-1006
Fax: (619) 233-8627

Janelle F. Garchie Esq.
Correll, Garchie & Edwards, LLP
550 W. "C" Street
Suite 500
San Diego, CA 92101
Tel: 619-446-2829
Fax: 619-557-0428

Bruce H. Winkelman Esq.
Boornazian, Jensen & Garthe
1800 Harrison St., 25th Floor
PO Box 12925
Oakland, CA 94604-2925 USA
Tel: 510-834-4350
Fax: (510) 839-1897

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose, CALIFORNIA on June 28, 2002.

*/s/ Kim Quintana*
Signature