# EXHIBIT 83

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-003

October 24, 2003

**VIA FACSIMILE & U.S. MAIL**
(302) 476-7857

Steven R. Snyder
Assistant Vice President
ACE-INA
Routing 1275
P.O. Box 15059
Wilmington, DE 19850

Re:   Policy No. CXC024869 and Renewals
      Effective Date: October 31, 1992 through October 31, 1995
      Claim No.: 054L561071

Dear Mr. Snyder:

    This will acknowledge receipt by Hewlett-Packard Company ("HP") of a check in the amount of $11,061,717.00 from ACE Property & Casualty Insurance Company ("ACE").[1] Contrary to the opening paragraphs of the letter accompanying the check, HP considers this a partial payment for damages suffered by HP due to the failure of ACE to defend HP in the *Nu-kote* Action. The damages owed include the principal amount of $28,418,671.72 and interest of $11,857,228.41 through October 23, 2003. Irrespective of the partial payment, ACE continues to owe HP in excess of $29 million in damages incurred by HP in defending the *Nu-kote* Action because of ACE's failure to satisfy its contractual obligation.

    Your letter claims to assert ACE's reservation of rights under the terms of the policy and to seek allocation and reimbursement. ACE's letter appears to be a significantly late attempt to agree to defend pursuant to a full and complete reservation of rights available under the contract and the law. There is, however, no defense owed by ACE to HP as of October 14, 2003, the date of the letter tendering the $11 million check. "The duty [to defend] commences upon tender of defense, and continues until the underlying lawsuit is concluded." *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1077 (1991). The *Nu-kote* Action here concluded in 2000. Therefore, ACE's defense duty terminated in 2000. However, ACE still owes damages for its

---

[1] We are writing directly to you as we are retained counsel for HP and are responding on its behalf, even though you chose to communicate directly with our client knowing it was represented by counsel. We have sent a copy of this letter to your retained counsel, whom you bypassed in sending the partial payment to HP.

10191-003-10/24/2003-140551.1

**EXHIBIT 83**

# GAUNTLETT & ASSOCIATES
ATTORNEYS AT LAW

Steven R. Snyder
October 24, 2003
Page 2

failure to defend up to that time. There is no legal authority allowing an insurer to refuse to provide a defense to its insured throughout the pendency of the underlying action and thereafter reserve its rights under the policy. The purpose of a reservation of rights letter is to ensure that an insured is provided an immediate and complete defense for potentially covered claims, while protecting the insurer's right to later seek determination that there is no coverage or that the damages for noncovered claims need not be paid by the insurer. *Buss v. Superior Ct.*, 16 Cal. 4th 35, 51 (1997). In order to reserve its rights, an insurer must first agree to defend its insured while the underlying case is pending. *Id.*

ACE's reservation of its right to seek reimbursement is similarly misplaced. In order to preserve its right to reimbursement, ACE had to mount **and fund a defense** of the entire *Nu-kote* Action immediately. Upon doing so, it had to reserve its right to seek reimbursement of defense costs paid that could be solely allocated to claims that were not even potentially covered. *Buss*, 16 Cal. 4th at 58-59. An insurer can only be reimbursed for expenses **actually paid in defending its insured** against claims for which there was no obligation to defend. *Id.* at 51. ACE never paid anything for the defense of HP. ACE did not agree to immediately and completely defend the *Nu-kote* Action. In fact, ACE never agreed to defend the *Nu-kote* Action even after ordered to do so by the District Court. Since ACE never complied with the legal requisites necessary to reserve a right to reimbursement, it cannot now do so in an attempt to rectify its failure to provide policy benefits.

Based upon the foregoing and the facts of this case, HP considers the $11 million a partial payment for its damages resulting from ACE's breach of contract. HP further disputes that ACE may reserve any rights under the policy or quasi-contractual right to seek reimbursement. Since the duty to defend terminated at least three (3) years prior to tender of the $11 million, HP's understanding of the nature of the payment is consistent with the facts and applicable law. HP will accept the partial payment of damages subject to its understanding as stated above, without waiving any of its legal, contractual or equitable rights.

Very truly yours,

James A. Lowe

MCR:dqg

cc: Robert W. Sutis, Esq. (via facsimile (650) 857-2571)
David A. Gauntlett, Esq.
Janelle F. Garchie, Esq. (via facsimile (619) 557-0428)
Alan E Greenberg, Esq. (via facsimile (619) 699-4916)
Robert J. Romero, Esq. (via facsimile (415) 834-9070)
John F. Daum, Esq. (via facsimile (213) 430-6407)
Martin S. Checov, Esq. (via facsimile (415) 984-8701)

10191-003-10/24/2003-140551.1