# EXHIBIT 85

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-003

January 6, 2006

**VIA FACSIMILE and U.S. MAIL**
(213) 430-6407

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Re:   *Hewlett-Packard Company v. ACE Property & Casualty Ins. Co.*
      U.S.D.C., Northern District, San Jose Division, Case No. C99-20207 JW

      (Underlying Case) *Hewlett-Packard Company v. Nu-kote International, Inc.*
      U.S.D.C., Northern District, Case No. C-95-2254 CW

• **REQUEST FOR REIMBURSEMENT OF HP'S ATTORNEY'S FEES AND COSTS AGREED BY ACE TO BE DUE AND OWING**

Dear Mr. Wood:

Thank you for delivery of ACE's "Pre-Hearing Brief" late the afternoon of January 5, 2006.

On the last page of ACE's brief is a chart in which ACE contends that of HP's $28,418,671.72 in proven post-tender litigation expenses for the *Nu-kote* Action, ACE contends that it is not obligated to pay $14,009,139.00. In other words, ACE admits that it owes HP $28,418,671.72 less $14,009,139.00 which equals $14,409,532.72.

ACE issued HP a check to for $11,857,228.41 in late 2003 as partial payment, well after the conclusion of the *Nu-Kote* Action. By ACE's own determination based on your Brief, ACE owes HP an additional $2,552,304.31. ($14,409,532.72 minus $11,857,228.41 equals $2,552,304.31). HP looks forward to ACE's delivery of ACE's check in the amount of $2,552,304.31 no later than the first day of hearing next Monday, January 9, 2006.

Of the $14,009,139.00 discount to which ACE claims it is entitled according to the last page of its "Pre-Hearing Brief", ACE contends that it is entitled to deduct $6,743,834 which ACE asserts reflects HP's post-tender litigation expenses prior to May 7, 1999. ACE claims that

10191-003-11/16/2005-152595.1

EXHIBIT 85

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
January 6, 2006
Page 2

HP should not expect ACE to pay those monies. Of course, ACE well knows after seven years of litigation over this issue that HP has a well founded expectation that ACE should pay the entire amount of its litigation expenses and at least the post-tender amount that ACE stipulated in 2002 that had been incurred and paid by HP. You also know that HP does not agree with any deductions claimed by ACE.

But regardless of HP's actual position, ACE's own expert on this topic, Dr. Peter Menell, has already testified that *all* of HP's expenses prior to May 7, 1999 were conducted against liability posed by Nu-kote's counterclaims—the standard Judge Ware set for HP's recovery—ACE has, therefore, no legitimate basis to withhold this amount. As a result, HP looks forward to ACE's delivery of ACE's payment in the amount of $6,743,834 no later than the first day of hearing.

As ACE is also aware, HP is entitled to a payment reflecting the interest on these amounts since ACE failed to pay these amounts when due. ACE's checks for reimbursement of HP's litigation expenses to which it has admitted HP is entitled should be accompanied by a check for prejudgment interest.

Should you have any questions, let me know.

Very truly yours,

James A. Lowe

JAL:pam

cc: Hon. Peter G. Stone, Ret., JAMS (via facsimile (408) 295-5267)
Robert Romero, Esq., Hinshaw & Culbertson (via facsimile (415) 834-9070)
Janelle F. Garchie, Esq., Lewis Brisbois Bisgaard & Smith (via facsimile (619) 233-8627)
Tanya Peterson, Esq. (via e-mail)
David A. Gauntlett, Esq.

10191-003-11/16/2005-152595.1