# EXHIBIT 90

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-003

January 18, 2006

**VIA FACSIMILE and U.S. MAIL**
(213) 430-6407

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

  Re: *Hewlett-Packard Company v. ACE Property & Casualty Ins. Co.*
     U.S.D.C., Northern District, San Jose Division, Case No. C99-20207 JW

     (Underlying Case) *Hewlett-Packard Company v. Nu-kote International, Inc.*
     U.S.D.C., Northern District, Case No. C-95-2254 CW

- **FURTHER REQUEST FOR REIMBURSEMENT OF HP'S DEFENSE EXPENSES ADMITTED BY ACE TO BE DUE AND OWING**

Dear Mr. Wood:

  In my January 6, 2006 letter to you I pointed out that in ACE's January 5, 2006 Pre-Hearing Brief to the Special Master, ACE admitted that it owed HP a minimum of $2,552,304. I also pointed out that, based on the deposition admission of ACE's expert, Dr. Peter Menell, ACE owed HP an additional $6,743,834. HP reasonably requested that ACE pay those amounts no later than the beginning of the January 9, 2006 hearing. But ACE paid nothing.

  Instead, ACE sent us a letter on January 7th flatly refusing to make that payment. But the letter entirely failed to explain why ACE contended that it was not obligated to pay amounts that ACE admitted it owed.

  At the hearing on January 9, 2006 your expert witness, Dr. Menell, affirmed his deposition admissions as to what defense expenses ACE was responsible for (all post-tender litigation expenses through May 7, 1999 and all litigation expenses from the time that "phase two" of the trial began about the end of June 1999 continuing until the end of the case in 2000). Then ACE's expert witness Craig Aronson calculated and—recalculated on at least two occasions during the hearing as the result of being impeached—additional amounts ACE contended that it owes HP based on his review of the defense bills.

10191-003-01/17/06-152706.1

**EXHIBIT 90**

**GAUNTLETT &**
**ASSOCIATES**
ATTORNEYS AT LAW

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
January 18, 2006
Page 2

In your closing argument for ACE on January 13, 2006, you expressly relied on and handed to Special Master Stone a chart apparently based on Mr. Aronson's testimony in which you contended that of HP's $28,418,671 in proven post-tender litigation expenses[1] for the *Nu-kote* Action, ACE is not obligated to pay $13,021,998 of the $28,418,671. In other words, ACE admitted that it owed HP $28,418,671 less $13,021,998 which equals $15,396,673. You and ACE presented no other testimony or argument. Neither you, nor your numerous co-counsel nor any of ACE's witnesses at the hearing ever suggested that ACE owed less than the principal amount of $15,396,673 for the defense of the Nu-kote counterclaims.

Of course, HP continues to view all of ACE's deduction claims as unsupported by law or fact. HP's evidence and legal authority shows that ACE owes the entire principal amount of $28,418,671 plus interest. But this letter focuses only on amounts ACE has not challenged as unreasonable or unnecessary as defense expenses.

As its only payment in the history of this case since tender of the defense in 1998, ACE issued HP a check for $11,857,228.41 on October 14, 2003 as an unexplained partial payment. This was well after the end of the *Nu-Kote* Action. But **ACE's own judicial admissions**, based on your closing argument and Craig Aronson's sworn testimony, **establish** beyond a doubt that **ACE owes HP at least** the additional principal amount of **$3,539,445**. ($15,396,673 minus $11,857,228 equals $3,539,445).

In addition to the $3,539,445 ACE admittedly owes HP pursuant to your own closing argument, ACE owes HP an additional amount. This is because ACE's principal expert witness, Dr. Menell, testified at deposition and again at the hearing on January 9, 2006 that among other amounts all of HP's litigation expenses prior to May 7, 1999 were owed by ACE to HP because all post-tender litigation expenses up until that time were "conducted against liability." But your closing argument chart deducted litigation expenses for the period up until May 7, 1999 despite Dr. Menell's sworn testimony to the contrary.

Your closing argument chart deducts $6,541,498 for "Pre May 7, 1999" expenses. Since Dr. Menell admitted that *all* of HP's litigation expense prior to May 7, 1999 were owed by ACE to HP as defense expenses, ACE's deduction of $6,541,498 for "Pre May 7, 1999" expenses is improper. Instead, **ACE has admitted** through its own witnesses **that it is obligated to pay** HP **an additional $6,541,498**.

---

[1] As you know after the prior damages hearing before the same Special Master ACE stipulated that HP had, in fact, spent more than $28,418,671 to defend the Nu-kote Action, Special Master Stone found that $28,418,671 was the principal amount of the post-tender litigation expenses that were reasonably related to HP's defense, and Judge James Ware twice thereafter found that the $28,418,671 was presumed to be necessary and reasonable for HP's defense in that case, subject to giving ACE one final opportunity in the January 2006 hearing to prove what expenses were not reasonable or necessary to HP's defense.

10191-003-1/17/06-152706.1

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
January 18, 2006
Page 3

In summary: Pursuant to Craig Aronson's testimony and your closing argument, ACE owes HP the amount of $3,539,445. Pursuant to Dr. Menell's admissions, ACE owes HP the additional amount of $6,541,498. **This principal total of $10,080,943 has been admitted by ACE to be owing** and should be paid immediately.

It has been nearly eight years since HP tendered this claim to your client, and almost seven years since the Federal District Court found that ACE had the duty to defend HP in the *Nu-kote* Action, a decision repeatedly affirmed by three judges on numerous occasions. ACE has never provided HP with an explanation as to why it has not paid the balance that it admits is due. And ACE has never provided any reasonable explanation for its delay in payment. Unless the testimony of your witnesses and your argument last week before the federal district court's Special Master were not intended to be taken seriously, it appears that ACE has no real reason for refusing to honor the Court's 1999 order and for refusing to reimburse all these years amounts that you and your witnesses admit are owed as reasonable and necessary defense expense reimbursement for the *Nu-kote* Action.

HP looks forward to ACE's immediate $10,080,943 payment.

Very truly yours,

James A. Lowe

JAL:pam

cc: Robert Romero, Esq., Hinshaw & Culbertson (via facsimile (415) 834-9070)
    Janelle F. Garchie, Esq., Lewis Brisbois Bisgaard & Smith (via facsimile (619) 233-8627)
    Tanya Peterson, Esq. (via e-mail)
    David A. Gauntlett, Esq.

10191-003-1/17/06-152706.1