# EXHIBIT 91

# O'MELVENY & MYERS LLP

| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| | FACSIMILE (213) 430-6407 | |
| LONDON | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

January 31, 2006

**VIA FACSIMILE (949) 553-2050**
**AND BY U.S. MAIL**

James A. Lowe
Gauntlett & Associates
Attorneys-at-Law
18400 Von Karman, Suite 300
Irvine, CA 92612

OUR FILE NUMBER
004,200-254

WRITER'S DIRECT DIAL
(213) 430-6220

WRITER'S E-MAIL ADDRESS
mwood@omm.com

    Re:   *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company (U.S.D.C. Northern District, San Jose Division, Case No.C99-20207 JW)*

Dear Mr. Lowe:

    This will acknowledge your letter dated January 18, 2006.

    In reply to your letter, let me first state that nothing has been either conceded or agreed as due and owing to your client. Indeed, if this matter is ultimately resolved by the Ninth Circuit Court of Appeals, we fully expect that a final determination will uphold our client's position that there is no coverage, and that the amounts previously forwarded to you must be returned to my client, together with interest.

    The good faith payment, as you know, was made after Judge Stone's now vacated initial recommendations, and was made under a full and complete reservation of rights and without prejudice, and is subject to refund to ACE if there is an ultimate determination of no coverage for the Nu-kote counterclaims.

    Peter Menell has not opined that Hewlett-Packard is entitled to reimbursement for any expenses in the context of the above action. As you know, the hearing recently concluded in front of Judge Stone dealt with the issue of what amounts were not conducted against liability by a reasonable insured in the same circumstances. The witnesses and evidence were presented in the context of Judge Ware's explicit and limited reference, and the testimony, evidence and, indeed, my final summation to Judge Stone dealt solely with those issues.



EXHIBIT 91

O'MELVENY & MYERS LLP
James A. Lowe, January 31, 2006 - Page 2

    Moreover, Judge Ware has reserved for later decision several issues which were not the subject of the reference to Judge Stone tried earlier this month in San Francisco. Specifically, Judge Ware has reserved for later decision issues related to: (1) the reasonableness of Hewlett-Packard's billing practices, (2) Hewlett-Packard's in-house counsel fees, and (3) prejudgment interest (November 24, 2003 Order at 10).

    Finally, I wish to reiterate the offer made to you at the conclusion of the hearing to discuss a compromise of this matter. My client stands ready to meet on a principal-to-principal basis, or to meet with the assistance of a mediator, to discuss a resolution of this matter. If your client has any interest in such a meeting, or in mediation, please do not hesitate to contact me.

                           Very truly yours,

                           Mark Wood
                           of O'MELVENY & MYERS LLP

MW:sln

LA2:789356.1