# EXHIBIT 92

# GAUNTLETT & ASSOCIATES

### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email:  info@gauntlettlaw.com
Website:  www.gauntlettlaw.com

Our File Number:
10191-003

February 10, 2006

**VIA FACSIMILE and U.S. MAIL**
(213) 430-6407

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

> **Re:**  *Hewlett-Packard Company v. ACE Property & Casualty Ins. Co.*
> **U.S.D.C., Northern District, San Jose Division, Case No. C99-20207 JW**
>
> **(Underlying Case)** *Hewlett-Packard Company v. Nu-kote International, Inc.*
> **U.S.D.C., Northern District, Case No. C-95-2254 CW**

• **ACE'S CONTINUING REFUSAL TO PAY HP'S DEFENSE EXPENSES**

Dear Mr. Wood:

We are disappointed by your January 31st response to my January 18, 2006 letter. ACE continues refusing to pay defense expenses for the underlying case despite its failure at the January 2006 remanded damages hearing to even challenge the necessity of $10,080,943 of the unpaid principal amounts.  This failure is significant because the district court has repeatedly held that the amounts ACE stipulated that HP has paid for defense are presumed to be reasonable and necessary for its defense of the Nu-kote counterclaims.  Instead of ACE reimbursing these unchallenged amounts, your letter vaguely asserts that ACE intends to appeal the court's rulings; meanwhile ACE will pay nothing more.

You **first** assert your expectation that the Ninth Circuit will ultimately uphold ACE's position that "there is no coverage."  Meanwhile ACE will withhold payment. Of course the issue is ACE's duty to defend and not whether there is any "coverage."  Beyond that, we would appreciate your explanation of any new facts or new legal arguments ACE relies upon in refusing to defend.  You need not repeat arguments previously made but, especially in connection with any settlement ACE may propose, ACE should explain any reason HP would have to expect the Ninth Circuit to reverse the repeated conclusions of three judges that ACE had a duty to defend the Nu-kote case.

**EXHIBIT**

**92**

ALL-STATE LEGAL®

10191-003-2/10/06-152706.2

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
February 10, 2006
Page 2

**Second**, your letter asserts that ACE would be entitled to a return of its partial payment of defense costs, plus interest. We are unaware of any such right, as we explained to ACE at the time of the partial payment. ACE has never told us about any authority for your assertion. Our research has revealed no such authority under the facts of this case.

**Third**, you repeat ACE's assertion that its partial payment was "made under a full and complete reservation of rights and without prejudice and is subject to a full refund to ACE . . ." ACE has never identified any policy provision, statute, or case law that gives ACE such rights. ACE has no rights to reserve of which we are aware. ACE cannot unilaterally create "rights" to reserve by any word magic. We are aware of no rights ACE has that it may "reserve."

**Fourth**, we disagree with your effort to qualify or limit ACE's testimony and argument at the January 2006 hearing before the Special Master. Not only was it ACE's burden to show specifically and precisely what amounts it does not owe as damages, but you and your witnesses appeared to concede many critical points. This will, of course, be the subject of later briefing but we do not accept your arguments to limit the significance of that hearing.

**Fifth**, the issues that Judge Ware reserved for later determination had nothing to do with the amounts my letter demanded because of ACE's concessions and arguments. For example, we only requested unchallenged principal amounts and put off until later our claim for prejudgment interest. Additionally, ACE chose not to challenge as unnecessary much of HP's in-house counsel fees.

**Finally**, we are not in a position to respond to your vague suggestion about settlement. You were not previously involved in this case so you may not know of the substantial efforts made by HP to settle this case through the repeated mediation efforts of Justice Panelli and Judge Stone. These mediation efforts failed because ACE refused to make any significant settlement offer and HP is not interested in wasting time bidding against itself. While HP has been open to a reasonable settlement of this matter since 1998, there is no reason to plow old ground simply because ACE has forced HP to go through more litigation and delay.

More mediation also seems largely pointless in view of everything that has gone before. After years of briefing, hearings and orders it cannot be contended that either side does not understand the other's position. We also do not understand your suggestion for a "meet[ing] on a principal-to-principal basis." Who would you propose for such a meeting? Why would the "principals" of two public companies be in a position to resolve what are fundamentally legal issues after teams of lawyers have failed to do so? Would your "principal" want to convince HP's CEO that its insurance policy does not require what several judges have said that it does require?

# GAUNTLETT & ASSOCIATES

**ATTORNEYS AT LAW**

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
February 10, 2006
Page 3

If ACE wants to participate in a real effort to settle this case, we must insist that it make a serious settlement offer. You know that HP claims over $28 million in principal, $10 million or more in prejudgment interest (even after ACE's partial payment), and tort damages for ACE's breach of its duty of good faith and fair dealing that would be approximately $10 million more (without considering the possible punitive damages a jury could award against an egregiously breaching insurer). No settlement should be suggested that does not consider all these amounts. Nevertheless, HP remains open to the idea of settlement. When ACE makes a serious settlement proposal HP will be able to give it serious consideration.

Very truly yours,

James A. Lowe

JAL:pam

cc:   Robert Romero, Esq., Hinshaw & Culbertson (via facsimile (415) 834-9070)
      Janelle F. Garchie, Esq., Lewis Brisbois Bisgaard & Smith (via facsimile (619) 233-8627)
      Tanya Peterson, Esq. (via e-mail)
      David A. Gauntlett, Esq.

10191-003-2/10/06-152706.2