# EXHIBIT 93

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email:   info@gauntlettlaw.com
Website:  www.gauntlettlaw.com

Our File Number:
10191-003

July 7, 2006

**VIA FACSIMILE and U.S. MAIL**
(213) 430-6407

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

    Re: *Hewlett-Packard Company v. ACE Property & Casualty Ins. Co.*
         U.S.D.C., Northern District, San Jose Division, Case No. C99-20207 JW

         (Underlying Case) *Hewlett-Packard Company v. Nu-kote International, Inc.*
         U.S.D.C., Northern District, Case No. C-95-2254 CW

- **FURTHER DEMAND FOR PAYMENT OF HP'S DEFENSE EXPENSES ADMITTED BY ACE TO BE DUE AND OWING**

Dear Mr. Wood:

    On June 30, 2006 ACE filed its Reply Post Remand Hearing Brief with its final argument on the amount of HP's defense expenses in the Nu-kote action. ACE's brief asserts that it is entitled to deductions from the $28,418,671.72 principal amount of defense costs the Special Master found that ACE owed to HP. In the remand hearing ACE attempted to prove that less was owed to HP on the theory that some of the previously determined reasonable expenses were not conducted against liability by a reasonable insured. After a week long hearing during which ACE presented its best evidence, ACE's Reply argued in conclusion that:

> ACE offered a sound approach to applying the standard identified by Judge Ware and determined, based on that approach, that $13,021,498 of HP's post-tender expenses were not "conducted against liability by a reasonable insured under the same circumstances."

    ACE's conclusion therefore admits that the best it can claim is that the remaining $15,397,173.72 (an amount previously proven to be reasonable litigation expenses related to the defense) *was* "conducted against liability by a reasonable insured under the same circumstances." Applying ACE's theory to the facts and the law and using its best arguments, ACE has again admitted that it cannot establish a smaller amount is due for HP's defense

10191-003-7/7/06-154369.1

**EXHIBIT 93**

**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
July 7, 2006
Page 2

expenses in the Nu-kote case. HP tendered the case and requested a defense in 1998. The District Court ruled in 1999 that ACE had a duty to defend HP. The case was finally terminated in 2000. But the only defense expense ACE has ever paid to HP was a check for $11,857,228.41 sent on October 14, 2003, over three years after the termination of the case. Even without considering the interest that has accrued over the years, simple arithmetic shows that ACE has still not paid the principal amount of $3,539,945.31 of what it admits to be the unchallenged portion of HP's post-tender defense expenses in the Nu-kote case:

| | |
|---|---:|
| Reasonable defense expenses[1] found by the court | $28,418,671.72 |
| Maximum deduction ACE claims in its Reply brief | -13,021,498.00 |
| 2003 partial payment to HP | - 11,857,228.41 |
| Admitted balance owed | **$3,539,945.31** |

**HP demands immediate payment of the uncontested $3,539,945.31 principal amount of Nu-kote defense expenses.** There is no reasonable or good faith basis to withhold this money eight years after tender of the defense and six years after the underlying case was finally terminated.

HP disagrees, of course, with ACE's claim to a $13 million principal reduction in defense expenses as HP has explained in detail in its evidence and briefing in this case. And HP is still entitled to full statutory interest on all amounts due during ACE's the long delays.[2] But HP demands immediate payment of the admittedly uncontested amount of defense expenses.

Very truly yours,

James A. Lowe

JAL:pam
cc:   Robert Romero, Esq., Hinshaw & Culbertson (via facsimile (415) 834-9070)
      Janelle F. Garchie, Esq., Lewis Brisbois Bisgaard & Smith (via facsimile (619) 233-8627)
      Tanya Peterson, Esq. (via e-mail)
      David A. Gauntlett, Esq.

---

[1] As ACE knows, the Court has repeatedly held since 1999 that ACE had a duty to defend and has held that the entire $28,418,671.72 is presumed to be reasonable and necessary as defense expenses.

[2] Even this portion of the defense expenses that ACE does not contest ($3,539,945.31) is accruing interest at the statutory rate of 10% per annum or $969.85 every day. More than $2 million in statutory interest has accrued on this amount alone in the six years ACE has withheld payment since the Nu-kote case ended in 2000.

10191-003-7/7/06-154369.1