# EXHIBIT 94



# O'MELVENY & MYERS LLP

| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

September 8, 2006

OUR FILE NUMBER
004,200-254

**VIA FACSIMILE (949) 553-2050**
**AND BY U.S. MAIL**

WRITER'S DIRECT DIAL
(213) 430-6220

James A. Lowe
Gauntlett & Associates
Attorneys-at-Law
18400 Von Karman, Suite 300
Irvine, CA 92612

WRITER'S E-MAIL ADDRESS
mwood@omm.com

Re:  *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company (U.S.D.C. Northern District, San Jose Division, Case No.C99-20207 JW)*

Dear Mr. Lowe:

This will acknowledge your letter dated July 7, 2006.

As an initial matter, and as I have previously stated in prior correspondence, at no time has ACE either conceded or agreed that any amount is due and owing to your client. Indeed, when this matter is ultimately resolved by the Ninth Circuit Court of Appeals, we fully expect that a final determination will uphold our client's position that there is no coverage, and that the amounts previously forwarded to you must be returned to my client, together with interest.

Following Judge Stone's now vacated initial recommendations, ACE made a good faith payment to HP of $11,061,717.00. This good faith payment was made under a full and complete reservation of rights and without prejudice, and is subject to refund to ACE if there is an ultimate determination of no coverage for the Nu-kote counterclaims.

With respect to your claim that ACE has admitted that it owes HP another $3,539,945.31 based on the arguments set forth in ACE's June 30, 2006 Reply Post Remand Hearing Brief, you continue to ignore the fact that in his November 24, 2003 Order, Judge Ware specifically reserved several issues for later decision that were not the subject of the reference to Judge Stone tried in January of this year. Specifically, Judge Ware has reserved for later decision issues related to: (1) the reasonableness of the billing practices of HP's outside counsel; (2) Hewlett-Packard's in-house counsel fees; and (3) prejudgment interest. (November 24, 2003 Order at 10). The amounts at issue with respect to the first two items that Judge Ware has reserved for later



EXHIBIT 94

O'MELVENY & MYERS LLP
James A. Lowe, September 8, 2006 - Page 2

decision more than exceed the amount that you are claiming ACE must pay in your July 7, 2006 letter.

Finally, I wish to reiterate the offer made to you at the conclusion of the hearing to discuss a compromise of this matter. If your client has any interest in such a meeting, please do not hesitate to contact me.

Very truly yours,

Mark Wood
of O'MELVENY & MYERS LLP

LA2:810418.2