# EXHIBIT 95



# GAUNTLETT & ASSOCIATES

### A T T O R N E Y S   A T   L A W

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-003

December 20, 2006

**VIA FACSIMILE and U.S. MAIL**
(213) 430-6407

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

>   **Re:**    ***Hewlett-Packard Company v. ACE Property & Casualty Ins. Co.***
>   **U.S.D.C., Northern District, San Jose Division, Case No. C99-20207 JW**
>
>   **(Underlying Case)** ***Hewlett-Packard Company v. Nu-kote International, Inc.***
>   **U.S.D.C., Northern District, Case No. C-95-2254 CW**

- **DEMAND FOR PAYMENT OF UNCONTESTED HP DEFENSE EXPENSES**

Dear Mr. Wood:

On December 4, 2006 Special Master Peter Stone filed and served his 122 page Report and Recommendations After Remand Hearing concerning the expense reimbursement owed by ACE to HP for the defense of the counterclaims in the underlying Nu-kote case. After the district court agreed in 2003 that HP was entitled to a presumption that all its proven post-tender expenses in the Nu-kote case were reasonable and necessary defense expenses, the Special Master granted ACE the opportunity to have a hearing and present additional evidence and arguments to permit him "to assess what expenses would be conducted against liability by a reasonable insured under the same circumstances." During a week long hearing in January 2006, ACE presented its witnesses to challenge HP's claim for reimbursement of all expenses.

As you know, Judge Stone has now reported to the district court that the entirety of HP's proven reasonable and necessary Nu-kote defense expenses were, in fact, conducted against liability by a reasonable insured under the same circumstances. The Special Master confirmed that ACE owed HP the principal amount of $28,418,671.72 in defense reimbursement.

Judge Stone noted that according to ACE's evidence at the January hearing ACE only challenged $13,021,498 of the total post-tender Nu-kote expenses. Judge Stone rejected ACE's challenge as factually unsupported and internally inconsistent (for example, ACE's own expert witnesses disagreed with one other). So the Special Master again found and recommended that

**EXHIBIT**

**95**

ALL-STATE LEGAL®

# GAUNTLETT &
# ASSOCIATES
A T T O R N E Y S   A T   L A W

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
December 20, 2006
Page 2

the entire $28 million was owed by ACE. But during the entire hearing process ACE did not even challenge $15,397,173.7 of HP's expenses.

ACE's evidence, seen in its most favorable light after eight years of litigation, does not contest that $15,397,173.72 in HP's post-tender defense expenses were "conducted against liability by a reasonable insured under the same circumstances." But ACE has unreasonably refused to reimburse HP even that uncontested amount.

As you know, the only defense expense that ACE has ever paid to HP was a check for $11,857,228.41 sent on October 14, 2003, nearly four years after the Nu-kote case had ended. ACE has provided no explanation as to why that amount was paid but in the transmittal letter ACE then suggested that the money might have to be returned.

In addition to the interest to which HP is also entitled, ACE has still not paid the principal amount of $3,539,945.31, the unchallenged portion of HP's post-tender defense expenses in the Nu-kote case:

| | |
|---|---|
| Reasonable defense expenses found by the court [1] | $28,418,671.72 |
| Maximum principal deduction claimed by ACE | -13,021,498.00 |
| 2003 partial payment to HP | - 11,857,228.41 |
| | |
| Admitted principal balance owed | **$3,539,945.31** |

Instead of reimbursing even the uncontested principal amount, ACE has wrongfully forced HP to incur substantial legal expenses to obtain the benefits ACE owes under its insurance policy. ACE has unreasonably refused to pay policy benefits and has stalled, delayed, and engaged in vexatious litigation against its insured for **102 months** since HP requested ACE defend the Nu-kote counterclaims, **88 months** since the first of three judges ruled that ACE had a duty to defend HP, **45 months** since the Special Master found that ACE owed HP reimbursement of $28 million in reasonable and necessary defense expenses, **37 months** since the district court found that HP was entitled to a presumption of reasonableness and necessity for all of the $28 million in defense expenses (which ACE admitted were expended by HP), **26 months** since ACE was given the opportunity for another hearing on those expenses, and **11 months** since ACE failed to present a single word of evidence or argument to challenge $15,397,173.72 of the defense expenses. A child starting high school when the Nu-kote defense was tendered to ACE would now be finishing college.

---

[1] As ACE knows, the Court has repeatedly held since 1999 that ACE had a duty to defend and has held that the entire $28,418,671.72 is presumed to be reasonable and necessary as defense expenses.



**GAUNTLETT &**
**ASSOCIATES**

A T T O R N E Y S   A T   L A W

Mark Wood, Esq.
O'MELVENY & MEYERS LLP
December 20, 2006
Page 3

ACE has ignored court orders regarding its duty to defend HP but has multiplied the delay in this matter without any reasonable justification for breaching its duties to its insured. Doubtless ACE hoped that this delay would discourage the pursuit of policy benefits. And less financially able insureds would certainly have given up long ago. But ACE's conduct cannot be excused.

**HP again demands immediate payment of at least the uncontested and unpaid $3,539,945.31 principal amount of Nu-kote defense expenses.** There is no reasonable or good faith basis to withhold this money eight years after tender of the defense and six years after the underlying case was finally terminated.

HP, of course, asserts entitlement to the entire $28 million plus statutory interest but HP demands immediate payment of at least the uncontested principal amount of defense expenses.

Very truly yours,

James A. Lowe

JAL:arm
cc:    Robert Romero, Esq., Hinshaw & Culbertson (via facsimile (415) 834-9070)
       Janelle F. Garchie, Esq., Lewis Brisbois Bisgaard & Smith (via facsimile (619) 233-8627)
       Tanya Peterson, Esq. (via e-mail)
       David A. Gauntlett, Esq.

10191-003-12/20/06-155939.1