# EXHIBIT 97



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

January 19, 2007

OUR FILE NUMBER
004,200-254

**VIA FACSIMILE (949) 553-2050**
**AND BY U.S. MAIL**

WRITER'S DIRECT DIAL
(213) 430-6111

WRITER'S E-MAIL ADDRESS
jdaum@omm.com

James A. Lowe
Gauntlett & Associates
Attorneys-at-Law
18400 Von Karman, Suite 300
Irvine, CA 92612

Re:    *Hewlett-Packard Company v. ACE Property & Casualty Insurance*
*Company (U.S.D.C. Northern District, San Jose Division, Case*
*No.C99-20207 JW)*

Dear Mr. Lowe:

This will acknowledge your letters to Mark Wood dated December 20, 2006 and December 21, 2006.

As Mr. Wood has stated to you in prior correspondence, at no time has ACE either conceded or agreed that any amount is due and owing to your client. While ACE has made a good faith payment to HP of $11,061,717.00, that good faith payment was made under a full and complete reservation of rights and was without prejudice. Indeed, when this matter is ultimately resolved by the Ninth Circuit Court of Appeals, we fully expect that a final determination will uphold our client's position that there is no coverage, and that the amounts previously forwarded to you must be returned to my client, together with interest.

With respect to your letters themselves, they do not accurately reflect the record. Both your letters are premised on the belief that the only HP fees and costs that are at issue are those fees and costs that were the subject of January 9-13 hearing before Judge Stone. This premise ignores Judge Ware's November 24, 2003 Order that specifically reserved for later decision several issues, including the reasonableness of HP's fees and costs and whether or not HP is entitled to recover for in-house counsel fees and costs. The amounts in dispute as a result of these issues more than exceed the $3,539,945.31 that you demand in your letters.

Your letters also read as if HP had a judgment against ACE for the amounts you demand. Of course, there is no judgment at this time. Although Judge Stone has issued a Report and

ALL-STATE LEGAL®    **EXHIBIT**    **97**

O'MELVENY & MYERS LLP
James A. Lowe, January 19, 2007 - Page 2

Recommendation that is favorable to HP, that Report and Recommendation, like the previously vacated March 31, 2003 Report and Recommendation, is not enforceable and does not entitle HP to the relief that you claim in your December 20 and December 21 letters. Rather, Judge Ware must rule on our objections to the December 4, 2006 Report and Recommendation and HP's motion to adopt the December 4, 2006 Report and Recommendation. Judge Ware must also rule on the other issues previously deferred by him in November 2003.

Finally, as you acknowledge, ACE does have the right to defend itself in this action, and ACE will not waive that right. ACE has not, as you contend, sought to prolong this litigation. To the contrary, Judge Ware ruled that a further reference was necessary because of the improper standard previously applied by Judge Stone. As you may recall, we argued to Judge Ware more than two years ago that another reference was not necessary and that the issues were ripe for decision by Judge Ware at that time. You may also recall, that it was HP's motion for reconsideration that delayed for nearly a year Judge Ware's decision to refer this matter back to the special master.

In any event, we will be submitting objections to the December 4, 2006 Report and Recommendation. You will then have your opportunity to cite to Judge Stone's Report and Recommendation in opposition to our objections.

If HP is truly interested in resolving this matter, ACE remains open to discuss a compromise of this matter. If your client's position has changed, and it is now interested in such meeting, please do not hesitate to contact me.

Very truly yours,

John F. Daum
of O'MELVENY & MYERS LLP