1

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
3  Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
4  18400 Von Karman, Suite 300
Irvine, California  92612
5  Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050

6

Attorneys for Plaintiff
7  HEWLETT-PACKARD COMPANY

8  **HINSHAW & CULBERTSON LLP**
Robert J. Romero (SBN 136539)
9  *rromero@hinshawlaw.com*
Bradley M. Zamczyk (SBN 151753)
10  *bzamczyk@hinshawlaw.com*
One California Street, 18th Floor
11  San Francisco, California  94111
Telephone:     (415) 362-6000
12  Facsimile:     (415) 834-9070

13  Attorneys for Defendant ACE PROPERTY
& CASUALTY INSURANCE COMPANY

14

15             **UNITED STATES DISTRICT COURT**

16      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

17

18
HEWLETT-PACKARD COMPANY, a      )   Case No. C07 04676 JW
19  corporation,                     )
                                 )   Hon. James Ware
20             Plaintiff,          )
                                 )   **JOINT MOTION FOR RELIEF FROM**
21       vs.                        )   **AUTOMATIC ADR REFERRAL AND**
                                 )   **[PROPOSED] ORDER**
22  ACE PROPERTY & CASUALTY          )
INSURANCE COMPANY, a             )
23  corporation,                     )
                                 )
24             Defendant.          )
                                 )
25  _____ )

26

27

28

JOINT MOTION FOR RELIEF FROM AUTOMATIC
ADR REFERRAL AND [PROPOSED] ORDER
C07 04676 JW

1    Plaintiff, HEWLETT-PACKARD COMPANY ("HP"), and defendant, ACE PROPERTY &

2    CASUALTY INSURANCE COMPANY ("ACE"), submit this Joint Motion for Relief from the

3    Court's Automatic Referral to the ADR Multi-Option Program.  This motion is made pursuant to

4    ADR Local Rule 3-3(c) and Civil Local Rule 7.

5    **I.    INTRODUCTION**

6    The case was filed September 11, 2007.  Under the Court's Order Setting Initial Case

7    Management Conference and ADR Deadlines, the case was assigned to Magistrate Richard Seeborg

8    and ordered to the Alternative Dispute Resolution (ADR) Multi-Option Program.  On September 21,

9    2007, the Court reassigned this matter to Judge James Ware for all further proceedings while Judge

10   Seeborg remains the Referral Judge for all discovery matters.

11   The parties have, as ordered, met and conferred concerning the possibility of early

12   settlement, selection of an ADR process and other ADR requirements.  To comply with Court's

13   order the parties have filed a Notice of Need for ADR Phone Conference, as they believe there is no

14   potential for settlement and the Court rules do not permit stipulations to forego participation in the

15   ADR process.  The parties therefore bring this joint motion to be excused from mandatory ADR, as

16   required by local rules.

17   **II.    ARGUMENT**

18   The parties have a protracted history of nearly ten years of litigation in the Underlying

19   Actions[1] including numerous settlement conferences directly between counsel for the parties,

20   directly between officials of the party corporations, and repeatedly with retired judges from JAMS.

21   Unfortunately the parties have not been able to resolve their differences and foresee no realistic

22   settlement prospects prior to the appeal of the underlying case to the Ninth Circuit Court of Appeals.

23   HP has obtained a judgment against ACE of $28,418,671.72 in the underlying HP-ACE Coverage

24   Action and a has asked for substantial prejudgment interest and costs. ACE contends that it has not

25

26   ----
[1] (1) *Hewlett-Packard Company v. Nu-kote International, Inc.*, U.S. District Court Northern District of California, Case No. C-94-20647-JW ("the *Nu-kote* Action") and (2) *Hewlett-Packard Company*
27   *v. ACE Property and Casualty Insurance Company*, U.S. District Court Northern District of California, Case No. C-99-20207-JW ("the HP-ACE Coverage Action")(collectively "Underlying
28   Actions")

1  breached the implied covenant of good faith and fair dealing as HP alleges in the present case. In this

2  action, HP seeks reimbursement of over $11,000,000 in *Brandt fees*, other general damages and

3  significant punitive damages to punish ACE for what HP contends is reprehensible conduct.  Based

4  upon the parties' positions and history, the parties and their experienced counsel have carefully

5  considered the matter and believe ADR efforts at this time would be futile.

6          Rather than wasting resources preparing for and conducting an ADR effort, the parties

7  believe the case must move forward with necessary discovery and preparation for dispositive

8  motions or trial. The parties therefore seek relief from the Alternative Dispute Resolution (ADR)

9  Multi-Option Program pursuant to ADR L.R. 3-3(c) and Civil Local Rule 7.

10  **III.     CONCLUSION**

11          For the foregoing reasons, HP and ACE jointly request the Court grant relief from the

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1     Court's automatic referral to the ADR Multi-Option Program to permit the parties to forego

2     participation in any mandatory alternative dispute resolution.

3

4     Dated: November 30, 2007                   **GAUNTLETT & ASSOCIATES**

5

6                                          By:    /s/ James A. Lowe

7                                               James A. Lowe
                                              Kory S. Booth
                             Attorneys for Plaintiff

8                              HEWLETT-PACKARD COMPANY

9

10     Dated: November 30, 2007                   **HINSHAW & CULBERTSON LLP**

11

12                                          By:    /s/ Robert J. Romero

13                                             Robert J. Romero
                                            Bradley M. Zamczyk
                             Attorneys for Defendant
                             ACE PROPERTY & CASUALTY

14                              INSURANCE COMPANY

15

16

17

18     PURSUANT TO STIPULATION AND AS MODIFIED BY THE COURT, IT IS SO ORDERED:

19

20        The parties to this case are relieved from participation in the court's ADR Multi-Option

21

22     Program.

23     Dated:   December 5, 2007                   _James Ware_

24                                **Hon. James Ware**
                               **United States District Judge**

25

26

27

28