1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   *jal@gauntlettlaw.com*
3  Kory S. Booth (SBN 188960)
   *ksb@gauntlettlaw.com*
4  18400 Von Karman Avenue, Suite 300
   Irvine, California  92612
5  Telephone:  (949) 553-1010
   Facsimile:  (949) 553-2050
6
   Attorneys for Plaintiff
7  HEWLETT-PACKARD COMPANY

8

9                **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  HEWLETT-PACKARD COMPANY, a          )  Case No. C07 04676 JW (RS)
    corporation,                        )
13                                      )  Hon. Magistrate Judge Richard Seeborg
                    Plaintiff,          )
14                                      )  **HP'S NOTICE OF MOTION AND MOTION**
         vs.                            )  **TO COMPEL NO. 1**
15                                      )
    ACE PROPERTY & CASUALTY             )
16  INSURANCE COMPANY, a                )
    corporation,                        )
17                                      )  Date:   March 26, 2008
                    Defendant.          )  Time:  9:30 a.m.
18                                      )  Dept.:  Courtroom 4, 5th Floor
                                        )
19  ─────────────────────────────────── )

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   BACKGROUND ................................................................................. 1

II.  HP ATTEMPTED TO INFORMALLY RESOLVE THIS DISCOVERY
     DISPUTE ......................................................................................... 2

III. GROUNDS SUPPORTING HP'S MOTION TO COMPEL PRODUCTION ................ 2

     A.   Rule 26(b)(2) Factors Weigh Heavily in Favor of Requested Discovery .............. 2

     B.   ACE's Inaccurate Statements Concerning Its Prior Document Production ......... 4

     C.   ACE's Repeated Blanket Objections Are Meritless ........................................ 6

     D.   HP's Requests Seek Documents Containing Relevant Information ..................... 6

     E.   HP's Requests Seek Information Reasonably Calculated to Lead to the
          Discovery of Admissible Evidence .......................................................... 8

     F.   ACE May Not Withhold Evidence on the Basis of the Litigation Privilege .......... 8

     G.   ACE Failed to Specify Privileged Documents in a Privilege Log ...................... 9

     H.   The Court Should Waive ACE's Privileges ................................................ 10

     I.   ACE's Objections Concerning Electronically Stored Information Are
          Meritless ........................................................................................... 14

          1.   The Requests are Not Burdensome, Oppressive or Unnecessarily
               Costly ........................................................................................ 14

          2.   The Days of Hiding Electronically Stored Information are Gone ........... 15

IV.  SUMMARY OF REQUESTS, OBJECTIONS AND HP'S CONTENTIONS ................. 15

V.   CONCLUSION .................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*aaiPharma v. Kremers Urban Development Co.*,
    361 F. Supp. 2d 770 (N.D. Ill. 2005) .................................................................... 14

*Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the District of Montana*,
    408 F.3d 1142 (9th Cir. 2005) ............................................................ 11, 12, 13

*Guy v. United Healthcare Corp.*,
    154 F.R.D. 172 (E.D. Mich. 1993) ...................................................................... 10

*Holmgren v. State Farm Mutual Auto. Ins. Co.*,
    976 F.2d 573 (9th Cir. 1992) ............................................................................... 14

*IBP, Inc. v. Mercantile Bank of Topeka*,
    179 F.R.D. 316 (D. Kan. 1998) .......................................................................... 14

*Josephs v. Harris Corp.*,
    677 F.2d 985 (3d Cir. 1982) ............................................................ 16, 18, 21, 23

*Kerr v. United States District Court, Northern District of California*,
    511 F.2d 192 (9th Cir. 1975) ................................................................................ 6

*Lehnert v. Ferris Faculty Assn-MEA-NEA*,
    556 F. Supp. 316 (W.D. Mich. 1983) ................................................ 16, 19, 21, 23

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
    417 F. Supp. 2d 1121 (N.D. Cal. 2006) ................................................................ 1

*Paulsen v. Case Corp.*,
    168 F.R.D. 285 (C.D. Cal. 1996) .......................................................................... 6

*Pulsecard, Inc. v. DiscoverCard Services, Inc.*,
    168 F.R.D. 295 (D. Kan. 1996) ......................................................... 16, 18, 20, 22

*Reavis v. Metropolitan Prop. & Liab. Ins. Co.*,
    117 F.R.D. 160 (S.D. Cal. 1987) .......................................................................... 3

*Roesberg v. Johns-Manville Corp.*,
    85 F.R.D. 292 (E.D. Pa. 1980) ......................................................... 16, 18, 21, 23

## STATE CASES

*Austero v. National Cas. Co.*,
    84 Cal. App. 3d 1 (1978) ...................................................................................... 7

*Brandt v. Superior Court*,
    37 Cal. 3d 813 (Cal. 1985) ................................................................................ 1, 3

ii

*Dalrymple v. USAA*,
    40 Cal. App. 4th 497 (1995).................................................................6

*Egan v. Mutual of Omaha Ins. Co.*,
    24 Cal. 3d 809 (1979)........................................................................7

*Hughes v. Blue Cross of Northern California*,
    215 Cal. App. 3d 832 (1989)...............................................................7

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
    46 Cal. 3d 287 (1988)........................................................................7

*Rattan v. United Services Automobile Ass'n*,
    84 Cal. App. 4th 715 (2000)...............................................................7

*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*,
    78 Cal. App. 4th 847 (2000)...............................................................7

*Spray, Gould & Bowers v. Associated Int'l Ins. Co.*,
    71 Cal. App. 4th 1260 (1999).............................................................7

*White v. Western Title Ins. Co.*,
    40 Cal. 3d 870 (1985)..................................................................6, 8, 9

**DOCKETED CASES**

*Abels v. JBC Legal Group, P.C.*,
    No. 5:04 CV 234SJW(RS), 2005 WL 3839308
    at *4 (N.D. Cal. Oct. 21, 2005) ........................................................14

*Coleman v. Schwarzenegger*,
    No. CIV S-90-0520 LKK/JFM P, 2007 WL 4328476,
    at *1 (N.D. Dec. 6, 2007, Cal.)..........................................................12

*Nemirofsky v. Seok Ki Kim*,
    No. 07-2769 JL, 2007 WL 3144860 (N.D. Cal. Oct. 24, 2007)...................2

*Palmer v. Stassinos*,
    Nos. C-04-03026 RMW, C-05-2280 RMW(RS),
    2007 WL 2288119, at *2 (N.D. Cal. Aug. 7, 2007)...............................11

*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05 CV 1958-B (BLM), 2008 WL 66932, at *20
    (S.D. Cal. Jan. 7, 2008) ....................................................................15

*In re Sept. 11th Liab. Ins. Coverage Cases*,
    243 F.R.D. 114 (S.D.N.Y. 2007)....................................................3, 15

**STATE STATUTES**

Insurance Code § 790.03(h) ........................................................................7

10 CCR § 2695.5 .......................................................................................3

Civil Code § 47 .........................................................................................8

# FEDERAL RULES AND STATUTES

Federal Rules of Civil Procedure, Rule 26(b)(1) ................................................ 1, 2, 3, 6, 8, 14

Federal Rules of Civil Procedure, Rule 26(b)(2) ................................................ 2, 4

Federal Rules of Civil Procedure. Rule 26(b)(5)(A) .......................................... 10

Federal Rules of Civil Procedure. Rule 34.................................. 1, 2, 5, 10-14, 16, 23

Federal Rule of Civil Procedure, Rule 37 ........................................................ 1, 2

Civil Local Rule 37-1 .......................................................................................... 2

Civil Local Rule 37-2 .......................................................................................... 2

# MISCELLANEOUS

Los Angeles Daily Journal, p. 2 .......................................................................... 1

1    PLEASE TAKE NOTICE that on March 26, 2008 at 9:30 a.m., plaintiff Hewlett-Packard

2    Company ("HP") will move the Court for an order compelling defendant ACE Property & Casualty

3    Insurance Company, formerly known as Cigna Property & Casualty Insurance Company ("ACE") to

4    amend its responses and produce documents in response to Plaintiff's **Request for Production** of

5    Documents and Electronically Stored Information, **Set No. Two**, ("Requests") served on

6    December 6, 2007.

7    ACE has failed and refused to produce any requested documents in this lawsuit to date. This

8    motion asks for an order compelling ACE to produce documents in response to Requests **seeking**

9    **claims and claims handling documents necessary in this bad faith lawsuit.**

10   **I.    BACKGROUND**

11   In a related coverage lawsuit,[1] this Court ruled that ACE issued an insurance policy to HP

12   that potentially covered antitrust counterclaims brought in an underlying lawsuit,[2] thereby triggering

13   a duty to defend the counterclaims brought in that suit. This Court further held that ACE breached

14   its duty to defend HP in that case and determined that ACE owed reimbursement of defense

15   expenses. On August 22, 2007, this Court entered a judgment in the Coverage Action for HP and

16   against ACE for $28,418,671.72, plus prejudgment interest and costs. The Court has under

17   submission a request for determination of the amount of prejudgment interest and costs.

18   HP contends in *this* case that ACE also breached its implied covenant of good faith and fair

19   dealing by unreasonably delaying payment of defense expenses from the 1998 tender to the present

20   time and by improperly handling HP's claim for policy benefits. HP seeks to recover its costs for

21   pursuing its contract benefits under *Brandt v. Superior Court*, 37 Cal. 3d 813 (Cal. 1985) and also

22   punitive damages.

23   Seeking documents relevant to determine ACE's claims handling actions and to determine

24   the reasonableness of ACE's actions, HP served ACE with its Requests on December 6, 2007

25   **[Exhibit "100"]**.    HP's Requests sought documents consisting of claim files and documents

---

[1] *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court, Northern District of California, Case No. C-99-20207-JW ("Coverage Action").

[2] *Hewlett-Packard Company v. Nu-kote International, Inc.*, U.S. District Court, Northern District of California, Case No. C-94-20647-JW ("Underlying Action" or "*Nu-kote* Action").

1  evidencing ACE's decisions, actions or lack of action in response to HP's claim for defense

2  coverage of the *Nu-kote* suit.  HP seeks these claims related documents for the period of 1998 (when

3  the *Nu-kote* Action was tendered to ACE) to 2008 (because ACE still delays payment of defense

4  expenses, even after entry of a judgment for those expenses).

5  ## II.    HP ATTEMPTED TO INFORMALLY RESOLVE THIS DISCOVERY DISPUTE

6          In compliance with Federal Rule of Civil Procedure 37 and Civil L.R. 37-1, HP attempted,

7  without success, to informally resolve the issues raised in this motion.  HP met and conferred to

8  resolve this discovery dispute, sought to have ACE amend its discovery responses and produce

9  responsive documents in conformance with the law.  The declaration of Kory S. Booth explains

10  HP's efforts to persuade ACE to comply with the law and respond to the Requests.

11         ACE served its Response to Plaintiff's Request for Production of Documents and

12  Electronically Stored Information, Set No. Two ("Responses"), on January 4, 2008 **[Exhibit "101"]**.

13  ACE has refused to produce any documents whatsoever to date and merely raised numerous

14  objections.  HP has attempted in good faith to meet and confer with ACE to resolve this matter,

15  sending ACE's counsel five letters urging compliance with the Requests and having six telephone

16  conferences with counsel between January 9 and February 1, 2008 attempting to determine when or

17  if ACE will ever produce any documents responsive to the Requests.  In addition to maintaining its

18  objections, ACE has repeatedly requested more time to "review documents," but in the two and a

19  half months since the Requests were served and this motion is filed, **ACE has produced no**

20  **documents whatsoever**, refuses to explain what actions are being taken to "review" the documents

21  requested, and has never advised when or if it will produce any documents.

22  ## III.    GROUNDS SUPPORTING HP'S MOTION TO COMPEL PRODUCTION

23         Federal Rules of Civil Procedure 26(b)(1) and 34(a) provide the basis for the requested

24  discovery and Rule 37(a)(2)(B) provides the basis for this motion to compel.

25  ### A.    Rule 26(b)(2) Factors Weigh Heavily in Favor of Requested Discovery

26         The Court should consider the factors set forth in Federal Rule 26(b)(2).[3]    The

27

28  [3] *See Nemirofsky v. Seok Ki Kim*, No. C 07-2769 JL, 2007 WL 3144860 at *1 (N.D. Cal. Oct. 24, 2007) ("Pursuant to Northern District Local Rule 37-2, a party moving to compel discovery must

1    proportionality and other requirements of Rule 26(b)(2) are met as follows:

2        The stakes in this litigation are high.  HP seeks reimbursement of more than $11,000,000 in

3    *Brandt*[4] fees spent pursuing contract benefits in the Coverage Action plus punitive damages.  HP in

4    this motion seeks documents related to HP's notice of the *Nu-kote* Action and ACE's decisions and

5    actions thereon (e.g., claims files).  **Those documents** are not only highly relevant to proving HP's

6    claims in this bad faith action, they are **essential**.  The need for the unique electronic and paper

7    documents disclosing ACE's actions and the reasons for those actions is both substantial and

8    overwhelming.[5]  There is no substitute and no alternative.

9        The central question in a bad faith case is whether the insurer's conduct was reasonable.

10   There is no substitute for assessing ACE's reasonableness aside from examining ACE's entire files

11   about this claim as they were prepared between 1998 when the claim was first made and 2008

12   (because the claim was never formally denied and has still not been fully paid) and including all

13   intervening decisions and actions as this Court ruled repeatedly that ACE had a duty to defend the

14   *Nu-kote* case and then determined the amount that ACE should have paid.  ACE's claims

15   investigation, periodic decisions, processes and actions over a decade of delay in payment are at

16   issue here.  ACE must disclose everything it did in the course of that payment delay to determine the

17   reasonableness or unreasonableness of its actions.  ACE cannot hide its actions in an effort to avoid

18   bad faith liability and damages.  HP's Requests seek ACE's "claims files" and ACE is the only

19   source to obtain its own files.

20

21   'detail the basis for the party's contention that it is entitled to the requested discovery and must show
     how the proportionality and other requirements of Fed.R.Civ.P. 26(b)(2) are satisfied.'  See also
22   Fed.R.Civ.P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests
     courts should consider whether the discovery is duplicative or overly burdensome and whether the
23   burden and expense of discovery outweighs the benefit.").

24   [4]*Brandt v. Superior Court*, 37 Cal. 3d 813 Cal. (1985).

25   [5]*Reavis v. Metropolitan Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987) ("**The claims
     file is a unique, contemporaneously prepared history of the company's handling of the claim;
26   in an action such as this [bad faith] the need for the information in the file is not only
     substantial but overwhelming.**  *APL Corporation v. Aetna Casualty & Surety Co.*, 91 F.R.D. 10,
27   13-14 (D.Md.1980).  The 'substantial equivalent' of this material cannot be obtained through other
     means of discovery.  The claims file 'diary' is not only likely to lead to evidence, but to be very
28   important evidence on the issue of whether Continental acted reasonably.  *Id.* at 14.") (emphasis
     added).

1    Because California Insurance Regulations (10 CCR § 2695.5) requires the creation and

2    maintenance of detailed claims files, it should be a simple matter for ACE to produce them in

3    discovery. "Every licensee's claim files shall be subject to examination . . . these files shall contain

4    all documents, notes and work papers (including copies of all correspondence) which reasonably

5    pertain to each claim and in such detail that pertinent events and the dates of the events can be

6    reconstructed and the licensee's actions pertaining to the claim can be determined." ACE has a legal

7    obligation to create and "maintain claim data that are accessible, legible and retrievable." So it

8    cannot be heard to complain about any burden in producing the documents subject to the Requests.

9    The importance of the information and expense of obtaining and reproducing documents

10   responsive to the Requests is minimal in comparison to HP's claim in excess of $11 million. HP is

11   not unmindful of the time and effort required to produce the requested documents, but the burden is

12   more than justified by the amount in dispute. ACE has not argued that the proportionality factors of

13   Rule 26(b)(2) should limit its responses. On information and belief ACE has a substantially

14   computerized record system that can be readily accessed with minimal cost. Any paper claims

15   documents are also likely to be easily located because this is an on-going open claim. ACE has

16   produced no documents in response to these or any other discovery Requests and has shown no

17   likelihood that it intends to comply with HP's Requests absent a court order. To date ACE has done

18   nothing but stall and stonewall.

19   The burden or expense of the proposed discovery does not outweigh its likely benefit, taking

20   into account the needs of the case, the amount in controversy, the parties' resources, the importance

21   of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the

22   issues. ACE's sizeable resources[6] are more productively spent properly responding to HP's

23   Requests rather than thwarting discovery.

24   **B.    ACE's Inaccurate Statements Concerning Its Prior Document Production**

25   ACE's Responses that it has previously produced all documents responsive to HP's Requests

26

---

27   [6]The National Association of Insurance Commissioners reports that in 2006 ACE wrote in excess of
     $1,000,000,000 in insurance premiums and had assets of nearly $6,000,000,000.
28   (http://www.naic.org/cis).

1  is inaccurate.  ACE has produced no documents in this lawsuit whatsoever.  While various

2  documents were produced in the Coverage Action that *might be* responsive to HP's Requests, HP

3  has agreed that ACE is not required to produce documents previously produced in the Coverage

4  Action *provided* ACE identifies the specific Bate-stamped numbers of the documents previously

5  produced and HP's counsel is able to locate such documents.  [Booth Decl. ¶ 8]  ACE has, however,

6  failed to identify *any* specific documents in its Responses.  Further, ACE never produced documents

7  that were created after the filing of the Coverage Action on February 18, 1999 but has broadly relied

8  on work product and attorney client privilege.[7]  [Booth Decl. ¶ 9]

9      In the Coverage Action, ACE repeatedly and vigorously disputed that documents pertaining

10  to its handling of HP's claim (or of similar claims by any other insureds) should be produced – often

11  on relevance grounds because the Coverage Action did not involve bad faith allegations.  The vast

12  majority of documents that ACE ultimately produced in the Coverage Action pertained to the

13  reasonableness of defense expenses and rates paid by ACE in cases similar to the *Nu-kote* Action.

14  Counsel for HP has located some documents from the Coverage Action that may be partially

15  responsive to HP's Requests, but ACE cannot circumvent Rule 34's requirements by placing the

16  burden of identifying responsive documents on HP.  The very nature of discovery is to exchange

17  documents and information relevant to a lawsuit.  Yet ACE's position suggests that a party can

18  respond to a document request by simply stating "you already have them" without further clarifying

19  what "them" is.  Additionally, ACE cannot discharge its duty to produce documents in this lawsuit

20  by claiming they were produced in another lawsuit.  No case known to HP has so held and ACE has

21  failed to identify any authority for such a proposition.

22      HP alleges in this lawsuit that ACE's dilatory claims handling practices led to unreasonable

23  delay in the investigation and payment of HP's claim.  In fact, despite several Court orders finding

24  that ACE had a duty to defend and despite HP obtaining a judgment in excess of $28,000,000 plus

25  prejudgment interest, ACE has only paid HP $11,061,717.00 (and without explanation).  HP alleges

26

27  [7] During "meet and confer" conferences ACE retracted its position that *all* documents created after the filing of the Coverage Action are necessarily privileged and agreed to produce any non-privileged documents.  This motion might be unnecessary but for the failure of ACE to *actually*

28  produce responsive documents nor to agree to a timeframe for completion of its production.

1  ACE's bad faith conduct continued from 1998 *through the present*.[8]

2  ### C.    ACE's Repeated Blanket Objections Are Meritless

3  Each of ACE's written responses contains a blanket objection that HP's Request is

4  compound, overbroad, and seeks information protected from disclosure by the attorney-client

5  privilege and/or work product doctrine. Blanket objections are legally inadequate because they are

6  non-specific. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (citing *Kerr v. United*

7  *States District Court, Northern District of California*, 511 F.2d 192, 198 (9th Cir. 1975)).

8  ### D.    HP's Requests Seek Documents Containing Relevant Information

9  Federal Rule of Civil Procedure 26(b)(1) permits discovery of any matter relevant to the

10 claim or defense of any party.[9]  An insurer fails to deal fairly and in good faith if it acts without

11 proper cause in making its decision to withhold benefits due under the policy. *Dalrymple v. USAA*,

12 40 Cal. App. 4th 497, 512 (1995).  Failure to evaluate a claim objectively may establish that the

13 insurer unreasonably withheld benefits under the policy.  Proof that the insurer ignored evidence in

14 the file that supported the claim while focusing on facts justifying denial and that it failed to utilize

15 objective standards in making its claims decisions are important factors in establishing such a

16

17

---

18 [8]*White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 895-96 (1985):

19     Defendant first contends that all evidence relating to events after plaintiffs filed suit
       should have been excluded on the ground that, once suit has been filed, the insurer

20     stands in an adversary position to the insured and no longer owes a duty of good faith
       and fair dealing. The issue is one of first impression. . . . We believe, however, that

21     the issue can be resolved as a matter of principle. **It is clear that the contractual
       relationship between insurer and the insured does not terminate with**

22     **commencement of litigation.** . . . **It could not reasonably be argued** under such
       circumstances either **that the insurer** no longer owes any contractual duties to the

23     insured, or that it **need not perform those duties fairly and in good faith.** . . . The
       policy of encouraging prompt investigation and payment of insurance claims would

24     be undermined by defendant's proposed rule. [Emphasis added.]

   [9]Rule 26(b)(1) provides in relevant part as follows:

25     Discovery Scope and Limits.  Unless otherwise limited by order of the court in
       accordance with these rules, the scope of discovery is as follows:  **Parties may**

26     **obtain discovery regarding any matter, not privileged, that is relevant to the
       claim or defense of any party,** including the existence, description, nature, custody,

27     condition, and location of any books, documents, or other tangible things and the
       identity and location of persons having knowledge of any discoverable matter.

28     [Emphasis added.]

1  breach.[10]  The Unfair Insurance Practices Act ("UIPA") (Insurance Code § 790.03(h)) requires

2  insurers to "adopt and implement reasonable standards for the prompt investigation of claims." The

3  insurer's violation of this statute does not give the insured a private right of action.[11]  But the

4  statutory violation may, nevertheless, have evidentiary value in a bad faith action because it may

5  tend to show a breach of the insurer's implied covenant.  Violations may be used by a jury to infer a

6  lack of reasonableness by the insurer in handling an insured's claim and, thus, may support a claim

7  that the insurer exhibited bad faith in dealing with its insured.[12]  Under appropriate facts, violation of

8  the Unfair Insurance Practices Act may evidence the insurer's breach of duty to its insured under the

9  implied covenant.[13]

10  It is vital that HP discover from ACE's claims files what it knew and when it knew it because

11  the reasonableness or unreasonableness of ACE's conduct is measured by its knowledge at the time

12  it made repeated decisions about the claim (e.g., at the time of tender, at the time it received

13  additional information, and at the various times that this Court ruled that it had a duty to defend).

14  The reasonableness of the insurer's action on a pending claim must be determined on the basis of the

15  information known or available to the insurer at the time and not by hindsight.

16          [T]o see if there was any unreasonable conduct by the company it is
           essential that no hindsight test be applied.  The reasonable or
17          unreasonable action by the company must be measured as of the time
           it was confronted with the factual situation to which it was called upon
18          to respond.

19  *Austero v. National Cas. Co.*, 84 Cal. App. 3d 1, 32 (1978) (Disapproved on other ground *in Egan v.*

20  *Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 n.7 (1979).).

21  The requested documents indisputably contain information that is relevant to this lawsuit's

22  subject matter because they each directly pertain to ACE's years-long mishandling of HP's claim.

23  The question of ACE's reasonableness in its claims handling, whether ACE has dealt fairly and in

24  _____

[10] *See Hughes v. Blue Cross of Northern California*, 215 Cal. App. 3d 832, 845-46 (1989).

25  [11] *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 313 (1988).

26  [12] *Rattan v. United Services Automobile Ass'n*, 84 Cal. App. 4th 715, 724 (2000); *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal. App. 4th 1260, 1270 n.10 (1999) (The regulations may

27  establish "prudent norms and customs and standards of care.").

28  [13] *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 915 (2000).

1  good faith with HP is the central issue in this bad faith case. ACE cannot avoid providing claims

2  handling documents so as to hide from scrutiny the reasonableness of its decisions, rationales, and

3  actions for the entire period of 1998 through 2008. It cannot reasonably be disputed that HP seeks

4  relevant documents or that those documents must be produced in this lawsuit.

5        **E.**    **HP's Requests Seek Information Reasonably Calculated to Lead to the
Discovery of Admissible Evidence**

6

7      Rule 26(b)(1) also provides:

8          For good cause, the court may order discovery of any matter relevant
to the subject matter involved in the action. Relevant information need

9          not be admissible at the trial if the discovery appears reasonably
calculated to lead to the discovery of admissible evidence.

10

11      The requested documents are reasonably calculated to lead to the discovery of admissible

12  evidence because (among other reasons) they will contain the identities of ACE-affiliated percipient

13  witnesses and information about their involvement in the mishandling of HP's claim. Such

14  documents will also show ACE's knowledge of the unreasonable claims handling and reasons for

15  ACE's decisions to refrain from defending HP in the *Nu-kote* Action.

16        **F.**    **ACE May Not Withhold Evidence on the Basis of the Litigation Privilege**

17      ACE has asserted that the litigation privilege in Civil Code § 47 justifies withholding

18  documents in discovery. But ACE reads the privilege too broadly to cover all of its actions during

19  the pendency of the Coverage Action. The California Supreme Court has been clear that there is a

20  major exception to the privilege for litigation communications where those communications are not,

21  themselves, the basis for a bad faith claim but are only evidence of a course of bad faith conduct.

22  *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 888 (1985) instructs us:

23          It is obvious, however, that **even if liability cannot be founded upon
a judicial communication, it can be proved by such a**

24          **communication** – otherwise Evidence Code section 1152 would be
unnecessary, and much of modern discovery valueless. Defendant's

25          argument, consequently, forces us to draw a careful **distinction
between a cause of action based squarely on a privileged**

26          **communication**, such as an action for defamation, **and one based
upon an underlying course of conduct** *evidenced by the*

27          *communication*." [Emphasis added.]

28

      8        MOTION TO COMPEL NO. 1
C07 04676 JW (RS)

1   So HP is entitled to all claims file materials as requested even if that material was prepared

2   during the course of the Coverage Action, a lawsuit to determine ACE's contract obligations.  The

3   duty to defend continued even after the suit was filed and the duty of good faith and fair dealing

4   persists until ACE has finally paid the policy benefits.

5   ACE's arguments based on the litigation privilege barring discovery of information after the

6   Coverage Action was filed must be rejected based on *White's* rejection of the separation of duties

7   before and after a coverage suit is filed.

> **Defendant argues that imposing a duty of good faith after
> litigation has begun will make it difficult for the insurer to defend
> the suit.**  It claims that **investigation** of the factual circumstances
> **would be hampered by an obligation to reveal to the insured any
> material facts it discovers favorable to his claim, and that the
> attorney** who prepares the case for trial could not conduct the trial
> because he **would be a critical witness to the insurer's good faith
> during the pretrial period.  Neither of these concerns,** however,
> **justify a distinction between the period before suit is filed and the
> period after it is filed.**  Certainly the insurer should have investigated
> the factual basis of the claim before suit is filed, and may well have
> utilized counsel to evaluate that claim.  **The issue of contractual
> liability can be tried separately,** and prior to the trial on the good
> faith claim, as was done in the present case.  In any event, what
> constitutes good faith and fair dealing depends on the circumstances of
> each case, including the stage of the proceedings and the posture of the
> parties.  **We trust that the jurors will be aware that parties to a
> lawsuit are adversaries, and will evaluate the insurer's conduct in
> relation to that setting.** *Id.*

18  *White*, 40 Cal. 3d at 886 -87 (emphasis added).

19  The sequence of cases here, with the bad faith case following separately after the Coverage

20  Action, ideally follows the suggestion in *White*.  Now the conduct of ACE during the prior action

21  may be fully examined to determine whether it acted reasonably.

22  **G.    ACE Failed to Specify Privileged Documents in a Privilege Log**

23  ACE's boilerplate privilege and work product objections are without merit, just empty words.

24  Although ACE objected on the grounds that the Requests seek production of documents protected by

25  the attorney-client privilege and attorney work product doctrine, HP does not seek **genuinely**

26  protected documents unless ACE is relying upon the "advice of counsel" (sometimes referred to as

27  "reliance on counsel") defense.  To date, ACE refuses to state its position on this issue.  Each of

28  HP's Requests, to the extent ACE is or will be asserting advice of counsel as a defense, properly

1    seeks information protected by the attorney-client privilege and attorney work product doctrine.

2    Even if ACE wanted to assert privileges, it failed to do so in the manner required by law.

3    *Guy v. United Healthcare Corp.,* 154 F.R.D. 172, 177 (E.D. Mich. 1993) (party seeking protection

4    under the privilege carries the burden of establishing the existence of that privilege).    Rule

5    26(b)(5)(A) expressly requires:

6    (A) Information Withheld. **When a party withholds information
     otherwise discoverable by claiming that the information is**

7    **privileged or subject to protection as trial-preparation material,
     the party must**:

8    (i) expressly make the claim; and

9    (ii) **describe the nature of the documents, communications, or**

10   **tangible things not produced** or disclosed -- **and do so in a manner
     that,** without revealing information itself privileged or protected, **will**

11   **enable other parties to assess the claim.** [Emphasis added.]

12   In derogation of this rule, ACE provided no privilege log – and its written Responses do not describe

13   even a single document for which any privilege or protection is claimed with sufficient adequacy to

14   enable HP or the Court to assess the claim's validity.    ACE's Rule 34 deadline to provide the

15   privilege log has expired.

16   **H.    The Court Should Waive ACE's Privileges**

17   ACE could have sought additional time to properly respond to HP's Requests and to prepare

18   a privilege log, if needed, by stipulation or protective order, but did not do so.    ACE also refused to

19   provide any information concerning its "reasonable" efforts to comply with HP's Requests.    On

20   February 1, 2008, after repeated fruitless efforts to obtain documents and to assess ACE's

21   reasonableness, HP requested that ACE identify *specific* efforts to comply with HP's document

22   requests.    [Booth Decl. ¶ 22]    HP's questions were as follows:    Where are the documents?    How

23   many locations must ACE search to obtain responsive documents?    How many computers and

24   computer systems does ACE have with responsive documents?    How many documents exist?    How

25   many ACE personnel and lawyers are working on the task of complying with HP's request?    Who is

26   working on the Request?    How many claims files are there?    **ACE refused to provide** *any*

27   **information responsive to HP's reasonable inquiry.**

28   All ACE has repeatedly asserted is that there are a lot of documents several thousand miles

1   away and ACE will produce relevant non-privileged documents at some unknown point in the future

2   when it completes its review at some unknown time of the unknown quantity of documents. ACE

3   has thus forced HP to file this motion to compel. It is completely unreasonable of ACE to force HP

4   to file a motion to compel the production of documents that are essential to a bad faith case where no

5   legitimate privileges can be asserted as to *every* ACE document created after February 1999. HP has

6   been patient but must now ask the Court for help.

7         To the extent ACE serves documents responsive to HP's Requests after the filing of this

8   motion or states that it has agreed to produce documents in the future, this Court should view such

9   statements with a very critical eye. As this Court stated in *Palmer v. Stassinos,* Nos. C-04-03026

10  RMW, C-05-2280 RMW(RS), 2007 WL 2288119, at *2 (N.D. Cal. Aug. 7, 2007):

11        A party that serves responses *after* a motion to compel or a motion for
    sanctions has been filed stands on the **thinnest** of ice to the extent that

12  it wishes to argue that the motion was not a necessary precursor to the
    responses being provided. . . . The Court routinely entertains

13  applications for additional time based on contentions that either the
    scope of the work to be done was not anticipated, that counsel has

14  other commitments, or both. Similarly, requests for extensions are
    often made and granted as part of a meet and confer process that is

15  functioning as it should between professional members of the bar.
    [Emphasis added.]

16

17        Under the present circumstances the asserted privileges should be waived by the Court. The

18  Ninth Circuit in *Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the*

19  *District of Montana,* 408 F.3d 1142, 1146-49 (9th Cir. 2005) stated:

20        We hold that **boilerplate objections or blanket refusals inserted into a response to**

21  **a Rule 34 request for production of documents are insufficient to assert a**
    **privilege. However, we also reject a *per se* waiver rule that deems a privilege**

22  **waived if a privilege log is not produced within Rule 34's 30-day time limit.**
    **Instead, using the 30-day period as a default guideline, a district court should**

23  **make a case-by-case determination, taking into account the following factors:** the
    degree to which the objection or assertion of privilege enables the litigant seeking

24  discovery and the court to evaluate whether each of the withheld documents is
    privileged (where providing particulars typically contained in a privilege log is

25  presumptively sufficient and boilerplate objections are presumptively insufficient);
    the timeliness of the objection and accompanying information about the withheld

26  documents (where service within 30 days, as a default guideline, is sufficient); the
    magnitude of the document production; and other particular circumstances of the

27  litigation that make responding to discovery unusually easy (such as, here, the fact
    that many of the same documents were the subject of discovery in an earlier action)

28  or unusually hard. **These factors should be applied in the context of a holistic**
    **reasonableness analysis, intended to forestall needless waste of time and**

1    **resources, as well as tactical manipulation of the rules and the discovery process.**
2    They should not be applied as a mechanistic determination of whether the information
     is provided in a particular format. Finally, the application of these factors shall be
3    subject to any applicable local rules, agreements or stipulations among the litigants,
     and discovery or protective orders. [Emphasis added.]

4         An analysis of the *Burlington* factors favors waiver of ACE's privileges.  The first factor

5    clearly favors waiver: ACE has made **no effort** to enable the Court or HP to evaluate whether each

6    withheld document is privileged.  ACE does not even identify the documents and its "boilerplate"

7    objections are presumptively insufficient.  *Id.*  Concerning the second factor, ACE's Responses were

8    timely served but no information concerning the withheld documents accompanied ACE's

9    Responses.

10        The weight of the third factor (magnitude of the document production) remains unclear

11   because ACE provided no information in its Responses.  ACE subsequently stated during meet and

12   confers that it has over 100,000 pages of documents but has separately stated it does not know how

13   many potentially responsive documents exists.  [Booth Decl. ¶¶ 16 and 21]  ACE would have the

14   Court believe that there are so many documents it simply could not comply even if it applied

15   significant resources to the task at hand.[14]  Here, ACE is a $6 billion company with more than

16   sufficient resources to search for its own claims files within the 30 days allotted pursuant to Rule 34

17   or the 77 days that have now elapsed.

18        The last *Burlington* factor clearly favors waiver of ACE's privileges: *The production of*

19   *ACE's "claims files" should be particularly easy* due to (1) the fact that ACE is an insurance

20   company granted the privilege of selling insurance in this State and is required to maintain claims

21   files records in order for the state insurance commissioners of California (where the policy was sold)

22   and Pennsylvania (where ACE is located) to review them, (2) the fact such records are primarily

23   contained in computers that can be easily searched with "queries" (much like Westlaw or Lexis) for

24   ────────────

25   [14]In *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK/JFM P, 2007 WL 4328476, at *1 (N.D.
     Dec. 6, 2007, Cal.), this Court waived defendants' privileges when in approximately 85 days
26   defendants did not produce approximately 45,000 **boxes** of documents (that would stack over 7 miles
     high) from over 80 custodians **with** privilege logs for all documents withheld.  And while the
27   defendants in *Coleman* had violated a court order concerning production, the case demonstrates the
     court's seriousness in requiring parties to abide by their discovery obligations.  One might think that
28   the State of California would receive *more* leniency than traditional parties, yet privileges were
     waived.

1   information, (3) the fact ACE has known of HP's intention to re-file this bad faith action years ago

2   (ACE stipulated to toll the statute of limitations so HP would dismiss the 2002 Bad Faith Action to

3   re-file it at a later time so the parties could focus on the Coverage Action) and (4) finally, to the

4   extent ACE claims such records were already produced in the prior Coverage Action, ACE could

5   easily have identified such responsive documents as HP has stipulated ACE does not need to

6   produce them again provided they are specifically identified and HP's counsel can locate them from

7   the prior Coverage Action.

8       After 2002 there were no efforts by HP in the Coverage Action to obtain documents

9   responsive to HP's Requests nor is HP aware of any documents ACE produced that would be

10  responsive to such Requests.  [Booth Decl. ¶¶ 6-7]  In this lawsuit HP alleges continuing bad faith

11  conduct from 1998 through and including the present.  Discovery documents from and after 2002

12  were never produced and are highly relevant to HP's case.

13      Further, ACE cannot argue that HP has overwhelmed ACE with discovery.[15]  HP has

14  requested a significant number of documents in this case, but the Requests at issue (which seek one

15  category of documents) are only the second set of documents requested by HP and ACE was not

16  required to produce any documents in response to HP's first set.  The Ninth Circuit addressed this

17  issue in *Burlington,* holding:

18          FN3. We are well aware that, particularly in discovery-intensive litigation, compiling
            a privilege log within 30 days may be exceedingly difficult, even for counsel who are
19          sophisticated, experienced, well-funded, and acting in good faith. Further, we are
            aware (and take this opportunity to make district courts aware) that litigants seeking
20          discovery may attempt to abuse the rule we announce today by propounding
            exhaustive and simultaneous discovery requests. **In these circumstances, litigants
21          are not without recourse. Rather, at the outset of discovery or at the latest before
            Rule 34's 30-day time limit has expired, they may either secure an appropriate
22          agreement or stipulation from the relevant litigants or, failing that, apply for a
            discovery or protective order.** [Emphasis added.]
23

24  *Burlington,* 408 F.3d 1142, 1146-1149.  Even if the Court were disinclined to waive all of ACE's

25  privileges pursuant to an analysis under *Burlington,* the Court should waive the attorney work

26  product privilege as ACE's strategy, mental impressions and opinions are directly at issue in this bad

27  _____

28  [15] HP has served ACE several discrete sets of document requests on specific areas of interest but has
    spread requests over a three-month period.

1 | faith action.  *See Holmgren v. State Farm Mutual Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir. 1992)

2 | **I.    ACE's Objections Concerning Electronically Stored Information Are Meritless**

3 | **1.    The Requests are Not Burdensome, Oppressive or Unnecessarily Costly**

4 | ACE contends that HP's Requests, as they relate to electronically stored information, are

5 | "burdensome," "oppressive" and "results in unnecessary costs of production."  This objection is

6 | potentially valid only when the information sought cannot be produced without undue effort or

7 | expense.  *IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 321 (D. Kan. 1998).  The real

8 | issue is whether the production would create an "**undue** burden" for ACE.  *aaiPharma v. Kremers*

9 | *Urban Development Co.*, 361 F. Supp. 2d 770, 778 (N.D. Ill. 2005) (holding that requiring

10 | production of documents previously produced in a prior lawsuit did not create an "undue burden.")

11 | There is no factual basis for any "undue" burden claim here nor has ACE explained any alleged

12 | undue burden.  And it is insufficient to object that discovery is unduly burdensome, oppressive or

13 | harassing without providing sufficient facts supporting such an objection.  *Abels v. JBC Legal*

14 | *Group, P.C.,* No. 5:04 CV 234SJW(RS), 2005 WL 3839308 at *4 (N.D. Cal. Oct. 21, 2005).

15 | Federal Rule 34 contemplates parties requesting electronically stored information,[16] and

16 | requires its production.  ACE has provided no explanation or evidence to support its conclusory

17 | arguments that producing the requested electronically stored information would be burdensome,

18 | oppressive or would result in undue expense.  It is more likely in the 21st century that producing

19 | electronic information is simpler, faster and cheaper than producing paper copies of documents from

20 | file cabinets.  Doubtless ACE conducts virtually all of its multi-billion dollar business based on

21 | electronically stored (and easily retrieved) information.  Such electronically stored information is

22 |

23 | [16]Federal Rule 34 provides:

A party may serve on any other party a request within the scope of Rule 26(b):

24 |
25 | (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

26 |
27 | (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into

28 | a reasonably usable form . . . .  [Emphasis added.]

1  discoverable and must be produced.

2          **2.    The Days of Hiding Electronically Stored Information are Gone**

3          During the "meet and confer" process HP stressed to ACE that courts today require *real*

4  efforts to produce electronically stored information ("ESI"). See, e.g., *In re Sept. 11th Liab. Ins.*

5  *Coverage Cases*, 243 F.R.D. 114 (S.D.N.Y. 2007), where the court imposed sanctions on the insurer

6  *and* its counsel in the amount of $1,250,000.00 for failure to provide ESI.  In *Qualcomm Inc. v.*

7  *Broadcom Corp.*, No. 05 CV 1958-B (BLM), 2008 WL 66932, at *20 (S.D. Cal. Jan. 7, 2008), the

8  court sanctioned Qualcomm $8,568,633.24 for failing to produce ESI and referred six outside

9  counsel to the State Bar for investigation of ethical violations.  ACE's lawyers appear to agree with

10 these drastic measures.[17]

11 **IV.    SUMMARY OF REQUESTS, OBJECTIONS AND HP'S CONTENTIONS**

12         Civil L.R. 37-2 provides that:

13             [A] motion to compel further responses to discovery requests must set forth
       each request in full, followed immediately by the objections and/or responses thereto.
14     For each such request, the moving papers must detail the basis for the party's
       contention that it is entitled to the requested discovery and must show how the
15     proportionality and other requirements of FRCivP 26(b)(2) are satisfied.

16         1.    **Request for Production No. 1:**  DOCUMENTS used, created or maintained by ACE

17 in response to or as a result of any NOTICE of HP's CLAIM, at all times from and after February

18 1998.

19             **Defendants' Response:**  Objection. This request is compound, overbroad, and seeks
       information protected by the attorney/client and or work product doctrine.  Defendant
20     also objects to this request to the extent the request for electronically stored
       information is burdensome and oppressive and results in unnecessary and
21     burdensome costs of production.  Defendant further objects to this request to the
       extent the request requires defendant to collect, process, or produce electronically
22     stored information requiring data restoration to read, file fragments, or other digital
       information and is not supported by plaintiff's substantial need for the information.
23     Defendant further objects to this request on the ground that it seeks irrelevant
       information, not reasonably calculated to lead to the discovery of admissible evidence
24     to the extent the request seeks production of metadata. Defendant further objects to
       this request on the ground that the request fails to specify the form or forms in which
25     electronically stored information is to be produced as required by Rule 34 of the
       Federal Rules of Civil Procedure.

26

27 [17]Partner Ronald E. Mallen of Hinshaw & Culbertson was recently quoted in the Los Angeles Daily
   Journal, p. 2, praising the *Qualcomm* decision:  "[I]t has a prophylactic effect from a risk-
28 management perspective, in that it grabs the profession's attention and gets it to wake up."

1    Subject to and without waiving these objections, defendant responds as follows:  all

2    non-privileged responsive documents created, maintained or used during the period

    February 1998 through the filing of *Hewlett-Packard Company v. ACE Property &*

3    *Casualty Insurance Company*, United States District Court, Northern District of

    California Case No. C-99-20207-JW ("Coverage Action"), have previously been

4    produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

5    **Plaintiff's Contentions:**  ACE's Response does not comply with HP's Request.  HP seeks

6    documents used, created or maintained by ACE in response to or as a result of any notice of HP's

7    claim, at all times from and after February 1998.

8    ACE's objection that the Request is compound lacks legal support.  The "compound"

9    objection is meritless because there is no upper limit on the numbers of categories that may be

10    contained in a request for production or of requests that may be served in a federal lawsuit.

11    ACE's objection that the Request is overbroad is wrong.  This objection is valid only if it

12    responds to a category that is so broad that it extends to non-relevant information (e.g., not limited to

13    the events related to the complaint).  *Pulsecard, Inc. v. DiscoverCard Services, Inc.*, 168 F.R.D. 295,

14    303 (D. Kan. 1996).  Further, the "mere statement by a party that the interrogatory [or request for

15    production] was 'overly broad' . . . is not adequate to voice a successful objection." *Josephs v.*

16    *Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)(*quoting Roesberg v. Johns-Manville Corp.*, 85

17    F.R.D. 292, 296-97 (E.D. Pa. 1980)).  Here, HP's Request seeks documents pertaining to ACE's

18    handling of HP's claim; what information could be more relevant to a bad faith claim?

19    ACE objects that the Request seeks information protected by the attorney-client privilege or

20    the attorney work product doctrine.  HP specifically disclaims that the Request seeks documents that

21    are protected by the attorney-client and attorney work product doctrine unless and until ACE asserts

22    the advice of counsel defense in this action.  ACE has provided no privilege log.

23    ACE's objection that the "request for electronically stored information is burdensome and

24    oppressive and results in unnecessary and burdensome costs of production" is unsupported in fact

25    and is not an adequate objection without specific facts supporting how the Request is burdensome.

26    A showing that discovery may involve some inconvenience and expense does not suffice to establish

27    good cause for refusing to compel disclosure.  *Lehnert v. Ferris Faculty Assn-MEA-NEA*, 556 F.

28    Supp. 316, 318 (W.D. Mich. 1983).  Again, ACE has provided no basis for its objection that HP's

1  Request for electronically stored information would be unduly burdensome on ACE. Even if ACE

2  could support its "burdensome" objection, HP's substantial need for the information supports

3  compelling its production.

4      ACE further objects that HP has not specified the "form or forms in which electronically

5  stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure."

6  Rule 34 expressly provides that specification is optional and, if as here there is none, ACE must

7  produce the electronically stored documents as ordinarily maintained or in another reasonably usable

8  form.[18] So this objection, too, lacks merit.

9      ACE's objection that the Request "seeks irrelevant information, not reasonably calculated to

10  lead to the discovery of admissible evidence to the extent the request seeks production of metadata"

11  is unsupported in law. The objection is without merit because such documents presumptively must

12  be produced with their metadata intact. *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.,* 417

13  F. Supp. 2d 1121, 1122 (N.D. Cal. 2006).

14      ACE's substantive Response is also inadequate. HP seeks responsive documents for all time

15  periods from and after February 1998. ACE has improperly limited its Response to documents

16  created, maintained or used between February 1998 through the filing of the Coverage Action

17  

18  [18]Federal Rule 34 provides:

19      (1) Contents of the Request. **The request:**
. . . .

20      (C) **may specify the form or forms in which electronically stored information is to be produced.**

21      (D) Responding to a Request for Production of Electronically Stored Information.

22  The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form – or if no

23  form was specified in the request – the party must state the form or forms it intends to use.

24      (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or

25  electronically stored information:
. . . .

26      (ii) **If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily**

27  **maintained or in a reasonably usable form or forms**; and

28      (iii) A party need not produce the same electronically stored information in more than one form. [Emphasis added.]

1  complaint on February 18, 1999.

2       2.    **Request for Production No. 2:**  DOCUMENTS that embody, mention or pertain to

3  all ACE decisions, actions or lack of action in response to or as a result of any NOTICE of HP's

4  CLAIM, at all times from and after February 1998.

5       **Plaintiff's Response:**  Objection.  This request is compound, overbroad, and seeks
         information protected by the attorney/client and or work product doctrine. Defendant
6        also objects to this request to the extent the request for electronically stored
         information is burdensome and oppressive and results in unnecessary and
7        burdensome costs of production.  Defendant further objects to this request to the
         extent the request requires defendant to collect, process, or produce electronically
8        stored information requiring data restoration to read, file fragments, or other digital
         information and is not supported by plaintiff's substantial need for the information.
9        Defendant further objects to this request on the ground that it seeks irrelevant
         information, not reasonably calculated to lead to the discovery of admissible evidence
10       to the extent the request seeks production of metadata.  Defendant further objects to
         this request on the ground that the request fails to specify the form or forms in which
11       electronically stored information is to be produced as required by Rule 34 of the
         Federal Rules of Civil Procedure. Defendant further objects to this request on the
12       ground that the request is compound. Defendant further objects to this request on the
         grounds that the request is overbroad as to time.

13
         Subject to and without waiving these objections, defendant responds as follows:  all
14       non-privileged responsive documents created, maintained or used during the period
         February 1998 through the filing of *Hewlett-Packard Company v. ACE Property &*
15       *Casualty Insurance Company*, United States District Court, Northern District of
         California Case No. C-99-20207-JW ("Coverage Action"), have previously been
16       produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

17       **Plaintiff's Contentions:**  ACE's Response does not comply with HP's Request.  HP seeks

18  documents that embody, mention or pertain to all ACE decisions, actions or lack of action in

19  response to or as a result of any notice of HP's claim, at all times from and after February 1998.

20       ACE's objection that the Request is compound lacks legal support.   The "compound"

21  objection is meritless because there is no upper limit on the numbers of categories that may be

22  contained in a request for production or of requests that may be served in a federal lawsuit.

23       ACE's objection that the Request is overbroad is wrong.  This objection is valid only if it

24  responds to a category that is so broad that it extends to non-relevant information (e.g., not limited to

25  the events related to the complaint).  *Pulsecard, Inc. v. DiscoverCard Services, Inc.*, 168 F.R.D. 295,

26  303 (D. Kan. 1996).  Further, the "mere statement by a party that the interrogatory [or request for

27  production] was 'overly broad' . . . is not adequate to voice a successful objection." *Josephs v.*

28  *Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)(*quoting Roesberg v. Johns-Manville Corp.*, 85

1  F.R.D. 292, 296-97 (E.D. Pa. 1980)). Here, HP's Request seeks documents pertaining to ACE's

2  handling of HP's claim; what information could be more relevant to a bad faith claim?

3      ACE objects that the Request seeks information protected by the attorney-client privilege or

4  the attorney work product doctrine. HP specifically disclaims that the Request seeks documents that

5  are protected by the attorney-client and attorney work product doctrine unless and until ACE asserts

6  the advice of counsel defense in this action. ACE has provided no privilege log.

7      ACE's objection that the "request for electronically stored information is burdensome and

8  oppressive and results in unnecessary and burdensome costs of production" is unsupported in fact

9  and is not an adequate objection without specific facts supporting how the Request is burdensome.

10  A showing that discovery may involve some inconvenience and expense does not suffice to establish

11  good cause for refusing to compel disclosure. *Lehnert v. Ferris Faculty Assn-MEA-NEA*, 556 F.

12  Supp. 316, 318 (W.D. Mich. 1983). Again, ACE has provided no basis for its objection that HP's

13  Requests for electronically stored information would be unduly burdensome on ACE. Even if ACE

14  could support its "burdensome" objection, HP's substantial need for the information supports

15  compelling its production.

16      ACE further objects that HP has not specified the "form or forms in which electronically

17  stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure."

18  Rule 34 expressly provides that specification is optional and, if as here there is none, ACE must

19  produce the electronically stored documents as ordinarily maintained or in another reasonably usable

20  form. So this objection, too, lacks merit.

21      ACE's objection that the Request "seeks irrelevant information, not reasonably calculated to

22  lead to the discovery of admissible evidence to the extent the request seeks production of metadata"

23  is unsupported in law. The objection is without merit because such documents presumptively must

24  be produced with their metadata intact. *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417

25  F. Supp. 2d 1121, 1122 (N.D. Cal. 2006).

26      ACE's substantive Response is also inadequate. HP seeks responsive documents for all time

27  periods from and after February 1998. ACE has improperly limited its response to documents

28  created, maintained or used between February 1998 through the filing of the Coverage Action

1   complaint on February 18, 1999.

2       3.   **Request for Production No. 3:**   DOCUMENTS that justify or support all ACE's

3   decisions, actions or lack of action in response to or as a consequence of the NOTICE of HP's

4   CLAIM, at all times from and after February 1998.

5       **Defendants' Response:** Objection. This request is compound, overbroad and seeks
        information protected by the attorney/client and or work product doctrine. Defendant
6       also objects to this request to the extent the request for electronically stored
        information is burdensome and oppressive and results in unnecessary and
7       burdensome costs of production. Defendant further objects to this request to the
        extent the request requires defendant to collect, process, or produce electronically
8       stored information requiring data restoration to read, file fragments, or other digital
        information and is not supported by plaintiff's substantial need for the information.
9       Defendant further objects to this request on the ground that it seeks irrelevant
        information, not reasonably calculated to lead to the discovery of admissible evidence
10      to the extent the request seeks production of metadata. Defendant further objects to
        this request on the ground that the request fails to specify the form or forms in which
11      electronically stored information is to be produced as required by Rule 34 of the
        Federal Rules of Civil Procedure. Defendant further objects to this request on the
12      ground that the request is compound. Defendant further objects to this request on the
        grounds that the request is overbroad as to time. Defendant further objects to this
13      request on the ground that this request is overbroad, burdensome and oppressive to
        the extent it seeks a comprehensive listing of all legal authority responsive to the
14      request.

15      Subject to and without waiving these objections, defendant responds as follows: all
        non-privileged responsive documents created, maintained or used during the period
16      February 1998 through the filing of *Hewlett-Packard Company v. ACE Property &
        Casualty Insurance Company*, United States District Court, Northern District of
17      California Case No. C-99-20207-JW ("Coverage Action"), have previously been
        produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

18

19      **Defendants' Contentions:** ACE's Response does not comply with HP's Request. HP seeks

20   documents that embody, mention or pertain to all ACE decisions, actions or lack of action in

21   response to or as a result of any notice of HP's claim, at all times from and after February 1998.

22      ACE's objection that the Request is compound lacks legal support. The "compound"

23   objection is meritless because there is no upper limit on the numbers of categories that may be

24   contained in a request for production or of requests that may be served in a federal lawsuit.

25      ACE's objection that the Request is overbroad is wrong. This objection is valid only if it

26   responds to a category that is so broad that it extends to non-relevant information (e.g., not limited to

27   the events related to the complaint). *Pulsecard, Inc. v. DiscoverCard Services, Inc.*, 168 F.R.D. 295,

28   303 (D. Kan. 1996). Further, the "mere statement by a party that the interrogatory [or request for

1  production] was 'overly broad' . . . is not adequate to voice a successful objection." *Josephs v.*

2  *Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982)(*quoting Roesberg v. Johns-Manville Corp.,* 85

3  F.R.D. 292, 296-97 (E.D. Pa. 1980)). Here, HP's Request seeks documents pertaining to ACE's

4  handling of HP's claim; what information could be more relevant to a bad faith claim?

5    ACE objects that the Request seeks information protected by the attorney-client privilege or

6  the attorney work product doctrine. HP specifically disclaims that the Request seeks documents that

7  are protected by the attorney-client and attorney work product doctrine unless and until ACE asserts

8  the advice of counsel defense in this action.

9    ACE's objection that the "request for electronically stored information is burdensome and

10  oppressive and results in unnecessary and burdensome costs of production" is unsupported in fact

11  and is not an adequate objection without specific facts supporting how the Request is burdensome.

12  A showing that discovery may involve some inconvenience and expense does not suffice to establish

13  good cause for refusing to compel disclosure. *Lehnert v. Ferris Faculty Assn-MEA-NEA,* 556 F.

14  Supp. 316, 318 (W.D. Mich. 1983). Again, ACE has provided no basis for its objection that HP's

15  Requests for electronically stored information would be unduly burdensome on ACE. Even if ACE

16  could support its "burdensome" objection, HP's substantial need for the information supports

17  compelling its production.

18    ACE further objects that HP has not specified the "form or forms in which electronically

19  stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure."

20  Rule 34 expressly provides that specification is optional and, if as here there is none, ACE must

21  produce the electronically stored documents as ordinarily maintained or in another reasonably usable

22  form. So this objection, too, lacks merit.

23    ACE's objection that the Request "seeks irrelevant information, not reasonably calculated to

24  lead to the discovery of admissible evidence to the extent the request seeks production of metadata"

25  is unsupported in law. The objection is without merit because such documents presumptively must

26  be produced with their metadata intact. *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.,* 417

27  F. Supp. 2d 1121, 1122 (N.D. Cal. 2006).

28    ACE's substantive Response is also inadequate. HP seeks responsive documents for all time

1    periods from and after February 1998.  ACE has improperly limited its response to documents

2    created, maintained or used between February 1998 through the filing of the Coverage Action

3    complaint on February 18, 1999.

4        4.    **Request for Production No. 4:**  DOCUMENTS prepared by or at the request of

5    ACE or any ACE AFFILIATES during CLAIMS HANDLING following receipt of NOTICE, at all

6    times from and after February 1998.

7        **Defendants' Response:**  Objection.  This request is compound, overbroad and seeks
     information protected by the attorney/client and or work product doctrine.  Defendant

8    also objects to this request to the extent the request for electronically stored
     information is burdensome and oppressive and results in unnecessary and

9    burdensome costs of production.  Defendant further objects to this request to the
     extent the request requires defendant to collect, process, or produce electronically

10   stored information requiring data restoration to read, file fragments, or other digital
     information and is not supported by plaintiff's substantial need for the information.

11   Defendant further objects to this request on the ground that it seeks irrelevant
     information, not reasonably calculated to lead to the discovery of admissible evidence

12   to the extent the request seeks production of metadata.  Defendant further objects to
     this request on the ground that the request fails to specify the form or forms in which

13   electronically stored information is to be produced as required by Rule 34 of the
     Federal Rules of Civil Procedure.  Defendant further objects to this request on the

14   ground that the request is compound.  Defendant further objects to this request on the
     grounds that the request is overbroad as to time.

15

16   Subject to and without waiving these objections, defendant responds as follows:  all
     non-privileged responsive documents created, maintained or used during the period

17   February 1998 through the filing of *Hewlett-Packard Company v. ACE Property &
     Casualty Insurance Company*, United States District Court, Northern District of

18   California Case No. C-99-20207-JW ("Coverage Action"), have previously been
     produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

19   **Plaintiff's Contentions:**  ACE's Response does not comply with HP's Request.  HP seeks

20   documents that embody, mention or pertain to all ACE decisions, actions or lack of action in

21   response to or as a result of any notice of HP's claim, at all times from and after February 1998.

22       ACE's objection that the Request is compound lacks legal support.  The "compound"

23   objection is meritless because there is no upper limit on the numbers of categories that may be

24   contained in a request for production or of requests that may be served in a federal lawsuit.

25       ACE's objection that the Request is overbroad is wrong.  This objection is valid only if it

26   responds to a category that is so broad that it extends to non-relevant information (e.g., not limited to

27   the events related to the complaint).  *Pulsecard, Inc. v. DiscoverCard Services, Inc.,* 168 F.R.D. 295,

28   303 (D. Kan. 1996).  Further, the "mere statement by a party that the interrogatory [or request for

1  production] was 'overly broad' . . . is not adequate to voice a successful objection." *Josephs v.*

2  *Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982)(*quoting Roesberg v. Johns-Manville Corp.,* 85

3  F.R.D. 292, 296-97 (E.D. Pa. 1980)).   Here, HP's Request seeks documents pertaining to ACE's

4  handling of HP's claim; what information could be more relevant to a bad faith claim?

5        ACE objects that the Request seeks information protected by the attorney-client privilege or

6  the attorney work product doctrine.  HP specifically disclaims that the Request seeks documents that

7  are protected by the attorney-client and attorney work product doctrine unless and until ACE asserts

8  the advice of counsel defense in this action.  ACE has provided no privilege log.

9        ACE's objection that the "request for electronically stored information is burdensome and

10  oppressive and results in unnecessary and burdensome costs of production" is unsupported in fact

11  and is not an adequate objection without specific facts supporting how the Request is burdensome.

12  A showing that discovery may involve some inconvenience and expense does not suffice to establish

13  good cause for refusing to compel disclosure.  *Lehnert v. Ferris Faculty Assn-MEA-NEA,* 556 F.

14  Supp. 316, 318 (W.D. Mich. 1983).  Again, ACE has provided no basis for its objection that HP's

15  Requests for electronically stored information would be unduly burdensome on ACE.  Even if ACE

16  could support its "burdensome" objection, HP's substantial need for the information supports

17  compelling its production.

18        ACE further objects that HP has not specified the "form or forms in which electronically

19  stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure."

20  Rule 34 expressly provides that specification is optional and, if as here there is none, ACE must

21  produce the electronically stored documents as ordinarily maintained or in another reasonably usable

22  form.  So this objection, too, lacks merit.

23        ACE's objection that the Request "seeks irrelevant information, not reasonably calculated to

24  lead to the discovery of admissible evidence to the extent the request seeks production of metadata"

25  is unsupported in law.  The objection is without merit because such documents presumptively must

26  be produced with their metadata intact.  *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.,* 417

27  F. Supp. 2d 1121, 1122 (N.D. Cal. 2006).

28        ACE's substantive Response is also inadequate.  HP seeks responsive documents for all time

1    periods from and after February 1998. ACE has improperly limited its response to documents

2    created, maintained or used between February 1998 through the filing of the Coverage Action

3    complaint on February 18, 1999.

4    **V.    CONCLUSION**

5         ACE has had more than sufficient time to respond to HP's four Requests that, together,

6    essentially seek one category of "claims file" documents that are vitally important and indispensable

7    to HP's bad faith claim. ACE's Responses are nothing more than a contrived effort to continue the

8    delay tactics used against HP since 1998. ACE has failed to fulfill its discovery obligations under

9    the Federal Rules and controlling case law and this Court should now compel ACE to immediately

10   abide by such rules. For all the foregoing reasons, HP respectfully requests that ACE be compelled

11   to produce documents responsive to HP's Requests, No.'s 1 through 4, and to amend its Responses

12   to comply with the law.

13

14   Dated: February 20, 2008                    **GAUNTLETT & ASSOCIATES**

15

16                                               By:    /s/ Kory S. Booth
                                                       James A. Lowe
17                                                     Kory S. Booth
                                                 Attorneys for Plaintiff
18                                               HEWLETT-PACKARD COMPANY

19

20

21

22

23

24

25

26

27

28