**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>　　　　Defendant. | Case No. C07 04676 JW (RSx)<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**DECLARATION OF KORY S. BOOTH IN SUPPORT OF HP'S MOTION TO COMPEL NO. 1**<br><br>Date: March 26, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom 4, 5th Floor |

I, KORY S. BOOTH, declare:

1.  I am an associate with Gauntlett & Associates and one of the attorneys for Hewlett-Packard Company ("HP"), the Plaintiff in this lawsuit.

2.  Unless stated upon information and belief, the facts set forth in this Declaration are of my own personal knowledge and I could competently testify to them if called as a witness.

3.  This Declaration is submitted with HP's Motion to Compel No. 1.

## I. STATEMENT OF RELEVANT FACTS

4.  In a related coverage lawsuit,[1] this Court ruled that ACE issued an insurance policy to HP that potentially covered antitrust counterclaims brought in an underlying lawsuit,[2] thereby triggering a duty to defend the counterclaims. This Court further held that ACE breached its duty to defend HP and determined that ACE owed reimbursement of defense expenses. On August 22, 2007, this Court entered a judgment in the Coverage Action for HP and against ACE for $28,418,671.72, plus prejudgment interest and costs. The Court has under submission a request for determination of the amount of prejudgment interest and costs.

5.  HP contends in this case that ACE also breached the implied covenant of good faith and fair dealing by unreasonably delaying payment of defense expenses from the 1998 tender to the present time and by improperly handling HP's claim for policy benefits. HP seeks to recover its costs for pursuing its contract benefits under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985) and also punitive damages.

6.  Seeking documents relevant to determine ACE's claims handling actions and to determine the reasonableness of ACE's actions, HP served ACE with its Request for Production of Documents and Electronically Stored Information, Set Two ("Requests"), on December 6, 2007. Attached hereto as **"Exhibit 100"** is a true and correct copy of HP's Requests. HP's Requests seek documents consisting of claim files and documents evidencing ACE's decisions, actions or lack of action in response to HP's claim for defense coverage of the *Nu-kote* suit. HP seeks these claims

---

[1] *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court, Northern District of California, Case No. C-99-20207-JW ("Coverage Action").

[2] *Hewlett-Packard Company v. Nu-kote International, Inc.*, U.S. District Court, Northern District of

related documents for the period of 1998 (when the Nu-kote action was tendered to the insurer) to 2008 (because ACE still delays payment of defense expenses, even after entry of a judgment for those expenses).

7.  ACE served its Response to Request for Production of Documents, Set No. Two ("Responses") to HP's Requests, on January 4, 2008. Attached hereto as **"Exhibit 101"** is a true and correct copy of ACE's Responses.

8.  ACE has produced no documents and has not identified any documents responsive to HP's Requests in this matter.

## II. HP'S MEET AND CONFER EFFORTS

9.  In an effort to meet and confer, I sent counsel for ACE (Robert J. Romero, Bradley M. Zamczyk and Erica Teagarden of Hinshaw & Culbertson, LLP and Mark Wood, John F. Daum and Steven H. Bergman of O'Melveny & Myers, LLP) a letter dated January 9, 2008, detailing HP's position concerning ACE's Responses and requesting a telephone conference on January 10 to discuss HP's objections to ACE's Responses.

10. On January 10, 2008, Mr. Zamczyk indicated he was unprepared to meaningfully discuss the disputed discovery and requested a postponement of the "meet and confer" conference until January 15, 2008. We agreed to ACE's requested postponement. On January 15, 2008, Mr. Zamczyk was unavailable and the conference was continued to January 17, 2008.

11. On January 17, 2008, James A. Lowe and I conferred with Mr. Zamczyk in an attempt to resolve this discovery dispute. Mr. Zamczyk asserted that (1) all non-privileged documents responsive to HP's Requests were previously produced in the Coverage Action, (2) that virtually all documents created on or after the filing of the Coverage Action on February 18, 1999 were privileged and would not be produced based on attorney-client privilege or attorney work product doctrine, (3) ACE does not need to produce privilege logs in this lawsuit because it would be burdensome and oppressive to require privilege logs of the voluminous documents created after February 18, 1999, (4) he would revisit HP's objections to ACE's Responses with his client and

California, Case No. C-94-20647-JW.

1  begin reviewing the more than 100,000 pages of documents that exist post-February 18, 1999 to
2  determine whether any are not subject to privilege and (5) his review to determine whether any
3  documents were not subject to privilege would require two weeks and that he would update us after
4  one week.

5      12.    On January 17, 2008, to be reasonable, HP agreed that ACE is not required to
6  produce documents previously produced in the Coverage Action *provided* ACE identifies the
7  specific Bates-stamped numbers of the documents previously produced in the Coverage Action and
8  HP's counsel is able to locate such documents. We also requested but did not receive any case
9  authority supporting ACE's positions. We explained that ACE has known of HP's intention of
10 bringing a bad faith lawsuit for years and has had more than ample time to gather its documents and
11 prepare privilege logs.

12     13.    On January 24, 2008, James A. Lowe and I met and conferred further with Mr.
13 Zamczyk. Mr. Zamczyk indicated the documents were 3,000 miles away and he would update us
14 concerning ACE's position on whether any documents were not privileged on January 25, 2008.

15     14.    On January 25, 2008, James A. Lowe and I met and conferred further with Mr.
16 Zamczyk again. We indicated ACE's failure to produce documents or adequate reasons for a delay
17 in producing documents appeared to be a delay tactic and we demanded a definitive timeline when
18 HP could expect to start seeing non-privileged documents produced on a "rolling" basis. Mr.
19 Zamczyk stated that we should just file a motion to compel because "no court will ever grant it
20 anyway." Mr. Zamczyk indicated he would inform us on January 28, 2008 whether any documents
21 would be produced by the end of January. On January 28, 2008, Mr. Zamczyk did not inform us he
22 would produce documents by the end of January, 2008.

23     15.    On February 1, 2008, James A. Lowe and I met and conferred with Messrs. Zamczyk
24 and Bergman in a final attempt to informally resolve this discovery dispute. Counsel for ACE
25 indicated they expected to start a rolling production by the end of February of whatever documents
26 they decided should be produced but could not say when ACE would complete its document
27 production because they did not know how many potentially responsive documents exist. We
28 reiterated several times that HP is willing to work with ACE to avoid unnecessary motions practice

3

DECLARATION OF KORY S. BOOTH
IN SUPPORT OF HP'S MOTION
TO COMPEL NO. 1
C07 04676 JW

10191-031-2/20/2008-159744.2

1  but only if ACE's discovery efforts are reasonable. To assess ACE's reasonableness, we requested that ACE's counsel identify *specific* efforts to comply with HP's document requests. Our questions were as follows: Where are the documents? How many locations must ACE search to obtain responsive documents? How many computers and computer systems does ACE have with responsive documents? How many documents exist? How many ACE personnel and lawyers are working on the task of complying with HP's request? How many claims files are there? **ACE refused to provide any information responsive to our questions.**

16.   On February 1, 2008, we discussed the issue of privilege logs with Messrs. Zamczyk and Bergman. ACE's counsel reiterated their intention of objecting "categorically" to all documents created after the Coverage Action was filed and would stand by their objections until a court orders otherwise.

17.   HP has repeatedly met and conferred with ACE concerning ACE's failure to adequately respond to HP's Requests and failure to produce any documents responsive to HP's Requests. HP has received nothing but vague assurances and requests for more delay. In my opinion this motion to compel was unavoidable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of February, 2008 at Irvine, California.

_____
Kory S. Booth

# EXHIBIT 100

GAUNTLETT & ASSOCIATES
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No.: C 07-04676-JW<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BY PLAINTIFF HEWLETT-PACKARD COMPANY TO DEFENDANT ACE PROPERTY AND CASUALTY INSURANCE COMPANY** |

**PROPOUNDING PARTY:**   PLAINTIFF HEWLETT-PACKARD COMPANY

**RESPONDING PARTY:**   DEFENDANT ACE PROPERTY AND CASUALTY INSURANCE COMPANY

**SET NUMBER:**   TWO

**EXHIBIT 100**

10191-031-12/6/2007-159283.1

REQUEST FOR PRODUCTION
OF DOCUMENTS SET ONE
C 07-04676 JW

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Hewlett-Packard Company requests that Defendant ACE Property and Casualty Insurance Company produce for inspection and copying all documents and electronically stored information in its possession, custody or control responsive to each of the following categories. The documents and electronically stored information shall be produced at Gauntlett & Associates, 18400 Von Karman, Suite 300, Irvine, CA 92612, and may be produced electronically via the Internet.

## I. DEFINITIONS

1. "ACE" means Defendant ACE Property and Casualty Insurance Company, formerly known as CIGNA Property and Casualty Insurance Company.

2. "ACE AFFILIATES" means ACE Limited and all subsidiaries of ACE Limited, as well as any company that owns any portion of ACE any company owned by ACE in whole or in part.

3. "HP" means Plaintiff Hewlett-Packard Company.

4. "DOCUMENTS" means any and all documents and electronically stored information within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

5. "CLAIM" means HP's claim to ACE for coverage and a defense of the counterclaims filed by NU-KOTE against HP in the NU-KOTE ACTION; ACE may or may not label such claim as number X054L561071-5.

6. "NU-KOTE ACTION" means *Hewlett-Packard Co. v. Nu-kote International, Inc.*, United States District Court, Northern District of California, Case No. C-95-2254 CW.

7. "NU-KOTE" means Nu-kote International, Inc., the defendant and counter-claimant in the NU-KOTE ACTION.

8. "CLAIMS HANDLING" means everything done by ACE or any ACE AFFILIATES in response to ACE's receipt of a claim by an insured.

9. "NOTICE" means HP's notification to ACE of the NU-KOTE ACTION.

## II. CATEGORIES OF DOCUMENTS

1. DOCUMENTS used, created or maintained by ACE in response to or as a result of any NOTICE of HP's CLAIM, at all times from and after February 1998.

2.     DOCUMENTS that embody, mention or pertain to all ACE decisions, actions or lack of action in response to or as a result of any NOTICE of HP's CLAIM, at all times from and after February 1998.

3.     DOCUMENTS that justify or support all ACE's decisions, actions or lack of action in response to or as a consequence of the NOTICE of HP's CLAIM, at all times from and after February 1998.

4.     DOCUMENTS prepared by or at the request of ACE or any ACE AFFILIATES during CLAIMS HANDLING following receipt of NOTICE, at all times from and after February 1998.

Dated: December 6, 2007

**GAUNTLETT & ASSOCIATES**

By: _____
David A. Gauntlett
James A. Lowe
Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

2

REQUEST FOR PRODUCTION
OF DOCUMENTS - SET TWO
C 07-04676 JW

10191-031-12/6/2007-159283.1

| | |
|---|---|
| RE: | *Hewlett-Packard Co. v. ACE Property and Casualty Ins. Co.* |
| VENUE: | U.S.D.C., Northern District, San Jose Division |
| CASE NO.: | 07-CV-04676 JW |

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von Karman, Suite 300, Irvine, California 92612.

On December 6, 2007, I served the foregoing document described as: **REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BY PLAINTIFF HEWLETT-PACKARD COMPANY TO DEFENDANT ACE PROPERTY AND CASUALTY INSURANCE COMPANY - SET NO. TWO** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Robert J. Romero, Esq.
HINSHAW & CULBERTSON
One California Street, 18th Floor
San Francisco, CA 94111-5401
Telephone: (415) 362-6000
Facsimile: (415) 834-9070
Email: rromero@hinshawlaw.com

*Attorneys for Defendant ACE PCIC*

[X] **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax numbers with the transmission reported as complete and without error.

[X] **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine, California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the Defendant's counsel by County Legal and Notary Services located at 255 N. Market Street, Suite 246, San Jose, California 95110.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 6, 2007, at Irvine, California.

Peggy Murray
(Print Name)                               (Signature) *Peggy Murray*

# EXHIBIT 101

MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN 151753)
ERICA TEAGARDEN (SBN 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07-04676 JW<br><br>**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION, SET NO. TWO** |

EXHIBIT
101

RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO
Case No. C07-04676 JW

1  PROPOUNDING PARTY: Plaintiff HEWLETT-PACKARD COMPANY
2  RESPONDING PARTY:    Defendant ACE PROPERTY & CASUALTY INSURANCE CO.
3  SET NUMBER:          Two
4         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant ACE
5  PROPERTY AND CASUALTY COMPANY ("defendant") hereby responds to plaintiff's
6  request for production of documents, set number one.

## GENERAL OBJECTIONS AND PRELIMINARY STATEMENT

8         1.     Defendant has not yet completed its litigation investigation, analysis, discovery
9  or trial preparation in this case.  These responses are based upon the records and information
10 presently available to defendant.  The following responses are given without prejudice to
11 defendant's right to introduce evidence of any subsequently discovered documents or facts or
12 interpretation thereof and to add to or otherwise change these responses.  These responses
13 are true and correct to defendant's best knowledge at this particular time, but they are subject
14 to correction for inadvertent errors or omissions, if any.
15        2.     Defendant's responses to these discovery requests have been prepared in full
16 compliance with Rule 34 of the Federal Rules of Civil Procedure, pursuant to a reasonable
17 and diligent search for information and documents properly requested.  Defendant objects to
18 this inspection demand to the extent it attempts to impose upon defendant additional
19 obligations not required by the Federal Rules of Civil Procedure.
20        3.     Plaintiff Hewlett Packard's First Amended Complaint for insurance bad faith
21 follows approximately nine (9) years of coverage and bad faith litigation involving the
22 precise insurance contract and documents at issue in the present bad faith case. (*Hewlett-*
23 *Packard Company v. ACE Property & Casualty Insurance Company*, United States District
24 Court, Northern District of California Case No. C-99-20207-JW, hereinafter "coverage
25 action;" and, *Hewlett-Packard Company v. Cigna Property & Casualty Insurance Company*
26 *et al.*, United States District Court, Northern District of California Case No. C-02-1847-JW,
27 hereinafter "2002 bad faith action.") During that near decade long litigation, ACE has
28 produced all non privileged documents arising from HP's 1998 tender (request for coverage)

2

RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO
Case No. C07-04676 JW

under ACE policy no. CXC 024869 for the period October 31, 1992, to October 31, 1995. HP's request to produce confirms ACE's view that HP is seeking to burden and harass ACE by asking for documents that ACE already produced years ago in the coverage action and 2002 bad faith action. This "do over" approach is plainly inappropriate and should not be permitted by this Court.

### RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

DOCUMENTS used, created or maintained by ACE in response to or as a result of any NOTICE of HP's CLAIM, at all times from and after February 1998.

**RESPONSE TO REQUEST NO. 1:**

Objection. This request is compound, overbroad, and seeks information protected by the attorney/client and or work product doctrine. Defendant also objects to this request to the extent the request for electronically stored information is burdensome and oppressive and results in unnecessary and burdensome costs of production. Defendant further objects to this request to the extent the request requires defendant to collect, process, or produce electronically stored information requiring data restoration to read, file fragments, or other digital information and is not supported by plaintiff's substantial need for the information. Defendant further objects to this request on the ground that it seeks irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence to the extent the request seeks production of metadata. Defendant further objects to this request on the ground that the request fails to specify the form or forms in which electronically stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, defendant responds as follows: all non-privileged responsive documents created, maintained or used during the period February 1998 through the filing of *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company*, United States District Court, Northern District of California Case No. C-99-20207-JW ("Coverage Action"), have previously been produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

1  **REQUEST NO. 2:**

2  DOCUMENTS that embody, mention or pertain to all ACE decisions, actions or lack of action in response to or as a result of any NOTICE of HP's CLAIM, at all times from and after February 1998.

**RESPONSE TO REQUEST NO. 2:**

Objection. This request is compound, overbroad, and seeks information protected by the attorney/client and or work product doctrine. Defendant also objects to this request to the extent the request for electronically stored information is burdensome and oppressive and results in unnecessary and burdensome costs of production. Defendant further objects to this request to the extent the request requires defendant to collect, process, or produce electronically stored information requiring data restoration to read, file fragments, or other digital information and is not supported by plaintiff's substantial need for the information. Defendant further objects to this request on the ground that it seeks irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence to the extent the request seeks production of metadata. Defendant further objects to this request on the ground that the request fails to specify the form or forms in which electronically stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure. Defendant further objects to this request on the ground that the request is compound. Defendant further objects to this request on the grounds that the request is overbroad as to time.

Subject to and without waiving these objections, defendant responds as follows: all non-privileged responsive documents created, maintained or used during the period February 1998 through the filing of *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company*, United States District Court, Northern District of California Case No. C-99-20207-JW ("Coverage Action"), have previously been produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

//
//

4

RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO
Case No. C07-04676 JW

**REQUEST NO. 3:**

DOCUMENTS that justify or support all ACE's decisions, actions or lack of action in response to or as a consequence of the NOTICE of HP's CLAIM, at all times from and after February 1998.

**RESPONSE TO REQUEST NO. 3:**

Objection. This request is compound, overbroad and seeks information protected by the attorney/client and or work product doctrine. Defendant also objects to this request to the extent the request for electronically stored information is burdensome and oppressive and results in unnecessary and burdensome costs of production. Defendant further objects to this request to the extent the request requires defendant to collect, process, or produce electronically stored information requiring data restoration to read, file fragments, or other digital information and is not supported by plaintiff's substantial need for the information. Defendant further objects to this request on the ground that it seeks irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence to the extent the request seeks production of metadata. Defendant further objects to this request on the ground that the request fails to specify the form or forms in which electronically stored information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure. Defendant further objects to this request on the ground that the request is compound. Defendant further objects to this request on the grounds that the request is overbroad as to time. Defendant further objects to this request on the ground that this request is overbroad, burdensome and oppressive to the extent it seeks a comprehensive listing of all legal authority responsive to the request.

Subject to and without waiving these objections, defendant responds as follows: all non-privileged responsive documents created, maintained or used during the period February 1998 through the filing of *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company*, United States District Court, Northern District of California Case No. C-99-20207-JW ("Coverage Action"), have previously been produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

1 **REQUEST NO. 4:**

2 DOCUMENTS prepared by or at the request of ACE or any ACE AFFILIATES
3 during CLAIMS HANDLING following receipt of NOTICE, at all times from and after
4 February 1998.

5 **RESPONSE TO REQUEST NO. 4:**

6 Objection. This request is compound, overbroad and seeks information protected by
7 the attorney/client and or work product doctrine. Defendant also objects to this request to the
8 extent the request for electronically stored information is burdensome and oppressive and
9 results in unnecessary and burdensome costs of production. Defendant further objects to this
10 request to the extent the request requires defendant to collect, process, or produce
11 electronically stored information requiring data restoration to read, file fragments, or other
12 digital information and is not supported by plaintiff's substantial need for the information.
13 Defendant further objects to this request on the ground that it seeks irrelevant information,
14 not reasonably calculated to lead to the discovery of admissible evidence to the extent the
15 request seeks production of metadata. Defendant further objects to this request on the
16 ground that the request fails to specify the form or forms in which electronically stored
17 information is to be produced as required by Rule 34 of the Federal Rules of Civil Procedure.
18 Defendant further objects to this request on the ground that the request is compound.
19 Defendant further objects to this request on the grounds that the request is overbroad as to
20 time.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

6
**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO**
Case No. C07-04676 JW

Subject to and without waiving these objections, defendant responds as follows: all non-privileged responsive documents created, maintained or used during the period February 1998 through the filing of *Hewlett-Packard Company v. ACE Property & Casualty Insurance Company*, United States District Court, Northern District of California Case No. C-99-20207-JW ("Coverage Action"), have previously been produced to plaintiff in the Coverage Action and the 2002 Bad Faith Action.

DATED: January 4, 2008

HINSHAW & CULBERTSON LLP

_____
ROBERT J. ROMERO
BRADLEY M. ZAMCZYK
ERICA L. TEAGARDEN
*ATTORNEYS FOR DEFENDANT,* ACE PROPERTY & CASUALTY INSURANCE COMPANY

2965881   813640

# PROOF OF SERVICE

**Hewlett-Packard Company v. ACE Property and Casualty Insurance Company**
United States District Court, Northern District of California,
San Jose Division, Case No. C07-04676 JW

I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

On January 4, 2008, I served the within

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION, SET TWO**

on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[x]  **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]  **(BY OVERNIGHT DELIVERY)** I deposited such envelopes to be placed for collection and handling via United Parcel Service ("UPS") following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence via UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

[ ]  **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below. The transmission was reported as complete and without error, and the transmission report attached was properly issued by the transmitting facsimile machine.

[ ]  **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

| | |
|---|---|
| James A. Lowe, Esq. | Mark Wood, Esq. |
| Gauntlett & Associates | John F. Daum, Esq. |
| 18400 Von Karman, Suite 300 | Steven H. Bergman, Esq. |
| Irvine, California 92612 | O'MELVENY & MYERS LLP |
| Tel:  (949) 553-1010 | 400 South Hope Street |
| Fax:  (949) 553-2050 | Los Angeles, California 90071-2899 |
| *Counsel for Plaintiff HEWLETT-PACKARD COMPANY* | Telephone:  (213) 430-6000 |
| | Facsimile:  (213) 430-6407 |
| | *Co-counsel for Defendant ACE* |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 4, 2008, at San Francisco, California.

_____
Cynthia M. Peña

PROOF OF SERVICE - Case No. C07-04676 JW