1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   *jal@gauntlettlaw.com*
3  Kory S. Booth (SBN 188960)
   *ksb@gauntlettlaw.com*
4  18400 Von Karman, Suite 300
   Irvine, California 92612
5  Telephone: (949) 553-1010
   Facsimile: (949) 553-2050
6
   Attorneys for Plaintiff
7  HEWLETT-PACKARD COMPANY

8

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>         Defendant. | Case No. C07 04676 JW (RS)<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**HP'S NOTICE OF MOTION AND MOTION TO COMPEL NO. 2**<br><br>Date: March 26, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom 4, 5th Floor |

10191-031-2/20/2008-160254.1                              MOTION TO COMPEL NO. 2
                                                                    C07 04676 JW

PLEASE TAKE NOTICE that on March 26, 2008 at 9:30 a.m., plaintiff Hewlett-Packard Company ("HP") will move the Court for an order compelling defendant ACE Property & Casualty Insurance Company, formerly known as Cigna Property & Casualty Insurance Company ("ACE") to produce its insurance policy in compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

ACE has failed and refused to produce its insurance policy in compliance with Federal Rule 26(a)(1)(A)(iv), stating "ACE will produce a copy of the relevant portions of the relevant policy after entry of an appropriate protective order." [**Exhibit "104"**; 4:10-11]  ACE has neither sought a protective order nor does it have any basis for one.  HP asks for an order compelling ACE to produce its entire insurance policy in compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iv).[1]

## I. HP ATTEMPTED TO INFORMALLY RESOLVE THIS DISCOVERY DISPUTE

In compliance with Federal Rule of Civil Procedure 37 and Civil L.R. 37-1, HP attempted, without success, to informally resolve the issues raised in this motion.  HP met and conferred to resolve this discovery dispute and sought to have ACE produce the insurance policy identified in its original Rule 26 Initial Disclosure [**Exhibit "103"**] and again in its Supplemental Rule 26 Initial Disclosure [**Exhibit "104"**].  The declaration of Kory S. Booth explains HP's unsuccessful efforts to persuade ACE to comply with the law and produce its insurance policy.

## II. GROUNDS SUPPORTING HP'S MOTION TO COMPEL PRODUCTION

Federal Rules of Civil Procedure 26(a) requires production of insurance policies (without the need for any formal request) and Rule 37(a)(2)(A) provides the basis for this motion to compel. Rule 26(a)(1)(A)(iv) provides:

> (A) In General.  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, **a party must**, without awaiting a discovery request, **provide** to the other parties:

> (iv) for inspection and copying as under Rule 34, **any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.** (emphasis added)

---

[1] ACE's Supplemental Initial Disclosure states that ACE agrees only to produce "relevant portions of the relevant policy." [**Exhibit 104**; 4:10]

Pursuant to stipulation the parties mutually exchanged their Rule 26 Initial Disclosures on January 11, 2008. [Booth Decl. ¶ 4] ACE's Initial Disclosure identified "an insurance program under which certain insurance business liabilities are reimbursed, subject to a Self Insured Retention of $10,000,000.00 per claim, which may apply to this matter in whole or in part." [**Exhibit "103"**; 4:9-11] However, ACE's Initial Disclosure failed to comply with Rule 26 in that it did not produce the insurance agreement "as under Rule 34." [Booth Decl. ¶ 5]

Following "meet and confer" conferences with ACE's counsel, ACE served its Supplemental Initial Disclosure on February 4, 2008. [**Exhibit "104"**; Booth Decl. ¶ 9] ACE's Supplemental Initial Disclosure identified the same insurance program and added the following language: "ACE will produce a copy of relevant portions of the relevant policy *after entry of an appropriate protective order.*" [**Exhibit "104"**; 4:10-11 (emphasis added)] However, ACE has failed to seek a protective order presumably because no good cause exists for the issuance of one. As the Ninth Circuit stated in *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (C.A.9 (Cal.) 2004):

> In general, **the party seeking a protective order for discovery materials must demonstrate that "good cause" exists for the protection of that evidence.** "Good cause" is established where it is specifically demonstrated that disclosure will cause a "specific prejudice or harm." *Phillips*, 307 F.3d at 1211-12. Courts have held that **the showing of "good cause" under Rule 26 is a heavy burden.** See *Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir.1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Phillips*, 307 F.3d at 1211-12 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992))(emphasis added).

ACE has presented *no arguments* that disclosure of its insurance policy will cause specific prejudice or harm. ACE has not even stated a single reason why a protective order should be issued, let alone sufficient evidence to overcome its "heavy burden." *Rivera*, 384 F.3d 822, 827.

ACE also cannot argue (nor has it) that its reinsurance policy should not be produced under Federal Rule 26 nor under any relevance arguments. In *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 641 (D.Kan. 2007), the court held:

> The Insurers argue that their reinsurance agreements are irrelevant. **[Rule 26] is absolute, however, and does not require any showing of relevance.** See, e.g., *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.*, 116 F.R.D. 78, 83-84 (N.D.Ill.1987) (reinsurance agreements discoverable under the rule even if they would not be otherwise discoverable)(emphasis added).

### III. CONCLUSION

ACE has failed to comply with Federal Rules of Civil Procedure 26(a)(1)(D) by refusing to produce its insurance policy to HP. Production of insurance policies is specifically mandated by Federal Rule 26. ACE has also failed to seek a protective order concerning its insurance policy presumably because ACE cannot show good cause for the issuance of such an order. HP respectfully requests that ACE be compelled to immediately produce its insurance policy required under Federal Rule 26.

Dated: February 20, 2008                            **GAUNTLETT & ASSOCIATES**

By:  /s/ Kory S. Booth
     James A. Lowe
     Kory S. Booth
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY