1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   *jal@gauntlettlaw.com*
3  Kory S. Booth (SBN 188960)
   *ksb@gauntlettlaw.com*
4  18400 Von Karman, Suite 300
   Irvine, California 92612
5  Telephone: (949) 553-1010
   Facsimile: (949) 553-2050
6
   Attorneys for Plaintiff
7  HEWLETT-PACKARD COMPANY

8

9              **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  HEWLETT-PACKARD COMPANY, a          ) Case No. C07 04676 JW (RSx)
    corporation,                        )
13                                      ) Hon. Magistrate Judge Richard Seeborg
                                        )
                Plaintiff,              )
14                                      ) **DECLARATION OF KORY S. BOOTH**
         vs.                            ) **IN SUPPORT OF HP'S MOTION TO**
15                                      ) **COMPEL NO. 2**
                                        )
16  ACE PROPERTY & CASUALTY             ) Date:  March 26, 2008
    INSURANCE COMPANY, a                ) Time:  9:30 a.m.
17  corporation,                        ) Dept.: Courtroom 4, 5th Floor
                                        )
18                Defendant.            )
                                        )
19  _____  )

20

21

22

23

24

25

26

27

28

1    I, KORY S. BOOTH, declare:

2    1.    I am an associate with Gauntlett & Associates and one of the attorneys for Hewlett-

3    Packard Company ("HP"), the Plaintiff in this lawsuit.

4    2.    Unless stated upon information and belief, the facts set forth in this Declaration are of

5    my own personal knowledge and I could competently testify to them if called as a witness.

6    3.    This Declaration is submitted with HP's Motion to Compel No. 2.

7    4.    HP and ACE Property & Casualty Insurance Company, formerly known as Cigna

8    Property & Casualty Insurance Company ("ACE"), stipulated that Federal Rule 26 Initial

9    Disclosures would be mutually exchanged on January 11, 2008.

10    5.    ACE served its Initial Disclosure on January 11, 2008.  Attached hereto as **Exhibit**

11    **"103"** is a true and correct copy of ACE's Initial Disclosure.  ACE did not serve and has not served

12    any insurance policies on HP.

13    6.    In an effort to meet and confer, I sent counsel for ACE (Robert J. Romero, Bradley

14    M. Zamczyk and Erica Teagarden of Hinshaw & Culbertson, LLP and Mark Wood, John F. Daum

15    and Steven H. Bergman of O'Melveny & Myers, LLP) a letter dated January 18, 2008, detailing

16    HP's position concerning ACE's Initial Disclosure.  I specifically informed ACE's counsel, among

17    other issues that are not addressed by HP's Motion to Compel No. 2, that Federal Rule 26 required

18    the production of the insurance policy ACE disclosed and I requested that we meet and confer to

19    discuss this issue.

20    7.    On January 25, James A. Lowe and I of Gauntlett & Associates met and conferred

21    with Bradley M. Zamczyk of Hinshaw & Culbertson, LLP, to discuss, among other issues, ACE's

22    failure to produce its insurance policy in compliance with Federal Rule 26.  Mr. Zamczyk indicated

23    he would reconsider ACE's position and let us know whether ACE would be producing a copy of its

24    insurance policy.  Mr. Zamczyk further indicated he would serve an amended disclosure on or before

25    February 1, 2008 due to issues raised by HP.

26    8.    On February 1, 2008, James A. Lowe and I of Gauntlett & Associates met and

27    conferred with Bradley M. Zamczyk of Hinshaw & Culbertson, LLP, and Steven H. Bergman of

28    O'Melveny & Myers, LLP, to discuss, among other issues, ACE's failure to comply with Federal

2

DECLARATION OF KORY S. BOOTH
IN SUPPORT OF HP'S MOTION
TO COMPEL NO. 2
C07 04676 JW

1  Rule 26 by failing to produce ACE's insurance policy.  Counsel for ACE did not indicate whether

2  they would serve the insurance policy but indicated they would serve ACE's Supplemental Initial

3  Disclosure later that day or on February 4, 2008.

4         9.     ACE served its Supplemental Initial Disclosure on February 4, 2008.  Attached hereto

5  as **Exhibit "104"** is a true and correct copy of ACE's Supplemental Initial Disclosure.  Again ACE

6  did not serve a copy of its insurance policy on HP.

7        10.    On February 14, 2008, our office sent a letter to Bradley M. Zamczyk and Steven H.

8  Bergman in a further effort to meet and confer concerning ACE's failure to produce its insurance

9  policy.  On February 15, 2008, Steven H. Bergman responded by email, indicated ACE would only

10  produce its policy as "Confidential" or "Highly Confidential" upon entry of an appropriate

11  protective order.  On February 15, 2008, our office sent Mr. Bergman an email stating that ACE has

12  not shown "good cause" for the issuance of a protective order and demanding that no later than

13  February 19, 2008, ACE inform our office that a copy of the insurance policy will be "over nighted."

14  ACE has not informed my office that a copy of the insurance policy will be provided.

15       I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct.

17       Executed this 20th day of February, 2008 at Irvine, California.

19                      Kory S. Booth

3

# EXHIBIT 103

1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone:   213-430-6000
   Facsimile:   213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN 151753)
   ERICA TEAGARDEN (SBN 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:   415-362-6000
9  Facsimile:   415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12                    UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14 HEWLETT-PACKARD COMPANY, a California )   Case No. C07-04676 JW
   corporation,                          )
15                                        )   ACE PROPERTY & CASUALTY
                  Plaintiff,              )   INSURANCE COMPANY'S RULE 26
16                                        )   INITIAL DISCLOSURE
             vs.                          )
17                                        )   Complaint Filed: September 11, 2007
   ACE PROPERTY & CASUALTY INSURANCE      )
18 COMPANY, a corporation,                )
                                          )
19                Defendant.              )
                                          )
20 ─────────────────────────────────────

21                     PRELIMINARY STATEMENT

22          Pursuant to Local Rule 16-9 of the United States District Court, Northern District Of

23 California, and Federal Rules of Civil Procedure, Rule 26(a), defendant ACE PROPERTY &

24 CASUALTY INSURANCE COMPANY ("ACE") makes its initial disclosures.

25          These disclosures are made based on information reasonably available to ACE as of the date

26 of service of this initial disclosure.  ACE's disclosures represent a good faith effort to identify

27 individuals and documents it reasonably believes are relevant to the disputed facts that are alleged in

28 the pleadings.

**EXHIBIT**

**103**

ALL-STATE LEGAL®

DEFENDANT'S RULE 26 DISCLOSURE
Case No. C07-04676 JW

1    By identifying individuals that are likely to have discoverable information relevant to the

2  disputed facts alleged in the pleadings, ACE is not representing that the identified individuals

3  necessarily possess such information.  Further by making theses disclosures, ACE does not represent

4  that it is identifying every document, tangible thing or witness that possibly is or may become

5  relevant to this lawsuit.  ACE reserves the right to object to the production of any document or

6  tangible thing identified herein on the basis of privilege, the work product doctrine, or any other

7  valid objection.  ACE further reserves the right to supplement these disclosures as the parties

8  proceed with further discovery and investigation in this case.

9    ACE's disclosures are made without waiving:

10    (1)    The right to object on the grounds of competence, privilege, relevance, hearsay, or

11  any other proper ground to the use of this information, or any purpose, in whole or in part, in any

12  subsequent proceeding in this action or any other action; and

13    (2)    The right to object on any and all grounds, at any time, to any other discovery request

14  or proceeding involving or relating to the subject matter of these disclosures.

15                    **INITIAL DISCLOSURES**

16  **I.    RULE 26(a)(1)(A)(i) INDIVIDUALS**

17    The following individuals, who can be reached through ACE's counsel, are likely to have

18  discoverable information, not subject to the attorney client privilege and/or work product doctrine,

19  which ACE may use to support its claims and defenses: (1) John Ryan; (2) Linda Thompson; (3)

20  Eugene Jenoff; (4) Mary Jane Allinder; (5) Karen Rice; (6) Marcia Nigro; (7) Gary Stevens; (8)

21  Amy Kamstra; (9) William Schuster; and, (10) individuals listed in ACE's Initial Disclosure in the

22  Coverage Action.

23    The following individuals, whose addresses are known to HP, are likely to have discoverable

24  information which ACE may use to support its claims and defenses:  (1) William MacAllister; (2)

25  Debbie Bell; (3) Raymond Jenski; (4) Mary Dawson; (5) Edward Maker; (6) Randall Newman; (7)

26  Roland Griffin; (8) Catherine Baird; (9) Jack Brigham; (10) Robert Sutis; (11) Bloor Redding; (12)

27  Niels Nielson; (13) Dana Seccombe; (14) Jeffrey Baker; (15) Robert Beauchamp; (16) John Moffatt,

28  Ph.D.; (17)  Keshava Parsad; (18) James Martin; (19) Robert Hass, Jr.; (20) Stacie Savage; (21) Ben

2

1  Wood; (22) Catherine Cleland; (23) Ronald Prevost; (24) Chuck Smith; (25) Ken Crangle; (26)

2  Steven Prosser; (27) Fung-Sun Fei; (28) Peter Ma; (29) John Dunn, Ph.D; (30) Robert Beeson; (31)

3  Alan Miksch; (32) Ray Siuta; (33) William Keller; (34) Irene Pecenco; (35) William Schafer; (36)

4  Sidney Elliot; (37) Monolo Colon Diaz; and, (38) individuals listed in HP's Initial Disclosure in the

5  Coverage Action.

6  **II.    RULE 26(a)(1)(A)(ii) DOCUMENTS**

7        Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), ACE identifies the following

8  categories of documents:

9        (1)    ACE Comprehensive General and Automobile Liability Policy: Foreign, policy

10  number CXC 024869 for the yearly periods commencing October 31, 1992, and ending October 31,

11  1995;

12        (2)    Court documents filed in connection with the Nu-kote Action;

13        (3)    Court documents filed in *Hewlett-Packard Company v. ACE Property & Casualty*

14  *Insurance Company*, United States District Court, Northern District of California Case No. C-99-

15  20207-JW ("Coverage Action");

16        (4)    CIGNA's field claim file, produced in the Coverage Action bearing Bates numbers,

17  C0002476-C0003417;

18        (5)    Hard copies of electronic file notes in the ACE claim file produced in the Coverage

19  Action bearing Bates numbers C0003418-C0003461 (with the exception of C0003438, C0003442,

20  C0003443, C0003448- C0003451, C0003455, C0003457, and C0003461);

21        (6)    Eugene Jenoff file produced in the Coverage Action bearing Bates numbers,

22  C0007692-C0008481;

23        (7)    Exhibits 1 through 98 to HP's First Amended Complaint in the present action;

24        (8)    Correspondence between ACE's coverage counsel and HP's counsel in the Coverage

25  Action through the filing of the Coverage Action;

26        (9)    Documents and electronically stored information in the custody and control of HP

27  relating to HP's tender of the Nu-kote counterclaims.

28

3

1       HP's counsel is in possession of all documents listed in categories (1)-(9) above. These

2   disclosures are based on information now reasonably available to ACE. ACE's investigation and

3   review of the allegations at issue in this action is ongoing. Therefore, ACE reserves all rights to

4   supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e).

5   **III.    RULE 26(a)(1)(A)(iii) DAMAGES**

6       ACE is not seeking any damages in this action at this time.

7   **IV.    RULE 26(a)(1)(A)(iv) INSURANCE**

8       For purposes of Rule 26 disclosure only, and without waiving any protections, privileges or

9   objections that may attach or apply under law, ACE has an insurance program under which certain

10  insurance business liabilities are reimbursed, subject to a Self Insured Retention of $10,000,000.00

11  per claim, which may apply to this matter in whole or in part.

12  DATED: January 11, 2007          HINSHAW & CULBERTSON LLP

13

14

15  ROBERT J. ROMERO
    BRADLEY M. ZAMCZYK
    ERICA TEAGARDEN

16  *Attorneys for Defendant,* ACE PROPERTY &
    CASUALTY INSURANCE COMPANY

17

18

19  2965971   813640

20

21

22

23

24

25

26

27

28

4

## PROOF OF SERVICE

*Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*
**United States District Court, Northern District of California,**
**San Jose Division, Case No. C07-04676 JW**

I am employed in the City and County of San Francisco.  I am over the age of 18 years and not a party to the within entitled action.  My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

On January 11, 2008, I served the within

**ACE PROPERTY & CASUALTY INSURANCE COMPANY'S RULE 26 INITIAL DISCLOSURE**

on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[x]   **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]   **(BY OVERNIGHT DELIVERY)** I deposited such envelopes to be placed for collection and handling via United Parcel Service ("UPS") following our ordinary business practices.  I am readily familiar with this business practice for collecting and processing correspondence via UPS.  On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

[ ]   **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below.  The transmission was reported as complete and without error, and the transmission report attached was properly issued by the transmitting facsimile machine.

[ ]   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612
Tel:    (949) 553-1010
Fax:   (949) 553-2050
*Counsel for Plaintiff HEWLETT-PACKARD COMPANY*

Mark Wood, Esq.
John F. Daum, Esq.
Steven H. Bergman, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
*Co-counsel for Defendant ACE*

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 11, 2008, at San Francisco, California.

Cynthia M. Peña

1

# EXHIBIT 104

1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California  90071-2899
4  Telephone:    213-430-6000
   Facsimile:    213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN 151753)
   ERICA TEAGARDEN (SBN 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:    415-362-6000
9  Facsimile:    415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12            UNITED STATES DISTRICT COURT

13   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14 HEWLETT-PACKARD COMPANY, a California )   Case No. C07-04676 JW
   corporation,                          )
15                                        )   **ACE PROPERTY &amp; CASUALTY
                  Plaintiff,              )   INSURANCE COMPANY'S
16                                        )   SUPPLEMENTAL RULE 26 INITIAL
        vs.                               )   DISCLOSURE**
17                                        )
   ACE PROPERTY &amp; CASUALTY INSURANCE      )   Complaint Filed:  September 11, 2007
18 COMPANY, a corporation,                )
                                          )
19                Defendant.              )
                                          )
20 _____   )

21            **PRELIMINARY STATEMENT**

22        Pursuant to Local Rule 16-9 of the United States District Court, Northern District Of

23 California, and Federal Rules of Civil Procedure, Rule 26(a), defendant ACE PROPERTY &amp;

24 CASUALTY INSURANCE COMPANY ("ACE") supplements its initial disclosures as follows.

25        These supplemental disclosures are made based on information reasonably available to ACE

26 as of the date of service of this supplemental disclosure.  ACE's supplemental disclosures represent a

27 good faith effort to identify individuals and documents it reasonably believes are relevant to the

28 disputed facts that are alleged in the pleadings.

EXHIBIT

104

ALL-STATE LEGAL®

1    By identifying individuals that are likely to have discoverable information relevant to the

2 disputed facts alleged in the pleadings, ACE is not representing that the identified individuals

3 necessarily possess such information.  Further by making theses disclosures, ACE does not represent

4 that it is identifying every document, tangible thing or witness that possibly is or may become

5 relevant to this lawsuit.  ACE reserves the right to object to the production of any document or

6 tangible thing identified herein on the basis of privilege, the work product doctrine, or any other

7 valid objection.  ACE further reserves the right to supplement these disclosures as the parties

8 proceed with further discovery and investigation in this case.

9    ACE's supplemental disclosures are made without waiving:

10    (1)    The right to object on the grounds of competence, privilege, relevance, hearsay, or

11 any other proper ground to the use of this information, or any purpose, in whole or in part, in any

12 subsequent proceeding in this action or any other action; and

13    (2)    The right to object on any and all grounds, at any time, to any other discovery request

14 or proceeding involving or relating to the subject matter of these disclosures.

15                          **SUPPLEMENTAL INITIAL DISCLOSURES**

16 **I.    RULE 26(a)(1)(A)(i) INDIVIDUALS**

17    The following individuals, who can be reached through ACE's counsel, are likely to have

18 discoverable information, not subject to the attorney client privilege and/or work product doctrine,

19 which ACE may use to support its claims and defenses:  (1) John Ryan; (2) Linda Thompson; (3)

20 Eugene Jenoff; (4) Mary Jane Allinder; (5) Karen Rice; (6) Marcia Nigro; (7) Gary Stevens; (8)

21 Amy Kamstra; (9) William Schuster; (10) Gary Stevens; (11) Karen Finzio; (12) Mark Goracy; (13)

22 Virginia Lloyd; (14) Karen Sothern; (15) Michael McGeegan; and, (16) Richard David.

23    The following individuals, whose addresses are known to HP, are likely to have discoverable

24 information which ACE may use to support its claims and defenses:  (1) William MacAllister; (2)

25 Debbie Bell; (3) Raymond Jenski; (4) Mary Dawson; (5) Edward Maker; (6) Randall Newman; (7)

26 Roland Griffin; (8) Catherine Baird; (9) Jack Brigham; (10) Robert Sutis; (11) Bloor Redding; (12)

27 Dana Seccombe; (13) James Martin; (14) Chuck Smith; (15) Ken Crangle; (16) HP's attorneys in the

28 Nu-kote action; (17) Nu-kote's attorneys in the Nu-kote action; and, (19) potential former and

1    current employees of HP and Nu-kote with knowledge of Nu-kote's injuries allegedly caused by

2    HP's advertising in the Nu-kote action, and/or knowledge of HP's advertising at issue in the Nu-kote

3    action.

4    **II.      RULE 26(a)(1)(A)(ii) DOCUMENTS**

5           Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), ACE identifies the following

6    categories of documents:

7           (1)      ACE Comprehensive General and Automobile Liability Policy: Foreign, policy

8    number CXC 024869 for the yearly periods commencing October 31, 1992, and ending October 31,

9    1995;

10          (2)      Court documents filed in connection with the Nu-kote Action;

11          (3)      Court documents filed in *Hewlett-Packard Company v. ACE Property & Casualty*

12   *Insurance Company*, United States District Court, Northern District of California Case No. C-99-

13   20207-JW ("Coverage Action");

14          (4)      CIGNA's field claim file, produced in the Coverage Action bearing Bates numbers,

15   C0002476-C0003417;

16          (5)      Hard copies of electronic file notes in the ACE claim file produced in the Coverage

17   Action bearing Bates numbers C0003418-C0003461 (with the exception of C0003438, C0003442,

18   C0003443, C0003448- C0003451, C0003455, C0003457, and C0003461);

19          (6)      Eugene Jenoff file produced in the Coverage Action bearing Bates numbers,

20   C0007692-C0008481;

21          (7)      Exhibits 1 through 98 to HP's First Amended Complaint in the present action;

22          (8)      Correspondence between ACE's coverage counsel and HP's counsel in the Coverage

23   Action through the filing of the Coverage Action;

24          (9)      Documents and electronically stored information in the custody and control of HP

25   relating to HP's tender of the Nu-kote counterclaims.

26          HP's counsel is in possession of all documents listed in categories (1)-(9) above. These

27   disclosures are based on information now reasonably available to ACE.  ACE's investigation and

28

3

1   review of the allegations at issue in this action is ongoing.  Therefore, ACE reserves all rights to

2   supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e).

3   **III.     RULE 26(a)(1)(A)(iii) DAMAGES**

4          ACE is not seeking any damages in this action at this time.

5   **IV.     RULE 26(a)(1)(A)(iv) INSURANCE**

6          For purposes of Rule 26 disclosure only, and without waiving any protections, privileges or

7   objections that may attach or apply under law, ACE has an insurance program under which certain

8   insurance business liabilities are reimbursed, subject to a Self Insured Retention of $10,000,000.00

9   per claim, which may apply to this matter in whole or in part.

10          ACE will produce a copy of the relevant portions of the relevant policy after entry of  an

11  appropriate protective order.

12  DATED:  February 4, 2008                    HINSHAW & CULBERTSON LLP

13

14

15                                              BRADLEY M. ZAMCZYK
                                                *ATTORNEYS FOR DEFENDANT*, ACE PROPERTY &
16                                              CASUALTY INSURANCE COMPANY

17

18  2967396  813640

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

***Hewlett-Packard Company v. ACE Property and Casualty Insurance Company***
**United States District Court, Northern District of California,**
**San Jose Division, Case No. C07-04676 JW**

I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

On February 4, 2008, I served the within

**ACE PROPERTY & CASUALTY INSURANCE COMPANY'S SUPPLEMENTAL RULE 26 INITIAL DISCLOSURE**

on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[x]    **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]    **(BY OVERNIGHT DELIVERY)** I deposited such envelopes to be placed for collection and handling via United Parcel Service ("UPS") following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence via UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

[ ]    **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below. The transmission was reported as complete and without error, and the transmission report attached was properly issued by the transmitting facsimile machine.

[ ]    **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

| | |
|---|---|
| James A. Lowe, Esq. | Mark Wood, Esq. |
| Gauntlett & Associates | John F. Daum, Esq. |
| 18400 Von Karman, Suite 300 | Steven H. Bergman, Esq. |
| Irvine, California 92612 | O'MELVENY & MYERS LLP |
| Tel:    (949) 553-1010 | 400 South Hope Street |
| Fax:   (949) 553-2050 | Los Angeles, California  90071-2899 |
| *Counsel for Plaintiff HEWLETT-PACKARD* | Telephone:    (213) 430-6000 |
| *COMPANY* | Facsimile:    (213) 430-6407 |
| | *Co-counsel for Defendant ACE* |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 4, 2008, at San Francisco, California.

Cynthia M. Peña

1