**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

**HINSHAW & CULBERTSON, LLP**
Robert J. Romero (SBN 136539)
*rromero@hinshawlaw.com*
Bradley M. Zamczyk (SBN 151753)
*bzamczyk@hinshawlaw.com*
One California Street
18th Floor
San Francisco, California 94111
Telephone:    (415) 362-6000
Facsimile:    (415) 834-9070

[AND OTHER COUNSEL AS SET FORTH
ON THE SIGNATURE PAGE]

Attorneys for Defendant ACE PROPERTY
& CASUALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>                    Defendant. | Case No. C07 04676 JW (RSx)<br><br>Hon. Judge James Ware<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    March 10, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom 8, 4th Fl. |

1

10191-031-2/29/2008-159145.3

1    Pursuant to Federal Rules of Civil Procedure, Rule 16, Civil L.R. 16-10(b) and this Court's
2    Standing Order Re: Contents of Joint Case Management Statement, Plaintiff HEWLETT-
3    PACKARD COMPANY ("HP") and defendant ACE PROPERTY & CASUALTY INSURANCE
4    COMPANY ("ACE") submit this Joint Case Management Statement and request the Court to adopt
5    its contents for the Case Management Order in this case.

6    **JOINT CASE MANAGEMENT STATEMENT**

7    **I.    JURISDICTION AND SERVICE**

8    <u>Jurisdiction</u>:  Pursuant to 28 U.S.C. § 1332(a)(1), this court has jurisdiction over this case
9    because HP and ACE (collectively, the "Parties") are citizens of different states and the amount in
10   controversy in this action exceeds $75,000.00.

11   This court has personal jurisdiction over ACE because ACE does business in the State of
12   California and has continuous and systematic business dealings within this District.  ACE has agreed
13   to appear in this case and has conceded personal jurisdiction.  No issues exist regarding personal
14   jurisdiction.

15   Pursuant to 28 U.S.C. § 1391(a), venue is proper in this court because a substantial part of
16   the events or omissions giving rise to HP's claim occurred in this judicial district.  No issues exist
17   regarding venue.

18   <u>Service</u>:  ACE has been served with HP's summons and complaint, and with HP's First
19   Amended Complaint.  No other parties remain to be served.

20   **II.    FACTS**

21   ACE issued an insurance policy to HP.  In a related coverage lawsuit,[1] this Court ruled that
22   ACE breached its duty to defend HP against a counterclaim in an underlying suit also tried by this
23   Court.[2]  On August 22, 2007, this Court entered a multi-million dollar judgment in the coverage suit
24   for HP and against ACE.

25   / / /

---

[1] *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court, Northern District of California, Case No. C-99-20207-JW ("Coverage Action").

[2] *Hewlett-Packard Company v. Nu-kote International, Inc.*, U.S. District Court, Northern District of California, Case No. C-94-20647-JW.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
C 07-04676 JW (RSx)

10191-031-2/29/2008-159145.3

In this case, HP contends that ACE breached its implied covenant of good faith and fair dealing by unreasonably failing to properly investigate and respond to HP's claim arising from the *Nu-kote* suit and HP's request for a defense, and by unreasonably failing to pay and delaying payment of policy benefits to HP.  HP seeks (among other things) the recovery of its attorneys' fees and expenses incurred in obtaining judgment in the coverage lawsuit plus punitive damages.  ACE denies HP's allegations and any liability to HP.

HP contends the principal disputed factual issues include:

1. Whether ACE unreasonably handled HP's claim.

2. Whether ACE unreasonably delayed and failed to pay policy benefits to HP.

3. The amount of any general and compensatory damages to which HP is entitled.

4. Whether ACE acted toward HP with malice, fraud or oppression.

5. The amount of punitive damages that should be awarded.

ACE contends the principal disputed factual issues include:

1. Whether HP complied with its obligations under the policy.

## III.  LEGAL ISSUES

The principal disputed legal issues include:

1. Whether ACE reasonably handled HP's claim, including full inquiry into all possible grounds that might support the claim (*Egan v. Mutual of Omaha Ins. Co.,* 24 Cal. 809, 819 (1979));

2. Whether ACE's failure to pay policy benefits was unreasonable in light of the facts known or available to ACE (*Mariscal v. Old Republic Life Ins. Co.*, 42 Cal. App. 4th 1617, 1623 (1996));

3. Whether ACE unreasonably delayed in paying, and denied, policy benefits, including after ACE's duty to defend HP was judicially established in the coverage lawsuit (*Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152 (9th Cir. (Cal.) 2002));

4. Whether ACE committed "bad faith" as a matter of law (*Silberg v. California Life Ins. Co.,* 11 Cal.3d 452, 521 P.2d 1103 (Cal. 1974);

/ / /

/ / /

3

5.    Whether and to what extent HP is entitled to compensatory damages (including HP's coverage lawsuit fees and expenses pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985)) from ACE;

6.    HP contends it is an issue whether ACE's defense in the coverage lawsuit was based in good faith and on reasonable grounds so that there was a "genuine dispute" between ACE and HP concerning ACE's duty to defend (*Century Surety Co. v. Polisso*, 139 Cal. App. 4th 922, 951 (2006)). ACE contends it is an issue whether there was a good faith dispute over HP's entitlement to coverage for the Nu-kote claims under the ACE policy (*Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653 (9th Cir. 1994));

7.    Whether HP's claims are barred by the litigation privilege as defined by California Civil Code 47(b) (*Silberg v. Anderson*, 50 Cal.3d 205 (1990); Morales v. Cooperative of American Physicians, Inc, 180 F.3d 1060 (9th Cir. 1999));

8.    Whether HP's claims are barred by any statute of limitations (Code of Civil Procedure Section 339(1); *Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal.3d 1072 (1991); *Archdale v. Am. Intern. Specialty Lines Ins. Co.*, 154 Cal.App.4th 449 (2007));

9.    Whether ACE's handling of HP's claim and failure to pay policy benefits constituted malice, fraud or oppression, as defined by California Civil Code Section 3294, by an officer, director or managing agent of ACE; and

10.    Whether HP is entitled to punitive damages from ACE as allowed by California Civil Code Section 3294.

## IV.    MOTIONS

Pursuant to ADR L.R. 3-3(c), the parties jointly requested and obtained relief from the Court's referral to the ADR Multi-Option Program.

ACE filed a motion to dismiss HP's first amended complaint on December 17, 2007. ACE's motion to dismiss is scheduled for hearing on March 10, 2008.

HP filed two motions to compel production on February 20, 2008. HP's motions to compel are scheduled for hearing before Magistrate Judge Richard Seeborg on March 26, 2008.

The parties expect that further motions to compel will be necessary.

1    The parties expect that motions for summary judgment may be necessary.

2    ACE is contemplating appropriate action in light of the pending appeal in the Coverage

3 Action and may file a Motion to Stay the present action pending appeal of the Coverage Action.

4 **V.    AMENDMENT OF PLEADINGS**

5    HP filed a first amended complaint on November 19, 2007.  Any motion to add parties or

6 amend pleadings will be made by April 30, 2008.

7 **VI.    EVIDENCE PRESERVATION**

8    The parties have discussed evidence preservation.  By letter of October 11, 2007, HP's

9 counsel informed ACE's counsel of ACE's obligation to preserve electronically stored information.

10 By letter of November 19, 2007, HP's counsel informed ACE's counsel of ACE's obligation to

11 preserve documents and information, paper or electronic.  Counsel for HP and ACE have

12 additionally discussed the preservation of documents and electronically stored information including

13 during the initial meeting of counsel held on December 6, 2007.

14 **VII.    DISCLOSURES**

15    The parties served disclosures required by Federal Rules of Civil Procedure, Rule 26, on

16 January 11, 2008.  HP has filed a motion to compel production of the insurance policy listed in

17 ACE's disclosure.  The motion is currently pending before Magistrate Judge Richard Seeborg.  ACE

18 contends the motion is unnecessary and without merit.

19 **VIII.    DISCOVERY**

20    HP has propounded three sets of interrogatories, three sets of requests for admission and 16

21 sets of requests for production of documents.  HP has filed two motions to compel production

22 currently pending before Magistrate Judge Richard Seeborg.  ACE contends the discovery motions

23 are unnecessary and without merit.

24    ACE has propounded one set of interrogatories, one set of requests for admission and three

25 sets of requests for production of documents.  HP has produced some documentation to ACE.

26    The parties have not been able to schedule depositions yet.  The parties further anticipate that

27 each side will serve additional written and document discovery and take percipient witness and

28 expert witness depositions.  The parties do not believe that discovery should be conducted in phases

1   or limited to or focused only upon particular issues.

2        The parties do not presently propose any other modifications of the discovery requirements

3   of the Federal Rules or of this Court's Local Rules.

4   **IX.    CLASS ACTIONS**

5        Not applicable.

6   **X.    RELATED CASES**

7        Other than stated in Section II above and with respect to appeals from the judgment entered

8   in the above-identified coverage lawsuit, there are no related cases.

9   **XI.    RELIEF**

10       HP seeks compensatory damages ("*Brandt*" fees) in excess of $11,000,000, to be calculated

11  as the attorneys' fees and expenses that HP incurred in the Coverage Action.  HP also seeks punitive

12  damages in an amount to be proved at trial and sufficient to punish and make an example of ACE.

13       ACE does not seek damages.

14  **XII.    SETTLEMENT AND ADR**

15       The parties requested and obtained relief from the ADR program pursuant to ADR L.R. 3-

16  3(c).

17  **XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

18       The parties do not consent to the assignment of this case to a United States Magistrate Judge

19  for Trial.

20  **XIV.    OTHER REFERENCES**

21       The parties do not presently believe this case is suitable for reference to binding arbitration, a

22  special master or to the Judicial Panel on Multidistrict Litigation.

23  **XV.    NARROWING OF ISSUES**

24       The parties have yet to identify issues that can be narrowed by agreement or by motion for

25  purposes of trial.

26  **XVI.    EXPEDITED SCHEDULE**

27       The factual and legal issues in this insurance bad faith case are sufficiently complex that this

28  case should not be handled on an expedited basis with streamlined procedures.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
C 07-04676 JW (RSx)

10191-031-2/29/2008-159145.3

## XVII. SCHEDULING

Counsel for the parties have spent significant time discussing the anticipated substantial scope of discovery necessary to prepare this matter for trial. The parties ask the Court to consider the following factors in determining an appropriate Scheduling Order:

1.     This "bad faith" lawsuit necessarily involves facts concerning ACE's handling of the HP claim for nearly ten years and involves numerous individuals located throughout the country and many of whom no longer work for ACE. Additionally, HP personnel involved with this claim have retired.

2.     HP and ACE have numerous computers and IT systems distributed throughout the country and that may cause additional time to obtain all the necessary documents and information.

3.     HP has two motions to compel production pending before Magistrate Judge Richard Seeborg. The parties expect that additional discovery motions will be necessary.

4.     ACE's trial counsel, Robert J. Romero, has trials scheduled as follows: (1) June 2, 2008; (2) July 7, 2008; (3) August 4, 2008; (4) September 2, 2008 and (5) May 4, 2009.

5.     ACE's trial counsel, Steven H. Bergman, has a trial scheduled as follows: (1) June 1, 2009;

**The parties propose the following Scheduling Order:**

1.     Fact discovery cut-off date of December 12, 2008.

2.     Expert designations and reports shall be exchanged between the parties by January 16, 2009 together with production, without formal discovery request, of all materials considered by an expert that have not previously been produced in discovery.

3.     Expert discovery cut-off of February 27, 2009.

4.     Dispositive motions to be filed on March 30, 2009, oppositions to be filed on April 20, 2009, replies to be filed on May 4, 2009, and motions to be heard on May 18, 2009.

5.     Preliminary Pretrial Conference Statements and Motions in Limine to be filed on August 14, 2009.

6.     Pretrial Conference on September 1, 2009.

7.     Trial on September 15, 2009.

10191-031-2/29/2008-159145.3

1   **XVIII. TRIAL**

2       The Plaintiff has requested a trial by jury.  The parties estimate that trial will require between

3   fifteen (15) and twenty-five (25) court days.

4   **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

5       The parties have filed the "Certification of Interested Entities or Persons" required by Civil

6   L. R. 3-16.  Other than the named parties to this action, there are no other interests to report.

7       / / /

8       / / /

9       / / /

10      / / /

11      / / /

12      / / /

13      / / /

14      / / /

15      / / /

16      / / /

17      / / /

18      / / /

19      / / /

20      / / /

21      / / /

22      / / /

23      / / /

24      / / /

25      / / /

26      / / /

27

28

8

10191-031-2/29/2008-159145.3

1  **XX.    OTHER MATTERS TO FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

2

3        The parties are not presently aware of anything that would further facilitate the just, speedy

4   and inexpensive disposition of this case.

5

6   Dated: February 29, 2008                   **GAUNTLETT & ASSOCIATES**

7

8                                              By:   /s/ James A. Lowe
                                                      David A. Gauntlett
9                                                     James A. Lowe
                                                      Andrew M. Sussman
10                                                    Kory S. Booth
                                                Attorneys for Plaintiff
11                                              HEWLETT-PACKARD COMPANY

12

13  Dated: February 29, 2008                   **HINSHAW & CULBERTSON, LLP**

14

15                                             By:   /s/ Robert J. Romero
                                                      Robert J. Romero
16                                                    Bradley M. Zamczyk
                                                Attorneys for Defendant
17                                              ACE PROPERTY & CASUALTY
                                                INSURANCE COMPANY
18

19                                             **O'MELVENY & MYERS, LLP**
                                                Mark Wood (SBN 41640)
20                                              John F. Daum (SBN 118453)
                                                Steven H. Bergman (SBN 180542)
21                                              400 South Hope Street
                                                Los Angeles, California  90071-2899
22                                              Telephone:    (213) 430-6000
                                                Facsimile:    (213) 430-6407
23

24  PURSUANT TO STIPULATION AND AS MODIFIED BY THE COURT, IT IS SO ORDERED:

25

26  Dated: _____              _____

27                                              **Hon. James Ware**
                                                **United States District Judge**
28

10191-031-2/29/2008-159145.3