1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: 213-430-6000
   Facsimile: 213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN: 151753)
   ERICA TEAGARDEN (SBN: 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone: 415-362-6000
9  Facsimile: 415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12                    UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 14  HEWLETT-PACKARD COMPANY, a California corporation, | Case No. C07-04676 JW |
| 15        Plaintiff, | Hon. Magistrate Judge Richard Seeborg |
| 16    vs. | ACE'S OPPOSITION TO HP'S MOTION TO COMPEL NO. 2 |
| 17  ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation, | DATE: March 26, 2008 |
| 18        Defendant. | TIME: 9:30 a.m. |
| 19 | DEPT: Courtroom 4, 5th Floor |

1

## I. INTRODUCTION

Hewlett-Packard Company's ("HP") motion to compel discovery of a Liability Policy (the "Policy") that ACE Property & Casualty Insurance Company obtained from a third-party insurer should be denied. The motion is unnecessary, inappropriate, and misstates the nature of the dispute over the Policy. Contrary to HP's contention, ACE is ready and willing to produce a copy of the Policy. That is not the issue. HP has not received the Policy because it refused to stipulate to the model Protective Order generally used in the Northern District of California prior to the production of confidential documents in litigation.

It is not clear why HP opposes the efficient management of this case. HP's refusal to stipulate to a Protective Order appears to be focused on ACE's Policy rather than the litigation as a whole. However, the existence and terms of the Policy are not publicly available information. As such, the Policy is confidential commercial information that is entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). The bigger issue, however, is that a Protective Order should be in place prior to a large scale document production in which both parties anticipate the production of confidential documents.

## II. ACE ATTEMPTED TO INFORMALLY RESOLVE THIS DISCOVERY DISPUTE

ACE attempted, without success, to informally resolve the issues raised in this motion. In a February 14, 2008 email, ACE requested that HP stipulate to the model Protective Order generally used in the Northern District of California. *See* Zamczyk Decl. ¶ 3 & Ex. 1. HP refused, made a number of unfounded accusations, and subsequently filed this unnecessary motion to compel.

After HP filed its motion to compel, ACE again requested that HP stipulate to the model Protective Order. *See* Zamczyk Decl. ¶ 4 & Ex. 2. However, HP continues to refuse to stipulate to the model Protective Order, and makes the incongruous demand that ACE produce its policy before HP will even consider stipulating to a protective order. *See* Zamczyk Decl. ¶ 5 & Ex. 3, p. 1. The declaration of Bradley M. Zamczyk explains ACE's unsuccessful efforts to persuade HP to stipulate to the model Protective Order.

III. **LEGAL ARGUMENT**

    A.    **Federal Rule 26(c) Supports ACE's Request for a Protective Order**

A district court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F.Supp.2d 83, 86 (D.D.C. 2005). Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable. Fed. R. Civ. P. 26(b). That principle, however, is subject to limitation.

After a showing of good cause, a district court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)). The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera*, 364 F.3d at 1063-64 (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Rivera*, 364 F.3d at 1063-64 (citation omitted).

HP's reliance on the **dissent** in *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004) for its argument that ACE has not met its "heavy burden" to warrant a protective order is inapposite. There, the dissent argued for a "heavy burden" because the lawsuit concerned matters of public importance, *i.e.*, matters that are intuitively public such as civil rights and immigration weigh more heavily in favor of public disclosure. *See e.g., Rivera*, 384 F.3d at 835 (dissenting opinion that the lower court's protective order allowing plaintiffs to refuse to answer questions regarding their immigration status in a Title VII national origin discrimination would corrupt the administration of our civil rights statutes). The dissent's public importance rationale, relied on by HP, does not apply to the production of ACE's own insurance policy in this bad faith action. ACE need only show harm or prejudice resulting from the discovery at issue, a showing ACE makes below.

### B. ACE Has Shown Good Cause for its Requested Protective Order

A finding of "good cause" to issue a protective order depends on the facts of the case. Here, a Protective Order is necessary to prevent the harm or prejudice that would result from the discovery of commercial, financial, trade secret, and/or business information that is subject to abuse if widely disseminated or used for purposes other than this litigation. Federal Rule 26(c) specifically provides for this scenario:

> Upon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way....

Fed. R. Civ. P. 26(c), 26(c)(1)(G).

In a reasonable attempt to resolve this discovery dispute, ACE has requested that HP stipulate to the model Protective Order set forth on the Northern District of California's website, and that upon entry of that Protective Order, ACE will produce the policy. *See* Zamczyk Decl. ¶¶ 3, 5 & Exhs. 1, 2. ACE has raised the issue of a Protective Order at this time because the Policy is the first, but certainly not the last, document of a confidential nature that will be produced in this litigation. Rather than engage in unnecessary motion practice over each and every document of a confidential nature, it is both efficient and necessary that an appropriate Protective Order be entered at this time.

Agreeing to a Protective Order will not prejudice HP. To the contrary, it will protect any confidential or highly confidential material that HP will produce as well. And, with respect to ACE's own insurance coverage, ACE's designation of the Policy as "confidential" will not affect HP in any way.

//

//

## IV. CONCLUSION

HP's motion to compel should be denied. ACE has agreed to produce its Policy subject to the model Protective Order set forth on the Northern District of California's website.

DATED: March 5, 2008

Respectfully submitted,

MARK WOOD
JOHN F. DAUM
STEVEN H. BERGMAN
O'MELVENY & MYERS LLP

ROBERT J. ROMERO
BRADLEY M. ZAMCZYK
ERICA L. TEAGARDEN
HINSHAW & CULBERTSON LLP

By: *[signature]*
BRADLEY M. ZAMCZYK

*Attorneys for Defendant,* ACE PROPERTY & CASUALTY INSURANCE COMPANY

2968657  813640