1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California  90071-2899
4  Telephone:  213-430-6000
   Facsimile:   213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN: 151753)
   ERICA TEAGARDEN (SBN: 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:   415-362-6000
9  Facsimile:   415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12              **UNITED STATES DISTRICT COURT**

13 **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14 HEWLETT-PACKARD COMPANY, a          ) Case No. C07-04676 JW
   California corporation,             )
15                                     ) **DECLARATION OF**
                                       ) **BRADLEY M. ZAMCZYK IN**
16            Plaintiff,               ) **OPPOSITION TO HP'S MOTION TO**
                                       ) **COMPEL NO. 2**
17     vs.                             )
                                       ) Time:   9:30 a.m.
18 ACE PROPERTY & CASUALTY             ) Date:   March 26, 2008
   INSURANCE COMPANY, a corporation,   ) Place:  Courtroom 4
19                                     )
             Defendant.                )
20                                     )
                                       )
21                                     )
                                       )
22 ─────────────────────────────────

23

24

25

26

27

28

                              1

I, BRADLEY M. ZAMCZYK, declare:

1.    I am a partner at the law firm of Hinshaw & Culbertson LLP, counsel of record for defendant ACE Property & Casualty Insurance Company ("ACE") in this action.

2.    Unless stated upon information and belief, the facts set forth in this Declaration are of my own personal knowledge and I could competently testify to them if called as a witness.

3.    ACE attempted, without success, to informally resolve the issues raised in HP's Motion to Compel No 1, seeking production of a Liability Policy that ACE obtained from a third party.  In a February 15, 2008 email, ACE requested that HP stipulate to the model Protective Order generally used in the Northern District of California.  Attached hereto as Exhibit 1 is a true and correct copy of Steven Bergman's February 15, 2008 email to Jim Lowe.

4.    After HP filed its motion to compel, ACE again requested that HP stipulate to the model Protective Order.  Attached hereto as Exhibit 2 is a true and correct copy of Steven Bergman's March 3, 2008 letter to Jim Lowe.

5.    However, HP continues to refuse to stipulate to the model Protective Order, and makes the incongruous demand that ACE produce its policy before HP will even consider stipulating to a protective order. Attached hereto as Exhibit 3 is a true and correct copy of Jim Lowe's March 5, 2008 letter to Steven Bergman.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 5th day of March, 2008.

BRADLEY M. ZAMCZYK

2968651  813640

DECLARATION OF BRADLEY M. ZAMCZYK
Case No. C07-04676 JW



**"Bergman, Steven"**
**<SBergman@OMM.com>**
02/15/2008 01:04 AM

To  "Lowe, James A." <JAL@gauntlettlaw.com>,
    bzamcyk@hinshawlaw.com

cc  rromero@hinshawlaw.com, eteagarden@hinshawlaw.com,
    "Wood, Mark" <MWood@OMM.com>, "Daum, John"
    <JDaum@OMM.com>

bcc

Subject  RE: HP v. ACE, 10191.031, ACE's failure to disclose
         insurance policy required by Rule 26

Jim,

ACE is not refusing to produce its insurance policy. To the contrary, we are ready to produce the policy. However, the existence and the terms of the policy are confidential and consist of private ACE information. As such, ACE will be designating the policy as either "Confidential" or "Highly Confidential" and will produce it upon entry of an appropriate Protective Order in the action. In this regard, attached please find a draft Stipulation and [Proposed] Protective Order. This Stipulation and [Proposed] Protective Order is the model Protective Order (without Section 7.4) from the Northern District of California's website. If this is acceptable to Hewlett-Packard, please provide me with your consent to add your electronic signature to the Stipulation, I will add the attestation under General Order No. 45.X.B and will promptly file the Stipulation and [Proposed] Protective Order so that it can be entered by the Court. Once entered, ACE can produce the policy pursuant to the terms of the Protective Order.

Unless HP objects to the entry of the model Protective Order from the N.D. Cal. website, there is no need to meet and confer at 9:00 a.m. as you demanded. If you have any questions, please let us know.

Steven H. Bergman
O'Melveny & Myers
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-7628
Facsimile: (213) 430-6407
sbergman@omm.com
*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lowe, James A. [mailto:JAL@gauntlettlaw.com]



EXHIBIT __

**Sent:** Thursday, February 14, 2008 2:17 PM
**To:** bzamczyk@hinshawlaw.com; Bergman, Steven
**Cc:** rromero@hinshawlaw.com; eteagarden@hinshawlaw.com; Wood, Mark; Daum, John
**Subject:** HP v. ACE, 10191.031, ACE's failure to disclose insurance policy required by Rule 26
**Importance:** High

Gentlemen,

    Attached is my letter demanding immediate production of ACE's insurance agreement disclosed in its Rule 26 initial disclosures but not provided. Although we have met and conferred about this policy repeatedly, and although ACE has previously promised to provide it, ACE now improperly refuses to do so.

    You are invited to meet and confer one last time, **tomorrow morning at 9:00 AM** before we file a motion to compel.


James A. Lowe, Esq.
Gauntlett & Associates

Gauntlett & Associates

(949) 553-1010

(949) 553-2050 FAX

This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us.  Stipulation and [Proposed] Protective Order.pdf

1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California  90071-2899
4  Telephone:   213-430-6000
   Facsimile:    213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN: 151753)
   ERICA TEAGARDEN (SBN: 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:   415-362-6000
9  Facsimile:    415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12                 **UNITED STATES DISTRICT COURT**

13       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14 HEWLETT-PACKARD COMPANY, a          ) Case No. C07-04676 JW
   California corporation,             )
15                                     ) **STIPULATION AND [PROPOSED]**
                  Plaintiff,           ) **PROTECTIVE ORDER**
16                                     )
         vs.                           )
17                                     )
   ACE PROPERTY & CASUALTY             )
18 INSURANCE COMPANY, a corporation,   )
                                       )
19                Defendant.           )
                                       )
20 _____ )

21

22 1.    <u>PURPOSES AND LIMITATIONS</u>

23        Disclosure and discovery activity in this action are likely to involve production of

24 confidential, proprietary, or private information for which special protection from public

25 disclosure and from use for any purpose other than prosecuting this litigation would be

26 warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

27 following Stipulated Protective Order.  The parties acknowledge that this Order does not

28 confer blanket protections on all disclosures or responses to discovery and that the protection

                                        1

1   it affords extends only to the limited information or items that are entitled under the

2   applicable legal principles to treatment as confidential.  The parties further acknowledge, as

3   set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to

4   file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

5   must be followed and reflects the standards that will be applied when a party seeks

6   permission from the court to file material under seal.

7   2.    <u>DEFINITIONS</u>

8          2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

9   employees, consultants, retained experts, and outside counsel (and their support staff).

10         2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

11  medium or manner generated, stored, or maintained (including, among other things,

12  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

13  responses to discovery in this matter.

14         2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

15  generated, stored or maintained) or tangible things that qualify for protection under standards

16  developed under F.R.Civ.P.  26(c).

17         2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

18  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

19  non-party would create a substantial risk of serious injury that could not be avoided by less

20  restrictive means.

21         2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

22  Producing Party.

23         2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

24  Material in this action.

25         2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items

26  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

27  Confidential — Attorneys' Eyes Only."

28

LA2:854493.1

1  2.8  Protected Material: any Disclosure or Discovery Material that is designated as

2  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3  2.9  Outside Counsel: attorneys who are not employees of a Party but who are

4  retained to represent or advise a Party in this action.

5  2.10  House Counsel: attorneys who are employees of a Party.

6  2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as

7  their support staffs).

8  2.12  Expert: a person with specialized knowledge or experience in a matter

9  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

10  witness or as a consultant in this action and who is not a past or a current employee of a

11  Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to

12  become an employee of a Party or a competitor of a Party's. This definition includes a

13  professional jury or trial consultant retained in connection with this litigation.

14  2.13  Professional Vendors: persons or entities that provide litigation support

15  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

16  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

17  subcontractors.

18  3.  SCOPE

19  The protections conferred by this Stipulation and Order cover not only Protected

20  Material (as defined above), but also any information copied or extracted therefrom, as well

21  as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

22  presentations by parties or counsel to or in court or in other settings that might reveal

23  Protected Material.

24  4.  DURATION

25  Even after the termination of this litigation, the confidentiality obligations imposed by

26  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

27  court order otherwise directs.

28

3

1  5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

3  Party or non-party that designates information or items for protection under this Order must

4  take care to limit any such designation to specific material that qualifies under the

5  appropriate standards.  A Designating Party must take care to designate for protection only

6  those parts of material, documents, items, or oral or written communications that qualify —

7  so that other portions of the material, documents, items, or communications for which

8  protection is not warranted are not swept unjustifiably within the ambit of this Order.

9        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

10 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

11 unnecessarily encumber or retard the case development process, or to impose unnecessary

12 expenses and burdens on other parties), expose the Designating Party to sanctions.

13       If it comes to a Party's or a non-party's attention that information or items that it

14 designated for protection do not qualify for protection at all, or do not qualify for the level of

15 protection initially asserted, that Party or non-party must promptly notify all other parties

16 that it is withdrawing the mistaken designation.

17       5.2    Manner and Timing of Designations.  Except as otherwise provided in this

18 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

19 ordered, material that qualifies for protection under this Order must be clearly so designated

20 before the material is disclosed or produced.

21       Designation in conformity with this Order requires:

22       (a)    for information in documentary form (apart from transcripts of

23 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the

25 top of each page that contains protected material.  If only a portion or portions of the material

26 on a page qualifies for protection, the Producing Party also must clearly identify the

27 protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

28

4

1  for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3      A Party or non-party that makes original documents or materials available for

4  inspection need not designate them for protection until after the inspecting Party has

5  indicated which material it would like copied and produced.  During the inspection and

6  before the designation, all of the material made available for inspection shall be deemed

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party

8  has identified the documents it wants copied and produced, the Producing Party must

9  determine which documents, or portions thereof, qualify for protection under this Order,

10 then, before producing the specified documents, the Producing Party must affix the

11 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12 EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or

13 portions of the material on a page qualifies for protection, the Producing Party also must

14 clearly identify the protected portion(s) (e.g., by making appropriate markings in the

15 margins) and must specify, for each portion, the level of protection being asserted (either

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

17      (b)    for testimony given in deposition or in other pretrial or trial

18 proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

19 record, before the close of the deposition, hearing, or other proceeding, all protected

20 testimony, and further specify any portions of the testimony that qualify as "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify

22 separately each portion of testimony that is entitled to protection, and when it appears that

23 substantial portions of the testimony may qualify for protection, the Party or non-party that

24 sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

25 proceeding is concluded) a right to have up to 20 days to identify the specific portions of the

26 testimony as to which protection is sought and to specify the level of protection being

27 asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28 ONLY").  Only those portions of the testimony that are appropriately designated for

1 | protection within the 20 days shall be covered by the provisions of this Stipulated Protective

2 | Order.

3 |       Transcript pages containing Protected Material must be separately bound by the court

4 | reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

5 | "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party

6 | or non-party offering or sponsoring the witness or presenting the testimony.

7 |       (c)    for information produced in some form other than documentary, and for

8 | any other tangible items, that the Producing Party affix in a prominent place on the exterior

9 | of the container or containers in which the information or item is stored the legend

10 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

11 | only portions of the information or item warrant protection, the Producing Party, to the

12 | extent practicable, shall identify the protected portions, specifying whether they qualify as

13 | "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

14 |      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

15 | designate qualified information or items as "Confidential" or "Highly Confidential —

16 | Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

17 | secure protection under this Order for such material. If material is appropriately designated

18 | as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was

19 | initially produced, the Receiving Party, on timely notification of the designation, must make

20 | reasonable efforts to assure that the material is treated in accordance with the provisions of

21 | this Order.

22 | 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

23 |      6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

24 | confidentiality designation is necessary to avoid foreseeable substantial unfairness,

25 | unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

26 | Party does not waive its right to challenge a confidentiality designation by electing not to

27 | mount a challenge promptly after the original designation is disclosed.

28 |

6

LA2:854493.1

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this

7

1    Order. When the litigation has been terminated, a Receiving Party must comply with the

2    provisions of section 11, below (FINAL DISPOSITION).

3         Protected Material must be stored and maintained by a Receiving Party at a location

4    and in a secure manner that ensures that access is limited to the persons authorized under this

5    Order.

6         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

7    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

8    disclose any information or item designated CONFIDENTIAL only to:

9              (a)    the Receiving Party's Outside Counsel of record in this action, as well

10   as employees of said Counsel to whom it is reasonably necessary to disclose the information

11   for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

12   that is attached hereto as Exhibit A;

13             (b)    the officers, directors, and employees (including House Counsel) of the

14   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

15   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

16             (c)    experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

18   Be Bound by Protective Order" (Exhibit A);

19             (d)    the Court and its personnel;

20             (e)    court reporters, their staffs, and professional vendors to whom

21   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

22   Be Bound by Protective Order" (Exhibit A);

23             (f)    during their depositions, witnesses in the action to whom disclosure is

24   reasonably necessary and who have signed the "Agreement to Be Bound by Protective

25   Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that

26   reveal Protected Material must be separately bound by the court reporter and may not be

27   disclosed to anyone except as permitted under this Stipulated Protective Order.

28             (g)    the author of the document or the original source of the information.

8

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)    the author of the document or the original source of the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

9

1    The Receiving Party also must immediately inform in writing the Party who caused

2  the subpoena or order to issue in the other litigation that some or all the material covered by

3  the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

4  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other

5  action that caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the existence

7  of this Protective Order and to afford the Designating Party in this case an opportunity to try

8  to protect its confidentiality interests in the court from which the subpoena or order issued.

9  The Designating Party shall bear the burdens and the expenses of seeking protection in that

10  court of its confidential material — and nothing in these provisions should be construed as

11  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

12  from another court.

13  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

15  Protected Material to any person or in any circumstance not authorized under this Stipulated

16  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

17  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the

18  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

19  made of all the terms of this Order, and (d) request such person or persons to execute the

20  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

21  10.    FILING PROTECTED MATERIAL.

22    Without written permission from the Designating Party or a court order secured after

23  appropriate notice to all interested persons, a Party may not file in the public record in this

24  action any Protected Material.  A Party that seeks to file under seal any Protected Material

25  must comply with Civil Local Rule 79-5.

26  11.    FINAL DISPOSITION.

27    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

28  days after the final termination of this action, each Receiving Party must return all Protected

10

1  Material to the Producing Party.  As used in this subdivision, "all Protected Material"

2  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

3  capturing any of the Protected Material.  With permission in writing from the Designating

4  Party, the Receiving Party may destroy some or all of the Protected Material instead of

5  returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

6  must submit a written certification to the Producing Party (and, if not the same person or

7  entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

8  appropriate) all the Protected Material that was returned or destroyed and that affirms that

9  the Receiving Party has not retained any copies, abstracts, compilations, summaries or other

10  forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

11  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

12  transcripts, legal memoranda, correspondence or attorney work product, even if such

13  materials contain Protected Material.  Any such archival copies that contain or constitute

14  Protected Material remain subject to this Protective Order as set forth in Section 4

15  (DURATION), above.

16  12.    MISCELLANEOUS

17        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person

18  to seek its modification by the Court in the future.

19        12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

20  Order no Party waives any right it otherwise would have to object to disclosing or producing

21  any information or item on any ground not addressed in this Stipulated Protective Order.

22  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

23  material covered by this Protective Order.

24

25

26

27

28

LA2:854493.1

1    SO STIPULATED.

2    Dated: February __, 2008          O'MELVENY & MYERS LLP
                                       MARK WOOD
3                                      JOHN F. DAUM
                                       STEVEN H. BERGMAN
4
                                       HINSHAW & CULBERTSON LLP
5                                      ROBERT J. ROMERO
                                       BRADLEY M. ZAMCZYK
6                                      ERICA TEAGARDEN

7

8
                                       By: _____
9                                              Steven H. Bergman

10                                     Attorneys for Defendant
                                       ACE PROPERTY & CASUALTY
11                                     INSURANCE COMPANY

12   Dated: February __, 2008          GAUNTLETT & ASSOCIATES
                                       DAVID GAUNTLETT
13                                     JAMES A. LOWE
                                       KORY BOOTH
14

15
                                       By: _____
16                                             James A. Lowe

17                                     Attorneys for Plaintiff
                                       HEWLETT-PACKARD COMPANY
18

19
         PURSUANT to the Stipulation of the Parties, and for good cause, IT IS SO
20
     ORDERED:
21

22

23   DATED:_____    _____
                                              JAMES A. WARE
24                                         United States District Judge
                                        for the United States District Court
25                                       for the Northern District of California

26

27

28

                                    12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the United States District

Court for the Northern District of California on _____ in the case of *Hewlett-*

*Packard Co. v. ACE Property & Casualty Insurance Company*, Case No. C07-04676 JW.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:          _____

Printed Name:_____
                    [printed name]

Signature:_____
                  [signature]

13

LA2:854493.1



## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California  90071-2899

TELEPHONE  (213) 430-6000
FACSIMILE  (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

March 3, 2008

OUR FILE NUMBER
004,200-602

**VIA E-MAIL & U.S. MAIL**

WRITER'S DIRECT DIAL
(213) 430-7628111

James A. Lowe
Gauntlett & Associates
Attorneys-at-Law
18400 Von Karman, Suite 300
Irvine, CA 92612

WRITER'S E-MAIL ADDRESS
sbergman@omm.com

Re:    *Hewlett-Packard Co. v. ACE Property & Casualty Ins. Co.*
Case No. 07-04676 JW (N.D. Cal.)

Dear Mr. Lowe:

I am writing with respect to Hewlett-Packard Company's ("HP") refusal to stipulate to a Protective Order governing the production of confidential and highly confidential material in the above-referenced litigation. Your apparent refusal to stipulate to a Protective Order is based on your view that it is "unnecessary," although you do not explain why.

In your e-mail of February 15, 2008, you made a number of unfounded accusations and have subsequently filed an unnecessary motion to compel. So the record is clear, ACE is ready and willing to produce a copy of its insurance policy, as I informed you in my e-mail of February 14, 2008.

In that February 14, 2008 e-mail, ACE requested that HP stipulate to the model Protective Order set forth on the Northern District of California's website, and that upon entry of that Protective Order, ACE would produce the policy. We have not raised the issue of a Protective Order at this time to delay, as you claim, but because this was the first confidential document that ACE is prepared to produce, and to ensure that the document remains confidential, a Protective Order is necessary. Moreover, as this likely will not be the last confidential or highly confidential document that the parties will produce, it is both efficient and necessary that an appropriate Protective Order be entered.

Your refusal to stipulate to a Protective Order appears to be focused on ACE's insurance policy rather than the litigation as a whole. With respect to the insurance policy, it is not "secret" insurance. However, the existence and terms of the policy are not publicly available

**EXHIBIT 2**

O'MELVENY & MYERS LLP
James A. Lowe, March 3, 2008 - Page 2

information.  As such, the insurance policy is confidential commercial information that is entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

While you claim that protection of the policy is "unnecessary," it is not entirely clear why HP opposes the efficient management of this case.  Agreeing to a Protective Order will not prejudice HP.  To the contrary, it will protect any confidential or highly confidential material that HP will produce as well.  And, with respect to the ACE insurance policy, ACE's designation of the policy as "confidential" will not affect HP in any way, as insurance policies are rarely admissible and are provided for purposes of evaluating settlement.

In short, any "delay" in the production of the policy is solely because of the manner in which HP is choosing to litigate this action.  If HP is truly interested in obtaining a copy of the policy, rather than engaging in unnecessary and inappropriate motion practice, it will agree to the efficient management of this action and stipulate to the model Protective Order generally used in the Northern District of California.

Very truly yours,

/Steven H. Bergman/

Steven H. Bergman
for O'MELVENY & MYERS LLP

cc:    Kory S. Booth, Esq.
       Robert J. Romero, Esq.
       Bradley M. Zamczyk, Esq.
       Mark Wood, Esq.
       John F. Daum, Esq.

LA2:854681.2

## G GAUNTLETT & ASSOCIATES

### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email:   info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-031

March 5, 2008

**VIA E-MAIL and U.S. MAIL**
sbergman@omm.com

Steven H. Bergman, Esq.
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, CA 90071-2899

    Re:    Hewlett-Packard v. ACE Property & Casualty Insurance Company
            U.S.D.C., N.D. of CA, San Jose Division, Case No. 07-CV-4676 JW

    •    ACE's Request for a Protective Order

Dear Mr. Bergman:

        This letter responds to your March 3, 2008 letter concerning ACE's request that HP stipulate to a protective order. Your statement that HP has not explained why it refuses to stipulate to a protective order completely ignores our February 14 letter and February 15 email. **It is ACE's burden** to show "good cause" for the issuance of such an order, **not HP's.** ACE has not even attempted to show good cause why a protective order should be issued. HP cannot be legitimately accused of refusing to stipulate to an order for the protection of ACE when ACE has refused to articulate any reasonable basis for the issuance of such an order.

        In order for ACE to seek a protective order it must produce the thing it purports to protect. Once ACE produces the insurance policy HP will be in a better position to understand whether good cause exists to stipulate to such an order. All you have stated is that "the existence and terms of the policy are not publically available information. As such, the insurance policy is confidential commercial information that is entitled to protection under Fed. R. Civ. P. 26(c)(1)(G)."[1] Your conclusory explanation is insufficient:

---

[1] Rule 26(c) provides: **"A party or any person from whom discovery is sought may move for a protective order** in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

**EXHIBIT** 3

> Thus, a party moving for a **protective order** bears the burden of establishing "good cause" in support of said motion. Where the motion for a **protective order** is premised on the existence of confidential information, the movant must make "a *particularized* showing that the information sought to be protected is **confidential commercial information** ...." *Wall Indus., Inc. v. United States,* 5 Cl.Ct. 485, 487 (1984). In addition, the movant must demonstrate that disclosure of that information will result in "a clearly defined and very serious injury to its business." *United States v. Exxon Corp.,* 94 F.R.D. 250, 251 (D.D.C.1981) (quoting *United States v. IBM Corp.,* 67 F.R.D. 40, 46 (S.D.N.Y.1975)). Moreover, the requisite showings must be made with specific facts, not mere conclusory allegations of confidentiality and/or business harm. *Id.; Wall Indus.,* 5 Cl.Ct. at 487.

*Standard Space Platforms Corp. v. U.S.,* 35 Fed.Cl. 505, 507 (Fed.Cl. 1996)(emphasis original).[2] ACE's explanation for the requested protective order lacks any "particularized showing" that the insurance policy is confidential commercial information and that ACE will be subject to "clearly defined and very serious injury." HP cannot stipulate to a protective order where ACE cannot articulate a good faith basis for such an order that complies with the law.

Under ACE's proposed standard for identifying "confidential commercial information" (existence of a document not publically available), ACE could assert that virtually all of its files are protected information. That is not Rule 26's purpose and HP will not stipulate to such a request.

---

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . .

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . ." (emphasis added)

[2] While *Standard Space Platforms* refers to Federal Rules of the U.S. Court of Claims, Rule 26, the interpretation remains the same. *See Armour of America v. U.S.,* 73 Fed.Cl. 597, 598 (Fed.Cl. 2006)("FN1. RCFC 26(c) largely tracks **Rule 26(c)** of the **Federal Rules** of Civil Procedure ('Fed. R. Civ.Proc.'), and interpretation of Fed. R. Civ. Proc. 26(c) informs the Court's analysis. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended June 20, 2006) (stating that 'interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the **Federal Rules of Civil Procedure**.')")(emphasis original).

Furthermore, ACE's request for a general advance protective order appears to be nothing more than a contrived effort to increase motions practice. If a protective order is granted, Civil L.R. 79-5(d) will require HP to file and serve an Administrative Motion for a sealing order anytime it wishes to file a document or refer to a document in a memorandum or other court filing. Based on ACE's complete lack of cooperation in discovery to date including its refusal to produce a single piece of paper in response to HP's sixteen sets of requests for production of documents, HP can only expect ACE will continue to withhold production of documents. A protective order concerning purely hypothetical document production will merely be another mechanism for ACE to avoid its discovery responsibilities. HP sees no reason why it should stipulate to one more tool in the ACE arsenal for use against HP and increase expense and delay in this case.

Very truly yours,

James A. Lowe

JAL:KSB:pam

cc:    Robert J. Romero (rromero@hinshawlaw.com)
       Bradley M. Zamczyk (bzamczyk@hinshawlaw.com)
       Erica L. Teagarden (eteagarden@hinshawlaw.com)
       Mark Wood, Esq. (mwood@omm.com)
       John F. Daum, Esq. (jdaum@omm.com)
       Kory S. Booth, Esq.

10191-031-3/5/2008-160438.1