MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 52313)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN 151753)
ERICA TEAGARDEN (SBN 242067)
HINSHAW & CULBERTSON
One California Street, 18th Floor
San Francisco, California 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070

Attorneys for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>ACE ROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>           Defendant. | Case No. C07-04676 JW (RS)<br><br>Before the Hon. Magistrate Judge Richard Seeborg<br><br>**ACE PROPERTY & CASUALTY INSURANCE COMPANY'S OPPOSITION TO HEWLETT-PACKARD COMPANY'S MOTION TO COMPEL NO. 1**<br><br>Hearing Date: March 26, 2008<br>Time:          9:30 a.m.<br>Department: 4, 5th Floor |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | HP'S MOTION TO COMPEL SHOULD BE DENIED | 4 |
| | A. HP's Motion Is Not A Necessary Precursor to the Production of Documents | 4 |
| | B. HP's Motion Is Premature and Should Be Denied | 5 |
| | C. HP's Motion Is Legally Baseless | 7 |
| IV. | HP SEEKS RELIEF TO WHICH IT IS NOT ENTITLED | 8 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

## CASES

*Amtel Corp. v. St. Paul Fire & Marine Ins. Co.*,
  421 F. Supp. 2d 1265 (N.D. Cal. 2006) ............................................................. 5

*Burlington Northern & Santa Fe Ry. v. United States Dist. Court*,
  408 F.3d 1142 (9th Cir. 2005) ........................................................................... 9

*California Physicians' Service v. Superior Court*,
  9 Cal. App. 4th 1321 (1992) ........................................................................... 4, 5

*Coleman v. Schwarzenegger*,
  No. CIV-S-90-0520 LKK/JFM P,
  2007 WL 4328476 ............................................................................................. 9

*Humphreys v. Regents of Univ. of Cal.*,
  No. C 04-03808 SI, 2006 WL 870963 (N.D.Cal. April 3, 2006) ...................... 4

*Nies v. National Auto & Cas. Ins. Co.*,
  199 Cal. App. 3d 1192 (1988) ........................................................................... 5

*Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*,
  417 F. Supp. 2d 1121 (N.D. Cal. 2006) ............................................................. 8

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) ....................................................................................... 4

*Silberg v. Anderson*,
  50 Cal. 3d 205 (1990) ........................................................................................ 4

*Thomas v. Evans*,
  No. C 06-3581 MMC (PR) 2008, WL 142403 (N.D.Cal. Jan 14, 2003) .......... 7

*White v. Western Title Ins. Co.*,
  40 Cal.3d 870 (1985) ......................................................................................... 5

## STATUTES

Cal. Civ. Code § 47(b) ............................................................................................. 2, 4, 5

Cal. Evid. Code § 1152 .................................................................................................. 5

## RULES

Fed. R. Civ. P. 34 ....................................................................................................... 2, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant ACE Property and Casualty Insurance Company ("ACE") respectfully submits this Memorandum of Points and Authorities and the accompanying Declaration of Bradley M. Zamczyk in Opposition to Hewlett-Packard Company's ("HP") Motion to Compel No. 1 ("Motion").

## I.    INTRODUCTION

HP's motion to compel is unnecessary, premature and legally-baseless and should be denied.

First, before HP even filed this motion, ACE agreed to produce HP relevant, responsive non-privileged documents. *See* Zamczyk Decl. ¶¶ 5, 6 & * & Ex. 2. Additionally, HP already has in its possession the claims file and privilege log from the underlying coverage action. *See id.* ¶ 6. While HP omits this fact from its motion, the claims file that ACE produced in the prior litigation represents the majority of the relevant documents that are responsive to HP's Second Set of Requests for Production. *See id.* ¶ 7. And, in response to HP's request, ACE recently identified the Bates numbers from the prior litigation that represent the claims file. *See id.* ¶ 6 & Ex. 3.

Moreover, as ACE told HP before it filed its motion, it is reviewing additional documents to determine if there are additional relevant and responsive documents. *See* Zamczyk Decl., ¶ 9 & Ex. 4. In this regard, a review of thousands of pages of documents is underway, and ACE is still collecting potentially responsive documents, including electronically store information, so that they can be reviewed. ACE further agreed to produce any additional relevant and responsive documents that it identifies on a rolling basis. *See id.* In short, there is nothing to compel and HP's motion is unnecessary.

Second, this motion is premature. In response to HP's First Amended Complaint, ACE filed a motion to dismiss as HP's claims are barred by the applicable two-year statute of limitations, HP improperly bases its claim on documents and actions that are legally privileged under Section 47(b), and HP's tender raised a genuine dispute

as a matter of law that precludes HP's bad faith claim. That motion is set to be heard on March 10, 2008, and the Court's ruling on that motion will define the scope and limits on discovery in this action. Ignoring this pending motion to dismiss and the fact that it is seeking documents that will not be relevant to this case if, as it should, the Court grants ACE's motion based on the litigation privilege of Section 47(b) of the California Civil Code, HP filed its motion to compel a mere three weeks before the hearing. HP's attempt to distort the discovery process should not be tolerated and its unnecessary motion to compel is thus premature.

Finally, the validity of HP's motion must be called into question. While HP claims it met-and-conferred in good faith, HP appeared less interested in resolving any actual disputes and more interested in trumping up grounds to bring a baseless motion to compel. In this regard, HP's motion not only seeks the production of documents that ACE has already produced, has agreed to produce or asserts are beyond the scope of discovery, but HP's motion also vastly overreaches and seeks extreme relief to which it is not entitled. This Court should not reward HP for its misuse of the discovery process and should deny HP's motion.

## II. STATEMENT OF FACTS

On, December 6, 2007, HP served on ACE its Second Set of Requests for Production of Documents ("RFP Set 2"). ACE timely submitted objections and responses in accordance with Fed. R. Civ. P .34 on January 4, 2008. HP immediately claimed that ACE's objections and responses were insufficient and initiated a series of telephonic meet-and-confers that occurred on January 17, 2008, January 24, 2008, January 25, 2008 and February 1, 2008. *See* Zamczyk Decl. ¶ 3.

During the January 17, 2008, meet and confer call, HP agreed that ACE was not required to re-produce the over 3,000 pages of documents previously produced in the Coverage Action that were responsive to HP's RFP Set 2. *See* Zamczyk Decl. ¶ 6. These previously produced documents, which included ACE's claims file, represent the majority of relevant documents that are or may be responsive to HP's RFP Set 2. *See id.* ¶ 7. In

1  addition, during these calls, ACE repeatedly advised HP's counsel that it would produce
2  non-privileged, relevant and responsive documents to HP's requests. *See* Zamczyk Decl.,
3  ¶¶ 5, 6 & 8 & Ex. 2.
4        Even though ACE had either agreed to produce or had already previously
5  produced the relevant, non-privileged documents in its files that were responsive to HP's
6  RFP Set 2, HP demanded yet another meet-and-confer that took place on February 1,
7  2008. HP treated that meet-and-confer as if it were a 30(b)(6) deposition and sought
8  information that was not relevant to HP's RFP Set 2 or that was privileged.
9  Notwithstanding the fact that it already had in its possession the majority of relevant, non-
10 privileged documents that were responsive to HP's RFP Set 2, and ignoring the fact that
11 ACE's counsel had informed him that it was reviewing additional documents and would
12 produce additional relevant, non-privileged responsive documents on a rolling basis,
13 counsel for HP demanded immediate production of responsive documents, threatened a
14 motion to compel and stated his intention to seek the excessive relief sought in the motion
15 to compel.[1] *See* Zamczyk Decl., ¶ 8.
16       ACE has been working diligently to obtain and review for privilege and
17 relevancy tens of thousands of pages of documents arguably responsive to HP's document
18 request. ACE is also reviewing documents listed in its privilege logs in the Coverage
19 Action to determine if privileges asserted in the Coverage Action remain valid. In
20 accordance with its statements at the February 1, 2008 meet-and-confer, ACE set forth its
21 timetable for producing documents in a letter to HP dated February 29, 2008. *See*
22 Zamczyk Decl., ¶ 9 & Ex. 4.

---

[1] During this call, counsel for HP also claimed that ACE's privilege logs were deficient, even though the logs contained the very information that HP's counsel should be contained in a privilege log. Ironically, while claiming during the meet-and-confer call that ACE's privilege logs were incomplete, HP now claims in its motion that ACE has not produced any privilege logs.

III.   **HP'S MOTION TO COMPEL SHOULD BE DENIED**

   A.   **HP's Motion Is Not A Necessary Precursor to the Production of Documents**

"A motion to compel document production is appropriate when a party disobeys a proper request by *refusing to produce* relevant, non-privileged documents." *Humphreys v. Regents of Univ. of Cal.*, No. C 04-03808 SI, 2006 WL 870963 (N.D. Cal. April 3, 2006) (emphasis added). This motion to compel is unnecessary because ACE never refused to produce relevant non-privileged documents. Instead, HP's papers falsely manufacture a pretext for bringing this motion. HP initially claims "ACE has produced no documents in this lawsuit whatsoever." (Mot. at 5:1.) However, HP has had the relevant claims file for years, as it was produced in the underlying coverage action. The claims file represents the majority of the relevant documents that are responsive to HP's Second Set of Request for Production. *See* Zamczyk Decl. ¶ 7.

HP next claims that ACE cannot rely upon the prior production because it has not identified the responsive documents by Bates number. As an initial matter, there is no such requirement in Fed. R. Civ. P. 34. Moreover, following HP's request that ACE identify the previously produced claims file by Bates number, ACE has done so. *See* Zamczyk Decl. ¶ 6 & Ex. 3.

HP also improperly seeks to expand the period of relevant documents to the present day. HP filed its coverage action in February 1999 and contends in its First Amended Complaint that ACE's defending itself in the coverage action was bad faith. HP's position is untenable because ACE's conduct, filings and documents regarding the prior litigation are legally privileged, and thus beyond the scope of discovery, under the litigation privilege of Section 47(b) of the California Civil Code. *See Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990); *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993); *see, e.g., California Physicians' Service v. Superior Court*, 9 Cal. App. 4th 1321, 1324, 1330 (1992) (applying the privilege to insurance company's defense of a coverage action and rejecting argument that defending coverage action was a continuing violation of the

1  insurer's duty of good faith and fair dealing); *Nies v. National Auto & Cas. Ins. Co.*, 199
2  Cal. App. 3d 1192, 1200 (1988) (holding that the filing of responsive pleadings which
3  deny coverage are irrelevant to prove bad faith). This issue will be clarified by ACE's
4  pending motion to dismiss set to be heard on March 10, 2008. It is neither a proper use of
5  the discovery process, nor an efficient use of the Court's time or the parties' resources to
6  seek production of documents that will likely be deemed irrelevant to this case when the
7  Court rules on ACE's motion to dismiss.

8        In its motion, HP incorrectly claims that these legally privileged documents
9  should be produced because they could be "evidence of a course of bad faith conduct."
10 (Mot. at 8:20-21.) HP supports this argument by misconstruing *White v. Western Title*
11 *Ins. Co.*, 40 Cal.3d 870 (1985). In *White*, the California Supreme Court, in a narrow
12 holding,[2] ruled that the making of lowball settlement offers after litigation has begun can
13 be used as evidence of bad faith, notwithstanding Cal. Evid. Code § 1152. *See White*, 40
14 Cal. 3d at 888. Here, of course, HP is not alleging, and cannot allege, that ACE made low
15 settlement offers. Rather, HP is alleging that ACE acted in bad faith by "delaying"
16 payment because ACE defended itself in the coverage action. The limited holding of
17 *White* does not apply to the facts HP alleged in its amended complaint, as other California
18 courts have found. *See California Physicians' Service*, 9 Cal. App. 4th at 1324 & 1330;
19 *Nies*, 199 Cal. App. 3d at 1200. Therefore, HP's argument is without merit and is not a
20 basis for compelling the production of documents that are neither admissible nor likely to
21 lead to the discovery of admissible evidence.

22     **B.**    <u>HP's Motion Is Premature and Should Be Denied</u>

23       On March 10, 2008, this Court will hear oral argument on ACE's Motion to
24 Dismiss HP's First Amended Complaint because HP's claims are barred by the applicable
25 two-year statute of limitations, are improperly based on conduct and documents that are

---

[2]  This limited application of the holding in *White* was recognized in *California Physicians' Service v. Superior Court*, 9 Cal. App. 4th 1321, 1328-30 (1992) & *Amtel Corp. v. St. Paul Fire & Marine Ins. Co.*, 421 F. Supp. 2d 1265, 1273 (N.D. Cal. 2006).

1  legally privileged under Section 47(b) of the California Civil Code, and are barred as a
2  matter of law because there was a genuine dispute regarding coverage of the underlying
3  *Nu-kote* action. The Court's ruling on the Motion to Dismiss with respect to the litigation
4  privilege will, if the case proceeds at all, determine the proper scope of discovery in this
5  action. Until that time, it is an improper use of the discovery process, and an inefficient
6  use of this Court's time and the parties' resources, for HP to seek production of
7  documents that are likely irrelevant because of the broad scope of the litigation privilege.
8        In addition to being premature given the unsettled state of the pleadings and
9  the impact the Court's ruling on the Motion to Dismiss will have on the scope of
10 discovery, HP filed this motion to compel without giving ACE an opportunity to perform
11 in accordance with its representations at the February 1, 2008 meet-and-confer. While
12 constantly claiming that ACE is delaying the process and repeatedly stating that ACE has
13 produced no documents when documents ACE produced to HP in prior litigation are
14 responsive to HP's document requests, HP has failed to identify any prejudice it has
15 suffered. This is not surprising given that HP dismissed its first bad faith complaint nearly
16 six years ago and then waited more than five years to bring this action. HP's impatience
17 is not a proper basis for a motion to compel.[3]
18       Notwithstanding these facts, HP filed this motion to compel a mere three
19 weeks before the motion to dismiss hearing asking for documents whose relevancy the
20 Court will shortly decide and before ACE even had an opportunity to perform as it had
21 indicated it would at the February 1, 2008 meet-and-confer. HP's attempt to fast forward
22 the process by filing this motion to compel should not be countenanced, and the motion
23 should be denied.

---

[3]  This impatience is also seen in HP's argument that "ACE refuses to state its position on the [advice of counsel] issue." (Mot. 9:27). This misleading statement ignores the fact that there is a motion to dismiss pending and ACE is therefore not yet required to answer the amended complaint. As "advice of counsel" is a defense to bad faith that is raised in the pleadings, ACE has not yet been required to take a position on this defense.

<a>
</a>
<b>
</b>

### C. HP's Motion Is Legally Baseless

Civil Local Rule 37-1 contemplates that the parties will negotiate discovery disputes in good faith and seek to avoid unnecessary motion practice. *See, e.g., Thomas v. Evans,* No. C 06-3581 MMC (PR), 2008 WL 142403 (N.D. Cal. Jan 14, 2003). In *Thomas,* the plaintiff initially agreed that defendants could have until March 30, 2007 to provide discovery. Plaintiff then attempted to renege on the agreement and filed a motion to compel before the agreed upon date. *Id.* at *1. The Court held that the plaintiff had not met and conferred in good faith. Had he done so, he "would have realized that the motion to compel was unnecessary because, in accordance with said agreement, defendants would be providing plaintiff with their discovery responses by March 30, 2007." *Id.* at *2. Additionally, by the time plaintiff had filed the motion, the defendants had provided plaintiff with certain responses. *Id.*

These factors are present in this case. First, HP's attempt "to informally resolve this discovery dispute" consisted of nothing more than mechanical letter writing practice designed to set up this motion.

Second, HP filed its motion without affording ACE the opportunity to perform as ACE said it would at the February 1, 2008 meet-and-confer. Instead of waiting till the end of the month, HP filed this motion to compel on February 20, 2008. Had HP waited, it would have, or should have, realized this motion was unnecessary. Additionally, it appears that HP intended to go forward with this motion regardless of what ACE said during the meet-and-confer process, as HP argued in its moving papers that ACE's performance in accordance with its representations at the February 1, 2008 meet-and-confer should be viewed with a jaundiced eye because the performance post-dates HP's motion. Of course, had HP not filed its motion prematurely, it could not make this spurious argument. In any event, there is no justification for HP's urgency, and this Court should not be persuaded by HP's misleading rendition of the situation.

1  Third, and most significantly, HP already has many of the relevant documents in its possession. These were produced in the underlying coverage action, and on February 27, 2008, ACE identified responsive Bates numbers from this production.

Fourth, the only real issue in dispute between HP and ACE is the applicability of the litigation privilege and the proper scope of discovery in this action. While, as noted above, the issue is already before the Court as part of ACE's Motion to Dismiss, HP nonetheless argues in its motion to compel that the litigation privilege does not apply. HP should have waited for the Court to address the issue in the context of ACE's motion to dismiss rather than trying to force the issue here.

Fifth, and finally, much of HP's brief addresses issues that are not relevant to HP's motion. For example, HP argues that ACE is refusing to produce electronically stored information because ACE properly objected to HP's document requests to the extent HP was seeking electronically stored information that was not readily accessible and whose probative value, if any, was outweighed by the burden in retrieving it. As noted above, ACE is currently reviewing thousands of pages of documents, including electronically stored information.[4]

In light of the foregoing, HP's motion is legally baseless and should be denied.

## IV. HP SEEKS RELIEF TO WHICH IT IS NOT ENTITLED

In addition to being unnecessary, premature and legally baseless, HP's motion to compel vastly overreaches by seeking relief to which HP would not be entitled even if there was any merit to HP's motion. For example, HP seeks the extreme sanction of waiving ACE's privilege claims because, according to HP, ACE failed to specify any privileged documents in a privilege log. HP's argument is without merit, however, as HP

---

[4] HP's claim that it is entitled to metadata is similarly faulty. In *Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006), the Court only ordered metadata produced because the responding party had already stated in its written response that it would produce such data. Such a ruling hardly stands for the bold proclamation made by HP that all metadata must be produced.

1  already has a privilege log from the coverage action, which ACE is currently updating.
2  Moreover, ACE is in the process of preparing a privilege log for any other privileged
3  documents that were not called for in the coverage action.
4        In support of its draconian relief, HP cites to cases where the egregiousness
5  of conduct at issue cannot be analogized to this case in any coherent way. For example, in
6  *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149
7  (9th Cir. 2005), the privilege log was filed five months after the Rule 34 time limit. Here,
8  HP already has a privilege log, and a motion to dismiss is pending that will determine
9  whether further documents are even relevant. Additionally, in *Burlington*, the privilege
10 logs "failed to correlate [specified] documents with specific discovery requests." *Id.* at
11 1150.[5]
12       HP's reliance on *Coleman v. Schwarzenegger*, No. CIV-S-90-0520
13 LKK/JFM P, 2007 WL 4328476 (N.D. Cal. Dec. 6, 2007) is similarly misplaced. In
14 *Coleman*, the Court waived the privilege not because of a delay in production in violation
15 of a court order, but because the defendant failed to provide an appropriate privilege log.
16 Putting aside the fact that there is no such order in this case and that ACE has provided an
17 appropriate privilege log, the *Coleman* case had been pending for 17 years at the time of
18 the Court's order, not six months. That case has no bearing on the issues, or lack thereof,
19 raised by HP's motion, and this Court should disregard HP's claim for similarly drastic
20 relief.

---

[5] HP's attempt to apply the so-called *Burlington* factors to this case are similarly in error. HP argues that ACE has not provided HP with a basis to evaluate privilege claims, has not timely provided a privilege log, has not set forth the burden involved and has not even produced the claims file. None of these statements by HP are true, as HP already has the claims file and the privilege log from the coverage action, both of which are responsive to HP RFP Set 2 and ACE recently provided HP with an update of the progress on the supplemental privilege log and the thousands of potential entries. *See* Zamczyk Decl. Ex. 4.

## V. CONCLUSION

For the foregoing reasons, ACE respectfully respects the Court deny HP's Motion to Compel No. 1.

Dated: March 5, 2008.

Respectfully submitted,

MARK WOOD
JOHN F. DAUM
STEVEN H. BERGMAN
O'MELVENY & MYERS LLP

ROBERT J. ROMERO
BRADLEY ZAMCZYK
ERICA TEAGARDEN
HINSHAW & CULBERTSON

By: _/Steven H. Bergman/_
Steven H. Bergman

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY