MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:   213-430-6000
Facsimile:   213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone:   415-362-6000
Facsimile:   415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>              Defendant. | Case No. C07-04676 JW<br><br>**DECLARATION OF BRADLEY M. ZAMCZYK IN OPPOSITION TO HP'S MOTION TO COMPEL NO. 1**<br><br>Time:  9:30 a.m.<br>Date:  March 26, 2008<br>Place:  Courtroom 4 |

I, BRADLEY M. ZAMCZYK, declare:

1.      I am a partner at the law firm of Hinshaw & Culbertson LLP, counsel of record for defendant ACE Property & Casualty Insurance Company ("ACE") in this action.

2.      Unless stated upon information and belief, the facts set forth in this Declaration are of my own personal knowledge and I could competently testify to them if called as a witness.

1

3.    In an effort to informally resolve issues raised by ACE's responses to HP's Request for Production of Documents, Set No. 2, I met and conferred via telephone with HP's counsel on January 17, 2008, January 24, 2008, January 25, 2008, and February 1, 2008.

4.    On January 25, 2008, HP's counsel Kory S. Booth sent a letter purporting to confirm our meet and confer discussions.  Attached hereto as Exhibit 1 is a true and correct copy of Mr. Booth's January 25, 2008 letter.

5.    In response to the many inaccuracies contained in Mr. Booth's January 25, 2008 letter, I wrote Mr. Booth on January 25, 2008 clarifying ACE's position regarding production of documents in response to HP's Request for Production of Documents Set No. 2. Attached hereto as Exhibit 2 is a true and correct copy of my January 25, 2008 letter to Mr. Booth.  Although my January 25, 2008 letter to Mr. Booth corrects his many misrepresentations, his Declaration at paragraphs 11-14 states the same inaccurate facts contained in his January 25, 2008 letter.

6.    During our January 17, 2008 meet and confer call, HP agreed that ACE was not required to produce the over 3,000 pages of documents previously produced in the Coverage Action. I learned for the first time, after receiving and reviewing HP's Motion to Compel No. 1, that HP alleged that it requested ACE provide the Bates numbers of documents previously produced in the Coverage Action.  Attached hereto as Exhibit 3 is a true and correct copy of my letter to James A. Lowe listing the Bates numbers of documents produced in the Coverage Action.

7.    HP's motion to compel ignores the fact that the claims and underwriting documents ACE produced in the Coverage Action represent the majority of the relevant, non-privileged documents responsive to HP's Second Set of Requests for Production.

8.    During the February 1, 2008 meet and confer call, Steven Bergman and I informed HP's counsel that ACE's counsel was reviewing additional documents and would produce additional relevant non-privileged responsive documents on a rolling basis. Notwithstanding this information, and the fact that ACE produced the majority of the

2

1  relevant, non-privileged documents responsive to HP's Second Set of Requests for

2  Production HP's in the Coverage Action, HP's counsel demanded immediate production of

3  responsive documents, threatened a motion to compel and stated his intention to seek the

4  excessive relief sought in the motion to compel.

5     9.     Contrary to HP's attempts to establish that ACE has done nothing in response

6  to its Request for Production of Documents, Set No. 2, ACE has been working diligently to

7  obtain, and review for privilege and relevancy, the approximately 50,000 pages of

8  documents which may be responsive to HP's document request.  ACE is also reviewing

9  documents listed in its privilege logs in the Coverage Action to determine if privileges

10 asserted in the Coverage Action remain valid.  Attached hereto as Exhibit 4 is a true and

11 correct copy of my February 28, 2008 letter to James A. Lowe providing an update on

12 ACE's production of documents responsive to HP's Request for Production of Documents,

13 Set No. 2.

14    I declare under penalty of perjury under the laws of the United States of America that

15 the foregoing is true and correct.  Executed this 5th day of March, 2008 in San Francisco,

16 California.

17

18                                         BRADLEY M. ZAMCZYK

19 885915

20

21

22

23

24

25

26

27

28

DECLARATION OF BRADLEY M. ZAMCZYK
Case No. C07-04676 JW