

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email:   info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-031

January 25, 2008

**VIA E-MAIL with confirmation by U.S. MAIL**
rromero@hinshawlaw.com
bzamczyk@hinshawlaw.com
eteagarden@hinshawlaw.com

Robert J. Romero, Esq.
Bradley M. Zamczyk, Esq.
Erica L. Teagarden, Esq.
HINSHAW & CULBERTSON
One California Street, 18th Floor
San Francisco, CA 94111-5401

> Re: **Hewlett-Packard v. ACE Property & Casualty Insurance Company**
> **U.S.D.C., N.D. of CA, San Jose Division, Case No. 07-CV-4676 JW**
> • **Meet and Confer re: Responses to HP's Request for Production of Documents, Set Two**

Dear Counsel:

    HP refiled this bad faith lawsuit on September 11, 2007 and served ACE on September 28. On October 11 and November 19, 2007, we sent you letters advising in detail about HP's intent to request documents and electronic files from ACE. We had several telephone conversations about those letters. Then on December 6, 2007 we had our formal Initial Meeting of Counsel and discussed discovery intentions. HP has repeatedly put ACE on notice of the need to search for, preserve and produce documents and electronically stored information about its claims handling and other matters.

    On December 6, 2007 HP served its Request for Production of Documents, Set 2 (the "Request") seeking claims handling documents. ACE responded to the Request only with meritless objections on January 4, 2008. We sent you a meet and confer letter January 9, 2008 seeking to discuss the Request and hoping to persuade ACE to voluntarily produce documents. On January 10th you were unprepared to discuss ACE's position and requested that we talk instead on January 15th. On January 15th you were unavailable and so we rescheduled our discussion for January 17, 2008. We met and conferred about the Request on January 17, 24 and 25, 2008 trying to persuade ACE to provide requested documents. But after all this time ACE has utterly failed to produce a single piece of paper responsive to HP's Request or a privilege log. After our repeated efforts ACE remains unwilling to say when or if it will ever produce any

documents. When we have pressed you that ACE must produce documents promptly, you tell us that we should just file a motion to compel because "no court will ever grant it anyway." We have attempted to meet and confer in good faith to avoid that necessity. But all you have told us is that ACE's position is that virtually all claims handling documents in ACE's possession or control from 1999 to date are privileged, but that ACE is "reviewing" documents to determine if anything will be produced.

You eventually promised to tell us on January 28th whether ACE intends to produce any documents by next Thursday, January 31, 2008. We look forward to a positive report from you. But if we receive no assurance then of a specific intent to begin producing documents more than four months after service of this lawsuit, ACE leaves us no choice but to request a court order for production of documents responsive to our Request.

Very truly yours,

Kory S. Booth

KSB:pam

cc:  Mark Wood, Esq. (mwood@omm.com)
    John F. Daum, Esq. (jdaum@omm.com)
    Steven H. Bergman, Esq. (sbergman@omm.com)
    James A. Lowe, Esq.