**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman Avenue, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>　　　　　Defendant. | Case No. C07 04676 JW (RS)<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**HP'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL NO. 1**<br><br>Date: March 26, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom 4, 5th Floor |

Plaintiff Hewlett-Packard Company ("HP"), for its Reply in Support of its Motion to Compel No. 1, states as follows:

## I. INTRODUCTION

*HP requested ACE's claims files* in this case 97 days ago and **all ACE continues only to *promise* is that one day it will produce some documents** that were due on January 10, 2008. **ACE does not even inform the Court *when* it will comply with the request to produce its claims files.** HP met its burden in seeking to compel production and for waiver of ACE's privileges. ACE has not even attempted to rebut the presumptions now in favor of HP and instead argues HP's motion is unnecessary because ACE's promises should be treated as actual compliance. Rules 26 and 34 require more than promises.

## II. HP HAS MET ITS BURDEN ON MOTION TO COMPEL NO. 1

HP met its burden of proof on Motion to Compel No. 1 by establishing that: (1) it has informally attempted to resolve this discovery dispute, (2) HP's Requests are relevant (or, at a minimum, reasonably calculated to lead to the discovery of admissible evidence) and (3) the Rule 26(b)(2) factors weigh heavily in favor of HP. **What could be more relevant in a "bad faith" suit than production of the claims files that are "a unique, contemporaneously prepared history of the company's handling of the claim"?** *Reavis v. Metropolitan Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987)(emphasis added).

ACE does not refute that HP has met its burden. Rather, ACE only argues that its *promises* constitute compliance. In ACE's words, "This motion to compel is unnecessary because ACE never refused to produce relevant non-privileged documents." [Opposition 4:6-7] But *never refusing to produce documents* is not equivalent to actual production. HP has also adequately proven that ACE's privileges should be waived pursuant to the Ninth Circuit's holding in *Burlington*.[1]

---

[1] *Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the District of Montana*, 408 F.3d 1142, 1146-49 (9th Cir. 2005).

### III. ACE'S EXCUSES FOR ITS FAILURE TO PRODUCE DOCUMENTS LACK MERIT

#### A. ACE's Prior Production in the Coverage Action is Irrelevant

ACE does not (nor could it) argue that it has complied with Rule 34. Instead, ACE repeatedly attempts to divert the Court's attention to its irrelevant production of documents in another case, the Coverage Action.[2] [Opposition 1:11-14, 2:24-28, 3:4-7, 3:9-10, 4:9-12, 6:11-14 and 8:1-3; Zamczyk Decl. ¶ 6 and 7] Even if ACE's limited production of documents years ago in the Coverage Action is *also* responsive to HP's Requests here, ACE failed to produce any claims file documents created after February 18, 1999.[3] The HP claim is ongoing and ACE does not dispute that additional documents were created by ACE after February 18, 1999, or that such documents are responsive to HP's Requests. These documents are responsive and should be produced.

#### B. HP's Motion to Compel is Necessary

HP's Motion to Compel No. 1 is necessary because responsive documents exist that have not been produced more than 3 months after they were requested. A cursory reading of ACE's Opposition would suggest that ACE has fully complied with its discovery obligations. **But ACE has admitted that "approximately 50,000 pages of documents [] may be responsive to HP's document request."** [Zamczyk Decl. ¶ 9] These documents have not been produced. ACE also refused to inform HP's counsel what efforts were being made to produce responsive documents and, even to this day, refuses to say *when* it will comply with its obligations.

ACE further contends it had no opportunity to perform on its February 1, 2008 representations during the meet and confer process. [Opposition 6:10-11] But ACE made no representations when it would comply with its production and refused to supply information concerning ACE's efforts to comply. HP could not reasonably agree to ACE's generalized representations that it will someday comply.

---

[2] *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court, Northern District of California, Case No. C-99-20207-JW ("Coverage Action").

[3] On March 7, 2008, ACE for the first time in this suit produced documents. ACE produced a total of 47 pages of documents, all of which are dated after February 18, 1999. All documents recently produced are letters exchanged between ACE's counsel and HP's counsel concerning the Coverage Action. **ACE has produced *no* documents it created after February 18, 1999.**

1  ACE has had several opportunities to comply with its discovery obligations but has refused. All ACE has repeatedly asserted is that there are a lot of documents several thousand miles away and ACE will produce relevant non-privileged documents at some unknown point in the future when it completes its review at some unknown time of an unknown quantity of documents. ACE's unreasonable position makes this motion to compel necessary.

### C. HP's Motion is Appropriate and Timely

HP properly requested documents pursuant to Rule 34 and ACE was obligated to provide them on January 10, 2008. HP met and conferred repeatedly in an attempt to informally resolve this matter. HP properly seeks an order compelling ACE to produce responsive documents even though ACE argues "HP's impatience is not a proper basis for a motion to compel." [Opp. 6:16-17] This motion is about ACE's lack of diligence, not HP's reasons for filing a legitimate discovery motion. HP should not be attacked for asserting its legal rights.

### D. ACE's Motion to Dismiss is Not Relevant to HP's Motion to Compel Production

The existence of ACE's pending motion to dismiss[4] has no relevance to whether ACE should comply with Rules 26 and 34. F.R.Civ.P., Rule 26(f) permits discovery following the initial meeting of counsel that took place on December 6, 2007. Nothing in the Rules prevents a party from conducting discovery before the defendant answers a complaint (as ACE contends by arguing discovery should not take place before its motion to dismiss is heard). If the drafters of the Rules intended for discovery to initiate following hearings on Rule 12(b) motions, they would have said so.

The Court's ruling on ACE's motion to dismiss is also unlikely to define limits on discovery as ACE contends. Either the Court will dismiss the case or it will not. Furthermore, Rules 26 and 34 do not entitle parties to withhold discovery responses because a case *might be* dismissed. If that were true every party would assert that discovery should not occur until *after* motions to dismiss are heard (or even until after summary judgment motions are heard). Further, even if ACE's "alternative" motion to strike were granted, that would also not preclude the requested discovery for ACE's claims files materials because ACE seeks to strike HP's request for punitive damages and

---

[4] As of the filing of this Reply the motion is pending before the Court.

1 | ACE's claims files remain relevant to proving ACE's bad faith conduct.

2 | **IV.    WAIVER OF ACE'S PRIVILEGES IS APPROPRIATE**

3 | The Court should waive ACE's privileges pursuant to *Burlington*.[5] HP has made a showing
4 | that the Ninth Circuit's *Burlington* factors weigh heavily in favor of waiver and **ACE has not even**
5 | **attempted to rebut HP's argument.** Instead ACE argues waiver is "draconian." But ACE's
6 | characterization of waiver (which the Ninth Circuit saw fit to employ) fails to address HP's
7 | arguments that application of the *Burlington* factors favors waiver against ACE. The presumption
8 | should be that ACE is unable to articulate why the Court should not waive ACE's privileges
9 | following *Burlington*.

10 | **A.    Summary of Factors Favoring Waiver Under *Burlington***

11 | Consideration of the *Burlington* factors favors waiver of ACE's privileges.[6] **ACE did not**
12 | **address any of the *Burlington* factors.** The factors were discussed in HP's Motion to Compel No.
13 | 1 and are summarized as follows:

14 | First factor (what efforts have been made to enable the Court and parties to evaluate whether
15 | each withheld document is privileged): **ACE's Response made *no effort* to enable the Court or**
16 | **HP to evaluate whether each withheld document is privileged.**

17 | Second factor (timeliness of the objection and accompanying information about the withheld
18 | documents): ACE's Response was timely served but **no information concerning the withheld**
19 | **documents accompanied ACE's Response.**

20 | Third factor (magnitude of the document production): ACE now asserts that 50,000 pages of
21 | relevant documents might be responsive to HP's Request.[7] **ACE is a $6 billion company with more**
22 | **than sufficient resources to search through 50,000 pages of documents within its own claims**
23 | **files** within the 30 days allotted pursuant to Rule 34 or the 97 days that have now elapsed.

---

[5] *Burlington*, 408 F.3d at 1146-49.

[6] Each of the *Burlington* factors are set forth at 408 F.3d at 1149. ("Using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: . . .")

[7] ACE stated during meet and confer conferences that it has over 100,000 pages of documents, then separately stated it does not know how many potentially responsive documents exist and now ACE asserts 50,000 pages may be responsive. [Booth Decl. ¶¶ 16 and 21; Zamczyk Decl. ¶ 9].

1       Fourth factor (ease or difficulty in producing the documents): **The production of ACE's "claims files" should be particularly easy** due to (1) the fact that ACE is an insurance company and is required by law to maintain claims file records in order for the state insurance commissioners of California (where the policy was sold) and Pennsylvania (where ACE is located) to review them, (2) the fact that such records are primarily contained in computers that can be easily searched for information and (3) the fact that ACE has known of HP's intention to re-file this bad faith action years ago.

        ACE's Response did not comply with the law when it provided boilerplate objections and virtually no information for the parties to assess any privilege claims. No information concerning the withheld documents accompanied ACE's Response. ACE had the ability to comply with its obligations and, in fact, compliance (with the production of claims files) should have been rather easy for an insurance company obligated by law to maintain such files. Pursuant to *Burlington* the Court should now waive ACE's privileges.

## V.  CONCLUSION

        HP seeks an order compelling ACE to produce documents in response to Requests **seeking claims and claims handling documents necessary in this bad faith lawsuit.** The requested documents (claims files) indisputably contain information that is directly relevant to this lawsuit's subject matter (bad faith claims handling and delay of policy benefits). ACE has failed to comply with Rules 26 and 34 by failing to produce the requested documents and should now be compelled by the Court to comply with the law. ACE's promises to comply are insufficient.

        For these reasons, HP moves to compel ACE to produce documents responsive to HP's Requests, No.'s 1 through 4, and to amend its Responses to comply with the law. Additionally, HP further moves the Court to waive ACE's privileges.

Dated: March 12, 2008                                    **GAUNTLETT & ASSOCIATES**


                                                         By:  /s/ Kory S. Booth
                                                              James A. Lowe
                                                              Kory S. Booth
                                                         Attorneys for Plaintiff
                                                         HEWLETT-PACKARD COMPANY