1

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman Avenue, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

2

3

4

5

6

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

7

8

9

### UNITED STATES DISTRICT COURT

10

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12 | HEWLETT-PACKARD COMPANY, a corporation,

13

Plaintiff,

14

vs.

15

16 | ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,

17

Defendant.

18

19

20

21

22

23

24

25

26

27

28

| ) Case No. C07 04676 JW (RS)
) Hon. Magistrate Judge Richard Seeborg
)
) **HP'S REPLY IN SUPPORT OF ITS**
) **MOTION TO COMPEL NO. 2**
)
)
) Date: March 26, 2008
) Time: 9:30 a.m.
) Dept.: Courtroom 4, 5th Floor

1     Plaintiff Hewlett-Packard Company ("HP"), for its Reply in Support of its Motion to Compel

2 No. 2, states as follows:

3 **I.    INTRODUCTION**

4     ACE has failed to produce its insurance policy even though Federal Rule of Civil Procedure

5 26[1] is clear and unambiguous in its requirement that a defendant's insurance policies be produced

6 without the need for a formal request. ACE's opposition fails to present a single argument that it is

7 not required to produce its insurance policy pursuant to Rule 26(a)(1). Instead, ACE improperly

8 seeks to transform its opposition into a motion for a protective order in direct contradiction with

9 Rule 26(c). ACE contends that a protective order should now be granted even though ACE has not

10 filed an appropriate motion seeking a protective order and even though there is no basis for a

11 protective order. ACE's attempt to circumvent Federal Rule 26(c) should not be condoned by the

12 Court.

13 **II.    HP PROPERLY SEEKS PRODUCTION OF ACE'S INSURANCE POLICY**

14     Rule 26(a) requires production of insurance policies without the need for any formal request.

15 Rule 37(a)(2)(A) provides the basis for this motion to compel. **ACE does not contend that HP has**

16 **failed to meet its burden on this motion to compel.** [Opposition 2:5-8] That is because ACE

17 cannot legitimately argue against the requirement of Rule 26 that ACE produce its insurance policy

18 **even if it were not relevant.**[2]

19

20 ───────────────

[1] Federal Rules of Civil Procedure ("Federal Rules"), Rule 26(a)(1) provides:

21

22     (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, **a party must**, without awaiting a discovery request, **provide** to the other parties:

23

24     (iv) for inspection and copying as under Rule 34, **any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

25     (emphasis added)

26 [2] *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 641 (D.Kan. 2007)("The Insurers argue that their reinsurance agreements are irrelevant. **[Rule 26] is absolute, however, and does not**

27 **require any showing of relevance.** See, e.g., *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.*, 116 F.R.D. 78, 83-84 (N.D.Ill.1987) (reinsurance agreements

28 discoverable under the rule even if they would not be otherwise discoverable.")(emphasis added).

**III.    ACE'S OPPOSITION IS AN IMPROPER MOTION FOR A PROTECTIVE ORDER**

ACE's opposition purports to serve as a motion for a protective order. [Opposition pgs 3-4] But Rule 26(c)(1) provides that "**[a] party** or any person from whom discovery is sought **may move for a protective order** in the court where the action is pending." (emphasis added).  ACE has not filed a motion for a protective order thereby ignoring Rule 26(c)(1).  ACE has also cited no authority (and HP knows of no authority) for the proposition that a party can use an opposition briefing to a motion to compel to seek a protective order.  Numerous cases discuss motions for a protective order but none authorize doing so in an opposition to another motion.

It would also be fundamentally unfair to allow ACE to seek a protective order by means of its opposition to HP's motion to compel.  That is so because this reply was due only seven days after ACE filed its opposition, whereas Civil L.R. 7-3 allows 14 days.  Additionally, Civil L.R. 7-3 only allows 15 pages for a reply whereas HP would be allowed 25 pages had ACE filed a proper motion for a protective order.[3]  ACE's purported motion for a protective order also fails to provide 35 days notice, fails to conform to the form of a motion and fails to include a proposed order despite the requirements to do so. [Civil L.R. 7-2]

**IV.    ACE HAS FAILED TO SHOW "GOOD CAUSE" FOR A PROTECTIVE ORDER**

**It is ACE's burden** to show "good cause" for the issuance of a protective order, **not HP's**. ACE has not even attempted to show good cause why a protective order should be issued.  ACE argues in conclusory fashion that:

> **[T]he existence and terms of the Policy are not publically available information.  As such, the Policy is confidential commercial information that is entitled to protection** under Fed. R. Civ. P. 26(c)(1)(G).  The bigger issue, however, is that a Protective Order should be in place prior to a large scale document production in which both parties anticipate the production of confidential documents.

[Opposition 2:11-13 (emphasis added)] ACE's conclusory argument for protection of its insurance policy is insufficient because it references no evidence or justification for a protective order:[4]

---

[3] While HP's reply is less than 15 pages, HP also has been provided with insufficient time to prepare a more thorough brief and should not be prejudiced by ACE's approach.

[4] To the extent ACE seeks a protective order for documents other than its insurance policy, that issue is certainly not ripe and ACE has not even identified or provided examples of the kinds of

> [A] party moving for a **protective order** bears the burden of establishing "good cause" in support of said motion. Where the motion for a **protective order** is premised on the existence of confidential information, the movant must make "a *particularized* showing that the information sought to be protected is **confidential commercial information** ...." *Wall Indus., Inc. v. United States,* 5 Cl.Ct. 485, 487 (1984). In addition, the movant must demonstrate that disclosure of that information will result in "a clearly defined and very serious injury to its business." *United States v. Exxon Corp.,* 94 F.R.D. 250, 251 (D.D.C.1981) (quoting *United States v. IBM Corp.,* 67 F.R.D. 40, 46 (S.D.N.Y.1975)). Moreover, the requisite showings must be made with specific facts, not mere conclusory allegations of confidentiality and/or business harm. *Id.; Wall Indus.,* 5 Cl.Ct. at 487.

*Standard Space Platforms Corp. v. U.S.,* 35 Fed.Cl. 505, 507 (Fed.Cl. 1996)(emphasis original).[5]

ACE's explanation for the requested protective order lacks any "particularized showing" that the insurance policy is confidential commercial information and that ACE will be subject to "clearly defined and very serious injury." This Court should not order a protective order where ACE cannot articulate a good faith basis for such an order that complies with the law.

Under ACE's proposed standard for identifying "confidential commercial information" (existence of a document not publically available), ACE could improperly assert that virtually all of its files are protected information. That is not Rule 26's purpose and HP rightfully refused to stipulate to such a request by ACE.

ACE further states that it has shown "good cause" by the following:

> Here, **a Protective Order is necessary to prevent the harm or prejudice that would result from the discovery of commercial,** financial, trade secret, and/or business **information that is subject to abuse if widely disseminated or used for purposes other than this litigation.**

[Opposition 4:3-5 (emphasis added)] But **ACE has failed to show that "particularized harm will result from disclosure** of [the confidential] information to the public." *Rivera v. BIBCO, Inc.,* 364

---

documents it desires to designate as confidential or highly confidential. Nor has ACE shown "good cause" for the issuance of a protective order on hypothetical documents.

[5] While *Standard Space Platforms* refers to Federal Rules of the U.S. Court of Claims, Rule 26, the interpretation remains the same. *See Armour of America v. U.S.,* 73 Fed.Cl. 597, 598 (Fed.Cl. 2006)("FN1. RCFC 26(c) largely tracks **Rule 26**(c) of the **Federal Rules** of Civil Procedure ('Fed. R. Civ.Proc.'), and interpretation of Fed. R. Civ. Proc. 26(c) informs the Court's analysis. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended June 20, 2006) (stating that 'interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the **Federal Rules** of Civil Procedure.')")(emphasis original).

1   F.3d 1057, 1063-64 (9th Cir. 2004)(emphasis added).  This Court should deny ACE's request for a

2   protective order pursuant to *Rivera.*

3           Rule 26(c) provides that (1) upon motion by a party (2) for good cause shown (3) a court may

4   issue orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or

5   expense, including . . ." that "a trade secret or other confidential research, development, or

6   commercial information not be revealed or be revealed in a specified way." **ACE has made no**

7   **showing that it needs protection from annoyance, embarrassment, oppression or undue**

8   **burden or expense.  ACE also made no particularized showing that its insurance policy is**

9   **confidential information**, which is insufficient.[6]  This Court should determine that ACE has not

10  shown "good cause" for the issuance of a protective order.

11  **V.      A PROTECTIVE ORDER WOULD ADVERSELY AFFECT HP**

12          ACE's representation that HP will not be adversely affected is wrong.  ACE's request for a

13  general advance protective order appears to be nothing more than an effort to increase motion

14  practice.  If a protective order were granted, Civil L.R. 79-5(d) will require HP to file and serve an

15  Administrative Motion for a sealing order whenever it seeks to file a document or refer to a

16  document in a memorandum or other court filing.  Further, based on ACE's complete lack of

17  cooperation in discovery to date, HP can only expect ACE will continue to withhold documents.  A

18  protective order concerning purely hypothetical document productions will be another mechanism

19  for ACE to avoid its discovery responsibilities because it would be used to categorize substantial

20  quantities of documents as confidential, requiring more unnecessary hearings.  HP sees no reason

21  why ACE should be provided an additional tool in its arsenal for use against HP, thereby further

22  increasing expense and delay in this case.

23          / / /

24          / / /

25          / / /

26

27  [6] *Standard Space Platforms,* 35 Fed.Cl. at 507 ("the movant must make 'a *particularized* showing
    that the information sought to be protected is **confidential commercial information** ....' *Wall*
28  *Indus., Inc. v. United States,* 5 Cl.Ct. 485, 487 (1984).")(emphasis original).

1

## VI.    CONCLUSION

2    HP's motion seeking the production of ACE's insurance policy has not been opposed.  And

3    ACE's attempt to circumvent the Federal Rules of Civil Procedure and this Court's Civil Local

4    Rules by seeking a protective order through an opposition filing is procedurally improper and must

5    be denied.  Should the Court rule on ACE's purported motion, the Court should deny the motion for

6    failure to show "good cause" for the issuance of a protective order.  The Court should grant HP's

7    motion to compel ACE to produce its insurance policy that should have been produced with its

8    initial disclosures as required by law.

9

10    Dated: March 12, 2008                    **GAUNTLETT & ASSOCIATES**

11

12                                             By:  ___/s/ Kory S. Booth_____
                                                  James A. Lowe
13                                                Kory S. Booth
                                                  Attorneys for Plaintiff
14                                             HEWLETT-PACKARD COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28