**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Joseph S. McMillen (SBN 174561)
Kory S. Booth (SBN 188960)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050
jal@gauntlettlaw.com
jsm@gauntlettlaw.com
ksb@gauntlettlaw.com

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>　　　　　　Defendant. | Case No.:  07-CV-04676-JW<br><br>**SECOND AMENDED COMPLAINT FOR BREACH OF THE INSURANCE POLICY'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Hewlett-Packard Company ("HP") alleges:

**THE PARTIES**

1.    Plaintiff HP is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Palo Alto, California.

2.    Defendant ACE Property & Casualty Insurance Company ("ACE"), formerly known as CIGNA Property & Casualty Insurance Company, is a corporation duly organized and existing under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  HP is informed and believes and on that basis alleges that at all times relevant to this complaint, ACE was an admitted property-casualty insurer under the laws of the State of California and transacted the business of insurance in California.  HP is informed and believes and on that basis alleges that in or about 1999, ACE changed its name from CIGNA Property & Casualty Insurance Company to ACE Property & Casualty Insurance Company.

**JURISDICTION AND VENUE**

3.    Pursuant to 28 U.S.C. §1332(a)(1) this Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

4.    ACE has purposefully availed itself of the privilege of doing business in and has continuous and systematic business dealings within this District and is therefore subject to personal jurisdiction in this District.

5.    Venue for this lawsuit is proper in this Court pursuant to 28 U.S.C. §§1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**FACTUAL BACKGROUND**

6.    This action for breach of the implied covenant of good faith and fair dealing arises from two underlying actions entitled (1) *Hewlett-Packard Company v. Nu-kote International, Inc.*, U.S. District Court Northern District of California, Case No. C-94-20647-JW ("the *Nu-kote* Action") and (2) *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court Northern District of California, Case No. C-99-20207-JW ("the Coverage Action").  The *Nu-*

**SECOND AMENDED COMPLAINT**
**07-CV-04676-JW**

*kote* Action was an intellectual property, antitrust, unfair competition and disparagement action concerning the marketing and sale of inkjet printer products. The ongoing Coverage Action is an insurance coverage action in which HP sought defense expenses incurred in the *Nu-kote* Action from ACE.

7.     The Coverage Action concerned a "Comprehensive General and Automobile Liability Policy: Foreign," policy number CXC024869, issued to HP by ACE, then called CIGNA ("ACE Policy"). A copy of the ACE Policy is attached as **Exhibit "1"** and is incorporated herein by reference.

8.     HP gave notice to ACE of the *Nu-kote* Action and requested a defense under the ACE Policy. A copy of HP's June 13, 1998 letter to ACE containing the notice and request is attached as **Exhibit "2"** and is incorporated herein by reference.

9.     In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-kote* Action and that ACE had breached its duty under the Policy to defend HP, determined the amount of the reasonable and necessary defense expenses owed by ACE to HP and entered judgment in favor of HP and against ACE. The findings and determinations in the Coverage Action are binding in this case under the doctrines of *res judicata* and collateral estoppel.

10.     The ACE Policy contains an implied covenant of good faith and fair dealing that is the basis for this present action.

### ACE'S DUTY OF GOOD FAITH AND FAIR DEALING

11.     A contractual duty of good faith and fair dealing is implied by law in every insurance policy issued in California, including the ACE Policy.

12.     This duty requires ACE to act fairly and in good faith in discharging its contractual obligations to HP, prohibits ACE from doing or failing to do anything which will impair HP's right to receive benefits owed under the policy and requires ACE to consider HP's interests equally with its own. The good faith performance of ACE's obligations under the ACE Policy requires faithfulness to the purposes under the Policy.

13.     The ACE Policy's implied covenant of good faith and fair dealing imposed on ACE various particular duties including the duties to investigate a claim promptly and diligently, to

1  evaluate coverage fairly and objectively, to adequately communicate with HP, not to misrepresent

2  coverage, not to request information from HP that was not necessary to determine a duty to defend,

3  to handle HP's claim reasonably and promptly, to provide a prompt determination of coverage and

4  the potential for coverage, to pay policy benefits promptly and without delay, and to defend or pay

5  for the defense of suits against HP potentially covered by thecae Policy.

6       14.    California Insurance Code Section 790.03(h)(3) imposed a statutory duty on ACE to

7  promptly and thoroughly investigate HP's claims in order to ascertain whether there is the potential

8  for coverage and, therefore, whether ACE owed HP the duty to defend HP, and prohibits ACE from

9  merely seeking facts that might justify declining a defense. This statute imposes minimum standards

10  of conduct on insurers like ACE.

11       15.    California Code of Regulations, Title 10, Section 2695.5 imposed a duty on ACE to

12  acknowledge receipt of HP's notice of claim and begin investigation of the claim within fifteen days

13  of receiving notice. This regulation creates minimum standards of conduct for insurers like ACE.

14       16.    California Code Regulations., Title 10, Section 2695.7 imposed a statutory duty on

15  ACE to make a prompt determination of HP's claim and to accept or deny the claim within 40

16  calendar days of receiving notice and also imposed a statutory duty on ACE to advise HP every 30

17  days thereafter of the need for additional time to investigate. This regulation creates minimum

18  standards of conduct for insurers like ACE.

19       17.    California law required ACE to protect HP's defense interests as if they were ACE's

20  own.

21       **DAMAGES FOR BREACH OF THE COVENANT**

22       18.    When an insurer breaches the covenant of good faith and fair dealing toward its

23  insured that is implied in every insurance contract, the insured is entitled to obtain damages caused

24  by that breach including recovery of litigation expenses arising from the a suit to enforce the policy

25  and obtain policy benefits.

26       19.    When an insurer breaches the covenant of good faith and fair dealing toward its

27  insured that is implied in every insurance contract, the insured is also entitled to obtain punitive

28  damages when policy benefits are withheld by means constituting oppression, fraud and malice

1    authorized or ratified by at least one officer, director or managing agent.

2    <center>**EQUITABLE TOLLING**</center>

3    20.    HP reasonably and diligently pursued its claim with ACE at all times after the tender

4    and request for defense.  HP wrote to ACE numerous times explaining why ACE owed it a defense

5    under the ACE Policy and it repeatedly provided ACE with numerous documents to support its

6    claim.

7    21.    ACE instead told HP that it needed time to investigate the claim further and requested

8    various documents and other evidence purportedly so it could determine whether it owed HP a

9    defense in the *Nu-kote* Action.

10    22.    ACE continually made these requests for documents and purportedly investigated the

11    claim from shortly after the time of HP's notice through at least June 19, 2000.

12    23.    For example, on February 1, 2000 ACE represented to HP that it needed information

13    about HP's other insurance policies besides the ACE Policy in order to determine whether it owed

14    HP defense payments or any obligations under the ACE Policy.  On April 6, 2000 the Court in the

15    Coverage Action permitted ACE through July 3, 2000 to investigate further about HP's other

16    insurance policies so that ACE could determine whether it had duties to HP under HP's claim.  ACE

17    purportedly investigated this issue further at least through June 19, 2000 when the Court denied

18    ACE's motion for reconsideration of its duty to defend.

19    24.    ACE never advised HP that it was closing its investigation of HP's claim.

20    25.    ACE did not accept or deny HP's claim at any time.

21    26.    ACE voluntarily paid HP some unspecified defense expenses on October 14, 2003 in

22    the amount of $11,061,717.00. But ACE unreasonably refused to pay HP's other defense expenses

23    thereafter.

24    27.    It would not be reasonable to require HP to have filed its bad faith suit against ACE

25    any earlier than the time ACE stopped investigating or stopped requesting documents or denied HP's

26    claim.

27    28.    Any statute of limitations for HP's bad faith action was equitably tolled immediately

28    from at least accrual of its causes of action through the final conclusion of the *Nu-kote* Action in

April 2000.

29.    Any statute of limitations for HP's bad faith action was equitably tolled from June 1998 at least through June 2000 while ACE continued to investigate and to request further documents from HP to determine whether it should pay HP's claim and in what amount.

30.    Any statute of limitations for HP's bad faith action was equitably tolled from June 1998 at least through October 14, 2003 when ACE actually paid a part of the *Nu-kote* Action defense expenses.

31.    Any statute of limitations for HP's bad faith action continues to be equitably tolled because ACE **never** accepted or denied HP's claim.

### EQUITABLE ESTOPPEL

32.    On information and belief, ACE at all relevant times knew that it was not going to honor HP's claim for a defense of the *Nu-kote* Action, or at least that there was a good chance it would not pay any or most of the claim for many years or at all.

33.    Yet ACE persisted in demanding additional documents and information from HP under the guise that it may eventually accept the claim.  ACE intended that HP rely on its conduct and representations.  At a minimum and based on ACE's conduct, HP reasonably and rightly believed that ACE may eventually pay all the reasonable amounts owing under the ACE Policy after further investigation.

34.    HP at all relevant times was ignorant of the true facts because ACE lulled HP into a false sense of security.

35.    In fact ACE did voluntarily pay HP some defense expenses on October 14, 2003 in the amount of $11,061,717.00.  The voluntary payment supported HP's reasonable expectation that ACE might eventually pay all of HP's defense expenses in the *Nu-kote* Action.

36.    HP held off on filing its initial bad faith lawsuit as alleged below in part because it had reasonably but detrimentally relied upon ACE's purported further investigation and discovery about the claim, and erroneously believed ACE may honor the claim.  HP was severely prejudiced by ACE's conduct and representations and failure to tell HP the truth — that ACE would never pay all of HP's reasonable defense expenses.

1    37.    For these reasons, ACE is equitably estopped from raising the statute of limitations as

2    a defense in this action.

3    **HP'S INITIAL BAD FAITH LAWSUIT AND ITS DISMISSAL**

4    **WITHOUT PREJUDICE UNDER TOLLING AGREEMENT**

5    38.    On April 17, 2002, HP filed a lawsuit against ACE asserting causes of action for

6    breach of contract and breach of the implied covenant of good faith and fair dealing in connection

7    with ACE's failure to fulfill its policy defense obligations to HP for the *Nu-kote* Action, captioned

8    *Hewlett-Packard Company v. CIGNA Property & Casualty Insurance Company, et al.*, United States

9    District Court, Northern District of California, San Jose Division, Case No. 002-1847 JW RS ARB

10   (the "initial bad faith lawsuit").

11   39.    To assure that the litigation in the Coverage Action could be concluded first and

12   without potentially duplicative litigation in two lawsuits and to benefit both parties, HP and ACE

13   entered into a Tolling Agreement on August 31, 2002 as a condition to HP's agreement to dismiss its

14   initial bad faith lawsuit without prejudice.  A copy of the Tolling Agreement is attached hereto as

15   **Exhibit "98."**

16   40.    HP and ACE stipulated to dismiss HP's initial bad faith lawsuit without prejudice

17   given the Tolling Agreement.  The stipulation of dismissal without prejudice was filed in the initial

18   bad faith lawsuit on September 17, 2002.

19   41.    The Tolling Agreement provided that any applicable statute of limitation and time-

20   based defense was tolled from the time the initial bad faith lawsuit was filed until it or a substantially

21   similar new action was re-filed.

22   42.    HP re-filed its bad faith lawsuit on September 11, 2007, i.e., the present action.

23   **CLAIMS FOR RELIEF**

24   I.   **COUNT ONE – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD

25       FAITH AND FAIR DEALING BECAUSE OF A COURSE OF CONDUCT
         UNREASONABLY IMPAIRING HP'S RIGHT TO RECEIVE POLICY BENEFITS**

26   43.    HP incorporates each and all of the foregoing allegations as if fully set forth and

27   restated herein.

28   44.    HP did all or substantially all of the significant things that the ACE Policy required of

**SECOND AMENDED COMPLAINT**
**07-CV-04676-JW**

1    HP to do, except to the extent HP was excused from doing them.

2         45.    All conditions required for ACE's performance occurred.

3         46.    ACE engaged in a course of conduct that unreasonably impaired HP's right to receive

4    policy benefits.

5         47.    At all relevant times ACE has put its own financial interests above HP's rights under

6    the ACE Policy and unreasonably frustrated HP's rights and reasonable expectations to receive

7    benefits under the ACE Policy.

8         48.    ACE's course of conduct toward HP since HP's notice of the *Nu-kote* Action to ACE

9    has unreasonably impaired HP's right to receive policy benefits and has breached ACE's contractual

10   duty of good faith and fair dealing.

11        49.    ACE unreasonably and without proper cause withheld policy benefits from HP.

12        50.    HP was damaged by ACE's breach, including by being forced to pay the expenses of

13   litigation to determine and enforce ACE's duties to defend HP and to pay HP's defense expenses for

14   the *Nu-kote* Action, and to pay HP's litigation expenses for the Coverage Action.

15        51.    In the Coverage Action this Court entered a judgment that ACE had a duty to defend

16   HP in the *Nu-kote* Action, finding that the potential for coverage was shown by the insurance policy

17   and the *Nu-kote* counterclaims in the *Nu-kote* Action and that the potential for coverage was also

18   shown by the additional evidence that HP provided when ACE was notified of the *Nu-kote* Action.

19        52.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action

20   owed by ACE to HP, plus interest and entered a judgment against ACE and in favor of HP for that

21   amount.

22        53.    HP now is also entitled to the amounts that HP paid in reasonable legal expenses in

23   the Coverage Action to establish its right to contract benefits under the Policy in a sum certain to be

24   determined according to proof but not less than ten million dollars.

25        54.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

26   malice authorized or ratified by at least one officer, director or managing agent of ACE.

27        55.     HP is entitled to punitive damages in a sum to be determined at trial.

28

SECOND AMENDED COMPLAINT
07-CV-04676-JW

1

II.     **COUNT TWO – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE DELAY AND FAILURE TO PROVIDE A COVERAGE DETERMINATION**

2

3      56.     HP incorporates each and all of the foregoing allegations as if fully set forth and

4   restated herein.

5      57.     ACE unreasonably delayed a decision on whether to provide a defense to HP in the

6   *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good faith and fair

7   dealing toward its insured, HP.

8      58.     ACE unreasonably and without proper cause withheld policy benefits from HP.

9      59.     HP was damaged by ACE's breach including by being forced to pay the costs of the

10  Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

11  Action and to pay litigation expenses for the Coverage Action.

12     60.     In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-*

13  *kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-*

14  *kote* counterclaims in the *Nu-kote* Action by the additional evidence that HP provided when ACE

15  was notified of the *Nu-kote* Action.

16     61.     This Court also determined the amount of the defense expenses in the *Nu-kote* Action

17  owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that

18  amount.

19     62.     HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

20  right to contract benefits under the Policy in a sum certain to be determined according to proof but

21  not less than ten million dollars.

22     63.     ACE withheld HP's policy benefits by means constituting oppression, fraud and

23  malice authorized or ratified by at least one officer, director or managing agent of ACE.

24     64.      HP is entitled to punitive damages in a sum to be determined at trial.

25  III.    **COUNT THREE – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE FAILURE TO INVESTIGATE PROMPTLY AND DILIGENTLY**

26

27     65.     HP incorporates each and all of the foregoing allegations as if fully set forth and

28  restated herein.

10191-031-6/30/2008-161750.4

**SECOND AMENDED COMPLAINT**
**07-CV-04676-JW**

66.    ACE unreasonably failed to promptly and diligently investigate HP's notice of the *Nu-kote* Action and HP's request for a defense while looking for facts supporting coverage as well as those defeating it, thereby breaching ACE's implied contractual obligation of good faith and fair dealing toward its insured, HP.

67.    ACE withheld policy benefits from HP unreasonably and without proper cause.

68.    HP was damaged by ACE's breach, including by being forced to pay the expenses of the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote* Action, and to pay litigation expenses for the Coverage Action.

69.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-kote* counterclaims in the *Nu-kote* Action and by the additional evidence that HP provided when ACE was notified of the *Nu-kote* Action.

70.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that amount.

71.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its right to contract benefits under the Policy in a sum certain to be determined according to proof but not less than ten million dollars.

72.    ACE withheld HP's policy benefits by means constituting oppression, fraud and malice authorized or ratified by at least one officer, director or managing agent of ACE.

73.     HP is entitled to punitive damages in a sum to be determined at trial.

**IV.    COUNT FOUR – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE FAILURE TO EVALUATE COVERAGE FAIRLY AND OBJECTIVELY**

74.    HP incorporates each and all of the foregoing allegations as if fully set forth and restated herein.

75.    ACE unreasonably failed to fairly and objectively evaluate the claims against HP in the *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good faith and fair dealing toward its insured, HP.

1     76.    ACE withheld policy benefits from HP unreasonably and without proper cause.

2     77.    HP was damaged by ACE's breach, including by being forced to pay the costs of the

3  Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

4  Action, and to pay litigation expenses for the Coverage Action.

5     78.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-*

6  *kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-*

7  *kote* counterclaims in the *Nu-kote* Action and by the additional evidence that HP provided when

8  ACE was notified of the *Nu-kote* Action.

9     79.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action

10  owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that

11  amount.

12     80.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

13  right to contract benefits under the Policy in a sum certain to be determined according to proof but

14  not less than ten million dollars.

15     81.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

16  malice authorized or ratified by at least one officer, director or managing agent of ACE.

17     82.    HP is entitled to punitive damages in a sum to be determined at trial.

18  **V.    COUNT FIVE – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD
         FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE INADEQUATE
19       COMMUNICATIONS WITH ITS INSURED**

20     83.    HP incorporates each and all of the foregoing allegations as if fully set forth and

21  restated herein.

22     84.    ACE unreasonably and inadequately communicated with HP concerning its request

23  for defense in the *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good

24  faith and fair dealing toward its insured, HP.

25     85.    ACE withheld policy benefits from HP unreasonably and without proper cause.

26     86.    HP was damaged by ACE's breach, including by being forced to pay the costs of the

27  Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

28  Action, and to pay litigation expenses for the Coverage Action.

87.     In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-kote* counterclaims in the *Nu-kote* Action and by the additional evidence that HP provided when ACE was notified of the *Nu-kote* Action.

88.     This Court also determined the amount of the defense expenses in the *Nu-kote* Action owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that amount.

89.     HP is entitled to the amount that HP paid in reasonable legal expenses to establish its right to contract benefits under the Policy in a sum certain to be determined according to proof but not less than ten million dollars.

90.     ACE withheld HP's policy benefits by means constituting oppression, fraud and malice authorized or ratified by at least one officer, director or managing agent of ACE.

91.      HP is entitled to punitive damages in a sum to be determined at trial.

## VI.    COUNT SIX – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE MISREPRESENTION OF COVERAGE

92.     HP incorporates each and all of the foregoing allegations as if fully set forth and restated herein.

93.     ACE unreasonably misrepresented HP's coverage under the ACE Policy in connection with HP's request for defense of the *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good faith and fair dealing toward its insured, HP.

94.     ACE withheld policy benefits from HP unreasonably and without proper cause.

95.     HP was damaged by ACE's breach, including by being forced to pay the expenses of the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote* Action, and to pay litigation expenses for the Coverage Action.

96.     In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-kote* counterclaims in the *Nu-kote* Action and by the additional evidence that HP provided when ACE was notified of the *Nu-kote* Action.

97.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that amount.

98.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its right to contract benefits under the Policy in a sum certain to be determined according to proof but not less than ten million dollars.

99.    ACE withheld HP's policy benefits by means constituting oppression, fraud and malice authorized or ratified by at least one officer, director or managing agent of ACE.

100.    HP is entitled to punitive damages in a sum to be determined at trial.

## VII.    COUNT SEVEN – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE REQUESTS FOR INFORMATION NOT NECESSARY TO DETERMINE THE DUTY TO DEFEND

101.    HP incorporates each and all of the foregoing allegations as if fully set forth and restated herein.

102.    ACE unreasonably requested information from HP that was not necessary to determine ACE's duty to defend HP in the *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good faith and fair dealing toward its insured, HP.

103.    ACE withheld policy benefits from HP unreasonably and without proper cause.

104.    HP was damaged by ACE's breach, including by being forced to pay the expenses of the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote* Action, and to pay litigation expenses for the Coverage Action.

105.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-kote* counterclaims in the *Nu-kote* Action and the additional evidence that HP provided when ACE was notified of the *Nu-kote* Action.

106.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that amount.

107.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

1  right to contract benefits under the Policy in a sum certain to be determined according to proof but

2  not less than ten million dollars.

3      108.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

4  malice authorized or ratified by at least one officer, director or managing agent of ACE.

5      109.    HP is entitled to punitive damages in a sum to be determined at trial.

6  **VIII.   COUNT EIGHT – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD
           FAITH  AND  FAIR  DEALING  BECAUSE  OF  UNREASONABLE  CLAIMS**

7  **HANDLING**

8      110.    HP incorporates each and all of the foregoing allegations as if fully set forth and

9  restated herein.

10     111.    On information and belief, ACE unreasonably handled HP's claim for a defense of

11  the *Nu-kote* Action thereby breaching ACE's implied contractual obligation of good faith and fair

12  dealing toward its insured, HP.

13     112.    ACE withheld policy benefits from HP unreasonably and without proper cause.

14     113.    HP was damaged by ACE's breach, including by being forced to pay the costs of the

15  Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

16  Action, and to pay litigation expenses for the Coverage Action.

17     114.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-*

18  *kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-*

19  *kote* counterclaims in the *Nu-kote* Action and that by the additional evidence that HP provided when

20  ACE was notified of the *Nu-kote* Action.

21     115.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action

22  owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that

23  amount.

24     116.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

25  right to contract benefits under the Policy in a sum certain to be determined according to proof but

26  not less than ten million dollars.

27     117.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

28  malice authorized or ratified by at least one officer, director or managing agent of ACE.

**SECOND AMENDED COMPLAINT**
                                                                                  **07-CV-04676-JW**

1    118.    HP is entitled to punitive damages in a sum to be determined at trial.

2  **IX.    COUNT NINE – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD
3          FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE DELAY AND
          FAILURE TO PAY POLICY BENEFITS**

4    119.    HP incorporates each and all of the foregoing allegations as if fully set forth and

5  restated herein.

6    120.    ACE unreasonably delayed and failed to pay HP's policy benefits in connection with

7  the *Nu-kote* Action, thereby breaching ACE's implied contractual obligation of good faith and fair

8  dealing toward its insured, HP.

9    121.    ACE withheld policy benefits from HP unreasonably and without proper cause.

10    122.    HP was damaged by ACE's breach, including by being forced to pay the expenses of

11  the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

12  Action and to pay litigation expenses for the Coverage Action.

13    123.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-*

14  *kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-*

15  *kote* counterclaims in the *Nu-kote* Action and by the additional evidence that HP provided when

16  ACE was notified of the *Nu-kote* Action.

17    124.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action

18  owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that

19  amount.

20    125.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

21  right to contract benefits under the Policy in a sum certain to be determined according to proof but

22  not less than ten million dollars.

23    126.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

24  malice authorized or ratified by at least one officer, director or managing agent of ACE.

25    127.    HP is entitled to punitive damages in a sum to be determined at trial.

26  **X.    COUNT TEN — BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD
27          FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE FAILURE TO
          DEFEND**

28    128.    HP incorporates each and all of the foregoing allegations as if fully set forth and

1    restated herein.

2    129.    ACE unreasonably failed and refused to defend HP in the *Nu-kote* Action, thereby

3    breaching ACE's implied contractual obligation of good faith and fair dealing toward its insured,

4    HP.

5    130.    ACE withheld policy benefits from HP unreasonably and without proper cause.

6    131.    HP was damaged by ACE's breach, including by being forced to pay the expenses of

7    the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote*

8    Action, and to pay litigation expenses for the Coverage Action.

9    132.    In the Coverage Action this Court ruled that ACE had a duty to defend HP in the *Nu-*

10    *kote* Action, finding that the potential for coverage was shown by the insurance policy and the *Nu-*

11    *kote* counterclaims in the *Nu-kote* Action, and by the additional evidence that HP provided when

12    ACE was notified of the *Nu-kote* Action.

13    133.    This Court also determined the amount of the defense expenses in the *Nu-kote* Action

14    owed by ACE to HP plus interest and entered a judgment against ACE and in favor of HP for that

15    amount.

16    134.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

17    right to contract benefits under the Policy in a sum certain to be determined according to proof but

18    not less than ten million dollars.

19    135.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

20    malice authorized or ratified by at least one officer, director or managing agent of ACE.

21    136.    HP is entitled to punitive damages in a sum to be determined at trial.

22    **XI.    COUNT ELEVEN – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD
         FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE DELAY AND
23       FAILURE TO PAY POLICY BENEFITS FOLLOWING COURT'S ORDER
         DENYING ACE'S RECONSIDERATION MOTION**
24

25    137.    HP incorporates each and all of the foregoing allegations as if fully set forth and

26    restated herein.

27    138.    ACE withheld policy benefits from HP unreasonably and without proper cause.

28    139.    ACE unreasonably delayed and failed to pay HP policy benefits in connection with

the *Nu-kote* Action thereby breaching ACE's implied covenant obligation of good faith and fair dealing toward its insured HP, after June 19, 2000 when this Court denied ACE's motion to reconsider a determination that ACE had a duty to defend HP in the *Nu-kote* Action and after the Court allowed ACE further discovery on the issue.

140.    HP was damaged by ACE's breach including, by being forced to pay the expenses of the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-kote* Action and to pay litigation expenses for the Coverage Action.

141.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its right to contract benefits under the ACE Policy in a sum certain to be determined according to proof but not less than ten million dollars.

142.    ACE withheld HP's policy benefits by means constituting oppression, fraud and malice authorized or ratified by at least one officer, director or managing agent of ACE.

143.    HP is entitled to punitive damages in a sum to be determined at trial.

## XII.  COUNT TWELVE – BREACH OF CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BECAUSE OF UNREASONABLE DELAY AND FAILURE TO PAY UNCONTESTED POLICY BENEFITS

144.    HP incorporates each and all of the foregoing allegations as if fully set forth and restated herein.

145.    ACE unreasonably delayed and failed to pay HP its policy benefits in connection with the *Nu-kote* Action after ACE knew certain portions of HP's claim for defense expense reimbursement were completely valid.  ACE thereby breached its obligation of good faith and fair dealing toward its insured, HP.

146.    ACE withheld policy benefits from HP unreasonably and without proper cause.

147.    On or about January 5, 2006, ACE agreed that HP was entitled to policy defense benefits, but ACE continued to unreasonably refuse to pay defense expense amounts it did not contest as unreasonable or unnecessary.  At that time ACE contended that of HP's $28,418,671.72 in proven post-tender litigation expenses for the *Nu-kote* Action, ACE was not obligated to pay $14,009,139.00, or approximately one half of the total amount. ACE had paid HP $11,061,717.00 on October 14, 2003. ACE therefore knew and did not deny that at least $3,347,815.72 ($28,418,671.72

SECOND AMENDED COMPLAINT
07-CV-04676-JW

1    less $14,009,139.00 less $11,061,717.00) of HP's post-tender litigation expenses were reasonable

2    and necessary to HP's defense, but had not been paid to HP and should be reimbursed by ACE.

3         148.    On January 6, 2006, HP demanded ACE pay the fees that ACE knew to be valid.

4         149.    ACE unreasonably refused to pay those defense expenses.

5         150.    HP was damaged by ACE's breach, including by being required to pay the expenses

6    of the Coverage Action to enforce ACE's duties to defend and to pay defense expenses for the *Nu-*

7    *kote* Action, and to pay litigation expenses for the Coverage Action.

8         151.    HP is entitled to the amount that HP paid in reasonable legal expenses to establish its

9    right to contract benefits under the Policy in a sum certain to be determined according to proof but

10   not less than ten million dollars.

11        152.    ACE withheld HP's policy benefits by means constituting oppression, fraud and

12   malice authorized or ratified by at least one officer, director or managing agent of ACE.

13        153.    HP is entitled to punitive damages in a sum to be determined at trial.

14   <div align="center">**PRAYER FOR RELIEF**</div>

15        **WHEREFORE,** HP prays for judgment against ACE as follows:

16        1.    For general damages in a sum certain according to proof and in excess of

17   $10,000,000.00.

18        2.    For punitive damages in a sum certain according to proof and sufficient to punish and

19   make an example of ACE.

20        3.    For prejudgment interest in a sum certain according to proof.

21        4.    For costs of suit, including reasonably attorneys' fees as may be allowed by law or by

22   agreement of the parties; and

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    5.    For such other and further legal or equitable relief as the Court deems just.

2

3  Dated:  June 30, 2008                    **GAUNTLETT & ASSOCIATES**

4

5                                           By:____s/ James A. Lowe_____
                                                David A. Gauntlett
6                                               James A. Lowe
                                                Joseph S. McMillen
7                                               Kory S. Booth

8                                           Attorneys for Plaintiff
                                            HEWLETT-PACKARD COMPANY
9

10

11                          **DEMAND FOR JURY TRIAL**

12        Plaintiff Hewlett-Packard Company demands a jury trial.

13

14  Dated:  June 30, 2008                    **GAUNTLETT & ASSOCIATES**

15

16                                           By:____s/ James A. Lowe_____
                                                David A. Gauntlett
17                                              James A. Lowe
                                                Joseph S. McMillen
18                                              Kory S. Booth

19                                           Attorneys for Plaintiff
                                             HEWLETT-PACKARD COMPANY
20

21

22

23

24

25

26

27

28

10191-031-6/30/2008-161750.4                          SECOND AMENDED COMPLAINT
                                                              07-CV-04676-JW