MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07-04676 JW<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF ACE'S MOTION FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY**<br><br>DATE: September 3, 2008<br>TIME: 9:30 a.m.<br>DEPT: Courtroom 4, 5th Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. RELEVANT FACTS ............................................................................................ 2

III. LEGAL ARGUMENT .......................................................................................... 6

    A. The Competing Interests Weigh in Favor of Granting ACE's Requested Protective Order Staying Discovery ................................. 7

        1. Judge Ware Stayed Discovery Pending Resolution of the Scope of HP's Complaint ............................................. 7

        2. If Discovery Were to Continue, ACE Would be Significantly Burdened ....................................................... 8

IV. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (1994) ............................................................................................. 4, 10

*Archdale v. American Intern. Specialty Lines Ins. Co.*,
  154 Cal.App.4th 449 (2007) ....................................................................................... 4

*B.R.S. Land Investors v. United States*,
  596 F.2d 353 (9th Cir.1979) ...................................................................................... 6

*Cates Construction, Inc. v. Talbot Partners*,
  21 Cal.4th 28 (1999) ............................................................................................. 4, 10

*Chatman v. Johnson*, No. CIV S-06-0578, 2007 WL 4212648
  (E. D. Cal. Nov 27, 2007) ...................................................................................... 6, 9

*City of Hope National Medical Center v. Genentech, Inc.*,
  43 Cal.4th 375 (2008) ........................................................................................... 4, 10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S. D. Cal. 2000) ...................................................................... 6, 8, 9

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ..................................................................................... 6

*Oppenheimer Funds, Inc. v. Sanders*,
  437 U.S. 430 (1978) .................................................................................................. 9

*Sasselli v. Pena*, No. CIV S-06-2204, 2008 WL 2396838
  (E. D. Cal. June 4, 2008) ........................................................................................... 6

*Wood v. McEwen*,
  644 F.2d 797 (9th Cir.1981) ...................................................................................... 6

**Statutes**

Cal. Code Civ. P.
  § 339(1) ..................................................................................................................... 3

**Rules**

Fed. R. Civ. P.
  Rule 26(b)(1) ............................................................................................................. 9

  Rule 26(c) .............................................................................................................. 2, 6

## I. INTRODUCTION

On March 11, 2008, at the conclusion of the hearing on ACE Property & Casualty Insurance Company's ("ACE") Motion to Dismiss the First Amended Complaint, Judge James Ware ordered that all discovery be stayed in this action until he could determine if Hewlett Packard Company ("HP") had a case going forward and, if so, the scope of that case. (Request for Judicial Notice "RJN", Exh. C, pp. 49:19-50:2). In so doing, he specifically rejected HP's request that the discovery stay be lifted upon issuance of the Court's Order on the Motion to Dismiss. (RJN, Exh. C, p. 49:17-18) Judge Ware has not since issued an Order lifting the discovery stay.

On June 12, 2008, Judge Ware granted ACE's Motion to Dismiss and dismissed HP's First Amended Complaint. While Judge Ware granted HP leave to amend, he severely limited the scope of the claims that HP could attempt to plead in the Second Amended Complaint, unequivocally stating that HP could not assert claims of bad faith based on: (1) ACE's conduct in the coverage litigation after February 1999; or (2) ACE's conduct in handling HP's tender in *Hewlett Packard Co. v. Nu-kote International Inc.*, Case No. C-94-20647-JW (N.D. Cal.), after April 5, 2000, the date the Ninth Circuit issued its mandate in that case and rendered judgment final.

HP filed a Second Amended Complaint on June 30, 2008. However, the complaint remains barred by the statute of limitations because HP is unable to establish equitable tolling or equitable estoppel as a matter of law, and each of cause of action is merely a tort claim couched as a contract claim. Therefore, ACE will be moving to dismiss HP's Second Amended Complaint, and the scope of HP's case going forward remains uncertain. Thus, the basis for the stay entered on March 11, 2008 remains in effect.

Despite the absence of any Order from Judge Ware lifting the discovery stay, and without first seeking a lifting of that stay or guidance from the Court, HP has taken the position that the filing of its Second Amended Complaint reopened discovery. Moreover, HP is willfully ignoring the limitations on the Second Amended Complaint clearly imposed by Judge Ware, claiming that all of its prior discovery is relevant, even though most of the

1

22 sets of discovery that HP previously served were rendered moot by the June 12, 2008 Order dismissing HP's First Amended Complaint. Thus, in addition to violating Judge Ware's order staying discovery, the majority of the discovery HP is now seeking is relevant only to claims dismissed by the Court, and is therefore beyond the scope of permissible discovery.[1]

ACE has no choice but to seek a protective order pursuant to Fed. R. Civ. P. 26(c) from this Court confirming that Judge Ware's March 11, 2008 discovery stay remains in effect until he rules on the ACE's Motion to Dismiss the Second Amended Complaint and determines if there is a case going forward. As will be shown below, good cause exists for such an order because of : (1) the March 11, 2008 discovery stay; (2) Judge Ware's June 12, 2008 Order granting ACE's Motion to Dismiss the First Amended Complaint; (3) the clear possibility that ACE will prevail on its Motion to Dismiss the Second Amended Complaint; and, (4) the substantial time and resources of the Court and the parties that will be wasted if HP is permitted to continue with improper and irrelevant discovery.

## II.   RELEVANT FACTS

Since filing this action on September 11, 2007, HP has served twenty-two sets of discovery consisting of 131 requests for production of documents, 8 interrogatories, 115 requests for admission, and a 30(b)(6) deposition notice with 8 different broad, and mostly irrelevant, topics. (See Zamczyk Decl., ¶ 6.) ACE responded and/or objected to most of the discovery until March 11, 2008, when Judge Ware issued an order staying all discovery. At the time the stay was issued, responses and objections were pending to 8 sets of the twenty-two sets of discovery that HP propounded. (See Zamczyk Decl., ¶ 7.) In addition to serving this voluminous and burdensome discovery, HP took issue with each response ACE served, initiating six meet-and-confers, each of which gave rise to numerous correspondence and phone calls, and filing two motions to compel, with more no doubt in the works. (See Zamczyk Declaration, ¶ 8.) All of this burdensome discovery was propounded while ACE's

---

[1] At this time, ACE is not seeking sanctions; however, it reserves all rights to move for Rule 37 sanctions if HP continues to violate the discovery stay ordered by Judge Ware.

1  Motion to Dismiss the First Amended Complaint was still being briefed, and but for the
2  March 11, 2008 discovery stay, it is likely that this Court would have been burdened with
3  multiple motions to compel discovery that Judge Ware's June 12, 2008 Order granting
4  ACE's Motion to Dismiss the First Amended Complaint rendered irrelevant and improper.

5      With respect to the pleadings, themselves, HP filed its First Amended Complaint on
6  November 20, 2007, seeking damages, including *Brandt* fees and punitive damages, for
7  ACE's alleged breach of the implied covenant of good faith and fair dealing in responding to
8  HP's tender of its defense to counterclaims in the *Nu-kote* case. (Request for Judicial Notice
9  "RJN" ¶ 1; Docket attached thereto as Exh. A.) In response, ACE filed a Motion to Dismiss
10 or, in the Alternative, Strike HP's First Amended Complaint for failure to state a claim
11 ("Motion to Dismiss"). (RJN ¶ 2; Motion to Dismiss attached thereto as Exh. B.)
12 Specifically, ACE's Motion to Dismiss argued that: (1) the California Code of Civil
13 Procedure section 339(1) two year statute of limitation bars HP's complaint; (2) the
14 California Civil Code section 47(b) absolute litigation privilege bars HP's complaint; and,
15 (3) the good faith dispute regarding the potential for coverage and the consequent scope of
16 the duty to defend precludes HP's complaint as a matter of law. ACE's Motion to Dismiss
17 was heard by Judge Ware on March 11, 2008. (RJN ¶ 3; Transcript attached thereto as
18 Exh. C.)

19     During the March 11, 2008 hearing of ACE's Motion to Dismiss, ACE requested a
20 stay of discovery. (RJN, Exh. C, pp. 48:19-49:2) In deciding to stay discovery, Judge Ware
21 expressly rejected HP's request to withdraw the discovery stay "from the date of that order
22 [on the Motion to Dismiss] going forward." (RJN, Exh. C, p. 49:17-18) Specifically, Judge
23 Ware stated,

> I'll address the reconvening of discovery as well. If there is a case going forward, of course you are going to get all the discovery you need. You should preserve any of the information that is pertinent to the case. I am sure that is already in place, but I want to see the case before I can help you out on ***what discovery is pertinent***.

27 (RJN, Exh. C, pp. 49:19-50:2) (emphasis added.) Judge Ware's comments reflect a clear
28 intent to stay all discovery pending resolution of the scope of HP's bad faith complaint, and

3

an equally clear rejection of HP's contention that the stay terminated when the court ruled on ACE's Motion to Dismiss.

On June 12, 2008, Judge Ware granted ACE's Motion to Dismiss With Leave to Amend. (RJN ¶ 4; Order attached thereto as Exh. D.) The Court dismissed HP's bad faith claims, finding "HP's Bad Faith claim is barred by the statute of limitations," and permitted HP leave to amend on extremely limited grounds. (RJN, Exh. D, p. 6:5-6.) Specifically, Judge Ware found that the litigation privilege barred HP's reliance on post litigation activities, and ordered that HP may not re-allege the following:

(1) Any allegations of bad faith based on ACE's conduct in the judicial proceedings of the Underlying Action [Coverage action filed February 18, 1999, Hewlett-Packard Company v. ACE Property and Casualty Ins. Co., Case No. C-99-20207-JW]; and

(2) Any allegations of bad faith based on ACE's conduct subsequent to issuance of the mandate on April 5, 2000, which made the Court's judgment final in the Underlying Action [Hewlett-Packard Company v. Nu-kote International, Inc., Case No. C-94-20647-JW]; and

(3) Any claim for bad faith under a breach of contract theory shall seek only those damages allowable under California law.

(RJN, Exh. D, p. 8:1-11.)

On June 30, 2008, HP filed its Second Amended Complaint, attempting to resurrect its dismissed claim. Notably, in each and every count of the Second Amended Complaint, HP seeks its attorneys' fees in connection with the coverage action and punitive damages. *Brandt* fees and punitive damages are available only under a tort theory of recovery. (*See City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal.4th 375 (2008) (holding that there can be no recovery of punitive damages for a breach of contract claim sounding in contract), *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 61 (1999) (in absence of an independent tort, punitive damages may not be awarded for breach of contract even where defendant's conduct in breaching contract was wilful, fraudulent, or malicious), *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 516 (1994) (same); *Archdale v. American Intern. Specialty Lines Ins. Co.*, 154 Cal.App.4th 449, 467 (2007) (*Brandt* fees only available under a tort theory).

Thus, ACE will file a Motion to Dismiss HP's Second Amended Complaint on August 18, 2008 (the date for a response stipulated to by the parties)[2] arguing that HP's tort claims remain barred by the two-year statute of limitations, and, therefore, HP is not entitled to recover tort damages, including *Brandt* fees and punitive damages. Given the Court's ruling on ACE's Motion to Dismiss the First Amended Complaint, there is a clear possibility that the Court will grant ACE's Motion to Dismiss the Second Amended Complaint. ACE has informed HP of its intention to file a Motion to Dismiss. (Zamczyk Decl., ¶ 11.)

Notwithstanding Judge Ware's issuance of the discovery stay and clear directions during the March 11, 2008 hearing, the impending Motion to Dismiss the Second Amended Complaint, and meet and confer efforts to resolve the discovery stay issue, HP refuses to refrain from: (i) demanding ACE serve responses to discovery pending on March 11, 2008; (ii) demanding reinstatement of the meet and confer process on discovery responded and objected to prior to March 11, 2008; and (iii) re-noticing its Motions to Compel Nos. 1 and 2 and likely filing additional motions to compel. (Zamczyk Decl. ¶ 13; HP's letters of July 7, 2008, and July 11, 2008 attached thereto as Exh. 1.) HP's efforts to undermine the discovery stay are improper, harassing, and grossly unprofessional.

ACE and HP have meet and conferred regarding the discovery stay issue. (Zamczyk Decl. ¶ 14; ACE's letters of July 8, 2008, and July 17, 2008 attached thereto as Exh. 2.) As part of a compromise during the meet and confer process, the parties agreed to brief the discovery stay issue by allowing HP to re-notice its Motion to Compel Nos. 1 and 2, scheduled for hearing on the same day as this motion. However, HP subsequently rejected that compromise, demanding meet-and-confers on other discovery and demanding, without any basis, responses to discovery rendered moot by the June 12, 2008 Order dismissing HP's First Amended Complaint. (Zamczyk Decl. ¶ 15; Exhs. 1 and 2.) Contrary to HP's contorted reading of Judge Ware's March 11, 2008 directions and his June 12, 2008 Order dismissing HP's First Amended Complaint, the discovery stay did not expire when Judge Ware issued his June 12, 2008 Order granting ACE's Motion to Dismiss with Leave to

---

[2] *See* Zamczyk Decl., ¶ 11. The parties also agreed to a November 10, 2008 hearing date.

Amend. Judge Ware's statements during the March 11, 2008 hearing unequivocally support a discovery stay until resolution of the scope of HP's complaint.

### III.  LEGAL ARGUMENT

The court has great discretion to issue protective orders. *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir.1979). "The District Court has wide discretion in controlling discovery. Such rulings will not be overturned [by the Ninth Circuit] unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A federal district court may, in the course of discovery, make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A court may direct that disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place. Fed. R. Civ. P. 26(c)(1). The party seeking to limit discovery must demonstrate "good cause" therefore. Fed. R. Civ. P. 26(c)(1).

Good cause exists when the court believes that the plaintiff will be unable to state a claim for relief. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981); *B.R.S. Land Investors,* 596 F.2d at 356 (court may deny discovery where it believes plaintiff will not be able to state a claim for relief).

In this regard, the district court has broad discretion to stay discovery pending decision on a dispositive motion. *See e.g., Chatman v. Johnson*, No. CIV S-06-0578, 2007 WL 4212648, *1 (E. D. Cal. Nov 27, 2007) (ordering that defendant need not respond to plaintiff's discovery requests or otherwise engage in discovery pending the district judge's order on their motions to dismiss); *Sasselli v. Pena*, No. CIV S-06-2204, 2008 WL 2396838, *1 (E. D. Cal. June 4, 2008) (finding good cause to stay discovery pending a final decision on defendant's motion to dismiss.); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 290 (S. D. Cal. 2000) (granting stay on the discovery of the quantification of certain damages pending Defendant's future summary adjudication motion).

### A. The Competing Interests Weigh in Favor of Granting ACE's Requested Protective Order Staying Discovery

#### 1. Judge Ware Stayed Discovery Pending Resolution of the Scope of HP's Complaint

Here, good cause exists for a protective order staying discovery pending resolution of the scope of HP's Complaint because Judge Ware, during the March 11, 2008 hearing of ACE's Motion to Dismiss HP's First Amended Complaint, stayed discovery pending a determination of "what discovery is pertinent." (RJN, Exh. C, p. 50:1-2). Although HP refuses to accept Judge Ware's discovery order, the record is clear discovery is stayed until the pleadings are settled.

Importantly, when deciding to stay discovery, Judge Ware rejected HP's request that the discovery stay expire "from the date of that order [on the Motion to Dismiss] going forward." (RJN, Exh. C, p. 49:17-18). Specifically, Judge Ware stated,

> I'll address the reconvening of discovery as well. If there is a case going forward, of course you are going to get all the discovery you need. You should preserve any of the information that is pertinent to the case. I am sure that is already in place, but I want to see the case before I can help you out on what discovery is pertinent.

(RJN, Exh. C, pp. 49:19-50:2). Thus, Judge Ware's comments unequivocally establish that he stayed discovery until determination of the scope of the case going forward.

Judge Ware has not yet addressed the reconvening of discovery since March 11, 2008. Nowhere in his June 12, 2008 Order granting ACE's Motion to Dismiss the First Amended Complaint did Judge Ware lift the discovery stay. Nor has HP requested that Judge Ware lift the discovery stay. Instead, HP has taken the position that by granting HP leave to file a Second Amended Complaint, Judge Ware lifted the discovery stay. However, such a tortured reading of the June 12, 2008 Order is not viable. Indeed, by severely limiting the scope of the claims HP may attempt to plead, the June 12, 2008 Order actually reinforces the logic behind the discovery stay. Judge Ware deemed a stay pending resolution of the motions to dismiss necessary to allow him to "see the case before I can help you out on what discovery is pertinent." (RJN, Exh. C., p. 49:18).

Because ACE will file a motion to dismiss HP's Second Amended Complaint on August 18, 2008, and because there is a clear possibility of ACE prevailing on that motion, the very reason for the March 11, 2008 discovery stay remains valid. HP cannot argue to the contrary except by engaging in strained semantics and tortured interpretations of Judge Ware's March 11, 2008 directions and his June 12, 2008 Order. Accordingly, good cause exists for a protective order staying discovery until resolution of the scope of HP's complaint.

### 2.  If Discovery Were to Continue, ACE Would be Significantly Burdened

Since filing its Second Amended Complaint on June 30, 2008 HP has ignored the discovery stay and agressively demanded that ACE respond to discovery pending on March 11, 2008, participate in meet and confer discussions regarding discovery objections and responses served prior to March 11, 2008, and re-noticed Motion to Compel Nos. 1 and 2. Forcing ACE to participate in this discovery while its Motion to Dismiss the Second Amended Complaint is pending and the scope of HP's complaint remains in flux will require the Court and ACE to incur substantial expenses and waste resources. If the Court grants ACE's Motion to Dismiss the Second Amended Complaint, or further narrows the scope of HP's Second Amended Complaint, the discovery undertaken while the motion is pending will likely be a complete waste of time and money, as most of the discovery that HP seeks concerns claims that the Court dismissed in its Order granting ACE's Motion to Dismiss the First Amended Complaint.

In *GTE Wireless*, Defendant Qualcomm sought a stay of discovery pending the Court's ruling on its motion for summary adjudication. Qualcomm argued that allowing discovery while a dispositive motion was pending "would create an undue burden." *GTE Wireless*, 192 F.R.D. at 285. The Magistrate Court denied Qualcomm's motion to stay finding "it was not immediately evident that Defendant would prevail on its motion for summary adjudication." *Id*. The District Court disagreed, finding that the Magistrate Court committed error in basing its denial of a stay on a finding that it was not "'immediately

8

certain' or a 'forgone conclusion' that Defendants summary adjudication motion would be successful." *Id.* at 290. According to the court, the correct standard when balancing the harm of allowing discovery against the harm of a stay, is whether the dispositive motion has a "clear possibility" of success, i.e. "nearly below but does not necessarily exceed a 'fifty percent chance' of success." *Id.* at 287. Here, based on Judge Ware's June 12, 2008 order granting ACE's Motion to Dismiss with Leave to Amend, it is evident that ACE's Motion to Dismiss HP's Second Amended Complaint has a "clear possibility" of success.

In *Chatman*, the court, recognizing the futility of conducting discovery pending a motion to dismiss, stayed discovery until resolution of defendants' motion to dismiss. According to the court, "if the pending motions to dismiss are granted, there will be no need to respond to the discovery requests. The court has reviewed defendants' motion to dismiss and finds that they have merit. Thus, the court finds that an order to stay discovery until the court finally resolves the motions to dismiss is justified." 2007 WL 4212648 at *1. Similarly, here, a review of Judge Ware's June 12, 2008 Order and HP's Second Amended Complaint supports a stay of discovery pending resolution of ACE's motion to dismiss.

Most, if not all, of HP's prior discovery requests are no longer relevant pursuant to the narrow grounds on which Judge Ware permitted HP to amend. As the Supreme Court stated in *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 430 (1978), "discovery, like all matters of procedure, has ultimate and necessary boundaries," and a party is not entitled to seek discovery of claims that have been stricken by the Court. *Id.* at 507. Discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case.

Here, Judge Ware ruled that HP's bad faith claims were barred by the statute of limitations, and ruled that HP may not re-allege allegations of bad faith based on ACE's conduct in the Coverage Action or its conduct subsequent to the issuance of the mandate on April 5, 2000, rendering judgment final in the *Nu-kote* action. (RJN, Exh. D, pp. 6:5-6;

8:1-11.) As such, most, if not all, of HP's discovery is no longer relevant as it is, in whole or in part, discovery directed towards claims that have been stricken, or seeks evidence on which HP can no longer rely.

When ACE informed HP that the proper course here would be for HP to serve discovery that was germane to the permissible scope of the Second Amended Complaint, HP refused, claiming that Judge Ware has not yet determined the scope of the Second Amended Complaint. In other words, HP appears to be arguing that it is not bound by Judge Ware's June 12, 2008 Order and that until Judge Ware specifically issues an order concerning the Second Amended Complaint that HP filed, it may seek broad discovery.

Judge Ware previously granted ACE's Motion to Dismiss HP's First Amended Complaint with leave to amend, finding the "Bad Faith claim is barred by the statute of limitations," and severely restricting the scope of HP's Second Amended Complaint, including the facts which HP may rely on in stating its causes of action, and the available damages. (RJN, Exh. D, pp. 6:5-6; 8:1-11.) HP's Bad Faith claims, including its prayer for *Brandt* fees and punitive damages, remain barred by the statute of limitations because HP cannot establish equitable tolling or equitable estoppel as a matter of law.[3] Accordingly, ACE's motion to dismiss HP's Second Amended Complaint has a "clear possibility" of success. Given the burden on ACE if discovery is allowed to proceed pending resolution of the motion to dismiss, and recognizing Judge Ware's comments during the March 11, 2008 hearing, good cause exists for a protective order staying discovery.

## IV. CONCLUSION

In light of the November 10, 2008 hearing of ACE's Motion to Dismiss HP's Second Amended Complaint, a stay of all discovery proceedings in this matter would maximize the use of judicial resources and provide the most efficient manner of proceeding with this

---

[3] During the July 9, 2008 meet-and-confer, HP claimed that it could seek punitive damages and *Brandt* fees for a bad faith claim sounding in contract, and that all of the counts in the Second Amended Complaint sounded in contract. Such an argument is contrary to California law, as the California Supreme Court has repeatedly stated that punitive damages are not available when a plaintiff proceeds on a contract theory of recovery. *See Genentech, Cates* and *Applied Equipment Corp., infra.*

litigation. ACE respectfully requests that this Court issue an order granting its request for a stay of all proceedings until this Court rules on the motion to dismiss the second amended complaint.

DATED: July 22, 2008

HINSHAW & CULBERTSON LLP

_____
ROBERT J. ROMERO
BRADLEY M. ZAMCZYK
ERICA TEAGARDEN

*Attorneys for Defendant*
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

2973449v1  813640