MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:   213-430-6000
Facsimile:    213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07-04676 JW<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**DECLARATION OF BRADLEY M. ZAMCZYK IN SUPPORT OF ACE'S MOTION FOR PROTECTIVE ORDER STAYING ALL DISCOVERY**<br><br>DATE:      September 3, 2008<br>TIME:       9:30 a.m.<br>DEPT:      Courtroom 4, 5th Floor |

I, BRADLEY M. ZAMCZYK, declare:

1.  I am an attorney at law duly licensed to practice before all courts of the State of California and I am admitted to practice before this United States District Court for the Northern District of California.

2.  I am a partner in the law firm of Hinshaw & Culbertson LLP, counsel of record for ACE Property and Casualty Insurance Company ("ACE") in the above-captioned case and I have been personally involved in the representation of ACE in this case.  As such, I

1

have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon as a witness.

3. On November 20, 2007, HP filed its First Amended Complaint in the present action, seeking damages for ACE's alleged breach of the implied covenant of good faith and fair dealing in responding to HP's tender of its defense to counterclaims in Hewlett-Packard Company v. Nu-kote International, Inc., U.S. District Court Northern District of California, Case No. C-94-20647-JW. (See, Request for Judicial Notice "RJN" ¶ 1; Docket attached thereto as Exh. A.)

4. In response, ACE filed a Motion to Dismiss or, in the Alternative, Strike HP's First Amended Complaint for failure to state a claim ("Motion to Dismiss"). (See, RJN ¶ 2; Motion to Dismiss attached thereto as Exh. B.) Specifically, the Motion to Dismiss argued: (1) the California Code of Civil Procedure section 339(1) two year statute of limitation bars HP's complaint; (2) the California Civil Code section 47(b) absolute litigation privilege bars HP's complaint; and, (3) the good faith dispute regarding the potential for coverage and the consequent scope of the duty to defend precludes HP's complaint as a matter of law.

5. ACE's Motion to Dismiss was heard by Judge Ware on March 11, 2008. (RJN ¶ 3; Transcript attached thereto as Exh. C.)

6. Since filing this action on September 11, 2007, HP has served twenty-two sets of discovery consisting of 131 requests for production of documents, 8 interrogatories, 115 requests for admission, and a 30(b)(6) deposition notice with 8 different broad, and mostly irrelevant, topics.

7. ACE responded and/or objected to most of the discovery until March 11, 2008, when Judge Ware issued an order staying all discovery. At the time the stay was issued, responses and objections were pending to 8 sets of the twenty-two sets of discovery that HP propounded.

8. In addition to serving this voluminous and burdensome discovery, HP took issue with each response ACE served, initiating six meet-and-confers, each of which gave

2

DECLARATION OF BRADLEY M. ZAMCZYK IN SUPPORT OF ACE'S MOTION
FOR PROTECTIVE ORDER STAYING ALL DISCOVERY – Case No. C07-04676 JW

1 rise to numerous correspondence and phone calls, and filing two motions to compel, with more no doubt in the works.

    9.    During the March 11, 2008 hearing of ACE's Motion to Dismiss, ACE requested a stay of discovery. (RJN, Exh. C, pp. 48:19-49:2)  In deciding to stay discovery, Judge Ware rejected HP's request to withdraw the discovery stay "from the date of that order [on the Motion to Dismiss] going forward." (RJN, Exh. C, p. 49:17-18)  Specifically, Judge Ware stated,

> I'll address the reconvening of discovery as well. If there is a case going forward, of course you are going to get all the discovery you need. You should preserve any of the information that is pertinent to the case. I am sure that is already in place, but I want to see the case before I can help you out on *what discovery is pertinent*.

(RJN, Exh. C, pp. 49:19-50:2)

    10.    On June 12, 2008, Judge Ware granted ACE's Motion to Dismiss With Leave to Amend. (RJN ¶ 4; Order attached thereto as Exh. D.) The Court dismissed HP's bad faith claims, finding "HP's Bad Faith claim is barred by the statute of limitations," permitted leave to amend on specific limited grounds. (RJN, Exh. D, p. 6:5-6.) Specifically, Judge Ware found that the litigation privilege barred HP's reliance on post litigation activities, and ordered that HP may not re-allege the following:

    (1)    Any allegations of bad faith based on ACE's conduct in the judicial proceedings of the Underlying Action [Coverage action filed February 18, 1999, *Hewlett-Packard Company v. ACE Property and Casualty Ins. Co.*, Case No. C-99-20207-JW]; and

    (2)    Any allegations of bad faith based on ACE's conduct subsequent to issuance of the mandate on April 5, 2000, which made the Court's judgment final in the Underlying Action [*Hewlett-Packard Company v. Nu-kote International, Inc.*, Case No. C-94-20647-JW].

    (3)    Any claim for bad faith under a breach of contract theory shall seek only those damages allowable under California law.

(RJN, Exh. D, p. 8:1-11.)

    11.    On June 30, 2008, HP filed its Second Amended Complaint, attempting to resurrect its dismissed claim. Given the Court's ruling on ACE's Motion to Dismiss the First Amended Complaint, there is a clear possibility that the Court will grant ACE's Motion

3

1  to Dismiss the Second Amended Complaint. ACE has informed HP of its intention to file a
2  Motion to Dismiss HP's Second Amended Complaint on August 18, 2008 (the date for a
3  response stipulated to by the parties).

4      12.    By stipulation of the parties, it was agreed that the hearing of ACE's Motion to
5  Dismiss HP's Second Amended Complaint will be on November 10, 2008.

6      13.    Notwithstanding Judge Ware's comments during the March 11, 2008 hearing,
7  the pending Motion to Dismiss, and meet and confer efforts to resolve the discovery stay
8  issue, HP refuses to refrain from demanding ACE serve responses to discovery pending on
9  March 11, 2008, demanding reinstatement of the meet and confer process on discovery
10 responded to prior to March 11, 2008, and has rescheduled its motions to compel nos. 1
11 and 2. Attached hereto as Exhibit 1 are true and correct copies of HP's July 7, 2008, and
12 July 11, 2008, correspondence.

13     14.    ACE and HP have meet and conferred regarding the discovery stay issue,
14 including correspondence and a July 9, 2008 telephone conference. Attached hereto as
15 Exhibit 2 are true and correct copies of ACE's July 8, 2008, and July 17, 2008
16 correspondence to HP. See also, Exhibit 1.

17     15.    As part of a compromise during the meet and confer process, the parties agreed
18 to brief the discovery stay issue by HP re-noticing its Motion to Compel Nos. 1 and 2,
19 scheduled for hearing on the same day as this motion. However, because HP then rejected
20 that compromise by demanding meet-and-confers on other discovery and demanding,
21 without any basis, responses to discovery rendered moot by the June 12, 2008 Order
22 dismissing HP's First Amended Complaint, ACE seeks an appropriate protective order from
23 this Court. See Exhibits 1 and 2.

24      I declare under penalty of perjury under the laws of the United States of America that
25 the foregoing is true and correct. Executed this 22nd day of July, 2008.

26
27
                                                       BRADLEY M. ZAMCZYK
28 2973261v1  885915

4

# EXHIBIT 1

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-031

July 7, 2008

**VIA E-MAIL and U.S. MAIL**
bzamczyk@hinshawlaw.com

Bradley M. Zamczyk, Esq.
HINSHAW & CULBERTSON
One California Street, 18th Floor
San Francisco, CA 94111-5401

    Re:    **Hewlett-Packard v. ACE Property & Casualty Insurance Company**
            **U.S.D.C., N.D. of CA, San Jose Division, Case No. 07-CV-4676 JW**

- **Request for Meet and Confer Conference**
  **ACE's Responses to HP's Interrogatories, Requests for Admission and Requests for Production of Documents**

Dear Mr. Zamczyk:

    HP intends to reinstate all prior discovery propounded to ACE and reset its pending motions to compel. During the March 14, 2008 hearing on ACE's motion to dismiss, ACE requested and obtained a temporary discovery stay pending the Court's ruling on ACE's motion. The Court has ruled on ACE's motion and HP filed its second amended complaint restating its claims; therefore the discovery stay no longer exists. **Please let us know if you are available for a meet and confer telephone conference to discuss ACE's position on discovery issues at 10:00 a.m. on Wednesday, July 9, 2008.**

    At the time of the hearing on ACE's motion to dismiss, ACE had served responses to HP's requests for production of documents, sets 1 through 10, requests for admissions, sets 1 and 2, and interrogatories, sets 1 and 2. For these previously served discovery responses (except discovery subject to the pending motions to compel), we will plan to follow up with you on a case-by-case basis concerning HP's position on ACE's inadequate and/or inappropriate responses. In other words, we will resume our meet and confer process with you in the manner it existed on March 14, 2008.

    For discovery that remained unanswered as of March 14, 2008, including requests for production of documents, sets 11 through 16, requests for admissions, set 3, and interrogatories,

set 3, HP demands ACE's responses no later than July 21, 2008. This new date should be more than sufficient as ACE previously had less than one week to respond to the discovery pending on March 14, 2008.

The purpose of this letter is to avoid having to move to compel and seek sanctions, but HP will do so if required. We look forward to meeting and conferring with you and to the expeditious resolution of this dispute.

Very truly yours,

Kory S. Booth

KSB:pam

cc: Robert J. Romero (rromero@hinshawlaw.com)
    Erica L. Teagarden (eteagarden@hinshawlaw.com)
    Mark Wood, Esq. (mwood@omm.com)
    John F. Daum, Esq. (jdaum@omm.com)
    Steven H. Bergman, Esq. (sbergman@omm.com)
    James A. Lowe, Esq.

# GAUNTLETT & ASSOCIATES
### ATTORNEYS AT LAW

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10191-031

July 11, 2008

**VIA E-MAIL**
bzamczyk@hinshawlaw.com
Bradley M. Zamczyk, Esq.
HINSHAW & CULBERTSON
One California Street, 18th Floor
San Francisco, CA 94111-5401

sbergman@omm.com
Steven H. Bergman, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

  Re: **Hewlett-Packard v. ACE Property & Casualty Insurance Company**
     U.S.D.C., N.D. of CA, San Jose Division, Case No. 07-CV-4676 JW

- **Meet and Confer Letter**
  **Supplemental Briefing on HP's Motions to Compel**
  **ACE's Responses to HP's Interrogatories, Set One**
  **ACE's Responses to HP's Requests for Admission, Set Two**
  **ACE's Response to HP's Request for Production, Set Four**

Dear Messrs. Zamczyk and Bergman:

  During the meet and confer conference of July 9, 2008, we discussed whether the discovery stay remains effective and how to proceed with discovery pending as of March 12, 2008. HP asserts the discovery stay expired upon the Court's issuance of its ruling on ACE's motion to dismiss, whereas ACE asserts the stay remains in effect. We mutually agreed that HP would reset the hearings on its motions to compel, that ACE would file a supplemental opposition and that HP would file a supplemental reply on the issues of whether a discovery stay remains in effect and whether HP's prior discovery is no longer relevant to the lawsuit. This letter asserts HP's position on ACE's relevance arguments and how HP intends to proceed with pending discovery.

  ACE's relevance arguments lack merit. During the telephone conference, ACE asserted that *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S. Ct. 2380 (1978), stood for the

10191-031-7/11/2008-162106.1

proposition that discovery propounded prior to the filing of HP's Second Amended Complaint has become irrelevant due to the dismissal of HP's First Amended Complaint. In light of this argument, HP agreed to review its prior discovery and pertinent case law in order to revisit its demand that ACE respond to all pending discovery on or before July 21, 2008. Our review of the discovery has led to the conclusion that HP's previously propounded discovery remains relevant. Further, the United States Supreme Court in *Oppenheimer* supports HP's view of broadly-relevant discovery:

> 'It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'
>
> **The key phrase in this definition-'relevant to the subject matter involved in the pending action'-has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.** See *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). [Footnote omitted] **Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.** *Id.*, at 500-501, 67 S.Ct. at 388. **Nor is discovery limited to the merits of a case**, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. [Footnote omitted]

*Oppenheimer*, 437 U.S. at 351 (emphasis added). It is not conceivable that the above-quoted language supports ACE's position. The only language that could support ACE's argument, **if misread**, is stated as follows:

> At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.' *Id.*, at 507, 67 S.Ct., at 392. Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant *only to claims or defenses that have been stricken*, [Footnote omitted], *or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case.*

*Oppenheimer*, 437 U.S. at 351-352 (emphasis added). In other words, if the information is relevant to any remaining or newly found claims, they will not be denied based on relevancy. HP's claims in its First Amended Complaint focused on ACE's bad faith failure to defend and unreasonable claims handling. HP's Second Amended Complaint also complains about ACE's

10191-031-7/11/2008-162106.1

Page 2

unreasonable failure to defend and unreasonable claims handling practices, but additionally charges that ACE committed a course of conduct unreasonably impairing HP's right to receive policy benefits, unreasonably delayed in providing a coverage determination, unreasonably failed to investigate promptly and diligently, unreasonably failed to evaluate coverage fairly and objectively, unreasonably and inadequately communicated with its insured, unreasonably misrepresented coverage, unreasonably requested information not necessary to determine the duty to defend, unreasonably failed to pay policy benefits, unreasonably failed to pay policy benefits following court orders, and unreasonably delayed and failed to pay uncontested policy benefits. **HP's claims have broadened**, not lessened, under the newly filed complaint, **making potentially even more information relevant or germane to the lawsuit.**

**HP reasserts its position that ACE must respond to all outstanding discovery on or before July 21, 2008.** Further, as the discovery stay has expired, we would like to reschedule the meet and confer conferences that were pending at the time of the hearing on ACE's motion to dismiss. **Specifically, we would like to meet and confer about ACE's responses to HP's Interrogatories, Set One, Requests for Admission, Set Two, and Request for Production, Set Four, on Tuesday, July 15, 2008 at 10:00 a.m.** Please let us know if you are available to meet and confer by telephone at that time. Concerning ACE's responses not addressed by the pending motions to compel or prior meet and confer letters, HP will individually address whether additional meet and confer conferences will be necessary.

We look forward to meeting and conferring with you and to the expeditious resolution of this dispute.

Very truly yours,

Kory S. Booth

KSB:pam

cc: Robert J. Romero (rromero@hinshawlaw.com)
    Erica L. Teagarden (eteagarden@hinshawlaw.com)
    John F. Daum, Esq. (jdaum@omm.com)
    James A. Lowe, Esq.

# EXHIBIT 2

# HINSHAW
& CULBERTSON LLP

Bradley M. Zamczyk
415-393-0137
bzamczyk@hinshawlaw.com

July 8, 2008

**ATTORNEYS AT LAW**
One California Street
18th Floor
San Francisco, CA 94111

415-362-6000
415-834-9070 (fax)
www.hinshawlaw.com

**VIA EMAIL AND MAIL**

Kory S. Booth
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, CA 92612

> Re: *Hewlett Packard Company v. ACE Property & Casualty Ins. Co.*
> United States District Court, Northern District of California
> Case No: 07-CV-4676 JW

Dear Mr. Booth:

This letter responds to your July 7, 2008 letter advising that HP believes it can reinstate all prior discovery propounded to ACE Property & Casualty Insurance Company ("ACE") and re-set its pending motions to compel. For the reasons discussed below, ACE demands that HP abide by the stay of discovery, as ordered by Judge Ware, pending resolution of ACE's Motion to Dismiss HP's Second Amended Complaint.

During the March 11, 2008 hearing of ACE's Motion to Dismiss HP's First Amended Complaint, Judge Ware rejected Jim Lowe's request to withdraw the discovery stay "from the date of that order [on the Motion to Dismiss] going forward." (Hearing Transcript ("HT"), p. 49:17-18) Specifically, Judge Ware stated,

> I'll address the reconvening of discovery as well. If there is a case going forward, of course you are going to get all the discovery you need. You should preserve any of the information that is pertinent to the case. I am sure that is already in place, but I want to see the case before I can help you out on what discovery is pertinent.

(HT, p. 49:19-50:2) Judge Ware's comments establish that discovery is stayed pending resolution of the scope of HP's bad faith complaint; Judge Ware agreed to stay discovery until he was able to determine "what discovery is pertinent." (HT, p. 50:1-2)

ACE will be moving to dismiss HP's Second Amended Complaint, as the allegations of the Second Amended Complaint do not overcome the statute of limitations that bars HP's Second Amended Complaint in its entirety. Accordingly, although Judge Ware has ruled on the Motion to Dismiss HP's First Amended Complaint, the scope of the case is not yet determined, as HP is attempting to resurrect a dismissed claim. Therefore, the stay remains in effect.

Case 5:07-cv-04676-JW   Document 58-3   Filed 07/22/2008   Page 13 of 15

Kory S. Booth
July 8, 2008
Page 2

    Moreover, in addition to discovery still being stayed, HP's prior discovery and pending Motions to Compel were rendered irrelevant and moot by Judge Ware's June 12, 2008 Order Granting ACE's Motion to Dismiss With Leave to Amend ("Order"). A party is not entitled to seek discovery of claims that have been stricken by the Court. Here, Judge Ware ruled that HP may not re-allege any allegations of bad faith based on ACE's conduct in the Coverage Action or its conduct subsequent to the issuance of the mandate on April 5, 2000, rending judgment final in the *Nu-kote* action. As such, the majority, if not all of HP's discovery, including HP's Request for Production of Documents sets 1 through 10, Requests for Admissions, sets 1 and 2, and Interrogatories sets 1 and 2 are no longer relevant as they are, in whole or in part, discovery directed towards claims that have been stricken. For the same reason, discovery that was pending as of March 14, 2008, including Request for Production of Documents sets 11 through 16, Requests for Admissions set 3, and Interrogatories set 3, are similarly no longer pertinent.

    Lastly, HP's Motion to Compel No. 1 must be withdrawn as moot. This motion seeks an order compelling ACE to provide documents responsive to HP's Request for Production of Documents set no. 2 seeking documents from February 1998 to the present. However, Judge Ware's Order precludes HP from supporting its bad faith claims on ACE's conduct following the filing of the coverage action in February 1999 or the April 5, 2000 mandate rending the *Nu-kote* action final. Accordingly, the documents at issue in HP's Motion to Compel No.1 are contrary to Judge Ware's Order, and the Motion must be withdrawn.

    We view HP's efforts to undermine the stay in place as improper, harassing, and grossly unprofessional. HP seems intent on filing any and every improper motion in a misguided effort to preserve its frivolous bad faith claim which the court previously dismissed. Please contact us to confirm that you will not continue with your efforts to violate Judge Ware's stay order.

                                    Very truly yours,

                                      HINSHAW & CULBERTSON LLP

                                      BRADLEY M. ZAMCZYK

BMZ.:cmp

cc:  Steven H. Bergman, Esq.
      Robert J. Romero, Esq.

2973100v1 885915

# HINSHAW
& CULBERTSON LLP

Bradley M. Zamczyk
415-393-0137
bzamczyk@hinshawlaw.com

July 17, 2008

**ATTORNEYS AT LAW**
One California Street
18th Floor
San Francisco, CA 94111

415-362-6000
415-834-9070 (fax)
www.hinshawlaw.com

**VIA EMAIL AND MAIL**

Kory S. Booth
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, CA 92612

Re: *Hewlett Packard Company v. ACE Property & Casualty Ins. Co.*
United States District Court, Northern District of California
Case No: 07-CV-4676 JW

Dear Mr. Booth:

This letter responds to your July 11, 2008 letter again threatening to reinstitute discovery in the above action notwithstanding Judge Ware's order during the March 11, 2008 hearing which stayed discovery pending resolution of the scope of HP's complaint. For the reasons discussed below, ACE Property & Casualty Insurance Company ("ACE") demands that HP refrain from pursuing discovery until the issue of the status of the discovery stay is determined by either the Magistrate Judge or Judge Ware. If HP continues to pursue discovery in contravention of Judge Ware's order, ACE will seek a protective order and request all available sanctions for HP's violation of Judge Ware's discovery stay.

Your letter ignores the discovery stay issues raised in our July 9, 2008 meet and confer conference and prior correspondence. As advised, the discovery stay did not expire when Judge Ware issued his June 12, 2008 order granting ACE's Motion to Dismiss with Leave to Amend. It is evident that Judge Ware rejected Mr. Lowe's request to lift the stay upon issuance of the order, and advised that discovery was stayed until he was able to determine "what discovery is pertinent." (Hearing Transcript ("HT"), p. 50:1-2.) HP's interpretation of Judge Ware's comments regarding the discovery stay is strained at best.

As you should recall, the July 9, 2008 meet and confer conference ended with an agreement to resolve the discovery stay issue by resetting motions to compel 1 and 2, and briefing the issue to the Magistrate Judge for hearing on September 3, 2008. HP's demand to reconvene discovery while the issue is pending is merely meant to harass ACE, is improper, and, given the obvious misreading of Judge Ware's comments, exposes HP to Rule 11 sanctions. Moreover, HP's unilateral July 21, 2008 deadline for ACE to serve responses to outstanding discovery is not binding, and has no effect. As you should know, there is no authority allowing HP to unilaterally determine the date discovery is due served.

Kory S. Booth
July 17, 2008
Page 2

     ACE contends that judicial interpretation is not required to determine if the discovery stay remains in effect. However, as a compromise, ACE agreed to brief the issue to the Magistrate Judge and obtain a ruling on the issue. In the interim, ACE will continue to rely on its position that discovery is stayed pending resolution of the issue. If, while the issue is pending, HP continues to demand discovery responses and meet and confer regarding previously served discovery, ACE will file a motion for protective order, seeking all available sanctions for HP's willful failure to comply with the discovery stay. As stated by Judge Ware during the March 11, 2008 hearing, "if there is a case going forward, of course, you are going to get all the discovery you need." (HT, p. 49:21-23.) Accordingly, ACE demands that HP comply with Judge Ware's order and refrain from conducting discovery until the issue is resolved.

     If you have any questions regarding this matter please call.

                         Very truly yours,

                         HINSHAW & CULBERTSON LLP

                         BRADLEY M. ZAMCZYK

BMZ.:cl

cc: Steve Bergman
    Robert J. Romero

2973309v1 885915