1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone:   213-430-6000
   Facsimile:   213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN: 151753)
   ERICA TEAGARDEN (SBN: 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:   415-362-6000
9  Facsimile:   415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12                    UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14 HEWLETT-PACKARD COMPANY, a          )  Case No. C07-04676 JW
   California corporation,             )
15                                     )
              Plaintiff,               )
16                                     )
        vs.                            )  **SUPPLEMENTAL OPPOSITION TO**
17                                     )  **HEWLETT PACKARD'S NOTICE OF**
                                       )  **MOTION AND MOTION TO**
   ACE PROPERTY & CASUALTY             )  **COMPEL NO.'S 1 AND 2**
18 INSURANCE COMPANY, a corporation,   )
                                       )  Date:  September 3, 2008
19            Defendant.               )  Time:  9:30 a.m.
                                       )  Dept:  Courtroom 4, 5th Floor
20                                     )
                                       )  Hon. Magistrate Judge Richard Seeborg
21                                     )
                                       )
22 _____ )

23

24

25

26

27

28

1    ACE Property & Casualty Insurance Company ("ACE") respectfully submits

2   the following Supplemental Opposition to HP's Motion to Compel No. 1 and Motion to

3   Compel No. 2.

4   **A.    Background**

5        HP's Motion to Compel No 1 seeks to compel ACE to produce documents

6   related to its response to HP's tender of the underlying Nu-Kote action, including claims

7   handling documents, at all times from and after 1998. (HP's Motion to Compel No. 1

8   ("MTC1") pp. 15:16-18; 18:2-4; 20:2-4; and, 22:4-6.) HP filed Motion to Compel No. 1 on

9   February 20, 2008 and ACE submitted an opposition on March 5, 2008. (*See* Docket Nos.

10   25, 37). ACE incorporates by reference its arguments set forth in its opposition to HP's

11   Motion to Compel No. 1 as to the merits of HP's motion, subject to the issues raised in

12   Sections B and C, *infra*.

13        HP's Motion to Compel No. 2 seeks to compel ACE to produce a complete

14   copy of the insurance policy ACE disclosed in its Rule 26 Initial Disclosure served January

15   11, 2008. (HP's Motion to Compel No. 1 ("MTC2") p. 1:1-4.) HP filed Motion to Compel

16   No. 2 on February 20, 2008 and ACE submitted an opposition on March 5, 2008. (*See*

17   Docket Nos. 28, 36). ACE also incorporates by reference its arguments set forth in its

18   opposition to HP's Motion to Compel No. 2, subject to the issue raised in Section B, *infra*.

19   **B.    The Discovery Stay**

20        As this Court was previously informed (*see* Docket No. 58), on March 11,

21   2008, Judge Ware entered a stay of all discovery in this action pending settling the pleadings.

22   As this Court also knows, on June 12, 2008, Judge Ware dismissed HP's First Amended

23   Complaint and granted HP leave to amend on very narrow grounds. (*see* Docket No. 52).

24   Because HP's Second Amended Complaint does not comply with Judge Ware's June 12,

25   2008 Order, and for other defects, ACE will be moving to dismiss HP's Second Amended

26   Complaint on August 18, 2008. Thus, the basis for the March 11, 2008 discovery stay

27   remains valid, and Judge Ware has not yet determined the nature of this case, if any, going

28   forward.

1

1    Because HP has refused to acknowledge or abide by the March 11, 2008

2 discovery stay, and because HP has taken the untenable position that the June 12, 2008 Order

3 dismissing HP's First Amended Complaint has no bearing on discovery concerning the

4 Second Amended Complaint, ACE filed a Motion for a Protective Order Staying All

5 Discovery ("Motion for Protective Order") with this Court on July 22, 2008. (*See* Docket

6 No. 58). The Motion for Protective Order is being heard concurrently with HP's Motions to

7 Compel, and, as established in the Motion for Protective Order, HP's Motion to Compel Nos.

8 1 and 2 must be rejected as violating Judge Ware's March 11, 2008 order staying discovery

9 pending resolution of the scope of discovery, and resolution of ACE's Motions to Dismiss.

10 ACE therefore incorporates by reference into this supplemental opposition the arguments

11 regarding the applicability of the March 11, 2008 discovery stay set forth in the Motion for

12 Protective Order.

13    C.    **Temporal Limits On Discovery**

14    As discussed above and as set forth in the Motion for Protective Order, HP's

15 Motions to Compel should be denied because the March 11, 2008 discovery stay remains in

16 place and for the substantive reasons set forth in ACE's previously filed oppositions to

17 Motions to Compel Nos. 1 and 2. In addition to those arguments, HP's Motion to Compel

18 No. 1 should be denied because the four requests at issue in HP's Motion to Compel No. 1

19 seek documents outside the temporal limitations provided by Judge Ware's June 12, 2008

20 Order granting ACE's Motion to Dismiss with Leave to Amend.

21    As established in ACE's Motion for Protective Order, Judge Ware found that

22 the litigation privilege of California Civil Code Section 47(b) bars HP's reliance on post

23 litigation activities, and ordered that HP may not re-allege the following:

24    (1)    Any allegations of bad faith based on ACE's conduct in the
       judicial proceedings of the Underlying Action [Coverage Action
25    filed February 18, 1999] to contest liability; and

26    (2)    Any allegations of bad faith based on ACE's conduct
       subsequent to issuance of the mandate on April 5, 2000, which made
27    the Court's judgment final in the Underlying Action [*Hewlett-
       Packard Company v. Nu-kote International, Inc.,* Case No. C-94-
28    20647JW].

2

1  (*See* Docket No. 52, p. 8:4-8.)  Accordingly, HP's Request for Production of Documents, Set

2  No. 2, the subject of Motion to Compel No. 1, which seeks documents "at all times from and

3  after February 1998," seek documents beyond the temporal scope of discovery resulting

4  from Judge Ware's June 12, 2008 Order granting ACE's Motion to Dismiss.  (MTC1, pp

5  15:16-18; 18:2-4; 20:2-4; and, 22:4-6.)

6  **D.    Conclusion**

7  For the foregoing reasons, those set forth in the Motion for Protective Order

8  and those set forth in ACE's Oppositions to Motions to Compel Nos. 1 and 2, each motion to

9  compel should be denied because the March 11, 2008 discovery stay remains in effect.

10  Additionally, Motion to Compel No. 1 should be denied because it

11  impermissibly seeks documents that are beyond the temporal scope of discovery set forth in

12  Judge Ware's June 12, 2008 Order and seeks the production of documents already in HP's

13  possession.

14  DATE August 13, 2008                    HINSHAW & CULBERTSON LLP

15

16

17                                                   BRADLEY M. ZAMCZYK
                                                     *Attorneys for Defendant,*
18                                                   ACE PROPERTY & CASUALTY
                                                     INSURANCE COMPANY

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL OPPOSITION TO HEWLETT PACKARD'S NOTICE OF MOTION AND MOTION TO COMPEL NO.'S 1 AND 2
Case No. C07-04676 JW