**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
Kory S. Booth (SBN 188960)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050
jal@gauntlettlaw.com
ams@gauntlettlaw.com
ksb@gauntlettlaw.com

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>            Defendant. | Case No.: 07-CV-04676-JW (RSx)<br><br>Magistrate. Judge Richard Seeborg<br><br>**HEWLETT-PACKARD COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ACE'S MOTION FOR PROTECTIVE ORDER STAYING ALL DISCOVERY**<br><br>Date:        September 3, 2008<br>Time:       9:30 a.m.<br>Courtroom:  4, 5th Floor |

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. FACTS OF THIS DISPUTE ................................................................................................... 1

    A. Background to This Dispute ........................................................................................ 1

    B. Prior *Sua Sponte* Limited-Duration Stay of Discovery ............................................... 2

    C. ACE's New Motion for a Further Stay ........................................................................ 3

III. STANDARDS FOR MOTIONS TO STAY DISCOVERY ..................................................... 4

    A. Maximum Discovery Is Presumed; Stays Are Disfavored ......................................... 4

    B. Standard for Granting a Protective Order ................................................................... 5

    C. ACE's Heavy Burden to Justify Stay of Discovery .................................................... 6

    D. Court Must "Peek" at Pending Dispositive Motion .................................................... 7

IV. NO SHOWING HAS BEEN MADE TO JUSTIFY A STAY OF DISCOVERY ............... 8

    A. ACE Has Not Met Its Burden of Proof ....................................................................... 8

    B. Cases Cited by ACE Do Not Meet Its Burden of Proof ............................................. 9

V. CONCLUSION ...................................................................................................................... 10

## I. SUMMARY OF ARGUMENT

ACE's motion for a protective order staying discovery should be denied because ACE has not met its burden of overcoming the powerful presumption favoring discovery. ACE has not shown that discovery must be stayed because of a "specific harm or prejudice" from ACE's compliance with its ordinary discovery obligations. No such "harm" or "prejudice" is identified in ACE's moving papers. There is no evidence and certainly no proof that responding to HP's discovery will **unduly** burden ACE. ACE must prove that to obtain a discovery stay.

ACE has not filed a motion to dismiss HP's Second Amended Complaint. So, the Court cannot "peek" at the motion to decide if there is an immediate and clear possibility that it will be granted – as it must find before issuing a valid stay order – nor can the Court properly speculate about what ACE may argue in some possible future motion.

The Court's previous *sua sponte* stay order pending its decision on ACE's prior motion to dismiss expired when ACE's prior motion was granted with leave to amend and, therefore, any need for the stay expired. Balancing the significant prejudice to HP if discovery is halted against the minimal prejudice to ACE if it is not weighs heavily against another stay order. The only prejudice ACE can anticipate is disclosing evidence helpful to HP's case. But that is the point of discovery.

## II. FACTS OF THIS DISPUTE

### A. Background to This Dispute

This is a lawsuit by policyholder HP against its insurer, ACE, for bad faith breach of its policy's implied covenant of good faith and fair dealing. ACE violated HP's rights by failing and refusing for more than a decade to defend HP in a "bet the company" antitrust lawsuit (the "*Nu-kote* Action") that exposed HP to potential losses of more than $3 billion.[1]

In a prior related declaratory relief lawsuit, *Hewlett-Packard Co. v. ACE Property & Casualty Ins. Co.*, U.S.D.C., Northern District of California, Case No. C-99-20207 JW (the "Coverage Action"), this Court found that ACE breached its *Nu-kote* Action defense duties to HP. Judgment was entered in favor of HP and against ACE in the aggregate sum of **$40,140,484.78** for

---

[1] Moving papers, Zamczyk Decl., ¶ 3.

unpaid *Nu-kote* Action defense expenses and accrued prejudgment interest. In the present lawsuit, HP seeks bad faith damages including the recovery of attorneys' fees for the coverage action (estimated to exceed $11 million).[2]

### B. Prior *Sua Sponte* Limited-Duration Stay of Discovery

At a March 11, 2008 hearing on ACE's previous motion to dismiss HP's First Amended Complaint,[3] the Court stated that it would soon issue a new order specifying additional briefing from both sides, and then would take ACE's motion under submission.[4] ACE then suddenly and without notice asked the Court to stay HP's discovery until the Court ruled on the motion.[5] In response (and without allowing oral argument from HP or finding facts constituting good cause), **the Court orally ordered that discovery be stayed – but only until the Court issued its new order for additional briefing** on ACE's motion to dismiss HP's First Amended Complaint which the parties had just finished arguing.[6]

Judge Ware also stated that at the next case management conference following the supplemental briefing he would "address the reconvening of discovery as well"[7] and that he "wanted to see the case before I can help you out on what discovery is pertinent."[8] But the new "order telling

---

[2] In response to HP's recent oral argument about ACE's decade-long foot-dragging in the Coverage Action ("[D]ragging on this failure to pay for a decade is, frankly, outrageous behavior, we think."), the Court (Judge Ware presiding) expressly criticized ACE's "outrageous" misbehavior. Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 40:19-41:6 ("I think that this whole situation is outrageous, not necessarily bad faith, but I do not disagree with you that this has been long and arduous.").

[3] Moving papers, Zamczyk Decl., ¶ 5; RJN, ¶ 3, Exh. "C," 3:1-45:12.

[4] Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 45:13-47:21.

[5] Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 48:19-49:10 ("[Y]our ruling on this motion to dismiss will either eliminate the need for discovery or potentially curtail the amount of discovery that's going on . . . . So **the question we have here is whether there should be a stay of discovery pending the ruling on the motion**."). Before the hearing, ACE had not moved for a protective order to stay HP's then-pending discovery.

[6] Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 49:11-15 ("**Why don't you suspend discovery until after you get this order telling you what I want**, **and then we will have another case management conference if the case survives the ruling on the motion**." (emphasis added)).

[7] Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 49:19-20.

[8] Moving Papers, Zamczyk Decl., ¶ 4; RJN, ¶ 3, Exh. "C," 49:25-50:2.

[the parties] what [the Court] wants" never issued and the case management conference never took place because the Court simply granted the motion with leave to amend.

ACE nonetheless argues that notwithstanding the Court's unambiguous statements from the bench, the previous discovery stay was to remain in effect[9] "until the pleadings are settled."[10] But the Court ruled no such thing. The Court did not say that discovery would be stayed until all potential motions to dismiss had been ruled on and did not express anything from which that intent can be inferred.

If the Court had intended the stay to remain in effect and to disable HP's discovery rights until all possible motions to dismiss were resolved, it would have said so on the record. But that did not happen. Rather, the stay was to remain in effect only until his new order for supplemental briefing was issued or until the then-contemplated next case management conference took place, or until a ruling on the motion to dismiss.

ACE knows this. If ACE actually believed that Judge Ware's prior stay order still is effective (because ACE may file another motion to dismiss another HP complaint), then ACE would not have filed this motion for a new and different stay. It would be unnecessary.

But the Court never issued an order specifying what additional briefing would be needed and no new case management conference was needed. Rather, on June 15, 2008 the Court issued an order [Docket No. 52] granting ACE's motion to dismiss HP's First Amended Complaint with leave to amend.[11] The Order did not mention the stay of discovery. *Id*. So, by the Court's oral order's own terms the stay is no longer in effect.

**C.    ACE's New Motion for a Further Stay**

HP has filed a Second Amended Complaint.[12] Although ACE has not yet filed a motion to dismiss the Second Amended Complaint, it wants time to do so, time for a hearing on this hypothetical motion toward the end of the year, and time for the Court to rule on the motion. This

---

[9] Moving papers, 3:19-4:2.

[10] Moving papers, 7:7-9.

[11] Moving papers, Zamczyk Decl., ¶ 10; RJN, ¶ 4, Exh. "D."

[12] Moving papers, Zamczyk Decl., ¶ 11.

will effectively delay discovery until 2009 concerning events that began over ten years ago when HP gave notice to ACE of the *Nu-kote* Action. HP urgently needs to obtain documents concealed by ACE for a decade, to take depositions of critical witnesses to events a decade ago, and to have access to ACE's aging computer systems. ACE, of course, wants to prevent HP's access to any evidence of its conduct between 1998 and 2007.

ACE now seeks a new protective order for a complete stay of discovery. But neither ACE's motion nor the declaration of Mr. Zamczyk states a particular and specific need for the stay or explains how ACE could be unduly burdened or prejudiced by having to respond to HP's discovery. ACE does not specifically cite to HP's pending written discovery or deposition notice or explain or provide evidence concerning how much time or expense would be required to respond. Rather, ACE argues in generalized fashion that some unspecified amount of HP's discovery seeks information that only pertains to issues that, according to ACE, are no longer relevant to this lawsuit.[13]

ACE, however, fails to meet its burden of proof about any of these things. Because ACE has not moved to dismiss HP's Second Amended Complaint, this Court cannot assess whether or with what degree of probability it may be dismissed. Without weighing ACE's probability of future success and the respective prejudice to HP and ACE if the stay is granted or disallowed, a valid protective order staying all discovery cannot be issued.

### III.   STANDARDS FOR MOTIONS TO STAY DISCOVERY

#### A.   Maximum Discovery Is Presumed; Stays Are Disfavored

Fed. R. Civ. P. 26(b) provides in pertinent part:

> (1) *Scope in General*. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case."

---

[13] Moving Papers, 7:1-10:20.

1  *Oregon Precision Indus., Inc. v. International Omni-Pac Corp.,* 160 F.R.D. 592, 594 (D. Or. 1995)

2  (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d

3  253 (1978)). That is because:

4  > "Mutual knowledge of all relevant facts gathered by parties to litigation is essential so that a party may, in good faith, compel the other to disclose what relevant facts he has in his possession, if not otherwise privileged."

7  *Campo v. American Corrective Counseling Servs.*, No. C 01-21151 JW (PVT), 2008 WL 3154754,

8  at *2 (N.D. Cal. Aug. 1, 2008) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L.

9  Ed. 2d 451 (1947)).

10  Federal civil discovery is expansive and presumed to be allowed. "Federal discovery rules

11  26 through 37 'have been interpreted liberally to allow maximum discovery.' " *Marshall v. Rain*,

12  No. 04cv0403 L (WMc), 2008 WL 2186184, at *1 (S.D. Cal. May 23, 2008). This means that

13  requests to stay discovery are disfavored. "[S]uch motions are disfavored because discovery stays

14  may interfere with judicial efficiency and cause unnecessary litigation in the future." *Qwest*

15  *Communications Corp. v. Herakles, LLC*, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299, at *2

16  (E.D. Cal. Aug. 8, 2007). They also are disfavored "because when discovery is delayed or

17  prolonged it can create case management problems which impede the court's responsibility to

18  expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*,

19  176 F.R.D. 651, 652 (M.D. Fla. 1997).

20  **B.    Standard for Granting a Protective Order**

21  Federal Rule of Civil Procedure 26(c)(1) permits a party to "move for a protective order in

22  the court where the action is pending," accompanied by "a certification that the movant has in good

23  faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute

24  without court action." Then, "[t]he court may, **for good cause shown**, issue an order . . . (A)

25  forbidding the [discovery] . . . ." Fed. R. Civ. P. 26(c)(1) (emphasis added). Good cause may be

26  established where "justice requires [the stay] to prevent a party or person from annoyance,

27  embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Qwest*, 2007 WL

28  2288299, at *2 (denying stay of discovery).

**But the party seeking the discovery stay bears the burden of proving there is good cause for its issuance**. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) ("In federal cases . . . the burden of resisting discovery is on the party opposing discovery . . . .") (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)). **To obtain the stay, the movant must meet this burden of proof**. Discovery cannot be stayed without an express finding of good cause "even if the parties stipulate to the protective order." *WebSideStory, Inc. v. Netratings, Inc.,* No. 06cv408 WQH(AJB), 2007 WL 1120567, at *1 (S.D. Cal. April 6, 2007).

This means the Court cannot properly issue a discovery stay order based on perfunctory, pro forma argument of need for the stay and prejudice if it is or is not issued. Rather, a valid stay order must "identify and discuss the factors it considered in [the district court's] 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003). Each of the factors must be proved by the movant's admissible **evidence of "a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements**." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (emphasis added).

### C.   ACE's Heavy Burden to Justify Stay of Discovery

Courts have discretion to stay discovery pending the outcome of decisions on dispositive motions. *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976). But there is no presumption requiring such a stay. *SK Handtool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988) (emphasis added) ("**Discovery need not cease during the pendency of a motion to dismiss**."). Rather, for a stay order to issue, **the district court should be "*convinced that the plaintiff will be unable to state a claim upon which relief can be granted*."** *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (emphasis added).[14]

But proving that discovery should be stayed is extraordinarily difficult. **"The party seeking the stay has a 'heavy burden' to make a 'strong showing' to justify the stay."** *Lofton v. Bank of*

---

[14]*B.R.S. Land Investors* ruled that the environmentalists' amended complaint did not allege that any government action had ever been taken, so there was no possibility that a valid claim about such action could be pled.

1 *America*, No. C 07-05892 SI, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) (emphais added) (citing *Blankenship*, 519 F.2d at 429). "A showing of need [for the stay] must be particular and specific and be more than a 'conclusory statement that discovery would cause undue burden and expense.'" *Lofton*, 2008 WL 2037606, at *1 (citation omitted) (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).

The party seeking a discovery protective order must prove the order should be granted with specific proof of particular harm if the order does not issue. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz,* 331 F.3d at 1130 (citing *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987), requiring party seeking protective order **"to provide 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm**.'" (emphasis added)).

The stay's proponent has the "'heavy burden of making a "strong showing" why discovery should be denied ... [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements.'" *White v. E-Loan, Inc*., No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (citing *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)). "Hence, in its wide discretion in controlling discovery, **the court should balance the harm of staying . . . discovery against the benefits of allowing it to proceed**." *Id*. This balance requires "**weighing the likely costs and burdens of proceeding with discovery**." *Feldman*, 176 F.R.D. at 652 (emphasis added).

### D.    Court Must "Peek" at Pending Dispositive Motion

Federal Rule of Civil Procedure 26(c) requires that good cause be shown in order for a party to obtain a protective order. *Kiblen v. Retail Credit Co*., 76 F.R.D. 402, 404 (E.D. Wash. 1977). In deciding "whether to grant a protective order staying discovery before pending motions can be heard," the Court "must apply a two-pronged analysis: First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed . . . . Second, the Court must determine whether the pending motion can be decided absent additional discovery." *Pacific Lumber Co. v. National Union Fire Ins. Co.,* 220 F.R.D. 349, 351-52 (N.D. Cal.

2003). "If the Court answers these two questions in the affirmative, a protective order **may** issue." *Id.* at 352 (emphasis added).

However, before issuing a protective order, "the Court **must** first **'peek'** at the merits of the pending dispositive motion in order to assess the validity of the stay of discovery motion." *Qwest*, 2007 WL 2288299, at *2 (emphasis added). **The purpose of this "preliminary peek at the merits of the allegedly dispositive motion [is] to see if on its face there appears to be an *immediate and clear possibility* that it will be granted."** *GTE Wireless, Inc. v. Quaalcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (bold emphasis added). **"[T]he moving party bears the burden of showing [the immediate and clear possibility] and reasonableness [of the stay]."** *Id.* (emphasis added).

"**[I]f the motion will surely be granted, [the] Court will properly exercise its discretion to block discovery** and prevent the wasting of resources of time." *Qwest*, 2007 WL 2288299, at *3 (denying discovery stay) (emphasis added). The Court must be "**convinced** that a plaintiff is unable to state a claim for relief." *Quair v. Bega*, No. CV F 02 5891 REC DLB, 2007 WL 552537, at *2 (E.D. Cal. March 7, 2005) (denying stay of discovery) (emphasis added).

## IV. NO SHOWING HAS BEEN MADE TO JUSTIFY A STAY OF DISCOVERY

### A. ACE Has Not Met Its Burden of Proof

ACE's motion fails to meet its "heavy burden" of a "strong showing" to justify the stay it now wants. Neither ACE's brief nor Mr. Zamzcyk's declaration provide specific facts showing a "particular and specific need" to stay discovery. The motion contains only "conclusory statements that discovery would cause undue burden and expense." But these are merely "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" – and vague contentions of harm are legally inadequate to meet ACE's burden of proof.

Moreover, the Court cannot "preliminarily peek" at ACE's Motion to Dismiss HP's Second Amended Complaint as the law requires because ACE has not filed a motion to dismiss. Rather, ACE provides only a copy of a prior motion to dismiss a prior complaint, and then offers representations about what a real motion may say if it is ever filed. But these do not properly substitute for the motion itself. The Court cannot speculate about a future filing and stay discovery on that basis. ACE's arguments are not adequate to enable the Court to find any "immediate and

1  clear possibility" that ACE's motion will be granted.  Without real proof, there is no proper basis to
2  stay discovery.

### B.     Cases Cited by ACE Do Not Meet Its Burden of Proof

Cases cited by ACE do not show that ACE has met its burden of proof.  *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) held:  "A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."  But this case does not say whether the motion to dismiss the first amended complaint was on file and considered by the district court, nor does it explain how the district court became "convinced" that the plaintiff would not be able to state a claim on amendment.  In the present case, Judge Ware must have believed that HP can state a viable claim – otherwise, leave to file an amended complaint would not have been granted.

In *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), the district court issued an order suspending discovery pending the outcome of the defendant's motion to dismiss the complaint, which then was granted with leave to amend.  But the opinion is silent about whether the plaintiff even sought to take additional discovery after filing his first, second or third amended complaints, and whether the stay of discovery continued in effect after the amendment.

In *Chatman v. Johnson*, No. Civ. S-06-0578, 2007 WL 4212648, at *1 (E.D. Cal. Nov. 27, 2007), a protective order barring discovery pending the hearing of defendant's motion to dismiss was issued based on the court's review of the motion and express finding that the motion had "merit."  But here, this Court cannot review ACE's motion.  It has not been filed.

Finally, *Sasselli v. Pena*, No. Civ S-06-2204. 2008 WL 2396838, at *1 (E.D. Cal. June 4, 2008), involved a deposition notice served between the date of the Magistrate Judge's recommendation that plaintiff's motion to dismiss be granted, and the district judge's ruling on that recommendation.  Not surprisingly, the Magistrate Judge granted a protective order staying discovery during that time because he had not only "peeked" at the motion to dismiss – he had recommended that dismissal be granted.  But in the present case there are no such facts.  The motion has not been filed.

/ / /

## V. CONCLUSION

ACE has not met its burden of providing "specific demonstrations of fact" to prove that discovery should be stayed until its motion to dismiss HP's Second Amended Complaint is decided. ACE's general "stereotyped" and "conclusory" statements about inconvenience are not legally adequate to make its case. ACE's failure to move to dismiss before moving to stay discovery means the Court cannot make any preliminary determination of an "immediate and clear possibility" that the motion will be granted or that HP is "unable to state a claim for relief." The shortcomings of ACE's evidence and its failure to move to dismiss mean that as a matter of law this Court cannot be "convinced that [HP] is unable to state a claim for relief" – and therefore cannot issue a valid order reciting the evidentiary grounds for its decision.

For these reasons, ACE's motion should be denied.

Dated: August 13, 2008              **GAUNTLETT & ASSOCIATES**


By:   s/ James A. Lowe
        David A. Gauntlett
        James A. Lowe
        Andrew M. Sussman
        Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY