1

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)

2

James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)

3

Kory S. Booth (SBN 188960)
18400 Von Karman, Suite 300

4

Irvine, California 92612
Telephone: (949) 553-1010

5

Facsimile: (949) 553-2050
*jal@gauntlettlaw.com*

6

*ams@gauntlettlaw.com*
*ksb@gauntlettlaw.com*

7

8

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

9

10

**UNITED STATES DISTRICT COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13

HEWLETT-PACKARD COMPANY, a
Delaware corporation,

14

15

Plaintiff,

16

vs.

17

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, a Pennsylvania

18

corporation,

19

Defendant.

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 07-CV-04676-JW (RSx)

Magistrate Judge Richard Seeborg

**OBJECTIONS OF HEWLETT-PACKARD
COMPANY TO DECLARATION OF
BRADLEY M. ZAMCZYK IN SUPPORT
OF ACE'S MOTION FOR PROTECTIVE
ORDER STAYING ALL DISCOVERY**

Date:            September 3, 2008
Time:            9:30 a.m.
Courtroom:   4, 5th Floor

1    Plaintiff Hewlett-Packard Company ("HP") objects to the following portions of the

2  Declaration of Bradley M. Zamczyk submitted in support of the motion by defendant ACE Property

3  and Casualty Insurance Company for protective order staying all discovery.

4    1.    Zamczyk Decl., 22-23 "ACE responded and/or objected to most of the discovery until

5  March 8, 2008, when Judge Ware issued an order staying all discovery."  Objections:  No foundation

6  re issuance, terms or substance of order; legal conclusion re order's contents and effect.

7    2.    Zamczyk Decl., 3:27-4:1:  "Given the Court's ruling on ACE's Motion to Dismiss the

8  First Amended Complaint, there is a clear possibility that the Court will grant ACE's Motion to

9  Dismiss the Second Amended Complaint."  Objections: Argument, not statement of fact.  No

10  foundation, lay opinion, legal conclusion and speculation about contents and merits of potential

11  motion to dismiss that has not been filed.  Unless and until ACE's motion to dismiss is filed, the

12  Court cannot determine whether there is a "clear possibility," a slight possibility or *any* possibility of

13  the motion being granted – or the propriety of a complete stay of discovery until there is the motion

14  is decided.

15    3.    Zamczyk Decl., 4:19-23:  "However, because HP then rejected that compromise by

16  demanding meet and confers on other discovery and demanding, without any basis, responses to

17  discovery rendered moot by the June 12, 2008 Order dismissing HP's First Amended Complaint,

18  ACE seeks an appropriate protective order from this Court."  Objections: Argument as to whether or

19  not HP's demands for discovery responses and requests for meet and confers on discovery were

20  "without any basis," particularly because the stay of discovery pending the outcome of ACE's prior

21  motion to dismiss HP's First Amended Complaint was terminated by operation of law when the

22  prior motion to dismiss was granted.

23  Dated:  August 13, 2008.          **GAUNTLETT & ASSOCIATES**

24

25              By:___ s/ James A. Lowe_____
                  David A. Gauntlett
26                James A. Lowe
                  Andrew M. Sussman
                  Kory S. Booth
27

28              Attorneys for Plaintiff
                HEWLETT-PACKARD COMPANY

1