**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
Kory S. Booth (SBN 188960)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
ams@gauntlettlaw.com
ksb@gauntlettlaw.com

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>              Defendant. | Case No.: 07-CV-04676-JW (RSx)<br><br>Hon. James Ware<br><br>**HEWLETT-PACKARD'S MOTION FOR CLARIFICATION OF THE COURT'S JUNE 12, 2008 ORDER GRANTING ACE'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Fed. R. Civ. P. 60(a), 60(b)(6)]<br><br>Date:   November 10, 2008<br>Time:   9:00 a.m.<br>Ctrm:   8 |

1   PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 60(a) and 60(b)(6), plaintiff Hewlett-Packard Company ("HP") will move on November 10, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard, for clarification of this Court's June 12, 2008 Order Granting Defendant's Motion to Dismiss With Leave to Amend ("Order")[Docket # 52].

HP requests the Court clarify two important points in its Order:  (1) In several places the Order refers to the "Underlying Action" between HP and Nu-kote when it appears that the Court intended to refer to the "Coverage Action" between HP and ACE.  (2) The Order then limited an amended complaint to contract claims, perhaps based on a finding that a two-year tort statute of limitations would bar some claims.  But it is unclear if the Court intended to prohibit HP from asserting equitable tolling or equitable estoppel to avoid even a two-year statute of limitations.  HP seeks clarification of these issues.

**I.   THE COURT CAN CLARIFY ITS JUNE 12, 2008 ORDER**

Fed. R. Civ. P. 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, **order**, or other part of the record." This includes clarifying the terms and conditions of a dismissal.  *In re American Continental Corporation/Lincoln Sav. & Loan Securities Litigation,* 102 F.3d 1524, 1530 n.2 (9th Cir. 1996) (following dismissal of action without prejudice court reviewed its order pursuant to Fed.R.Civ.P. 60(a) "to correct any errors or omissions of the record."); *see also Harmston v. City & County of San Francisco*, No. C 07-01186 SI, 2008 WL 269465, at *2 (N.D. Cal. Jan. 29, 2008) (court considered motion for clarification of contempt order under Rule 60(a) and noted the motion could have also been brought under Rule 60(b)(6)).

The Court may also clarify its orders pursuant to Fed. R. Civ. P. 60(b)(6), that allows a court "to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."  *See Earth Island Institute v. Ruthenbeck,* 459 F.3d 954, 966 (9th Cir. 2006) (granting Rule 60(b)(6) motion for clarification of injunction order); *see also U.S., ex rel. Newsham v. Lockheed Missiles and Space, Co., Inc.*, No. C 88-20009 JW, 1995 WL 470219, at *2 (N.D. Cal. Aug. 2, 1995) (granting motion for clarification of language in order granting in part and denying in part motion for reconsideration).

II. **IT APPEARS THE COURT INTENDED TO REFERENCE THE "COVERAGE ACTION" WHEN IT REFERRED TO THE "UNDERLYING ACTION" AT PAGES 7 AND 8**

   A. **The Order Should Have Referenced the "Coverage Action" Rather than the "Underlying Action" at Page 7**

In this case, the parties have used the phrase "Underlying Action" to refer to at lawsuit between HP and Nu-kote[1] and have used the phrase "Coverage Action" to refer to a previous declaratory judgment lawsuit in this court between HP and ACE.[2] HP seeks to clarify the language of the Order at page 7 that references the "Underlying Action" between HP and Nu-kote; ACE fka CIGNA was not a party to that action.  It appears the Court intended to refer to the "Coverage Action" between HP and ACE when it used the phrase "Underlying Action" on page 7.  The Order at 7:13-16 states:

> The Court finds that HP cannot state a claim for bad faith based on any litigation conduct which was consistent with ACE's defensive pleadings in the **Underlying Action** or any conduct of ACE's after judgment was entered in the **Underlying Action**, because such a claim for bad faith is limited by privilege.

Concerning the first reference to "Underlying Action" in this paragraph of the Order, because ACE was not a party it did not have any "defensive pleadings in the Underlying Action."  All pleadings at issue were filed by ACE in the Coverage Action, not the Underlying Action.

As to the second reference to "Underlying Action" on page 7 of the Order, it appears the Court again intended to refer to the Coverage Action instead of the Underlying Action. If the Court intended to find that HP cannot state a claim for bad faith based on conduct of ACE after judgment was entered in the *Coverage Action* rather than the Underlying Action, that finding is supported by *Tomaselli v. Transamerica Inc. Co.,* 25 Cal. App. 4th 1766 (1994), a case the Court cites in the previous paragraph of the Order.

---

[1] The "Underlying Action" or "*Nu-kote* Action" was styled as *Hewlett-Packard Co. v. Nu-kote Int'l, Inc.*, counterclaim *Nu-kote Int'l, Inc. v. Hewlett-Packard Company*, United States District Court, Northern District of California, Case No. C-95-2254 JW.

[2] The "Coverage Action," was styled as *Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*, U.S. District Court, Northern District of California, Case No. C-99-20207-JW.

In *Tomaselli*, after the plaintiff **received a judgment** against **her insurer** in a **coverage action**, she filed a bad faith action based on the insurance company's refusal to pay and its appeal of the judgment. *Id.* at 1768-69. The *Tomaselli* court held that when an insured receives a judgment **against its insurer** in a **coverage action**, those rights are merged into that judgment, which replaces the insurer's duty to perform under the policy and therefore forecloses a bad faith action for acts occurring after the judgment in the coverage action; such as not paying the judgment and instead filing an appeal. *Id.* at 1769-70.

Under *Tomaselli* HP's rights under the insurance contract with ACE could not have merged into the judgment in the *Underlying* Action because ACE was not a party and HP did not receive a judgment against ACE in the Underlying Action. HP received a judgment against ACE in the Coverage Action on August 22, 2007. So to be consistent with *Tomaselli* the Order should be clarified to say only that HP cannot state a claim for bad faith based on conduct of ACE after judgment was entered in the Coverage Action on August 22, 2007.

### B.   It Appears the Court Intended to Reference the Coverage Action Rather than the "Underlying Action" in the Conclusion at Page 8

Under the *Tomaselli* holding, it appears the Court also intended to refer to the Coverage Action rather than the Underlying Action in its conclusion at Order, 8:2-8:

> The Court GRANTS Plaintiff's leave to amend. However, Plaintiff may not reallege the following: . . . (2) Any allegations of bad faith based on ACE's conduct **subsequent to the issuance of the mandate on April 5, 2000, which made the Court's judgment final in the Underlying Action**.

In its Order the Court correctly summarizes the holding of *Tomaselli*: "Moreover, the law is clear that **after suing an insurer for failure to pay a claim and recovering a judgment**, the insured cannot assert a claim of bad faith based on the insurer's post-judgment conduct, even if the insurer does not pay the judgment in a timely fashion." (Order, 7:6-9 (emphasis added), citing to *Tomaselli v. Transamerica Ins. Co.,* 25 Cal. App. 4th 1766, 1771-73 (1994)). HP did not sue ACE or obtain a judgment against ACE in the Underlying Action. ACE was not a party to that action. HP obtained a judgment against ACE in the Coverage Action on August 22, 2007.

That the Court intended to refer to the Coverage Action and not the Underlying Action is also consistent with the Court's observation that the "contractual relationship between insurer and the

insured does not terminate with commencement of litigation." Order 6:13-14, citing to *White v. Western Title Ins. Co.,* 40 Cal.3d 870, 888 (1985).  Clarifying the Order to bar all bad faith allegations after the *Underlying Action* was terminated would be inconsistent with *White* and would contradict *Tomaselli*; it would mean that an insured *is* barred from alleging bad faith acts occurring prior to receiving a judgment against its insurer.

So it appears the Court intended to reference the Coverage Action at page 8:7-8 of the Order rather than the Underlying Action.  If so, the term "Underlying Action" should be replaced by "Coverage Action," and the reference to "April 5, 2000" at page 8:7 should be replaced by the August 22, 2007 date that judgment was entered in the Coverage Action.

### III. IT IS UNCLEAR IF THE COURT INTENDED TO PROHIBIT HP FROM ASSERTING EQUITABLE TOLLING OR ESTOPPEL

In its Order the Court instructs that HP is limited to pleading bad faith under a breach of contract theory:

> In this case, the Court GRANTS HP leave to amend, if its wishes, to file a Complaint for bad faith **under a breach of contract theory**, seeking only those damages allowable under California law for such a claim, if any.

Order: 7:23-25.  But the Court elsewhere in its Order explains that HP may be able to assert equitable tolling and equitable estoppel to avoid the two-year statute of limitations bar asserted by ACE:

> Since Plaintiff focused its arguments on the timeliness of its Bad Faith Claim, Plaintiff has not addressed whether the Court should toll the more than ten day delay or whether Defendant is estopped from asserting a statute of limitations defense.

Order, 6:2-4. The Court discusses in detail the scope of tolling (at Order 6: fns. 6, 7) apparently as a guide for HP in drafting its Second Amended Complaint ("SAC") [Docket # 53].[3]  Consistent with

---

[3] Footnote 6 of the Order states:  "Equitable tolling permits a plaintiff to avoid the bar of a statute of limitations when, notwithstanding all due diligence, the plaintiff cannot obtain necessary information to give him the ability to pursue the claim. *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946). Equitable tolling requires no action by the opposing party, yet generally applies where an opposing party's wrongful conduct prevents the plaintiff from pursuing a claim or when the plaintiff, by exercise of reasonable diligence, could not have discovered vital information bearing on the

the Court's discussion in the Order, HP's SAC alleges equitable tolling from June 1998 at least through June 2000 (SAC ¶¶ 20-31) and alleges that ACE is estopped from asserting the statute of limitations. (SAC ¶¶ 32-37) HP believes its SAC precludes ACE asserting any statute of limitations defense. Nevertheless, HP has pled ACE's breach of its implied covenant of good faith and fair dealing as contract claims in the SAC. HP seeks clarification that the Court did not intend to preclude HP from asserting that no two-year statute of limitations could be relied upon by ACE if equitable tolling and estoppel preclude application of the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, HP respectfully seeks clarification of the Court's Order as set forth above.

Dated: August 15, 2008

**GAUNTLETT & ASSOCIATES**

By:     s/ James A. Lowe
        David A. Gauntlett
        James A. Lowe
        Andrew M. Sussman
        Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

---

claim. *Holmberg,* 327 U.S. at 397; *In re United Ins. Mgmt., Inc.* 14 F.3d 1380, 1386 (9th Cir. 1994); 'One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.' *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984)."

Footnote 7 of the Order states: "A statute of limitations may also be tolled 'if the defendant has affirmatively sought to mislead the charging party.' *Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207, 207-08 (9th Cir. 1981). To determine whether estoppel may toll the statute of limitations, the court must consider 'of critical importance' a 'showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations,' among other factors. *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir. 1981) 'Conduct or representations' by the defendant that tend to 'lull the plaintiff into a false sense of security, can estop the defendant from raising the statute of limitations based upon the principle that no man may take advantage of his own wrong.' *Atkins v. Union Pacific R. Co.,* 685 F.2d 1146, 1149 (9th Cir. 1982) (citations and alterations omitted)."