# EXHIBIT 1716

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into by Hewlett-Packard Company ("HP") and ACE Property and Casualty Insurance Company ("ACE PCIC").

WHEREAS, HP filed its first amended complaint in the United States District Court, for the Northern District of California, San Jose Division, Case No. 002-1847 JW RS ARB, asserting causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing (the "Action");

WHEREAS, on or about June 8, 2002, ACE PCIC moved to dismiss HP's first amended complaint in the Action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, moved to strike pursuant to Federal Rule of Civil Procedure 12(f);

WHEREAS, ACE PCIC's motion to dismiss and/or strike is set for hearing on September 16, 2002; and

WHEREAS, the parties to the action, HP and ACE PCIC, agree that HP shall dismiss the Action without prejudice in exchange for ACE PCIC's agreement that any applicable statute of limitation or defense based on time which has not run or expired prior to the original filing of the Action, shall be tolled for the period of time between the date of the original filing of the Action and the date on which the Action is re-filed.

IT IS THEREFORE STIPULATED AND AGREED, by and between the undersigned and in consideration of the promises and undertakings herein, which constitute good and valuable consideration, as follows:



EXHIBIT 1716

1. The running time under any applicable statute of limitations whether set forth in Federal, California statutory or common law that as of the date of first filing of the Action has not expired and which is available to ACE PCIC in defense of any claim or cause of action asserted by HP against ACE PCIC in the Action is hereby tolled for the period of time between the filing of the Action and the date on which the Action is re-filed. In the event that HP subsequently re-files the Action, the running time under any pertinent statute of limitation or by way of estoppel or laches, or other time-related defense to any causes of action or claims of breach of contract and/or breach of the implied covenant of good faith and fair dealing arising out of HP's tender of the defense of the counter-claims filed in the *Hewlett-Packard Company v. Nu-kote International*, Case No. C-95-2254 (the "Claims") is hereby agreed to be tolled from the date the first filing of the Action until and including the date of any subsequent re-filing of the Action. The period of time between the date the Action was originally filed and the date the Action is re-filed shall not be considered in any determination of the timeliness of the commencement of the Claims in any subsequently filed Action.

2. The tolling of the statute of limitations under this Agreement will cease upon HP's re-filing of the Action, and/or HP's filing of any substantially similar new action containing claims and/or causes of action such as were asserted in the Action.

3. In the event HP re-files the Action, notwithstanding anything in this Tolling Agreement to the contrary, ACE PCIC may raise any and all defenses including but not limited to the applicable statute(s) of limitations such as existed at the time the Action was first filed.

4. The parties shall promptly execute and ask the Court to approve a stipulation for dismissal of the Action without prejudice.

5. This Agreement is a contract made under the laws of the State of California, and for all purposes shall be governed by and construed in accordance with the laws of the State of California without giving effect to the principles and conflicts of law.

6. This Agreement contains the entire agreement between the parties with respect to the matters referred to herein. This Agreement may be modified only by a writing signed by all parties. Neither the execution of this Agreement, nor anything contained in it, is intended to be, nor shall be deemed to be, an admission by either party of any liability to anyone or an admission of the existence of facts upon which liability or defense would or would not be based.

7. Should any provision of this Agreement be declared or determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original.

8. Each of the parties acknowledge that this Agreement has been negotiated at arms-length, with assistance of counsel, among persons knowledgeable in the matters herein. Accordingly, any rule of law, including without limitation, California Civil Code section 1654, or any other statutes, legal decisions, or common law principles with similar effect, that would require interpretation of any ambiguities in this Agreement against the party that has drafted it, is of no application and hereby is expressly waived.

This Agreement and its provisions shall be interpreted in a reasonable manner to affect the parties intentions.

IT IS SO STIPULATED:

DATED: August 31, 2002            HEWLETT-PACKARD COMPANY

By: *[signature]*

APPROVED TO FORM:

By: *[signature]*
JAMES A. LOWE
GAUNTLETT & ASSOCIATES
Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

IT IS SO STIPULATED:

DATED: August ___, 2002           ACE PROPERTY AND CASUALTY
                                  INSURANCE COMPANY


By:_____

APPROVED TO FORM:


By:_____
ROBERT J. ROMERO
HINSHAW & CULBERTSON
Attorneys for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

This Agreement and its provisions shall be interpreted in a reasonable manner to affect the parties intentions.

IT IS SO STIPULATED:

DATED: August ___, 2002                HEWLETT-PACKARD COMPANY


                                       By:_____


APPROVED TO FORM:


By:_____
   JAMES A. LOWE
   GAUNTLETT & ASSOCIATES
   Attorneys for Plaintiff
   HEWLETT-PACKARD COMPANY


IT IS SO STIPULATED:

DATED: August ___, 2002                ACE PROPERTY AND CASUALTY
                                       INSURANCE COMPANY


                                       By: /s/ Marcia Nixon Nieto


APPROVED TO FORM:

By: /s/ Robert J. Romero    8/27/02
   ROBERT J. ROMERO
   HINSHAW & CULBERTSON
   Attorneys for Defendant
   ACE PROPERTY AND CASUALTY
   INSURANCE COMPANY


10191-031-8/22/2002-131626.1                      4