# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hewlett-Packard Co., | NO. C 07-04676 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| ACE Property & Casualty Insurance Co., | |
| Defendant. | |

## I. INTRODUCTION

Hewlett-Packard Company ("HP" or "Plaintiff") brings this diversity action against ACE Property & Casualty Insurance Company ("ACE" or "Defendant"), alleging breach of the implied covenant of good faith and fair dealing. HP alleges that ACE made a bad faith denial of HP's claim for defense of a third party suit for unfair competition.

Presently before the Court is ACE's Motion to Dismiss or, in the Alternative, Strike HP's First Amended Complaint. (hereafter, "Motion," Docket Item No. 28.) The Court conducted a hearing on March 10, 2008. Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Complaint filed on September 11, 2007, Plaintiff alleges as follows:

In 1994, HP sued non-party Nu-Kote International, Inc. for patent infringement. (First Amended Complaint ¶ 8, hereafter, "Complaint," Docket Item No. 8.) Nu-Kote filed a

counterclaim against HP alleging unfair competition and antitrust violations.[1] (Id. ¶ 9.) The scope of Nu-Kote's claims expanded in June 1996 and again in 1999 with the filing of amended counterclaims. (Id. ¶¶ 10, 15.) In February 2000, HP obtained a jury verdict against Nu-Kote. (Id. ¶ 20.) Nu-Kote appealed the judgment to the Federal Circuit Court of Appeals, but the appeal was dismissed after Nu-Kote and HP reached a settlement. (Id. ¶ 21.)

During the Underlying Action, HP was covered by an insurance policy issued by ACE. (Id. ¶ 22) On June 13, 1998, HP notified ACE of the Nu-Kote action and tendered defense of the counterclaims pursuant to the policy. (Id. ¶ 26.) ACE neither accepted nor denied the claim. (Id. ¶ 28.) On February 18, 1999, HP filed an action against ACE seeking a declaratory judgment that ACE had a duty to defend HP against Nu-Kote's counterclaims.[2] (Id. ¶ 28.)

On August 24, 1999, Judge Spencer Williams granted HP's motion for summary judgment, finding that Nu-Kote's counterclaims were potentially covered under the policy. (Id. ¶ 29.) Judge Williams also found that ACE's duty to defend was triggered by HP's June 13, 1998 tender. (Id.) The matter was referred to a Special Master for a determination of the amount of damages for which ACE is liable. (Id. ¶ 31.) For the past eight years, ACE has challenged the amounts determined by the Special Master despite numerous rulings in HP's favor. (Id. ¶¶ 32-38.) ACE has also refused to pay the amounts that are not disputed. (Id. ¶¶ 142-224.)

On April 17, 2002, HP filed an action against ACE for breach of the implied covenant of good faith and fair dealing.[3] (Id. ¶ 228.) The parties stipulated to dismiss that

---

[1] The Court refers to Nu-Kote's counterclaim against HP as the "Underlying Action."

[2] The Court refers to HP's claim against ACE for coverage as the "Coverage Dispute."

[3] The Court refers to HP's present claim against ACE for bad faith denial as the "Bad Faith Claim."

2

1  action and toll any applicable statute of limitations from that point forward. (Id. ¶ 229) The
2  stipulation preserved all rights and defenses that existed as of April 17, 2002. (Id., Ex. 98.)
3  On the basis of the allegations outlined above, HP alleges a single cause of action for breach
4  of the implied covenant of good faith and fair dealing. HP seeks general and compensatory damages
5  in excess of $21 million, punitive damages as determined by the Court, and attorney fees.
6  Presently before the Court is ACE's motion to dismiss.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

ACE moves to dismiss on the grounds that the bad faith claim is barred by the statute of limitations or by the litigation privilege. (Motion at 6, 10.)

3

A.   **Statute of Limitations**

Since this is a diversity action, the Court applies California law to determine the parties substantive rights. Erie Railroad Company v. Tompkins, 304 U.S. 64 (1938). State statutes of limitations are deemed substantive for Erie purposes. Guaranty Trust Co. V. York, 326 U.S. 99, 110 (1945). If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Under California law, a claim for breach of the implied covenant of good faith and fair dealing proceeding under a tort theory is governed by a two year statute of limitations.[4] Smyth v. USAA Property & Casualty Ins. Co., 5 Cal. App. 4th 1470, 1477 (1992); Cal. Civ. P. Code § 339(1).

In an action based on a defendant's failure to defend, a plaintiff's claim accrues when the insurer refuses the plaintiff's tender. See Lambert v. Commonwealth Land Title Ins. Co., 53 Cal. 3d 1072, 1077 (1991.) "Although the statutory period commences upon the refusal to defend, it is equitably tolled until the underlying action is terminated by final judgment." Id. Similarly, in Archdale v. American Int'l Specialty Lines Ins. Co., 154 Cal. App. 4th 449 (2007), a tort claimant filed suit against a tortfeasor's insurer for breach of the implied covenant of good faith and fair dealing. 154 Cal. App. 4th at 458. The insurer had refused to accept a reasonable settlement offer in an underlying personal injury lawsuit. Id. at 458-59. Relying on Lambert, the Court of Appeal held that the statute of limitations was tolled until final judgment was entered. Id.

The basic rule is that while an appeal is pending, a judgment is not final. Archdale, 154 Cal. App. 4th at 479 (citing McKee v. National Union Fire Ins. Co., 15 Cal. App. 4th 282, 286 (1993)).

---

[4] HP seeks punitive damages in its prayer of relief, suggesting it is proceeding with its bad faith claim under a tort theory. Morever, in its opposition to ACE's motion, HP does not contest the application of a two year statute of limitations period. (Plaintiff's Opposition to Defendant's Motion to Dismiss Per Fed R. Civ. P. Rule 12(b)(6) and Motion to Strike per Fed R. Civ. P. Rule 12(f) at 5, hereafter, "Opposition," Docket Item No. 23.) A party bringing a claim for breach of the applied covenant of good faith and fair dealing under California law may elect to proceed under either a tort or a breach of contract theory. Frazier v. Metropolitan Life Ins. Co., 169 Cal. App. 3d 90, 100-03 (1985). Under a breach of contract theory, HP's bad faith claim would be subject to a four year statute of limitations. Id.; see Cal. Civ. P. Code § 337(1).

4

> [A] judgment does not become final so long as the action in which it was rendered is pending and an action is deemed pending until it is finally determined on appeal or until the time for appeal has passed. The determination of the issue in the case is held in abeyance until the appeal is finally decided by an appellate court and the appeal operates to "keep alive the case . . . as it existed before the judgment was rendered."

McKee, Cal. App. 4th at 288. An appeal is final on the date remittitur or mandate issues. Archdale, 154 Cal. App. 4th at 479 (citing Hoover v. Galbraith, 7 Cal. 3d 519, 525-526 (1972); Cory v. Poway Unified School Dist. 147 Cal. App. 3d 1158, 1165 (1983); Macedo v. Bosio, 86 Cal. App. 4th 1044, 1051, fn.5 (2001)).

In this case, the Court entered judgment in the Underlying Action on February 14, 2000. A timely appeal was taken. Pursuant to the parties' settlement, the appeal was dismissed on April 5, 2000, the same date the Clerk of Court of the Ninth Circuit issued its mandate.[5] The mandate shows that the Clerk of Court of the Ninth Circuit copied the Clerk of Court of the District Court and the parties' counsel, Martin R. Lueck, Jonathan A. Marshall, and Ronald S. Katz. Thus, the Court finds that Underlying Action reached a final judgment for purposes of calculating the statute of limitations on April 5, 2000. Plaintiff's original Bad Faith Claim was filed on April 17, 2002, more than ten days passed the statute of limitations.

Plaintiff contends that since the mandate was not docketed by the Clerk of Court at the district level until April 26, 2000, the running of the statute of limitations should begin on that date. However, Plaintiff provides no legal support for this proposition. Contrary to Plaintiff's contention, Rule 41 of the Federal Rules of Appellate Procedure, which pertains to the issuance of the mandate, provides in relevant part:

> (a) Contents. Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.
>
> ***
>
> (c) Effective Date. The mandate is effective when issued.

---

[5] (Plaintiff's Request for Judicial Notice in Support of Plaintiff Hewlett-Packard Company's Opposition to Defendant ACE Property & Casualty Insurance Company's Motion to Dismiss, or in the Alternative Motion to Strike, Ex. 102, Docket Item No. 24.)

5

Thus, the mandate was effective on April 5, 2000, the date of issuance. Under Archdale, April 5, 2000 is the date of the "final judgment." Since Plaintiff primarily focused its arguments on the timeliness of its Bad Faith Claim, Plaintiff has not addressed whether the Court should toll[6] the more than ten day delay or whether Defendant is estopped[7] from asserting a statute of limitations defense. Accordingly, the Court GRANTS ACE's motion to dismiss on the ground that HP's Bad Faith claim is barred by the statute of limitations.

**B.   Litigation Privilege**

While the Court has already dismissed HP's entire Bad Faith action as untimely, the Court addresses Defendant's arguments regarding the scope of Plaintiff's claim in an effort to direct any potential amendment. Defendant contends that conduct which occurred after the Coverage Dispute began is protected by the litigation privilege of § 47 of the California Civil Code. (Motion at 10.)

California Civil Code § 47(b)(2) states that any publication made in a judicial proceeding is privileged. Despite § 47, the "contractual relationship between insurer and the insured does not terminate with commencement of litigation," and an insurer's conduct during the course of the litigation—but outside of the judicial proceedings—may be admissible as evidence of bad faith prior

---

[6] Equitable tolling permits a plaintiff to avoid the bar of a statute of limitations when, notwithstanding all due diligence, the plaintiff cannot obtain necessary information to give him the ability to pursue the claim. Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). Equitable tolling requires no action by the opposing party, yet generally applies where an opposing party's wrongful conduct prevents the plaintiff from pursuing a claim or when the plaintiff, by exercise of reasonable diligence, could not have discovered vital information bearing on the claim. Holmberg, 327 U.S. at 397; In re United Ins. Mgmt., Inc., 14 F.3d 1380, 1386 (9th Cir. 1994). "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

[7] A statute of limitations may also be tolled "if the defendant has affirmatively sought to mislead the charging party." Villasenor v. Lockheed Aircraft Corp., 640 F.2d 207, 207-08 (9th Cir. 1981). To determine whether estoppel may toll the statute of limitations, the court must consider "of critical importance" a "showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations," among other factors. Naton v. Bank of California 649 F.2d 691, 696 (9th Cir. 1981.) "Conduct or representations" by the defendant that tend to "lull the plaintiff into a false sense of security, can estop the defendant from raising the statute of limitations based upon the principle that no man may take advantage of his own wrong." Atkins v. Union Pacific R. Co., 685 F.2d 1146, 1149 (9th Cir. 1982) (citations and alterations omitted).

6

1  to the litigation. White v. W. Title Ins. Co., 40 Cal. 3d 870, 888 (1985). However, as the Court
2  California Court of Appeal noted in California Physicians' Service v. Superior Court:

> Defensive pleading, including the assertion of affirmative defenses, is communication protected by the absolute litigation privilege. Such pleading, even though allegedly false, interposed in bad faith, or even asserted for inappropriate purposes, cannot be used as the basis for allegations of ongoing bad faith. No complaint can be grounded upon such pleading.

9 Cal. App. 4th 1321, 1330 (1992). Moreover, the law is clear that after suing an insurer for failure to pay a claim and recovering a judgment, the insured cannot assert a claim of bad faith based on the insurer's post judgment conduct, even if the insurer does not pay the judgment in a timely fashion. Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1766, 1771-73 (1994). Post judgment conduct is also irrelevant for proving bad faith prior to the litigation. White, 40 Cal. 3d at 889 n.12.

In this case, HP's bad faith claim is based in part on ACE's original denials of coverage and in part on ACE's litigation strategy. HP also alleges that ACE's failure to pay defense costs after judgment was entered in the Underlying Action constitutes bad faith. The Court finds that HP cannot state a claim for bad faith based on any litigation conduct which was consistent with ACE's defensive pleadings in the Underlying Action or any conduct of ACE after judgment was entered in the Underlying Action, because such a claim for bad faith is limited by privilege. Rather, HP's claim must be based on ACE's conduct outside of the underlying judicial proceedings, such as ACE's initial determination not to provide a defense upon HP's tender prior to the filing of the Underlying Action.

C.  **Leave to Amend**

The Court considers whether to grant HP leave to amend. Generally, leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In this case, the Court GRANTS HP leave to amend, if it wishes, to file a Complaint for bad faith under a breach of contract theory, seeking only those damages allowable under California law for such a claim, if any.

7

### V. CONCLUSION

The Court GRANTS ACE's Motion to Dismiss. The Court GRANTS Plaintiff leave to amend. However, Plaintiff may not re-allege the following:

(1) Any allegations of bad faith based on ACE's conduct in the judicial proceedings of the Underlying Action to contest liability; and

(2) Any allegations of bad faith based on ACE's conduct subsequent to issuance of the mandate on April 5, 2000, which made the Court's judgment final in the Underlying Action.

(3) Any claim for bad faith under a breach of contract theory shall seek only those damages allowable under California law.

Any amendment shall be filed on or before **June 30, 2008.**

Dated: June 12, 2008

JAMES WARE
United States District Judge

8

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Bradley Marc Zamczyk bzamczyk@hinshawlaw.com
David A. Gauntlett info@gauntlettlaw.com
3  James A. Lowe jal@gauntlettlaw.com
Robert John Romero rromero@hinshawlaw.com
4  Steven H. Bergman sbergman@omm.com

5

6  **Dated: June 12, 2008**                                   **Richard W. Wieking, Clerk**

7

8                                                             By:   /s/ JW Chambers
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**
9

10

**United States District Court**
For the Northern District of California