MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07-04676 JW<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**ACE PROPERTY & CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER STAYING ALL DISCOVERY**<br><br>DATE: September 3, 2008<br>TIME: 9:30 a.m.<br>DEPT: Courtroom 4, 5th Floor |

Defendant ACE Property & Casualty Insurance Company ("ACE") hereby submits its reply brief in support of its Motion for Protective Order Staying All Discovery as previously ordered by Judge Ware.

## I. INTRODUCTION

It is undisputed that on March 11, 2008 Judge Ware stayed discovery in this action. By its motion, ACE seeks an Order confirming that the discovery stay remains in effect until Judge Ware lifts the March 11, 2008 discovery stay. This Motion, and the requested Order, are necessary because plaintiff Hewlett-Packard Company ("HP") continues to ignore the stay, and persists in demanding extensive meet and confer conferences, moving forward with motions to compel, and unilaterally setting arbitrary, and unnecessary, discovery deadlines.

HP wrongly argues that ACE has the burden to justify a discovery stay. However, ACE is not seeking a stay in the first instance. Rather, ACE, in response to HP's discovery tactics and refusal to abide by the currently pending stay, was forced to seek an order declaring that Judge Ware's stay remains in effect to avoid further discovery abuse by HP. Accordingly, the burden to obtain a discovery stay is not relevant to the current motion.

By arguing that Judge Ware's June 12, 2008 Order Granting ACE's Motion to Dismiss the First Amended Complaint lifted the discovery stay by permitting HP leave to file a Second Amended Complaint ("SAC"), HP acknowledges that on March 11, 2008 Judge Ware stayed discovery. Therefore, the issue presented is whether the stay remains in effect. ACE's moving papers establish that the stay remains in effect pending resolution of the scope of HP's complaint. The fact that HP was given a limited basis upon which to file a Second Amended Complaint does not alter the stay. Thus, HP's tortured reading of the March 11, 2008 hearing transcript and the June 12, 2008 Order is not viable, and should be rejected.

///
///
///
///

## II. ARGUMENT

### A. The March 11, 2008 Discovery Stay

#### 1. HP Continues to Ignore the Existing Stay

ACE is not seeking entry of a new stay of discovery. HP's conduct, including its refusal to recognize the existing stay of discovery, has forced ACE to seek the Court's intervention to enforce the existing stay. Notwithstanding Judge Ware's issuance of the discovery stay and clear directions during the March 11, 2008 hearing, ACE's pending Motion to Dismiss the SAC, and meet and confer efforts to resolve the discovery stay issue, HP refuses to refrain from: (1) demanding ACE serve responses to discovery pending on March 11, 2008, the date discovery was stayed; (2) demanding reinstatement of the meet and confer process on discovery responded and objected to prior to March 11, 2008; and, (3) re-noticing its Motions to Compel Nos. 1 and 2 and likely filing additional motions to compel. (Zamczyk Decl. ¶ 13; HP's letters of July 7, 2008, and July 11, 2008 attached thereto as Exh. 1.) HP's efforts to undermine the discovery stay are improper, harassing, and grossly unprofessional.

#### 2. HP Concedes Judge Ware Ordered Discovery Stayed

HP admits in its Opposition Brief that during the March 11, 2008 hearing, Judge Ware issued an oral order staying discovery until "we [] have another case management conference if the case survives the ruling on the motion." (Opp. at 2:10 & n.6; RJN Exh. C, Transcript at 49:11-15.) HP further concedes that Judge Ware advised that he would address the reconvening of discovery at the case management conference, but that he first he wanted to "see the case" before he could help out on "what discovery is pertinent." (Opp. at 2:13-15; RJN Exh. C, Transcript at 49:21-50:2.)

It is undisputed that the parties have not had the next, or any, case management conference referred to by Judge Ware. Nor has Judge Ware addressed the "reconvening of discovery." (RJN Exh. C, Transcript at 48-49.) Thus, the March 11, 2008 stay continues.

///
///

3

ACE'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER STAYING ALL DISCOVERY
Case No. C07-04676 JW

### 3. Judge Ware Expressly Rejected HP's Present Argument at the March 11, 2008 Hearing

During the March 11, 2008 hearing, HP's counsel asked, "Just to be clear, Your Honor, once you give us the order [on the motion to dismiss] from the date of that order going forward, discovery can reconvene?" (RJN Exh. C, Transcript at 49:16-18.) Judge Ware responded in the negative, stating,

> I'll address the reconvening of discovery as well. If there is a case going forward, of course, you are going to get all the discovery you need. You should preserve any of the information that is pertinent to the case. I'm sure that's already in place. But I want to see the case before I can help you out on what discovery is pertinent.

(RJN Exh. C, Transcript at 49:21-50:2.)

Had Judge Ware intended to lift the discovery stay once he issued an Order on ACE's Motion to Dismiss HP's First Amended Complaint, he would have replied in the affirmative to HP's inquiry. However, Judge Ware made it clear: the discovery stay remained in effect until the scope of the pleadings was resolved. (RJN Exh. C, Transcript at 49:21-50:2.)

In order for Judge Ware to "see the case," the pleading must be at issue. Specifically, Judge Ware noted that "part of what I'm trying to decide is whether claims handling is really at issue here." (RJN Exh. C, Transcript at 50:10-12.) There is no dispute that this case is not at issue. Indeed, on August 18, 2008, as ACE had previously informed HP, ACE moved to dismiss HP's Second Amended Complaint as HP seeks relief barred by the statute of limitations or which is not available under a breach of contract theory, the only theory available to HP following the June 12, 2008 Order. (RJN Exh. D, Order at 6:5-6; 7:23-25.)

Additionally, as established in ACE's Motion to Dismiss HP's Second Amended Complaint filed August 18, 2008, HP's SAC fails to conform to Judge Ware's June 12, 2008 Order granting limited leave to amend. (Reply RJN Exh. 1, ACE's Motion to Dismiss HP's SAC.) The SAC includes bad faith allegations based on ACE's post litigation conduct, alleges claims for tortious bad faith, and seeks damages unavailable for breach of contract, including punitive damages and *Brandt* fees. (Reply RJN Exh. 1, ACE's Motion to Dismiss HP's SAC.) With the Motion to Dismiss the Second Amended Complaint pending, Judge

Ware has not yet set the parameters of this case.[1] Thus, the March 11, 2008 discovery stay continues.

### B. Judge Ware's Discovery Stay and Supporting Case Law Establish that A Discovery Stay is Warranted

#### 1. Legal Standard

The decision to stay or otherwise limit discovery lies within the district court's broad discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989). Generally,

> [t]he Court may limit discovery so 'that certain matters [may] be inquired into, or that the scope of disclosure or discovery may be limited to certain matters' upon a showing of good cause or where ... 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....'

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86 (S.D. Cal. 2000) (quoting Fed. R. Civ. P. 26(c)(4)). The application of this rule generally requires the court to "balance the harm" of staying discovery versus allowing it to go forward. *Id* at 289. If the relative harm of a stay of discovery does not outweigh the benefit of a stay to the parties and the court, the district court has the discretion to stay or otherwise limit discovery. *Little*, 863 F.2d at 685. One factor the court may consider is whether a stay of discovery "furthers the goal of efficiency for the court and litigants." *Id*. Another factor that the court may consider is whether the plaintiff can ultimately prevail on its claim. *Wood v. McEwen, Jr.*, 644 F.2d 797, 801 (9th Cir. 1981).

With regard to a stay of discovery pending resolution of dispositive motions, "[a]long with balancing the harms of staying discovery, the Court should '... take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted.'" *GTE Wireless*, 192 F.R.D. at 286 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in the original)). An "immediate and clear possibility" does not require certainty or even a fair probability of success, but rather that the potential dispositive motion "is nearly below but does not necessarily exceed a 'fifty percent chance' of success." *Id*. at 287.

---

[1] The Motion to Dismiss is scheduled for hearing November 10, 2008.

### 2. A Discovery Stay is Warranted in this Case

#### a. There Is a "Clear Possibility" That ACE's Motion to Dismiss For Failure to State a Claim Will Dispose of This Suit

As fully set forth in ACE's motion to dismiss, HP's SAC fails to state a claim upon which relief can be granted, because: (1) HP's SAC remains barred by the Code of Civil Procedure section 339(1) two year statute of limitations and the Court's June 12, 2008 Order; and (2) HP's Second Amended Complaint only seeks damages (*Brandt* fees and punitive damages) that are not recoverable contract damages as a matter of law. In light of the Court's June 12, 2008 Order, HP's failure to comply with that Order, and ACE's motion to dismiss HP's SAC, there is a "clear possibility" that ACE's motion will be granted.

#### b. The Motion to Dismiss Was Filed August 18, 2008

HP's argument that no showing has been made to justify a stay of discovery because the Court cannot "preliminarily peek" at ACE's motion to dismiss is absurd. ACE filed its Motion to Dismiss on August 18, 2008, as the parties had previously agreed it would. Thus, the Court is able to "peek" at the motion to dismiss before the September 3, 2008 hearing to determine whether it has merit. If the pending motion to dismiss is granted, there will be no need to respond to the discovery requests. Accordingly, there is a proper basis to stay discovery. *Chatman v. Johnson*, No. Civ. S-06-0578, 2007 WL 4212648, at *1 (E.D. Cal. Nov. 27, 2007.)

#### c. There Is No Prejudice to HP If Stay Continues

If, as is likely, ACE's motion to dismiss is granted, discovery undertaken while the Motion to Dismiss is pending will waste time and resources of both parties, and given HP's penchant for filing motions to compel, this Court. ACE should not be required to expend money for wasteful discovery in the interim. Avoiding the expense of needless discovery is a proper basis to stay discovery. *Sasselli v. Pena*, No. Civ. S-06-2204, 2008 WL 2396838, at *1 (E.D. Cal. June 4, 2008) (avoiding the expense of discovery is "good cause" to stay discovery pending resolution of a motion to dismiss.); *GTE Wireless*, 192 F.R.D. at 289 (finding "good cause" to stay discovery on the ground that parties should not expend money

for wasteful discovery when a dispositive motion will likely dispose of the case.)

On the other hand, if HP's SAC somehow survives ACE's motion to dismiss, continuing the discovery stay will not preclude HP from obtaining necessary discovery. When discussing the discovery stay during the March 11, 2008 hearing, Judge Ware stated,

> If there is a case going forward, of course, you are going to get all of the discovery you need. You should preserve any of the information that is pertinent to the case.

(RJN Exh. C, Transcript at 49:21-24.) In any event, the majority of the documents and facts relevant to this action were previously produced to HP in the Coverage Action which HP filed in February 1999.

### d. No Rush to Conduct Discovery

Having delayed the present action more than five (5) years, HP cannot now reasonably argue that there is a rush to conduct discovery. On April 17, 2002, HP first sued ACE for insurance bad faith arising out of its handling of the *Nu-kote* claim. Then, as now, ACE moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Recognizing the merit of ACE's motion, HP agreed to dismiss its bad faith case prior to the hearing on the motion in exchange for a stipulation tolling the statute of limitations.

On September 11, 2007, after more than eight (8) years of coverage litigation, and more than five (5) years after initially filing its bad faith action, HP refiled its bad faith case. This passage of time, caused by HP's delay, demonstrates that there is no rush to conduct discovery. Having chosen to delay this case more than 5 years, HP cannot now claim it will be prejudiced by continuing the discovery stay pending resolution of the scope of its complaint.

### e. No Pre-trial Schedule

There is no pre-trial schedule in place as there has not been a case management conference, so there is no risk of running up against the discovery "cut off" date.

### 3. HP's Opposition Fails to Address the Substance of this Motion

ACE does not dispute that, generally, discovery is broad and presumed to be allowed. Moreover, it is undisputed that the party seeking the discovery stay has the burden of proving

good cause. However, HP's opposition misses the point: Judge Ware ordered discovery stayed pending resolution of ACE's Motion to Dismiss and a determination of the scope of the complaint going forward. Thus, ACE is not seeking a new discovery stay. Rather, in response to HP's unreasonable refusal to acknowledge the pending stay and its continued violation of an existing Court order, ACE seeks to enforce the existing stay. ACE has met its burden to enforce the existing stay.

Moreover, ACE has cited numerous cases in California federal courts wherein the courts granted discovery stays and found the requisite "good cause" when a 12(b)(6) motion is pending which reveals a clear possibility that the motion will dispose of the case. The cases cited by HP in its Opposition have nothing to do with the facts of this litigation.

First, HP cites *Lofton v. Bank of America Corp.*, No. C 07-05892 SI, 2008 WL 2037606 (N.D. Cal. May 12, 2008), for the proposition that the moving party has a "heavy burden" to make a "strong showing" that the discovery stay is warranted. In *Lofton*, the moving party argued that discovery should be stayed because the Court had yet to decide whether it may exercise personal jurisdiction over the moving party. There, the court held that the moving party failed to demonstrate good cause to stay discovery, because in order to survive the motion to dismiss for lack of jurisdiction, the plaintiff persuasively argued that he needed access to information that involved the merits of his suit. Here, HP has not argued, and cannot argue, that it needs access to the requested discovery to survive the motion to dismiss. ACE brings its motion to dismiss because, among other reasons, HP is not entitled to recover, as a matter of law, any of the damages it seeks in the SAC, and therefore the SAC should be dismissed without leave to amend.

Second, HP cites *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003), for the proposition that broad allegations of unsubstantiated harm are insufficient to warrant a discovery stay. *Foltz* is irrelevant to the issues presented in the ACE/HP litigation. There, the issue was whether a stipulated blanket protective order allowed a party to keep specific documents from public view without satisfying the standard of good cause under Federal Rule of Civil Procedure 26(c). The court held that when faced

with a request to disclose documents, Rule 26(c) standards, not the terms of a blanket protective order, govern. *Foltz* is irrelevant to the issue of whether a pending motion to dismiss, with a clear possibility of being granted, satisfies the Rule 26(c) standards.

Third, HP cites *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006), for the proposition that the court should balance the harm of staying discovery against the benefits of allowing it to proceed. Again, *White* is irrelevant to the ACE/HP litigation. There, the court denied motions to bifurcate liability and damages and stay discovery finding that the proposed bifurcation and stay would likely result in time consuming evidentiary disputes. *White* has nothing to do with balancing the interests when a stay of discovery furthers the goal of efficiency for the court and litigants.

## III. CONCLUSION

ACE filed its motion to dismiss HP's SAC on August 18, 2008. The hearing is scheduled for November 10, 2008. In light of the November 10, 2008 hearing of ACE's motion to Dismiss HP's SAC, which has a "clear possibility" of being granted, enforcing the existing stay of all discovery proceedings in this matter would maximize the use of judicial resources and provide the most efficient manner of proceeding with this litigation. ACE respectfully requests that this Court issue an order granting its request to enforce the existing stay of all proceedings until this Court rules on the motion to dismiss the SAC.

DATED: August 20, 2008     HINSHAW & CULBERTSON LLP

ROBERT J. ROMERO
BRADLEY M. ZAMCZYK
ERICA TEAGARDEN
*Attorneys for Defendant,* ACE PROPERTY & CASUALTY INSURANCE COMPANY

2974464v1   885915