1 MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
2 STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
3 400 South Hope Street
Los Angeles, California 90071-2899
4 Telephone: 213-430-6000
Facsimile: 213-430-6407
5
ROBERT J. ROMERO (SBN 136539)
6 BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
7 HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
8 San Francisco, California 94111
Telephone: 415-362-6000
9 Facsimile: 415-834-9070

10 Attorneys for Defendant
ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12              **UNITED STATES DISTRICT COURT**

13    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| 14 HEWLETT-PACKARD COMPANY, a California corporation, | ) Case No. C07-04676 JW |
| 15 | ) |
|         Plaintiff, | ) Hon. Magistrate Judge Richard Seeborg |
| 16 | ) **REQUEST FOR JUDICIAL NOTICE** |
|     vs. | ) **SUPPORTING ACE'S MOTION FOR** |
| 17 | ) **A PROTECTIVE ORDER STAYING** |
| ACE PROPERTY & CASUALTY | ) **ALL DISCOVERY** |
| 18 INSURANCE COMPANY, a corporation, | ) |
| 19      Defendant. | ) **DATE:**   **September 3, 2008** |
| | ) **TIME:**   **9:30 a.m.** |
| 20 | ) **DEPT:**   **Courtroom 4, 5th Floor** |

21        Pursuant to Federal Rule of Evidence 201, Defendant, ACE PROPERTY AND

22 CASUALTY INSURANCE COMPANY ("ACE") hereby requests the Court to take judicial

23 notice of the following records, filing and documents:

24        1.    The Memorandum of Points and Authorities in support of ACE's Motion to

25 Dismiss or, in the Alternative, Strike HP's Second Amended Complaint for failure to state a

26 ///

27 ///

28 ///

1  claim, filed August 18, 2008.  A true and correct copy of the Motion is attached hereto as

2  Exhibit 1.

3  DATED:  August 20, 2008                    HINSHAW & CULBERTSON LLP

4

5                                             ROBERT J. ROMERO

6                                             BRADLEY M. ZAMCZYK
                                              ERICA TEAGARDEN
7                                             *Attorneys for Defendant,* ACE PROPERTY &
                                              CASUALTY INSURANCE COMPANY
8

9

10  2974477v1  885915

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE SUPPORTING ACE'S MOTION FOR A PROTECTIVE ORDER STAYING
ALL DISCOVERY – Case No. C07-04676 JW

Exhibit 1

1  MARK WOOD (SBN 41640)
   JOHN F. DAUM (SBN 118453)
2  STEVEN H. BERGMAN (SBN 180542)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone:   213-430-6000
   Facsimile:   213-430-6407
5
   ROBERT J. ROMERO (SBN 136539)
6  BRADLEY M. ZAMCZYK (SBN: 151753)
   ERICA TEAGARDEN (SBN: 242067)
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone:   415-362-6000
9  Facsimile:   415-834-9070

10 Attorneys for Defendant
   ACE PROPERTY & CASUALTY
11 INSURANCE COMPANY

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14 HEWLETT-PACKARD COMPANY, a          ) Case No. C07-04676 JW
   California corporation,              )
15                                      ) DEFENDANT'S MEMORANDUM OF
                Plaintiff,              ) POINTS AND AUTHORITIES IN
16                                      ) SUPPORT OF MOTION TO DISMISS
         vs.                            ) PER FRCP RULE 12(B)(6) OR, IN THE
17                                      ) ALTERNATIVE, MOTION TO
   ACE PROPERTY & CASUALTY             ) STRIKE PER FRCP RULE 12(f)
18 INSURANCE COMPANY, a corporation,   )
                                        ) Date:      November 10, 2008
19              Defendant.              ) Time:      9:00 a.m.
                                        ) CTRM:      8
20                                      ) JUDGE:     Hon. James Ware
                                        )
21                                      )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  DISCUSSION ...................................................................................... 3

    A.  HP's Second Amended Complaint Should Be Dismissed Without
    Leave to Amend ........................................................................... 3

        1.  HP's SAC Repeats The Same Facts and Requests The Same
        Relief That It Sought In Its Time Barred And Dismissed Tort
        Based Bad Faith Claim .......................................................... 3

        2.  The Court Should Dismiss HP's SAC Because It Only Seeks
        Damages (*Brandt* Fees and Punitive Damages) That Are Not
        Recoverable Contract Damages as a Matter of Law .............................. 4

            a.  Contract Remedies ........................................................ 4

            b.  Punitive Damages Not Available for Breach of Contract ............ 4

            c.  HP Likewise Cannot Recover *Brandt* Fees Under a
            Contract Theory as a Matter of Law ........................................ 6

        3.  The Court's June 12, 2008 Order Precludes An Equitable
        Tolling and/or Equitable Estoppel Argument .......................... 7

            a.  Equitable Tolling Will Not Revive HP's Tortious Bad
            Faith Claim ............................................................... 8

                (1)  HP Discovered Operative Facts Before April 5,
                2002 Because HP Knew ACE Disputed Coverage ........... 9

                (2)  ACE Did Not Conceal Operative Facts As HP
                Sued ACE For Coverage In 1999 ............................... 10

            b.  The Court's June 12, 2008 Order Gave HP The Benefit of
            Equitable Tolling Required in Insurance Bad Faith Cases ........ 11

            c.  Equitable Estoppel Not Applicable ............................................. 12

    B.  The Court Should Strike HP'S Claims and Allegations Barred by the
    June 12, 2008 Order ................................................................. 14

        1.  HP's Damages Claims Must Be Stricken ................................. 14

        2.  HP's Allegations Based on ACE's Alleged Conduct After HP
        Filed Its Coverage Action Remain Barred by the Litigation
        Privilege .............................................................. 15

III. CONCLUSION ................................................................................. 16

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
7 Cal. 4th 503 (1994) .................................................................................... 4

*Archdale v. American Intl. Specialty Lines Ins. Co.,*
154 Cal. App. 4th 449 (2007).......................................................... 4, 6, 7, 12

*Arcilla v. Adidas Promotional Retail Operations, Inc.,*
488 F. Supp. 2d 965 (C.D. Cal. 2007) ................................................ 14, 15

*Atkins v. Union Pacific R. Co.,*
685 F.2d 1146 (9th Cir. 1982) ............................................................... 12

*Baldwin County Welcome Ctr. v. Brown,*
466 U.S. 147 (1984) .................................................................................. 9

*Best Canvas Products & Supplies v. Ploof Truck Lines,*
713 F.2d 618 (11th Cir. 1983) ................................................................. 9

*Brandt v. Superior Court,*
37 Cal. 3d 813 (1985) .............................................................................. 6

*Cates Constr., Inc. v. Talbot Partners,*
21 Cal. 4th 28 (1999) .............................................................................. 4

*City of Hope National Med. Ctr. v. Genentech, Inc.,*
43 Cal. 4th 375 (2008) ............................................................................ 4

*Federal Election Com'n v. Williams,*
104 F.3d 237 (9th Cir. 1996).................................................................. 9

*Hill v. Federal Trade Comm'n,*
124 F.2d 104 (5th Cir. 1941) ................................................................. 9

*Holmberg v. Armbrecht,*
327 U.S. 392 (1946) ................................................................................. 8

*In re United Ins. Mgmt., Inc.,*
14 F.3d 1380 (9th Cir. 1994)............................................................... 8, 9

*Lambert v. Commonwealth Land Title Ins. Co.,*
53 Cal. 3d 1072 (1991) ........................................................................ 11

*Long v. Howard Univ.,*
512 F. Supp. 2d 1 (D.D.C. 2007) ....................................................... 12

*Naton v. Bank of California,*
649 F.2d 691 (9th Cir. 1981)......................................................... 12, 13

*Peterson v. Groves,*
111 Wash. App. 206 (2002) ................................................................. 12

*Richardson v. Allstate Ins. Co.,*
117 Cal. App. 3d 8 (1981) .................................................................... 11

*Smyth v. USAA Property Cas. Ins. Co.,*
5 Cal. App. 4th 1470 (1992) ................................................................ 11

*Villasenor v. Lockheed Aircraft Corp.,*
640 F.2d 207 (9th Cir. 1981)............................................................... 12

ii

**Statutes**

Cal. Civ. Code
    § 47(b) ................................................................................................... 2, 16
    § 3294 ........................................................................................................ 3
    § 3294(a) ................................................................................................. 4, 5
    § 3300 ........................................................................................................ 4
Cal. Code Civ. Proc.
    § 339(1) ................................................................................................. 3, 11
    § 1021 ........................................................................................................ 7

**Rules**

Fed. R. Civ. Proc.
    Rule 12(B)(6) ............................................................................................ 1
    Rule 12(f) ............................................................................................. 1, 14

iii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f)  Case No. C07-04676 JW

1    Defendant ACE Property & Casualty Insurance Company (hereafter "ACE")

2    respectfully submits this Memorandum of Points and Authorities and the concurrently filed

3    Request for Judicial Notice ("RJN") in support of ACE's Motion to Dismiss per FRCP Rule

4    12(B)(6) or, in the Alternative, Motion to Strike per FRCP Rule 12(f). By this motion, ACE

5    moves to dismiss plaintiff Hewlett-Packard Company's (hereafter "HP") Second Amended

6    Complaint for Breach of the Insurance Policy's Implied Covenant of Good Faith and Fair

7    Dealing ("Complaint" or "SAC") without leave to amend.

8    I.    **INTRODUCTION**

9    On June 12, 2008, this Court granted ACE's Motion to Dismiss HP's First Amended

10    Complaint and found HP's original bad faith claim "was filed on April 17, 2002, more than

11    ten days" past the statute of limitations. (RJN Exh. 1, Order at 5:14-15.) The Court held

12    further that HP could not "state a claim for bad faith based on any litigation conduct which

13    was consistent with ACE's defensive pleadings in the Underlying Action [*i.e.* the coverage

14    action] or any conduct of ACE after judgment was entered in the Underlying Action [*i.e.* the

15    *Nu-kote* litigation], because such a claim for bad faith is limited by the [litigation] privilege."

16    (RJN Exh. 1, Order at 7:13-16.) In short, the Court agreed with ACE that HP's tortious bad

17    faith claim was barred by the statute of limitations and that HP could not predicate its bad

18    faith case on the litigation activities that ACE undertook in the coverage case that was filed

19    in February 1999.

20    In granting HP leave to amend, the Court's June 12, 2008 order provided HP a very

21    limited basis for a legally sufficient amendment. Specifically, the Court wrote: "... the Court

22    GRANTS HP leave to amend, if it wishes, to file a Complaint for bad faith under a breach of

23    contract theory, seeking only those damages allowable under California law for such a claim,

24    if any." (RJN Exh. 1, Order at 7:23-25.) The Court's direction is clear: HP may proceed

25    under a contract theory if, and only if, HP can plead entitlement to contract damages for the

26    alleged breach of the implied covenant of good faith and fair dealing that it had not already

27    sought in the coverage action. HP is not entitled to recover tort damages, such as attorneys'

28

1

1   fees and punitive damages, as this Court has already ruled HP's bad faith tort claim is time

2   barred.

3        Despite this Court's clear direction, HP's SAC only seeks relief that can be recovered

4   under a tort theory.  In every count of its Second Amended Complaint HP unambiguously

5   seeks *Brandt* (attorneys') fees and punitive damages. No other damages are alleged.  Put

6   simply, HP has not alleged (because it cannot allege) any bad faith damages other than those

7   that are only available under the now barred tort theory.   Indeed, the only "contractual"

8   damages HP could allege have already been litigated in the coverage case.  Thus, the SAC

9   should be dismissed without further leave to amend.

10       The SAC should also be dismissed because HP failed to adhere to the restrictions set

11  forth in the Court's limited grant of leave to amend in the June 12, 2008 Order.   HP

12  inexplicably alleges facts that are only tangentially relevant if HP were asserting it was

13  entitled to equitable tolling and/or equitable estoppel. The Court did not grant leave to allege

14  such facts.  Again, the Court's June 12, 2008 order simply permitted HP to file a complaint

15  alleging a "breach of contract theory seeking only those damages allowable under California

16  law for such a claim, if any." (RJN Exh. 1, Order at 7:23-25.)   Thus, HP's estoppel and

17  tolling allegations are inapposite. In any event, they are insufficient to extend the statute of

18  limitations as shown below.

19       ACE alternatively moves to strike HP's *Brandt*/attorneys' fees and punitive damage

20  claims, as well as the eleventh and twelfth counts of the SAC. *Brandt*/attorneys' fees and

21  punitive damages are not available remedies for breach of contract under California law.

22  Those damages are available only under a tort theory, which by virtue of this Court's prior

23  order is time barred.   The eleventh and twelfth counts of the SAC are also barred by the

24  absolute litigation privilege of California Civil Code section 47(b), a ruling this Court has

25  likewise already made.

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f) Case No. C07-04676 JW

## II.    DISCUSSION

### A.    HP's Second Amended Complaint Should Be Dismissed Without Leave to Amend

#### 1.    HP's SAC Repeats The Same Facts and Requests The Same Relief That It Sought In Its Time Barred And Dismissed Tort Based Bad Faith Claim

This Court properly held that HP's tort bad faith claim is barred by the two year statute of limitation found in California Code of Civil Procedure section 339(1). The court gave HP the opportunity to allege an insurance bad faith case predicated in contract, provided that it could allege contract damages available under California law. HP did not do this. Instead, because HP has already received a judgment in the coverage case, it was relegated to alleging the same facts it alleged before - ACE's alleged wrongful refusal to defend and its defense activity in the coverage case. HP's only recognition of this Court's June 12, 2008 Order is HP's labeling of its twelve counts as "breach of contract."

HP's spin cannot disguise that its bad faith case still sounds in tort. Each of its twelve "contract" counts only seek damages that are available in a tortious insurance bad faith claim. In each count, HP seeks damages for: (1) "the amount HP paid in reasonable legal expenses to establish its right to contract benefits under the Policy...." (SAC ¶¶ 53, 62, 71, 80, 89, 98, 107, 116, 125, 134, 141, p. 18:18-19); and, (2) "punitive damages in a sum to be determined at trial." (SAC ¶¶ 55, 64, 73, 82, 91, 100, 109, 118, 127, 136, 143, 153.)

In other words, the SAC merely re-labels HP's barred tort claim as a contract claim. It alleges the same conduct, and seeks the same tort relief: *Brandt* fees and punitive damages.[1] Because HP's tort-based claim is time barred, those tort-based damages are not available as a matter of law. California case law and Civil Code section 3294 prohibit such damages for breach of contract, the only theory available to HP.

---

[1] HP's attempt to resurrect its barred tort claims and its refusal to conform its SAC to the June 12, 2008 Order is apparently motivated by its recognition that absent tort claims, it is only entitled to recover damages it was awarded by this court in the Coverage Action, *i.e.*, contract damages.

3

### 2. The Court Should Dismiss HP's SAC Because It Only Seeks Damages (*Brandt* Fees and Punitive Damages) That Are Not Recoverable Contract Damages as a Matter of Law

#### a. Contract Remedies

If the insured elects to proceed only in contract, then recovery is limited to those damages recoverable in contract. *See* Cal. Civ. Code §3300; *Archdale v. American Intl. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 467 (2007). The measure of damages for the breach of an obligation arising from contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." *See* Cal. Civ. Code §3300; *Archdale*, 154 Cal. App. 4th at 469. With respect to a liability insurance policy containing a duty to defend, this means the insured is entitled to seek recovery of the total amount of fees and costs incurred defending against a potentially covered claim (less any sums already paid). *Archdale*, 154 Cal. App. 4th at 470. HP was therefore entitled to seek no more than the total amount of disputed fees and costs incurred to defend the underlying *Nu-kote* counterclaim. HP's claim for fees and costs incurred defending the *Nu-kote* counterclaim, however, has now been reduced to judgment in the coverage action. Therefore, there are no additional damages independent from the coverage action.

#### b. Punitive Damages Not Available for Breach of Contract

Punitive damages are allowed only "for the breach of an obligation not arising from contract." Cal. Civ. Code §3294(a). A party cannot recover punitive damages for breach of contract without an independent tort. *See e.g., City of Hope National Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375 (2008) (holding that there can be no recovery of punitive damages for a breach of contract claim sounding in contract); *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) (holding that in absence of an independent tort, punitive damages may not be awarded for breach of contract even where defendant's conduct in breaching contract was willful, fraudulent, or malicious); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994) (same).

4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f) Case No. C07-04676 JW

1    California case authority likewise makes crystal clear that HP cannot recover punitive

2    damages in a breach of contract case. *Frazier*, 169 Cal. App. 3d at 107.  In *Frazier*, plaintiff

3    sued Metropolitan Life for insurance bad faith, contending that the defendant insurer acted in

4    bad faith by denying a life insurance claim based on the policy's suicide exclusion.  At trial,

5    the jury found for the plaintiff and awarded, among other things, punitive damages.  *Id.* at

6    99.  On appeal, the Court found, much like the Court here, that the plaintiff's tort based bad

7    faith claim was barred by the statute of limitation.  *Id.* at 107.  Thus, plaintiffs recovery could

8    only be rooted in a breach of contract theory that was governed by the four year statute of

9    limitations.  As such, *Frazier* found the jury improperly awarded punitive damages.  *Id.* at

10   106.  In so doing, the appellate court wrote:

11       > We fail to find any California case allowing punitive damages
         > when a complaint is based *only* on a contract theory of action.
12

13   *Id.*  The court observed further:

14       > when the action proceeds under alternate tort theories in addition
         > to a contract action, then punitive damages may be awarded
15       > under the alternative tort theory. . . . But if the tort cause of
         > action is time-barred . . . , plaintiff must proceed solely on her
16       > contract theory; and she may not also proceed on the time-barred
         > tort theory to obtain punitive damages.
17

18   *Id.* at 106-107.

19       Ignoring this clear authority, and the Court's June 12, 2008 Order, HP nevertheless

20   seeks recovery of punitive damages in each of its 12 counts of its and its Prayer for Relief.

21   (SAC, ¶¶ 55, 64, 73, 82, 91, 100, 109, 118, 127, 136, 143, 153; p. 18:18-19.)  Like *Frazier*,

22   HP's tortious bad faith claim is time barred by the two year statute of limitations.  Thus,

23   although the Court granted leave so HP could attempt to proceed on a breach of contract

24   theory, HP may not rely on its time-barred tort theory to obtain punitive damages.

25   Therefore, because Civil Code section 3294(a) and California law bar punitive damages in a

26   breach of contract claim, HP's claims for punitive damages cannot proceed as a matter of

27   law.

28

1           **c.**    **HP Likewise Cannot Recover *Brandt* Fees Under a Contract**
2                    **Theory as a Matter of Law**

3        As stated above, in each of its 12 causes of action, HP seeks recovery of "the amount

4    that HP paid in reasonable legal expenses to establish its right to contract benefits under the

5    Policy." (SAC ¶¶ 53, 62, 71, 80, 89, 98, 107, 116, 125, 134, 141.) Recovery of legal

6    expenses incurred to obtain contract benefits are known as *Brandt* fees. *Brandt v. Superior*

7    *Court*, 37 Cal. 3d 813 (1985).

8        Although an insured's costs of compelling insurance coverage under the policy are

9    awardable as an element of bad faith damages under *Brandt*, these damages are recoverable

10   <u>only where the insured is seeking tort recovery</u>. *Id.* at 817. According to *Brandt*,

11          When an insurer's *tortious* conduct reasonably compels the
       insured to retain an attorney to obtain the benefits due under a
12          policy, it follows that the insurer should be liable in a tort action
       for that expense. The attorney's fees are an economic loss –
13          damages -- proximately caused by the tort. These fees must be
       distinguished from recovery of attorney's fees *qua* attorney's
14          fees, such as those attributable to the bringing of the bad faith
       action itself. What we consider here is attorney's fees that are
15          recoverable as damages resulting from a tort in the same way that
       medical fees would be part of the damages in a personal injury
16          action.

17   *Brandt*, 37 Cal. 3d at 817 (emphasis added). Accordingly, to recover litigation expenses

18   incurred to compel the insurer to provide policy benefits, the insured must plead and prove

19   tortious conduct. Here, where the insured is barred by the statute of limitation from alleging

20   tort claims, *Brandt* fees are unavailable.

21       Once again, California case authority speaks to this very issue, and confirms that HP's

22   Second Amended Complaint must be dismissed. *Archdale*, 154 Cal. App. 4th at 468. In

23   *Archdale*, plaintiff sued the defendant insurer for bad faith refusal to settle. The plaintiff

24   proceeded under both a tort and contract theory. Like here, the Court dismissed the tort

25   count because it was barred by the two year statute of limitations. Plaintiff then proceeded

26   on a contract theory and sought, among other things, *Brandt* fees. The Court rejected

27   plaintiff's efforts to recover *Brandt* fees, writing:

28

1  [A]s we read and understand *Brandt v. Superior Court, supra*, 37
   Cal. 3d 813, the attorney fee recovery permitted by that case is
2  available only in an action for breach of the implied covenant of
   good faith and fair dealing in which the insured (or assignee) is
3  seeking a *tort* recovery.

4  *Archdale*, 154 Cal. App. 4th at 468 n.20 (emphasis in original). The court also noted: "*if the*

5  *Archdales had elected to proceed in tort* [which they did not], they would also have been

6  entitled (absent any statute of limitations issue) to seek recovery of so-called "*Brandt*" fees."

7  *Id.* at 467 (emphasis in original).

8  The Court's June 12, 2008 Order limits HP to a "claim for bad faith under a breach of

9  contract theory," and limits HP's damages to breach of <u>contract</u> damages allowable under

10 California law. (RJN Exh. 1, Order at 8:9-10). Accordingly, HP is not entitled to recover

11 litigation expenses incurred to obtain policy benefits, i.e. *Brandt* fees, for its breach of

12 contract claim.

13 In addition to having no claim for *Brandt* fees under a breach of contract theory, HP

14 cannot recover attorneys' fees incurred in this or the coverage action as a matter of a law.

15 "Except as attorneys' fees are specifically provided for by statute, the measure and mode of

16 compensation of attorneys and counselors at law is left to the agreement, express or implied,

17 of the parties . . ." Cal. Code Civ. Proc. §1021. Here, it is undisputed that there is no

18 agreement between HP and ACE providing for recovery of attorneys' fees. As such,

19 attorneys' fees are not an available remedy in this action as a matter of law.

20 Because HP is not entitled to recover any of the damages it seeks in the SAC, the

21 SAC should be dismissed without leave to amend.

22      3.      **The Court's June 12, 2008 Order Precludes An**
23              **Equitable Tolling and/or Equitable Estoppel Argument**

24 In an apparent attempt to seek reconsideration of the Court's June 12, 2008 Order,

25 HP's SAC contains allegations of "facts" that supposedly pertain to equitable tolling and/or

26 equitable estoppel principles. HP's inclusion of these allegations is curious, as HP does not

27 actually assert that the statute of limitations should be tolled beyond April 5, 2000 or that

28 ACE is equitably estopped from asserting a statute of limitations defense. It appears that HP,

7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f) Case No. C07-04676 JW

1    unable to meet the standard for a motion to reconsider, may be instead attempting to create a

2    straw man to potentially revisit issues already decided by this Court in ACE's favor and

3    advance HP's view that the Court's June 12, 2008 Order was in error. As these allegations

4    are nothing more than a futile attempt to circumvent the Court's June 12, 2008 Order finding

5    that HP's tort based bad faith case was filed late (SAC ¶¶ 20-37), this Court should not

6    condone such tactics.

7            In granting HP leave to amend on a limited basis, the Court did <u>not</u> provide HP leave

8    to allege facts equitably tolling the statute of limitations beyond April 17, 2002 or estopping

9    ACE from asserting the statute of limitations defense. Rather, in discussing leave to amend,

10   the Order provides, "In this case, the Court GRANTS HP leave to amend, if it wishes, to file

11   a Complaint for bad faith under a breach of contract theory, seeking only those damages

12   allowable under California law for such a claim, if any." (RJN Exh. 1, Order at 7:23-25.)

13   The narrow scope of the leave provided does not include leave to assert equitable estoppel or

14   equitable tolling. (RJN Exh. 1, Order at 7:23-25; 8:1-11.)

15           Regardless, neither equitable estoppel nor equitable tolling could ever apply where:

16   (1) HP knew it could have sued ACE for bad faith in 1999; (2) HP actually filed suit against

17   ACE in February 1999, alleging the same basic set of facts that now form the basis of the

18   SAC; and (3) the Court's order dismissing HP's tort bad faith claim gave HP the benefit of

19   the tolling that was required, *i.e.* the Court did not start the two years running until the

20   underlying *Nu-kote* action ended.

21                        a.      **Equitable Tolling Will Not Revive HP's Tortious Bad Faith**

22                                **Claim**

23       As recognized by the Court,

24           Equitable tolling permits a plaintiff to avoid the bar of a statute
             of limitations when, notwithstanding all due diligence, the

25           plaintiff cannot obtain necessary information to give him the
             ability to pursue the claim. <u>Holmberg v. Armbrecht</u>, 327 U.S.

26           392, 397 (1946). Equitable tolling requires no action by the
             opposing party, yet generally applies where an opposing party's

27           wrongful conduct prevents the plaintiff from pursuing a claim or
             when the plaintiff, by exercise of reasonable diligence, could not

28           have discovered vital information bearing on the claim.

                                                    8

1    Holmberg, 327 U.S. at 397; In re United Ins. Mgmt., Inc., 14
     F.3d 1380, 1386 (9th Cir. 1994). "One who fails to act diligently
2    cannot invoke equitable principles to excuse that lack of
     diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S.
3    147, 151 (1984).

4    (RJN Exh. 1, Order at 6:18-22.)

5         To establish equitable tolling, a plaintiff must prove: (1) failure of the plaintiff to

6    discover the operative facts that are the basis of its cause of action within the limitations

7    period; and (2) due diligence by the plaintiff until discovery of those facts. *See, e.g., Federal*

8    *Election Com'n v. Williams*, 104 F.3d 237, 241 (9th Cir. 1996) (plaintiff had sufficient

9    "notice of facts that, if investigated, would indicate the elements of a cause of action;"

10   accordingly equitable tolling cannot apply); *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380,

11   1387 (9th Cir. 1994) (As a matter of law, the trustee failed to diligently pursue its claim;

12   accordingly equitably tolling cannot apply).

13        Here, HP's numerous judicial admissions establish that HP knew that ACE disputed

14   coverage under the contract in February 1999, more than two years before it sued for

15   insurance bad faith.  In short, HP cannot prove the requisite elements as a matter of law.

16                    (1)    HP Discovered Operative Facts Before April 5, 2002
                             Because HP Knew ACE Disputed Coverage
17

18        HP was aware of, and "discovered" the operative facts that are the basis of its bad

19   faith cause of action well before the expiration of the applicable limitations period (*i.e.,*

20   before April 5, 2002.)  HP's judicial admissions establish that by November 1998, HP

21   concluded that ACE "intended to destroy or injure HP's benefits in the ACE Policy." (RJN

22   Exh. 4, Nov. 20, 2007 Compl. at 12:8.)[2]  By February 1999, HP concluded "it was very clear

23   that CIGNA had no intention of announcing its coverage decision without substantial delay."

24   (RJN Exh. 2, 2002 Compl. at 8:26-27.)  By February 1999, HP complained that,

25   [2]  At least two United States Courts of Appeals have described judicial admissions as "proof
         possessing the highest possible probative value; ... facts established not only beyond the need of
26       evidence to prove them, but beyond the power of evidence to controvert them." *Best Canvas
         Products & Supplies v. Ploof Truck Lines*, 713 F.2d 618, 621 (11th Cir. 1983) (quoting *Hill v.
27       Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)). HP's judicial admissions
         conclusively establish that the elements for equitable tolling under the doctrine of fraudulent
28       concealment are not met in this case as a matter of law.

                                                    9

> ACE has had over eight months to evaluate HP's tender, yet has refused to state its coverage position on the merits, despite having been provided with sufficient information and documents to demonstrate the existence of a duty to defend. . . . Accordingly, HP regards ACE's refusal to state its coverage position as a constructive denial of coverage.

(RJN Exh. 4, Nov. 20, 2007 Compl. at 14:21-26.)   (See also RJN Exh. 4, Nov. 20, 2007 Compl. Exh. 34 (HP's Mot. for Partial Summ. J. filed April 6, 1999 at 7:21-22; 8:1) ("Cigna's refusal to accept or deny coverage in the intervening months since H-P's tender of the defense is tantamount to a denial of coverage.") Accordingly, HP knew about the operative facts that are the basis of its bad faith cause of action well before April 5, 2002, the date the statute of limitations ran.

HP knew all facts regarding ACE's purported bad faith refusal to defend HP when it filed the February 18, 1999 complaint commencing the coverage action. ACE's Answer, Opposition to HP's Motion for Summary Adjudication, and Motion for Reconsideration in the Coverage Action, among other pleadings, advised HP that ACE was taking the position that it had no duty to defend the *Nu-kote* action.   Accordingly, equitable tolling is inapplicable.

> (2)   ACE Did Not Conceal Operative Facts As HP Sued ACE For Coverage In 1999

HP does not, and cannot, allege ACE concealed any operative facts.  Well before April 5, 2000, the date this court ruled the statute began to run, HP recognized that ACE contested coverage for the *Nu-kote* action. Indeed, ACE repeatedly stated its position that there was no duty to defend HP under the policy's "advertiser's liability" coverage and the reasons for its belief that there was no potential for coverage under the insurance contract. (RJN Exh. 4, Nov. 20, 2007 Compl. Exh. 37 (ACE's Opp'n to HP's Mot. for Summ. Adjudication filed April 24, 1999)); (RJN Exh. 4, Nov. 20, 2007 Compl. Exh. 43 (ACE's Mot. for Recons. filed February 1, 2000)); (RJN Exh. 3, Sept. 11, 2007 Compl. at 7:21-23.)

HP's own judicial admissions in this case likewise confirm that HP's claims of tolling – not knowing ACE disputed coverage – is absurd.  HP's Complaint for Breach of Contract

10

1   and Breach of Implied Covenant of Good Faith and Fair Dealing filed April 17, 2002 ("2002

2   Complaint"), states that "by February 1999, it was clear that CIGNA [ACE] had no intention

3   of announcing its coverage decision without substantial delay." (RJN Exh. 2, 2002 Compl.

4   at 8:26-27.)  HP also alleges that on February 19, 1999, HP's counsel wrote ACE's counsel

5   enclosing HP's Complaint for Declaratory Relief filed February 18, 1999, and advising,

6   "Accordingly, Hewlett-Packard regards CIGNA's refusal to state its coverage position as a

7   constructive denial of coverage." (RJN Exh. 4, Nov. 20, 2007 Compl. at 14:25-26.) (See

8   also RJN Exh. 4, Nov. 20, 2007 Compl. Exh. 34 (HP's Mot. for Partial Summ. J. filed

9   April 6, 1999 at 7:21-22; 8:1) ("Cigna's refusal to accept or deny coverage in the intervening

10  months since H-P's tender of the defense is tantamount to a denial of coverage.")  In light of

11  these admissions, how can HP credibly maintain it was somehow in the dark that ACE

12  disputed coverage?  HP obviously cannot credibly maintain that position.

13                    b.      **The Court's June 12, 2008 Order Gave HP The Benefit of
14                            Equitable Tolling Required in Insurance Bad Faith Cases**

15          In ruling that HP's tortious bad faith claims are barred by the statute of limitations,

16  this Court extended the statute of limitations based on equitable tolling as required in third

17  party insurance bad faith claims; no further equitable tolling is justified or required.  The

18  Court has already ruled that claims for breach of the implied covenant of good faith and fair

19  dealing are subject to the two year statute of limitations applicable to tort actions generally.

20  *See* Cal. Code Civ. Proc. § 339(1); *Smyth v. USAA Property Cas. Ins. Co.*, 5 Cal. App. 4th

21  1470, 1477 (1992); *Richardson v. Allstate Ins. Co.*, 117 Cal. App. 3d 8, 13 (1981).  The

22  statute of limitations begins to run where, as here, the insured alleges that the insurer's

23  breach of the duty to defend consists of wrongfully refusing to defend a third party action

24  against its insured.

25          The doctrine of equitable tolling merely states that an insured has an option of waiting

26  until the duty to defend has expired before filing suit.  *Lambert v. Commonwealth Land Title*

27  *Ins. Co.*, 53 Cal. 3d 1072, 1077 (1991).  This equitable tolling period ends when the action is

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f)  Case No. C07-04676 JW

1  "finally determined on appeal or until the time to appeal has passed." *Archdale*, 154 Cal.

2  App. 4th at 479.

3      Here, when considering ACE's Motion to Dismiss HP's First Amended Complaint,

4  the Court took the equitable tolling period into consideration. Finding that the appeal of the

5  *Nu-kote* action "was dismissed April 5, 2000, the same date the Clerk of the Court of the

6  Ninth Circuit issued its mandate" the court ruled that the "Underlying Action reached a final

7  judgment for purposes of calculating the statute of limitations on April 5, 2000." (RJN

8  Exh. 1, Order at 5:9-10, 12-14.) This is almost two years after HP tendered its claim and

9  more than one year after HP filed suit in the coverage action. As such, the Court gave HP

10  the benefit of equitable tolling as required in California third party bad faith insurance cases.

11              c.    **Equitable Estoppel Not Applicable**

12      In its June 12, 2008 Order, this Court recognized the requisite elements of equitable

13  estoppel, extending the statute of limitations. According to the Order,

14          A statute of limitations may also be tolled "if the defendant has
           affirmatively sought to mislead the charging party." Villasenor
15          v. Lockheed Aircraft Corp., 640 F.2d 207, 207-208 (9th Cir.
           1981) To determine whether estoppel may toll the statute of
16          limitations, the court must consider "of critical importance" a
           "showing of the plaintiff's actual and reasonable reliance on the
17          defendant's conduct or representations," among other factors.
           Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981).
18          "Conduct or representations" by the defendant that tend to "lull
           the plaintiff into a false sense of security, can estop the defendant
19          from raising the statute of limitations based upon the principle
           that no man may take advantage of his own wrong." Atkins v.
20          Union Pacific R. Co., 685 F.2d 1146, 1149 (9th Cir. 1982)
           (citations and alterations omitted).

21

22  (RJN Exh. 1, Order at 6:23-27.)

23      The gravamen of equitable estoppel with respect to the statute of limitations is that the

24  defendant must make representations or promises to perform which lull the plaintiff into

25  delaying timely action. *Peterson v. Groves*, 111 Wash. App. 206 (2002); *Villasenor v.*

26  *Lockheed Aircraft Corp.*, 640 F.2d 207, 208 (9th Cir. 1981); *Long v. Howard Univ.*, 512 F.

27  Supp. 2d 1, 19 (D.D.C. 2007) (The "lulling doctrine" applies when the defendant has done

28  something that amounts to an affirmative inducement to plaintiffs to delay bringing action, as

1    when a defendant promises to settle a dispute out of court; if the defendant has lulled a

2    plaintiff into inaction by such affirmative inducements, the defendant is estopped from

3    asserting the statute of limitations as a bar to plaintiff's claims.)  Moreover, estoppel will not

4    lie for promises or representations made unless they were in fact relied upon by the plaintiff

5    in delaying timely action.  *Naton v. Bank of America*, 649 F.2d 691, 696 (9th Cir. 1981).

6         HP cannot establish the requisite elements of estoppel as a matter of law.  To extend

7    the statute of limitations beyond April 5, 2002 based on equitable estoppel, HP must prove

8    that ACE made representations or promises to pay, settle, or defend HP between April 5,

9    2000 and April 5, 2002, and that HP actually and reasonably relied on those promises to its

10   detriment.  *See Naton*, 649 F.2d at 696.  Here, HP has not alleged, and cannot allege, the

11   relevant promises because such statements were never made.

12        Well before April 5, 2000, the date the two year statute of limitations began to run,

13   ACE articulated its position to HP that there was no duty to defend HP under the

14   "advertiser's liability" coverage of its policy and the reasons therefore.  (RJN Exh. 4,

15   Nov. 20, 2007 Compl. Exh. 37 (ACE's Opp'n to HP's Mot. for Summ. Adjudication filed

16   April 20, 1999 in the coverage case)); (RJN Exh. 4, Nov. 20, 2007 Compl. Exh. 43 (ACE's

17   Mot. for Recons. filed February 1, 2000 in the coverage case)).  Given ACE's defenses and

18   HP's allegations articulated in the Coverage Action beginning in February 1999, it is clear

19   that ACE made no affirmative inducements that could have reasonably lulled HP's counsel

20   into inaction.  Based on its judicial admissions, HP has not, and cannot, allege it held off

21   filing its bad faith action because it reasonably but detrimentally relied on any ACE act or

22   statement.[3]

23        HP's bad faith claim is based on ACE's initial decision not to provide a defense

24   following HP's tender.  (RJN Exh. 1, Order at 7:11-12.)  As HP's judicial admissions

---

[3]  HP's reliance on ACE's October 14, 2003 payment of $11,061,717.00 (SAC, ¶ 35) to establish equitable estoppel is misplaced.  The payment, made 19 months after the statute ran on April 5, 2002 is irrelevant; only conduct or representations prior to the running of the statute on April 5, 2002 are relevant to the estoppel issue.  Moreover, although refuted by ACE, HP alleges that the payment was toward interest, not defense costs incurred in the *Nu-kote* action. (RJN Exh. 5, Supplemental Brief at 10:2-3)  Therefore, the payment could not have reasonably lulled HP into thinking ACE would reverse its duty to defend position.

13

1  establish, by November 1998, HP believed that ACE "intended to destroy or injure HP's

2  benefits in the ACE Policy." (RJN Exh. 4, Nov. 20, 2007 Compl. at 12:8.) By February

3  1999, HP believed, "it was very clear that CIGNA had no intention of announcing its

4  coverage decision without substantial delay." (RJN Exh. 2, 2002 Complaint at 8:26-27.) By

5  February 1999, HP admonished,

> ACE has had over eight months to evaluate HP's tender, yet has
> refused to state its coverage position on the merits, despite
> having been provided with sufficient information and documents
> to demonstrate the existence of a duty to defend .... Accordingly,
> HP regards ACE's refusal to state its coverage position as a
> constructive denial of coverage.

10  (RJN Exh. 4, Nov. 20, 2007 Compl. at 14:22-26.)   Therefore, HP's judicial admissions

11  establish that HP was apprised of the necessary facts to assert its alleged bad faith claim well

12  before April 5, 2000 and preclude HP from relying on equitable estoppel to resurrect its

13  tortious bad faith claims as a matter of law.

14  **B.  The Court Should Strike HP'S Claims and**
    **Allegations Barred by the June 12, 2008 Order**

15

16  **1.  HP's Damages Claims Must Be Stricken**

17  If the Court believes that HP has alleged contract-based claims, then the Court should

18  strike HP's claims for punitive damages and *Brandt* fees in each count of the SAC.  A "court

19  may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent

20  or scandalous matter." Fed. R. Civ. P. 12(f).  This authority has been interpreted to include

21  striking "a prayer for relief seeking damages that are not recoverable as a matter of law."

22  *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 968 (C.D. Cal.

23  2007).

24  Having ruled that HP's tort claims are barred by the two year statute of limitations,

25  the Court's June 12, 2008 Order expressly limits HP's damages to damages available for a

26  breach of contract. (RJN Exh. 1, Order at 8:9-10.)  Ignoring the Court's Order and relevant

27  legal authority, HP's Second Amended Complaint seeks punitive damages and *Brandt* fees,

28  damages only available for tortious bad faith. (SAC ¶¶ 18-19, 50, 53-55, 59, 62-64, 68, 71-

14

1  73, 77, 80-82, 86, 89-91, 95, 98-100, 104, 107-109, 113, 116-118, 122, 125-127, 131, 134-

2  136, 140-143, 150-153; p. 18:16-22.) Thus, these allegations must be stricken, as they seek

3  damages that are not recoverable as a matter of law. *See Arcilla*, 488 F. Supp. 2d at 968.

4          **2.    HP's Allegations Based on ACE's Alleged Conduct After HP Filed
5                  Its Coverage Action Remain Barred by the Litigation Privilege**

6          This Court's June 12, 2008 Order rules that the litigation privilege bars HP's reliance

7  on post litigation activities. As such, this Court ordered that HP may not re-allege the

8  following:

9          (1)    Any allegations of bad faith based on ACE's conduct in the
                  judicial proceedings of the Underlying Action [Coverage action
10                filed February 18, 1999, *Hewlett-Packard Company v. ACE
                  Property & Casualty Ins. Co.*, Case No. C-99-20207-JW
11                ("Coverage Action")]; and

12         (2)    Any allegations of bad faith based on ACE's conduct subsequent
                  to issuance of the mandate on April 5, 2000, which made the
13                Court's judgment final in the Underlying Action [*Hewlett-
                  Packard Company v. Nu-kote International, Inc.*, Case No. C-94-
14                20647-JW ("Nu-kote Action")]; . . .

15 (RJN Exh. 1, Order at 8:1-11.) However, HP's SAC ignores the June 12, 2008 Order and

16 includes allegations of bad faith based on ACE's post litigation conduct.

17         Specifically, HP's eleventh and twelfth counts each rely on ACE's alleged conduct

18 following final judgment of the *Nu-kote* action, and following February 18, 1999, the date

19 HP filed the Coverage Action. (SAC ¶¶ 137-153.)  The eleventh count is based on the

20 allegation that,

21             ACE unreasonably delayed and failed to pay HP policy benefits
               in connection with the *Nu-kote* Action thereby breaching ACE's
22             implied covenant of good faith and fair dealing toward its insured
               HP, *after June 19, 2000* when this Court denied ACE's motion to
23             reconsider a determination that ACE had a duty to defend HP in
               the *Nu-kote* Action and after the Court allowed ACE further
24             discovery on the issue.

25 (SAC ¶ 139) (emphasis added). HP's twelfth count is based on the allegation that,

26             On or about January 5, 2006, ACE agreed that HP was entitled to
               policy defense benefits, but ACE continued to unreasonably
27             refuse to pay defense expense amounts it did not contest as
               unreasonable or unnecessary.

28

1  (SAC ¶ 147.)  Moreover, HP alleges that ACE refused to pay the "fees that ACE knew to be

2  valid" after HP demanded ACE pay the fees on January 6, 2006.  (SAC ¶¶ 148, 149.)

3       HP's eleventh and twelfth counts ignore this Court's June 12, 2008 Order ruling that

4  HP cannot base its bad faith claim "on any conduct of ACE after judgment was entered in

5  the Underlying Action [*Nu-kote* Action], because such a claim for bad faith is limited by

6  privilege." (RJN Exh. 1, Order at 7:13-16.)  Accordingly, these counts must be stricken as

7  they seek recovery based on claims that are barred by the absolute litigation privilege.

8       Moreover, HP's SAC includes "allegations of bad faith based on ACE's conduct in

9  the judicial proceedings of the Underlying Action [Coverage Action] to contest liability,"

10 and "on ACE's conduct subsequent to issuance of the mandate on April 5, 2000."

11 Specifically, paragraphs ¶¶ 21-26, 29-30, 33, 46-50, 54, 57-59, 63, 66-68, 72, 75-77, 81, 84-

12 86, 90, 93-95, 99, 102-104, 108, 111-113, 117, 120-123, 126, 129-131, 135, must be stricken

13 because these allegations are barred by the Court's June 12, 2008 Order and the absolute

14 litigation privilege.  *See* Cal. Civ. Code §47(b).

15 **III.    CONCLUSION**

16      For the foregoing reasons, ACE respectfully requests that its Motion to Dismiss the

17 SAC be granted without leave to amend, or in the alternative, that HP's claims for *Brandt*

18 fees and punitive damages and HP's eleventh and twelfth counts be stricken.

19 DATED:  August 18, 2008             HINSHAW & CULBERTSON LLP

20

21

22                                     ROBERT J. ROMERO
                                       BRADLEY M. ZAMCZYK
23                                     ERICA TEAGARDEN

24                                     *Attorneys for Defendant,* ACE PROPERTY &
                                       CASUALTY INSURANCE COMPANY
25 2974381v1  885915

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PER FRCP RULE 12(b)(6) AND MOT. TO STRIKE PER FRCP RULE 12(f) Case No. C07-04676 JW