```
MARK WOOD (SBN 41640)
JOHN F. DAUM (SBN 118453)
STEVEN H. BERGMAN (SBN 180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:  213-430-6000
Facsimile:  213-430-6407

ROBERT J. ROMERO (SBN 136539)
BRADLEY M. ZAMCZYK (SBN: 151753)
ERICA TEAGARDEN (SBN: 242067)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, California 94111
Telephone:  415-362-6000
Facsimile:  415-834-9070

Attorneys for Defendant
ACE PROPERTY & CASUALTY
INSURANCE COMPANY
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07-04676 JW<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>ACE'S REPLY TO HP'S OBJECTIONS TO THE REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ACE'S MOTION FOR PROTECTIVE ORDER STAYING ALL DISCOVERY<br><br>DATE:  September 3, 2008<br>TIME:   9:30 a.m.<br>DEPT:   Courtroom 4, 5th Floor |

ACE Property and Casualty Insurance Company (hereafter "ACE") hereby responds to Hewlett-Packard Company's (hereafter "HP") objections to the Request for Judicial Notice submitted in support of ACE's motion for a protective order staying all discovery.

**1.   Exhibit B**

HP objects that Exhibit B to ACE's Request for Judicial Notice, ACE'S Motion to Dismiss HP's First Amended Complaint, is irrelevant to establish the "clear possibility" that

1

1  HP's Second Amended Complaint ("SAC") will likewise be dismissed.

2  Contrary to HP's argument, ACE's Motion to Dismiss HP's First Amended Complaint is relevant because in its June 12, 2008 Order, this Court granted the motion, finding HP's tort claim time-barred, and allowing HP leave to file a claim for bad faith under a breach of contract theory seeking only breach of contract damages, if any. Moreover, the Order precludes HP from relying on ACE's post litigation conduct in support of its bad faith claims. However, ignoring the June 12, 2008 Order, HP's SAC realleges the same facts, same grounds for relief, and same remedies, that the Court, in its June 12, 2008 Order, dismissed as time barred by the two-year statute of limitations for tort-based actions. Therefore, ACE's successful Motion to Dismiss HP's First Amended Complaint, is relevant to the "clear possibility" that the SAC will be dismissed.

In any event, ACE filed its Motion to Dismiss HP's SAC on August 18, 2008. The Court may look to its own docket to view the motion to dismiss the second amended complaint.

Dated: August 20, 2008

HINSHAW & CULBERTSON LLP

/s/

ROBERT J. ROMERO
BRADLEY M. ZAMCZYK
ERICA TEAGARDEN
*Attorneys for Defendant,* ACE PROPERTY & CASUALTY INSURANCE COMPANY

2974439v1  885915