1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Andrew M. Sussman (SBN 112418)
3  Kory S. Booth (SBN 188960)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:  (949) 553-1010
5  Facsimile:  (949) 553-2050
   jal@gauntlettlaw.com
6  ams@gauntlettlaw.com
   ksb@gauntlettlaw.com
7
   Attorneys for Plaintiff
8  HEWLETT-PACKARD COMPANY

9

10                    **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  HEWLETT-PACKARD COMPANY, a            ) Case No.: 07-CV-04676-JW (RSx)
    Delaware corporation,                 )
14                                        ) Magistrate Judge Richard Seeborg
                    Plaintiff,            )
15                                        ) **HEWLETT-PACKARD COMPANY'S**
            vs.                           ) **OBJECTIONS AND REQUEST TO STRIKE**
16                                        ) **ACE'S REQUEST FOR JUDICIAL NOTICE**
    ACE PROPERTY AND CASUALTY             ) **SUPPORTING ITS MOTION FOR**
17  INSURANCE COMPANY, a Pennsylvania     ) **PROTECTIVE ORDER STAYING ALL**
    corporation,                          ) **DISCOVERY**
18                                        )
                    Defendant.            ) Date:       September 3, 2008
19                                        ) Time:       9:30 a.m.
                                          ) Courtroom:  4, 5th Floor
20  _____)

21

1. Plaintiff Hewlett-Packard Company ("HP") objects to ACE Property and Casualty Insurance Company's ("ACE") Request for Judicial Notice ("RJN") and Exhibit "1" attached to the RJN [Docket No. 69-2] in support of ACE's motion for a protective order staying all discovery. The objection is made on the grounds that it is inappropriate to submit new evidence with a reply brief in support of a motion.

ACE's Exhibit "1" is a copy of ACE's Memorandum of Points and Authorities in Support of its Motion to Dismiss filed in this case on August 18, 2008. This is significant because it is after ACE filed its motion for protective order on July 22, 2008 and even after HP filed its opposition to such motion on August 13, 2008. HP simply could not respond to the newly offered evidence that is crucial to ACE's motion.

ACE realized it cannot meet its burden of proof on its motion for a protective order so it has offered new evidence necessary[1] for the Court to consider in an effort to meet its burden. But **submission of new evidence with a reply brief is inappropriate and subject to a motion to strike.** *The Nautilus Group, Inc. v. Icon Health and Fitness,* 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003)("**Defendant correctly moves to strike a declaration with new evidence submitted in reply.** *Provenz v. Miller,* 102 F.3d 1478, 1483 (C.A.9 (Cal.) 1996), *cert. denied.*"); *also see Bell v. Addus Healthcare, Inc.,* 2007 WL 2752893 at *2 (W.D. Wash.)(". . . Court ordered that the Doe Decl. was stricken on the basis that the **submission of new evidence in a reply brief is improper.**") The Ninth Circuit in *Provenz v. Miller,* 102 F.3d 1478, 1483 (C.A.9 (Cal.) 1996), noted that it "would be unfair" to allow a party to submit new evidence "without affording [non-moving party] an opportunity to respond."

HP has no ability to respond to ACE's newly offered evidence pursuant to the Court's briefing schedule established by Civil L.R. 7-3. The lack of fairness in having no opportunity to respond is even further understood when one considers that the newly offered evidence is a motion to dismiss that would require detailed analysis and thorough briefing in less than a week. HP could not in any reasonable fashion respond to a motion to dismiss on such short notice. For these reasons

---

[1] *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000)(Court must "preliminarily peek" at motion to dismiss complaint before ruling on motion for a discovery stay.)

1  the Court should strike ACE's RJN and Exhibit "1" that were only brought to cure its defective
2  motion for a protective order.

4  Dated: August 21, 2008                    **GAUNTLETT & ASSOCIATES**

                                             By:   s/ James A. Lowe
                                                  David A. Gauntlett
                                                  James A. Lowe
                                                  Andrew M. Sussman
                                                  Kory S. Booth

                                             Attorneys for Plaintiff
                                             HEWLETT-PACKARD COMPANY