MARK WOOD   [SBN 41640]
JOHN F. DAUM    [SBN 118453]
STEVEN H. BERGMAN  [SBN 180542]
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California  90071-2899
Telephone (213) 430-6000
Facsimile   (213) 430-6407

ROBERT J. ROMERO   [SBN 136539]
BRADLEY M. ZAMCZYK   [SBN 151753]
**HINSHAW & CULBERTSON LLP**
One California Street, 18th Floor
San Francisco, California  94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070

Attorneys for Defendant
ACE PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>  Defendant. | Case No. 07-CV-04676-JW<br><br>**ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR CASE MANAGEMENT CONFERENCE**<br><br>Judge:  Hon. James Ware |

# ADMINISTRATIVE MOTION

TO PLAINTIFF HEWLETT PACKARD COMPANY AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Civ. L.R. 7-11, Defendant, ACE Property and Casualty Insurance Company ("ACE") hereby files this Miscellaneous Administrative Request seeking an Order setting a Case Management Conference in the above action on September 8, 2005, September 15, 2008 or September 22, 2008.

ACE makes this Administrative Motion for an Order setting a Case Management Conference to ensure the orderly and efficient resolution of this action without needlessly wasting the time and resources of the Court and the Parties.

ACE further makes this motion in accordance with this Court's direction at the March 11, 2008 hearing on ACE's Motion to Dismiss HP's First Amended Complaint. At that hearing, the Court ordered a stay of all discovery pending the Court's determination that there was a case going forward and that the resumption of discovery would be addressed at a future Case Management Conference. With the Court subsequently granting ACE's Motion to Dismiss and dismissing HP's First Amended Complaint, no further Case Management Conference was scheduled. However, with HP's repeated violation of the March 11, 2008 discovery stay and its recent noticing of a summary judgment motion for the same day as the hearing on ACE's Motion to Dismiss HP's Second Amended Complaint, a Case Management Conference[1] is necessary to ensure compliance with this Court's orders and to prevent the waste of this Court's time and resources.

ACE's counsel has fulfilled the requirements of Civ. L.R. 7-11 regarding the form and contents of this request. On August 26, 2007, ACE's counsel contacted HP's counsel, James

---

[1] By prior stipulation, ACE's Motion to Dismiss is scheduled for hearing on November 10, 2008. When the parties met-and-conferred to discuss the hearing date for ACE's Motion to Dismiss, HP did not inform ACE of its intention to notice what amounts to an improper Motion for Reconsideration of this Court's June 12, 2008 Order dismissing HP's First Amended Complaint and an improper Cross-Motion to Deny ACE's Motion to Dismiss for the same date.

Lowe, by telephone, and requested that HP stipulate to a request for a Case Management Conference to address the pertinent scheduling issues raised in this motion. (*See* Declaration of Bradley M. Zamczyk ("Zamczyk Decl."), ¶ 3.) HP's counsel refused the requested stipulation. (Zamczyk Decl., ¶ 3.)

## I.     PROCEDURAL BACKGROUND RE THIS ADMINISTRATIVE MOTION

On March 11, 2008, this Court heard ACE's Motion to Dismiss HP's First Amended Complaint. At that hearing, this Court ordered that all discovery be stayed until the Court determines if there is a case going forward. The Court also deferred the scheduled Case Management Conference set for the same day.

On June 12, 2008, this Court granted ACE's Motion to Dismiss HP's First Amended Complaint ("FAC") and found HP's original bad faith claim "was filed on April 17, 2002, more than ten days" past the statute of limitations. (Docket No. 52.) The Court held further that HP could not "state a claim for bad faith based on any litigation conduct which was consistent with ACE's defensive pleadings in the Underlying Action [*i.e.* the coverage action] or any conduct of ACE after judgment was entered in the Underlying Action [*i.e.* the *Nu-kote* litigation], because such a claim for bad faith is limited by the [litigation] privilege." (Docket No. 52 at 7:13-16.) The Court agreed with ACE that HP's tortious bad faith claim was barred by the statute of limitations and that HP could not predicate its bad faith case on the litigation activities that ACE undertook in the coverage case that was filed in February 1999.

In granting HP leave to amend, the Court's June 12, 2008 order provided HP a very limited basis for a legally sufficient amendment. Specifically, the Court wrote: "… the Court GRANTS HP leave to amend, if it wishes, to file a Complaint for bad faith under a breach of contract theory, seeking only those damages allowable under California law for such a claim, if any." (Docket No. 52 at 7:23-25.) The Court's direction was clear: HP may proceed under a contract theory if, and only if, HP can plead entitlement to contract damages for the alleged breach of the implied covenant of good faith and fair dealing that it had not already

2

sought in the coverage action. HP is no longer entitled to recover tort damages, such as attorneys' fees and punitive damages, as this Court has already ruled HP's bad faith tort claim is time barred.

HP filed a Second Amended Complaint on June 30, 2008 that failed to comply with this Court's June 12, 2008 Order and failed to state a viable claim. Soon after filing its SAC, HP sought to resume the discovery it propounded prior to March 11, 2008, even though this Court has not lifted the discovery stay ordered on March 11, 2008. ACE's Motion for Protective Order to enforce the March 11, 2008 discovery stay and HP's Motions to Compel Nos. 1 & 2 (effectively seeking an order that there is no stay) are scheduled for hearing on September 3, 2008 before Mag. Judge Richard Seeborg.

On August 18, 2008, ACE filed a Motion to Dismiss HP's Second Amended Complaint ("SAC"), arguing that (1) HP's SAC remains barred by the Code of Civil Procedure section 339(1) two year statute of limitations and this Court's June 12, 2008 Order; and, (2) HP's SAC only seeks damages (*Brandt* fees and punitive damages) that are not recoverable contract damages as a matter of law. (Docket No. 68.) As established in ACE's Motion to Dismiss HP's SAC, HP has not alleged, because it cannot allege, any bad faith damages other than those that are only available under the now barred tort theory. Indeed, the only "contractual" damages HP could allege have already been litigated in the coverage case. The same day, HP filed a Motion for Clarification and a Motion #1 for Partial Summary Judgment ("Motion #1"). (Docket Nos. 63, 65.)

## II. A CASE MANAGEMENT CONFERENCE IS NECESSARY TO PREVENT JUDICIAL WASTE AND TO PROMOTE EFFICIENCY

ACE's request for a Case Management Conference and Case Management Order is necessary to foster judicial economy, and avoid unnecessary briefing and hearings on motions that may be mooted by ACE's Motion to Dismiss.

For example, if HP's Motion #1 is heard on November 10, 2008, before resolution of ACE's pending Motion to Dismiss, the Court, and all parties, will expend a substantial

3

amount of time and expense in preparing for the hearing of a summary judgment motion that should be rendered moot by the Court's ruling on ACE's Motion to Dismiss scheduled for hearing on November 10, 2008.

Additionally, both of HP's motions appear to be, at least in part, procedurally improper. Both motions appear to be disguised motions for reconsideration that are not permitted under Civil L.R. 7-9. The Motion #1 also seems to be a calculated means of giving HP three briefs in opposition to ACE's Motion to Dismiss rather than the one brief provided for by the rules.

HP's Motion #1 also is premature. If, as ACE believes it should, this Court grants ACE's Motion to Dismiss, it will render HP's Motion #1 moot. Moreover, HP's Motion #1 is based on post litigation conduct, contrary to this Court's ruling that "HP cannot state a claim for bad faith based on any litigation conduct which was consistent with ACE's defensive pleadings in the [Coverage Action], because such a claim for bad faith is limited by privilege." (Docket No. 52, p. 7:13-16.) Therefore, to avoid wasting the Court's resources by preparing for a motion that will likely be rendered moot, the Court should schedule HP's Motion #1, and all other future motions for summary judgment, to a date after the Court rules on ACE's Motion to Dismiss.

Moreover, on top of the problems with HP's recently filed motions, there is an ongoing discovery dispute presently before Mag. Judge Seeborg. Although this Court has not lifted the March 11, 2008 discovery stay, HP continues to seek discovery, triggering motion practice before Mag. Judge Seeborg. Because both parties have the right to appeal adverse decisions from a Magistrate Judge, this discovery dispute will soon be at the Court's doorstep. Thus, it may be in the Court's interest to hold a Case Management Conference to address these issues as well.

Accordingly, ACE requests that this Court schedule a Case Management Conference for September 8, 2005, September 15, 2008, or September 22, 2008, to establish a

Scheduling Order for hearings following the resolution of ACE's Motion to Dismiss and its filing of an Answer to HP's operative complaint.

## IV. CONCLUSION

ACE respectfully requests that the Court order a Case Management Conference to determine a pre-trial schedule for hearing motions, if necessary, after resolution of ACE's Motion to Dismiss and after ACE files an Answer to HP's operative complaint. This request is supported by good cause, and is requested in an effort to assist the Court and foster judicial economy.

Date: August 29, 2008

HINSHAW & CULBERTSON LLP

By: /s/ Bradley M. Zamczyk
BRADLEY M. ZAMCZYK
Attorneys for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

2974785   885915