**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
Kory S. Booth (SBN 188960)
ksb@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | Case No. C07 04676 JW (RSx)<br><br>Hon. Magistrate Judge Richard Seeborg<br><br>**HP'S RESPONSE TO ACE'S OBJECTION TO HP'S SUPPLEMENTAL REPLY RE: MOTIONS TO COMPEL NOS. 1 AND 2**<br><br>Date: September 3, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom 4, 5th Floor |

Plaintiff Hewlett-Packard Company ("HP"), in response to ACE's objections to HP's Supplemental Reply on HP's Motions to Compel No.'s 1 and 2, states as follows:

ACE erroneously advises the Court that unpublished California appellate court opinions may not be cited, in direct contravention of published Ninth Circuit authority finding precisely the reverse. As the Ninth Circuit stated in *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. (Cal.) 2003): "Granite correctly notes that **we may consider unpublished state decisions**, even though such opinions have no precedential value. *Nunez v. City of San Diego*, 114 F.3d 935, 943 n. 4 (9th Cir.1997)."[1] And the "Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. (Cal.) 2003).

*Encarnacion v. 20th Century Insurance Co.*[2] is instructive in that it specifically addressed whether Section 47(b) applies in insurance bad faith cases (and determined that it does not apply), which is precisely the issue faced by this Court in the present action. Pursuant to *Employers Ins. of Wausau,*[3] the *Encarnacion* court's analysis may properly assist this Court in determining that the litigation privilege does not apply to this insurance bad faith action.

*Mejia v. Hamburg, Karic, Edwards & Martin*[4] is instructive in that it specifically addressed whether Section 47(b) applies where it is alleged defendant was involved in a tortious "course of conduct" against plaintiff. Again, it is proper for this Court to consider the state court's determination that the litigation privilege does not apply when a tortious course of conduct has been alleged.[3]

Furthermore, the Court should disregard ACE's "objection" as nothing more than an unauthorized sur-reply in violation of Civil L.R. 7-3(d): "**[O]nce a reply is filed, no additional**

---

[1] Similarly, unpublished federal appellate court case authority issued after January 1, 2007 may also be cited for its persuasive authority. 9th Cir. R. 36-3(b)/Fed. R. App. P. 32.1(ii) effective 01/01/07 permits citation of unpublished authority from federal courts of appeal issued after January 1, 2007.

[2] No.'s. B1799825, B182737, 2007 WL 2792920, at *25 (Cal. Ct. App. (2d Dist.) Sept. 27, 2007)

[3] *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. (Cal.) 2003).

[4] No. B198009, 2008 WL 353216 (Cal. Ct. App. (2d Dist.) Feb. 11, 2008).

**memoranda, papers or letters may be filed without prior Court approval.**" ACE did not seek the Court's permission to file its "objection" and no other provision of the local rules provides for filing sur-reply briefs.

Dated: September 2, 2008

**GAUNTLETT & ASSOCIATES**

By: s/ Kory S. Booth
David A. Gauntlett
James A. Lowe
Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY