**\*E-FILED 9/4/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD CO.,<br><br>  Plaintiff,<br><br>  v.<br><br>ACE PROPERTY & CASUALTY INSURANCE CO.,<br><br>  Defendant.<br>_____/ | NO. C 07-4676 JW (RS)<br><br>**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER, AND DENYING MOTIONS TO COMPEL WITHOUT PREJUDICE** |

## I. INTRODUCTION

Pursuant to Rules 26(b)(1), 34(a), and 37(a)(2)(B) of the Federal Rules of Civil Procedure, plaintiff Hewlett-Packard Co. ("HP") moves in two motions to compel defendant ACE Property & Casualty Insurance Co. ("ACE") to file: (1) amended responses and documents; and (2) a complete copy of ACE's insurance policy. ACE opposes the motions to compel and further moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery. For the reasons stated below, the motion for a protective order will be granted, and the motions to compel will be denied without prejudice.

## II. BACKGROUND

In 1994, HP sued non-party Nu-Kote International, Inc. ("Nu-Kote") for patent infringement. In response, Nu-Kote filed counterclaims against HP alleging unfair competition and antitrust violations. In 2000, HP obtained a jury verdict against Nu-Kote. During the underlying action, ACE issued an insurance policy to HP. In 1999, HP filed an action against ACE seeking a

1  declaratory judgment that ACE had a duty to defend HP against Nu-Kote's counterclaims. HP's
2  motion for summary judgment was granted because Nu-Kote's counterclaims were potentially
3  covered under the policy. The matter was referred to a Special Master for a determination of the
4  amount of damages for which ACE was liable. HP alleges that despite the Special Master's
5  numerous rulings in HP's favor, ACE continues to challenge the determined amounts.
6       On April 17, 2002, HP filed an action against ACE for breach of the implied covenant of
7  good faith and fair dealing. The parties stipulated to dismiss that action and toll any applicable
8  statute of limitations from that point forward. The stipulation preserved all rights and defenses that
9  existed as of that date. On the basis of these allegations, HP alleged a single tort based claim for
10 breach of the implied covenant of good faith and fair dealing.
11      On March 11, 2008, the presiding judge held oral argument regarding ACE's motion to
12 dismiss HP's first amended complaint. According to ACE, at the conclusion of the March 11, 2008
13 hearing for its motion to dismiss, the presiding judge orally ordered that all discovery be stayed
14 pending the determination of whether HP could proceed with its action. On June 12, 2008, the
15 presiding judge granted ACE's motion to dismiss because the applicable two year statute of
16 limitations barred HP's tort based claim for breach of the implied covenant of good faith and fair
17 dealing, and granted HP leave to amend to file a breach of the implied covenant of good faith and
18 fair dealing claim under a breach of contract theory, subject to a longer statute of limitations. That
19 order did not mention the stay of discovery. On June 30, 2008, HP filed its second amended
20 complaint ("SAC"). Subsequent to the filing of these motions, HP filed a motion to dismiss the SAC
21 which is scheduled to be heard on November 10, 2008.
22      As to the motion for a protective order, ACE argues the stay remains in place because of: (1)
23 the possibility that ACE will prevail on its motion to dismiss the SAC; (2) the substantial time and
24 resources the Court and the parties will expend if HP is permitted to commence with discovery; (3)
25 the June 12, 2008 order granting ACE's motion to dismiss; and (4) the March 11, 2008 oral
26 discovery stay. HP counters that neither ACE's motion nor the declarations it presents state a
27 particular and specific need for the stay or explain how ACE could be unduly burdened or
28 prejudiced by having to respond to HP's discovery. HP also alleges that ACE does not provide

evidence regarding how much time and expense would be required to respond to the motions to compel.

In its two motions to compel, HP seeks amended responses and four document requests from ACE in response to HP's production request set two served on December 6, 2007. HP seeks documents from 1998 (when the Nu Kote litigation was tendered to ACE) to 2008, which it claims are relevant to show ACE's decisions, actions, or lack of action in response to HP's claim for defense coverage of the Nu-Kote litigation. ACE counters that the motions should be denied because they impermissibly seeks documents that are beyond the temporal scope of discovery set forth in the presiding judge's June 12, 2008 order and seeks production of documents already in HP's possession. HP contends that ACE's responses contain blanket objections that HP's request is compound, overbroad, and seeks information protected by the attorney-client privilege and/or the work product doctrine. HP further seeks to compel ACE to produce a complete copy of the insurance policy. ACE claims that it disclosed this policy in its Rule 26 initial disclosure. Ace states that it will produce the document, but HP must agree to a stipulated protective order first.

### III. DISCUSSION

A court may issue a protective order only after the moving party demonstrates that good cause exists for protecting the material. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

ACE insists that the March 11, 2008 oral discovery stay remains in place. The presiding judge's comments at the March 11, 2008 hearing where he orally stayed discovery did not expressly indicate whether the stay would remain in place through the resolution of all pleading motions or instead be lifted after the initial motion to dismiss was adjudicated. The spirit underlying the presiding judge's comments, however, certainly reflect the intent that the stay remain in place until the pleadings are finalized one way or the other. Logic dictates that if the stay was in place then, it should remain in place now. With a new motion to dismiss the SAC already calendared for

1  argument, it is reasonable for the parties to wait for the outcome of that motion before discovery
2  takes place.

## IV. CONCLUSION

Accordingly, the motion for a protective order is granted, which will remain in place until the completion of oral argument on the motion to dismiss the SAC. HP's two motions to compel, therefore, will be denied without prejudice.

IT IS SO ORDERED.

Dated: 9/4/08

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Bradley Marc Zamczyk    bzamczyk@hinshawlaw.com

David A. Gauntlett    info@gauntlettlaw.com

James A. Lowe    info@gauntlettlaw.com, ams@gauntlettlaw.com, arm@gauntlettlaw.com, bse@gauntlettlaw.com, jal@gauntlettlaw.com, pam@gauntlettlaw.com

Kory Shawn Booth    ksb@gauntlettlaw.com

Robert John Romero    rromero@hinshawlaw.com

Steven H. Bergman    sbergman@omm.com, jchang@omm.com, rsigua@omm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 9/4/08**                                                **Richard W. Wieking, Clerk**

                                                                **By:    Chambers**

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER, AND DENYING MOTIONS TO COMPEL WITHOUT PREJUDICE
C 07-4676 JW (RS)

5