**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Andrew M. Sussman (SBN 112418)
*ams@gauntlettlaw.com*
Kory S. Booth (SBN 188960)
*ksb@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>　　　　　　　Defendant. | Case No.: 07-CV-04676-JW (RSx)<br><br>Hon. James Ware<br><br>**HEWLETT-PACKARD'S OPPOSITION TO ACE'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR CASE MANAGEMENT CONFERENCE** |

## I. CASE LAW REQUIRES HEARING ACE'S AND HP'S MOTIONS TOGETHER

ACE moves for a Case Management Conference ("CMC") to delay the hearing of HP's Motion for Partial Summary Judgment[1] ("MPSJ") until after ACE's Motion to Dismiss[2] HP's Second Amended Complaint[3] ("SAC") is heard. But **ACE fails to meet its burden of proving this Court should disregard the common-law presumption favoring simultaneous hearings.**

In *McDougall v. Donovan*, 552 F. Supp. 1206, 1212 n.22 (N.D. Ill. 1982), counter-defendants moved to strike a partial summary judgment motion. The motion was denied because since its 1946 amendment Fed. R. Civ. P. 56(a) has allowed summary judgment motions to be filed "at any time after the expiration of 20 days from the commencement of an action," and that this short trigger date reflects a "policy of expedited summary judgment" to which a pending Rule 12(b) motion provides no exception. *Id. McDougall* followed *Stein v. Oshinsky*, 348 F.2d 999, 1001 (2d Cir. 1965): "**[O]ne of the purposes of** the 1946 amendment to [**Fed. R. Civ. P. 56 (a)] was to permit a plaintiff to move for summary judgment while a pre-answer rule 12(b) motion [to dismiss] was pending**."[4] (Emphasis added.) The *Owner-Operator Independent Drivers Ass'n v. C.R. England, Inc.,* 325 F. Supp. 2d 1252, 1260-61 (D. Utah 2004) court was confronted with competing motions to stay the lawsuit and compel arbitration, versus a summary judgment motion. Following *Stein*, the court held that the first motion's pendency did not justify taking the latter off calendar.[5]

---

[1] HP's Request for Judicial Notice ("RJN"), ¶ 1, [Docket No. 65]

[2] RJN, ¶ 2, [Docket No. 68-2]

[3] RJN, ¶ 3, [Docket No. 53]. HP's First Amended Complaint ("FAC"), which this Court dismissed with leave to amend, pled one claim for ACE's tortious breach of its policy's implied covenant of good faith. But the SAC pleads 12 contract claims for breaches of the covenant. **The Court has not yet ruled on any issue pertaining to their legal propriety or sufficiency**.

ACE implies that it set its motion for the November 10, 2008 hearing before HP set its motion's hearing. But both motions were filed on July 18, 2008 and HP's MPSJ was filed first.

[4] Rule 56(a) has not been subsequently amended on this point, so *Stein* and its progeny remain good law. *See also Citizens for Clean Air, Inc. v. Corps of Engineers, U.S. Army*, 349 F. Supp. 696, 698 n.1 (S.D.N.Y. 1972) ("A motion for summary judgment under Rule 56(a) can be made before answers have been filed while Rule 12(b) motions are pending.").

[5] *See also Justice v. Fabey*, 541 F. Supp. 1019, 1025 (E.D. Pa. 1982) ("Turning to plaintiff's motion for summary judgment, I note that the filing of such a motion during the pendency of a motion to dismiss and before a defendant has had an opportunity to answer the complaint does not itself render the motion premature.").

**ACE cites no contrary authority – or any cases on this or any other point**. HP knows of none. HP filed a meritorious MPSJ; ACE has not met its burden of proving it should not be heard with ACE's motion. So, this Court should deny ACE's request and refuse to continue HP's MPSJ.

## II.     ACE'S PROPOSAL WOULD WASTE JUDICIAL TIME AND PREJUDICE HP

HP's MPSJ is set for hearing on November 10, 2008 – the same date set for hearing of ACE's Motion to Dismiss. The MPSJ raises legal arguments and authorities that ACE cannot refute. Many of them – particularly those refuting ACE's recycled statute of limitations and litigation privilege arguments that do not apply to or bar the SAC's twelve new contract claims – overlap with ACE's motion's contentions.[6] They will be discussed in HP's opposition to ACE's motion. So, when the Court reviews both parties' arguments and authorities in support of and in opposition to ACE's motion, the Court also will be preparing to rule on HP's motion. But if the Court continues HP's motion as ACE wants and then denies ACE's motion to dismiss – as is likely – then the Court later would have to re-prepare for a new hearing on the same issues.[7] This inefficient use of judicial time is best avoided by denying ACE's request and refusing to continue HP's MPSJ.

ACE wants to avoid filing an opposition to HP's motion because ACE cannot successfully oppose it – and if HP's motion is granted, ACE's liability to HP for bad faith breach of its insurance policy's covenant of good faith will be established. To delay the imposition of liability, ACE seeks

---

[6] *PAE Government Services, Inc. v. MPRI, Inc*., 514 F.3d 856, 857-58 (9th Cir. 2007) (A district court cannot consider inconsistent or contradictory prior versions of a pleading in ruling on a Rule 12 motion; only the operative pleading matters.).

[7] The dismissal grounds that ACE's motion to dismiss urges include: (1) HP's "improperly" seeking *Brandt* expenses and punitive damages as remedies in contract claims [Docket No. 68-2, pp. 3-6]; (2) the two-year statute of limitations bar to HP's claims and inapplicability of the equitable estoppel and tolling doctrines to extend the statute [Docket No. 68-2, pp. 7-12]; and (3) the litigation privilege bar to HP's claims [Docket No. 68-2, pp. 15-16].

**But the MPSJ arguments substantially overlap with ACE's arguments,** including authority explaining: (1) HP's entitlement to "tort remedies" like *Brandt* expenses and punitive damages on its contract claims for breach of an insurance policy's implied covenant [Docket No. 65, pp. 1-4, 7-9]; (2) The four-year contract statute applies to the SAC [Docket No. 65, pp. 3-7]; and (3) The litigation privilege does not bar the SAC's contract claims [Docket No. 65, pp. 10-16]. **The Court should not have to twice review the pleadings, record and authorities to twice decide these issues.**

the MPSJ's indefinite continuance.[8]  ACE wants to "roll the dice" with its own motion to dismiss – and if it is denied, to take a second bite of the apple in its later opposition to HP's MPSJ.

### III. HP'S MPSJ IS MERITORIOUS; THE SAC DOES NOT VIOLATE ANY ORDER

ACE seeks to avoid responding to HP's MPSJ based on erroneous assertions that:  (1) the SAC violates the prior order dismissing HP's First Amended Complaint with leave to amend [Docket No. 52] by pleading tort claims and seeking damages only allowed in tort lawsuits; (2) the SAC pleads matters barred by the litigation privilege; and (3) the MPSJ amounts to an improper motion for reconsideration on "law of the case" grounds.[9]  ACE is wrong.

**First**, the Court's prior dismissal order allowed HP to plead contract claims for ACE's breach of its policy's implied covenant of good faith.[10]  The SAC pleads only breach of contract claims.[11]  The remedies sought are HP's Coverage Action litigation expenses and punitive damages.  The California Supreme Court expressly allows such tort type remedies in contract actions for an insurer's breach of its policy's implied covenant.[12]  Since the proper statute of limitations is

---

[8] ACE's appetite for repetitious oral argument opportunities is insatiable.  ACE's present motion is postured as a simple CMC request – but it is based on the inaccurate contention that HP cannot successfully oppose ACE's motion to dismiss.  ACE invites the Court to "preview" and weigh its motion to dismiss arguments – probably so if a CMC is ordered, ACE then and there can "pre-argue" the dismissal issues and, based on the Court's CMC feedback, later tailor its reply papers and oral argument to the Court's preferences.  **The Court should refuse this improper invitation to "pre-hear" and "pre-judge" ACE's motion** before HP files its Opposition due on October 20, 2008.  **A prehearing now would be the essence of "prejudice" to HP.**

[9] ACE argues that there is some unspecified connection between the SAC, the MPSJ and HP's efforts during the past year to obtain discovery from ACE.  But there is none.  **Neither ACE's nor HP's motions depend on documents sought from ACE in discovery**.  On September 4, 2008, Magistrate Judge Seeborg granted ACE's motion for stay of discovery and denied HP's motions to compel discovery without prejudice. (Decl. of James A. Lowe ("Lowe Decl."), ¶ 4.)  **HP will seek review of that order**.  *Id.*  There is no reason to consider them at a CMC.

[10] RJN, ¶ 4 [Docket No. 52].

[11] RJN, ¶ 3 [Docket No. 53].

[12] *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43-44 (1999) ("Because the **covenant of good faith and fair dealing essentially is a contract term** that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.'  At present, this court recognizes only one exception to that general rule:  **tort remedies are available for a breach of the covenant in cases involving insurance policies.  In the insurance policy setting, an insured may recover damages not otherwise available in a contract action** . . . ." (emphasis added; citations omitted)); *Amato v. Mercury Cas. Co.*, 53 Cal. App. 4th 825, 831 (1997) ("**Breach of an insurer's duty to defend** violates **a contractual obligation** and, **where unreasonable,** also **violates the covenant** of good faith and fair dealing, **for which tort remedies are appropriate**." (emphasis added)).

1  determined by the claim's gravamen and not by the remedies it seeks,[13] and all 12 of the SAC's
2  claims sound in contract, the four-year statute applies and HP's claims are not time-barred.

3  Cases which appear to hold the contrary misstate the law.  For example, *Archdale v.
4  American Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449 (2007) held that while a breach of
5  covenant claim for failing to accept a reasonable settlement had a four-year statute, the two-year
6  statute barred claims for emotional distress tort remedies.  This was premised on the mistaken belief
7  that the "nature of the relief or recovery sought" determines whether the two- or four-year statute
8  applies.  *Id*. at 466.  But in *Jefferson v. J.E. French Co.,* 54 Cal. 2d at 718, the California Supreme
9  Court held just the opposite:  the nature of the claim and not the remedy sought determines the
10 limitations period.  *Jefferson* was apparently not briefed to the *Archdale* court and not considered by
11 it.[14]  If it had been, there would likely have been a different result.  *Archdale* noted that its
12 conclusion was limited to the facts of that case and might not apply to other bad faith claims.[15]

13 In *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1073, 1079 (2007), *rev. denied* (2007),
14 Justice Croskey characterized the breach of implied covenant action as a "contract action" and held:
15 "[I]f the insurer denies benefits unreasonably . . . it may be exposed to the full array of tort
16 remedies," including punitive damages, citing *Cates*, 21 Cal. 4th at 43-44.

17 **Second**, all of the SAC's claims sound in contract – and the litigation privilege never applies
18 to contract claims as pled in the SAC.  So the litigation privilege cannot bar the SAC's contract
19 claims.[16]

---

[13] *Jefferson v. J.E. French Co.*, 54 Cal. 2d 717, 718 (1960) ("[**T]he nature of the right** sued upon, **not** the form of action or **the relief demanded**, **determines the** applicability of the **statute of limitations**." (emphasis added)).

[14] *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 934 (11th Cir. 2001) (A prior opinion in which an issue was not addressed is not precedent on that issue in a later case.).

[15] *Archdale*, 154 Cal. App. 4th at 471 n.24 ("We emphasize that our conclusion and its supporting analysis may not have application to an insured's effort to obtain a contract recovery for an insurer's breach of the implied covenant of good faith and fair dealing in factual contexts other than the one presented by this case (i.e., a liability insurer's failure to accept a reasonable settlement offer to resolve a claim against its insured).").

[16] *Performance Plastering v. Richmond American Homes of California, Inc*., 153 Cal. App. 4th 659, 673 (2007) (The privilege applies only to tort causes of action.).

**Third**, the law of the case doctrine does not prevent HP from proving that the SAC's claims are not time-barred.[17]

## IV. ACE'S LACK OF EVIDENCE

ACE's only supporting evidence is the declaration of ACE attorney Bradley Zamczyk about HP's telephonic denial of ACE's request to stipulate to the CMC. But the declaration contains no evidence substantiating any other "facts" in ACE's motion; e.g., about the Court's prior verbal discovery stay order or the purported substance, scope and merits of HP's MPSJ. ACE paraphrases the Court's order and its own motion arguments, but with no evidence to substantiate the accuracy of the paraphrases. ACE provides only citations to the Court's docket. But these skeletal references are no proper substitute for a Request for Judicial Notice or evidence. **ACE has not met its burden of proving by admissible evidence that HP's motion should be rescheduled or that a CMC is required to reschedule it**. Additionally, Local Rule 7-11(b) requires that a motion for administrative relief "must be accompanied by a proposed order . . . ." But ACE submitted none.

## V. CONCLUSION

For all the above reasons, ACE's motion for a CMC should be denied.

Dated:  September 4, 2008                **GAUNTLETT & ASSOCIATES**

By:    s/ James A. Lowe
David A. Gauntlett
James A. Lowe
Andrew M. Sussman
Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

---

[17] "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.' " *Suever v. Connell*, No. C 03-00156 RS, 2006 WL 3290404, at *1 (N.D. Cal. Nov. 13, 2006), citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). But "**[t]he doctrine is not a limitation on a tribunal's power**, **but rather a guide to discretion**. *Arizona v. California*, 460 U.S. 605, 618 (1983). **A court may have discretion to depart from the law of the case where** . . . 4) **other changed circumstances exist** . . . ." *Id*. (emphasis added). The SAC's breach of contract claims substantively differ from the FAC's tort claims. This material change in HP's operative complaint is a significant "changed circumstance" that justifies this Court's exercise of "discretion" to "depart" from the doctrine. **This decision should await the parties' full briefing and oral argument on both motions – not hurriedly rendered in the truncated context of a CMC as ACE urges.**