**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
Andrew M. Sussman (SBN 112418)
ams@gauntlettlaw.com
Kory S. Booth (SBN 188960)
ksb@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>             Defendant. | Case No.: 07-CV-04676-JW (RSx)<br><br>Hon. James Ware<br><br>**HP'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING DISCOVERY STAY**<br><br>[Fed. R. Civ. P. 72(a)] |

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ..................................................................................... 1

II. FACTUAL BACKGROUND ....................................................................................... 2

    A. District Court Temporarily Suspended Discovery ........................................... 2

    B. ACE's New Motion for a Further Stay of Discovery ....................................... 3

    C. Magistrate Judge's Order Improperly Extending Discovery Stay .................... 3

III. STANDARDS .............................................................................................................. 4

    A. Review Of Magistrate Judge's Order ............................................................... 4

    B. Maximum Discovery Is Favored ...................................................................... 4

    C. Stays Of Discovery Should Be Limited ........................................................... 5

    D. "Preliminary Peek" Requirement For Pending Motion To Dismiss ................ 5

IV. ORDER "CLEARLY ERRONEOUS," ACE DID NOT PROVE GOOD CAUSE .......... 6

    A. Stay Was Erroneously Based On Misinterpretation Of Prior Suspension Order ................................................................................................................. 6

    B. ACE Did Not Prove Any Element Required To Obtain A Stay Of Discovery ........................................................................................................... 6

    C. ACE Did Not Prove "Immediate And Clear Possibility" Of SAC Dismissal .......................................................................................................... 7

        1. Statute Of Limitations Does Not Bar HP's Contract Claims ...................... 7

        2. Litigation Privilege Does Not Bar HP's Claims .......................................... 8

        3. Law Of The Case Doctrine Does Not Bar HP's Claims ............................. 9

V. CONCLUSION ............................................................................................................. 9

## I. SUMMARY OF ARGUMENT

Plaintiff Hewlett-Packard Company ("HP") objects, pursuant to Fed. R. Civ. P. 72(a), to the September 4, 2008 Order[1] of Magistrate Judge Seeborg granting ACE Property and Casualty Insurance Company ("ACE")'s motion to stay all discovery.

Rule 72(a) requires the District Court to set aside a Magistrate Judge's order that is "clearly erroneous or is contrary to law." The Order is clearly erroneous because it was based on a misunderstanding of this Court's order on March 11, 2008 temporarily suspending discovery until issuing an order describing further briefing on a then pending motion to dismiss. ACE persuaded the Magistrate Judge to erroneously believe the Court intended to stay all discovery until all possible Rule 12(b) motions might be decided.

But the hearing transcript[2] confirms that the Court intended that discovery should only be temporarily suspended until the Court issued a then-contemplated interim order for supplemental briefing on ACE's motion to dismiss HP's First Amended Complaint ("FAC"). But no supplemental briefing order was issued. The Court instead granted ACE's motion to dismiss with leave to file an amended complaint. So the stay expired by its own terms. HP filed a Second Amended Complaint in June 2008 but ACE refused to respond to discovery requests, contending that the Court had stayed discovery until after all possible motions to dismiss could be decided. ACE filed a Motion to Stay Discovery even before filing a motion to dismiss the SAC. The motion is set for November 10, 2008.

This lawsuit began a year ago and since then, ACE has stonewalled discovery through boilerplate objections and refusals to substantively respond. HP needs discovery about ACE's claims handling going back over ten years ago. The stay extension is not justified or intended by the Court.

Contrary to ACE's assertion that "dismissal is inevitable, so responding to discovery would waste time and money," ACE did not and now cannot meet its burden of proving the "immediate and clear possibility" that its motion to dismiss the SAC will be granted.[3]

---

[1] The Order [Docket No. 77 herein] was served on September 4, 2008. This Objection is filed less than 10 days thereafter and therefore is timely. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy.")

[2] **The March 11, 2008 hearing transcript** [Docket No. 58-5, pp. 48:19-51:13]**.**

[3] *GTE Wireless, Inc. v. Quaalcom, Inc.*, 192 F.R. D. 284, 286 (S.D. Cal. 2000).

## II. FACTUAL BACKGROUND

### A. District Court Temporarily Suspended Discovery

During the March 11, 2008 hearing on ACE's motion to dismiss the FAC,[4] ACE asked the Court to stay all HP's discovery until the Court ruled on the motion.[5] The Court had previously indicated that it would soon issue an order specifying supplemental briefing to be submitted by both sides, after which the motion would be taken under submission and decided.[6] In response to ACE's request, the Court asked the parties to or **"suspend"** discovery[7] and **"hold off"** on the pending hearing on motions to compel until the Court issued its new order for additional briefing on ACE's motion to dismiss HP's FAC.[8] The Court also stated it would hold a case management conference to consider "the reconvening of discovery as well,"[9] the Court said it "wanted to see the case before I can help you out on what discovery is pertinent." [Docket No. 58-2, pp. 49:25-50:2.]

But the Court did not thereafter issue a new "order telling [the parties] what [the Court] wants." No supplemental briefing was ordered and no case management conference was scheduled. Instead, the Court granted the motion to dismiss with leave for HP to file a Second Amended Complaint [Docket No. 52]. **Contrary to ACE's contention, the Court did not stay discovery until all potential motions to dismiss could be ruled upon**. There is no basis for such an inference.

---

[4] *See* Transcript [Docket No. 58-5, pp. 3:1-45:12].

[5] *See* Transcript [Docket No. 58-5, pp. 49:19-50:10 ("[Y]our ruling on this motion to dismiss will either eliminate the need for discovery or potentially curtail the amount of discovery that's going on . . . . So **the question we have here is whether there should be a stay of discovery pending the ruling on the motion**."). No written motion for protective order had been noticed or filed.

[6] *See* Transcript [Docket No. 58-5, pp. 45:13-47:21.

[7] *See* Transcript [Docket No. 58-5, pp. 50:11-15 ("**Why don't you suspend discovery until after you get this order telling you what I want**, and then we will have another case management conference if the case survives the ruling on the motion**." (emphasis added)).

[8] *See* Transcript [Docket No. 58-5, pp. 50:23-51:5 ("So **hold off** on that. **It won't take me long**, once you give me the timeline I'm asking you for, **to give you an order**. So just suspend whatever you are doing. Tell the magistrate judge, if you've got motions pending, that you may need to delay that if I take too long. I shouldn't but bring that to my attention if you believe I'm putting that motion practice in jeopardy." (emphasis added))

[9] *See* FN 7.

B.  **ACE's New Motion for a Further Stay of Discovery**

HP's SAC [Docket No. 53-54], unlike the FAC which alleged one claim for ACE's tortious breach of the implied covenant of good faith and fair dealing, alleges twelve breach of the implied covenant contract claims. None are tort claims. HP then filed its motion for partial summary judgment ("MPSJ") [Docket No. 65] setting it for hearing on November 10, 2008. ACE filed a motion to dismiss the SAC [Docket No. 68], setting it for hearing at the same time. Meanwhile ACE continued to stonewall HP's discovery. When HP then moved to compel production of documents [Docket Nos. 25, 28, 57] ACE moved to stay discovery [Docket No. 58].

C.  **Magistrate Judge's Order Improperly Extending Discovery Stay**

The Magistrate Judge heard both motions on September 3, 2008. On September 4, 2008, he entered the Order now in dispute [Docket No. 77]. The Order neither granted ACE's motion for a new stay nor HP's motions to compel. Rather, after reviewing the March 11, 2008 hearing transcript the Magistrate Judge granted a protective order finding:

> "[T]he presiding judge's comments at the March 11, 2008 hearing where he orally stayed discovery did not expressly indicate whether the stay would remain in place through the resolution of all pleading motions or instead be lifted after the initial motion to dismiss [the FAC] was adjudicated. The spirit underlying the presiding judge's comments, however, certainly reflects the intent that the stay remain in place until the pleadings are finalized one way or another. Logic dictates that if the stay was in place then, it should remain in place now. With a new motion to dismiss the SAC already calendared for argument, it is reasonable for the parties to wait for the outcome of that motion before discovery takes place.
>
> Accordingly, the motion for a protective order is granted, which will remain in place until the completion of oral argument on the motion to dismiss the SAC. HP's two motions to compel, therefore, will be denied without prejudice." [Docket No. 77, 3:22-4:6.]

This Order, based upon ACE's misinterpretation of the Court's March 11th comments, was "clear error" because: (1) ACE failed to meet its burden of proving "good cause"[10] for the discovery stay by "strong" evidence of a "particular and specific need"[11] for the stay, and (2) the Magistrate

---

[10] Fed. R. Civ. P. 26(c) allows a protective order, including for a discovery stay, only if the movant proves good cause for it. *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402, 404 (E.D. Wash. 1977).

[11] *Lofton v. Bank of America*, No. C 07-05892 SI, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) (emphasis added) (citing *Blankenship v. Hearst Corp.*, , 519 F.2d 418, 429 (9th Cir. 1975).

1 Judge failed to "preliminarily peek" at ACE's pending motion to dismiss the SAC and to find an
2 "immediate and clear possibility" that it will "surely" be granted.[12] Without those required findings
3 entry of the protective order was "clearly erroneous" within the meaning of Fed. R. Civ. P. 72(a).

### III. STANDARDS

#### A. Review Of Magistrate Judge's Order

A magistrate judge's nondispositive order may be set aside or modified if found to be "clearly erroneous" or "contrary to law." The "clearly erroneous" standard of Fed. R. Civ. P. 72(a) applies to the magistrate judge's findings of fact; the legal conclusions are subject to *de novo* review. *United States v. McConney,* 728 F.2d 1195, 1200-1201 (9th Cir. 1984).

#### B. Maximum Discovery Is Favored

Maximum discovery is presumed and stays are disfavored. Fed. R. Civ. P. 26(b) articulates the federal law presumption favoring broad discovery:

> (1) *Scope in General.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." *Oregon Precision Indus., Inc. v. International Omni-Pac Corp.,* 160 F.R.D. 592, 594 (D. Or. 1995) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389,(1978)).

To further broad discovery: "Federal discovery rules 26 through 37 'have been interpreted liberally to allow maximum discovery.' " *Marshall v. Rain*, No. 04cv0403 L (WMc), 2008 WL 2186184, at *1 (S.D. Cal. May 23, 2008). So, requests to stay discovery are **"disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future**." *Qwest Communications Corp. v. Herakles, LLC*, No. 2:07-cv-00393-MCE-KJM, 2007 WL

---

[12] *GTE Wireless, Inc. v. Quaalcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000). **The Court must be "convinced that a plaintiff is unable to state a claim for relief**." *Quair v. Bega*, No. CV F 02 5891 REC DLB, 2007 WL 552537, at *2 (E.D. Cal. March 7, 2005) (denying stay of discovery) (emphasis added).

2288299, at *2 (E.D. Cal. Aug. 8, 2007) (emphasis added) – and because **"when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."** *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). (emphasis added)

### C. Stays Of Discovery Should Be Limited

Rule 26(c)(1) permits a party to "move for a protective order . . . **for good cause shown** . . ." But the **party seeking** the discovery stay **bears the burden of proving** there is **good cause** for its issuance. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) ("In federal cases . . . the burden of resisting discovery is on the party opposing discovery . . . .") Each good cause factor must be proved **by evidence of "a particular and specific need for the protective order**, as opposed to making stereotyped or conclusory statements." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (emphasis added). That **proof** must be **by a "strong showing"** that is "particular and specific and be more than a 'conclusory statement that discovery would cause undue burden and expense.' " *Lofton v. Bank of America*, No. C 07-05892 SI, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) (emphasis added).

### D. "Preliminary Peek" Requirement For Pending Motion To Dismiss

Courts have discretion to stay discovery pending decision on a dispositive motion. *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976). But there is no presumption requiring such a stay. *SK Handtool Corp. v. Dresser Indus., Inc*., 852 F.2d 936, 945 n.11 (7th Cir. 1988) (emphasis added) ("Discovery need not cease during the pendency of a motion to dismiss.").

Instead, **the Court must be "*convinced* that the plaintiff will be unable to state a claim** upon which relief can be granted" before staying discovery pending the motion's outcome. *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (emphasis added).[13] To decide this, "the Court must first **'peek' at the merits** of the pending dispositive motion in order to assess the validity of the stay of discovery motion." *Qwest*, 2007 WL 2288299, at *2 (emphasis added).

---

[13] See also, *Quair v. Bega*, No. CV F 02 5891 REC DLB, 2007 WL 552537, at *2 (E.D. Cal. March 7, 2005) (denying stay of discovery) (The Court must be "**convinced** that a plaintiff is unable to state a claim for relief.") (emphasis added)

The purpose "[is] **to see if** on [the motion's] face **there appears to be an *immediate and clear possibility* that it will be granted.**" *GTE Wireless, Inc. v. Quaalcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (bold emphasis added). If not, the discovery stay should be denied.

## IV.   ORDER "CLEARLY ERRONEOUS," ACE DID NOT PROVE GOOD CAUSE

### A.   Stay Was Erroneously Based On Misinterpretation Of Prior Suspension Order

The Magistrate Judge did not find that ACE met its burdens of proving either "good cause" for a stay based on a "particular and specific need" or that there was an "immediate and clear" possibility" that ACE's motion to dismiss will be granted. The Order does not recite ACE's evidence of good cause, rulings on it, that there was a "preliminary peek" at ACE's motion, or that the Magistrate Judge was "convinced" that there is an "immediate and clear possibility" that the motion will be granted. All of these are required for a valid stay. Rather, the Order was based only on a belief that the "spirit underlying the presiding judge's comments" at the March 11, 2008 hearing suggested "that the stay remain in effect until the leadings are finalized one way or another." But the Court set a specific short-term limit on the suspension of discovery. **The Court's language does not justify an extended stay of discovery**. The Order is therefore erroneous.

### B.   ACE Did Not Prove Any Element Required To Obtain A Stay Of Discovery

The Order is "clearly erroneous" absent findings of "good cause" and "great likelihood that ACE's motion will prevail." ACE failed to meet its burden to support a protective order. ACE failed to meet its burden of proving "particular and specific" good cause for the stay with "specific demonstrations of fact, supported . . . by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm"[14] if the stay is not granted. ACE's motion [Document No. 58-2, 11:10-13:20] argued that there would be some unspecified burden if it had to produce documents and answer interrogatories. But ACE never explained the burden in terms of time, expense or effort. There were no concrete examples – nor were there affidavits to substantiate any claims of burden. The only evidence submitted – attorney Zamczyk's Declaration [Docket No. 58-3] – concerned only ACE's efforts to convince HP to stipulate to the stay.

---

[14] *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

### C. ACE Did Not Prove "Immediate And Clear Possibility" Of SAC Dismissal

#### 1. Statute Of Limitations Does Not Bar HP's Contract Claims

If the Magistrate Judge had "peeked" at ACE's motion to dismiss the SAC he would have found that ACE could not met its burden of proving an "immediate and clear possibility" that the motion "surely" will be granted on a statute of limitations basis. That is because the SAC pleads twelve contract claims for breach of the covenant of good faith and fair dealing and a bad faith claim is ordinarily a contract cause of action with a four-year statute of limitations. The California Supreme Court, in *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 662 (1958), held that the statute of limitations for an insurer's breach of the covenant of good faith and fair dealing implied in an insurance policy is four years. The insurer in *Comunale* contended the good faith duty to settle is an implied contract term founded upon the law, not upon the written instrument and, therefore, the two-year non-contract rather than four-year contract limitations period applied. The Supreme Court firmly rejected this argument, holding that a promise that the law implied as part of a contract is as much a part of the written instrument as if the insurer actually wrote the promise out.[15]

HP's FAC was dismissed in part because California's two-year statute of limitations barred the FAC's claims for tortious breach of ACE's policy's good faith covenant. But that dismissal order allowed HP, on amendment, to plead contract claims for ACE's breach of the covenant[16] – and the SAC pleads only breach of contract claims.[17] The four-year statute of limitations applies here.

It makes no difference that the SAC's contract claims seek remedies including attorneys' fees and punitive damages that are often sought in tort claims. That is because the California Supreme Court expressly allows those remedies in contract actions for an insurer's breach of its policy's implied covenant.[18] Because the applicable statute of limitations is determined by the claim's

---

[15] *Comunale*, 50 Cal. 2d at 662 ("Traders contends that an action on an implied obligation arising out of contract is not on the written instrument and that therefore the four-year term prescribed in section 337, subdivision 1, of the Code of Civil Procedure is not applicable. We do not agree. **The promise which the law implies as an element of the contract** is as much a part of the instrument as if it were written out." (emphasis added; footnote omitted citing Cal. Code Civ. Proc. §§ 337(1) and 339(1))).

[16] RJN, ¶ 4 [Docket No. 52].

[17] RJN, ¶ 3 [Docket No. 53].

[18] *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43-44 (1999) ("Because the **covenant of**

1 gravamen and not by the remedies it seeks and all 12 of the SAC's claims are based on the insurance
2 contract, the four-year statute applies. The SAC's claims are not time-barred. There is no
3 "immediate and clear possibility" that ACE's arguments will succeed and no basis to stay discovery.

4 Cases which appear to hold the contrary do not reflect the law. For example, *Archdale v.*
5 *American Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449 (2007) held that although the four-
6 year statute applied to a breach of covenant claim for failing to accept a reasonable settlement, the
7 two-year statute barred claims for emotional distress tort remedies. This comment was premised on
8 the erroneous proposition that the "nature of the relief or recovery sought" determines which statute
9 of limitations period applies. *Id*. at 466.

10 But in *Jefferson v. J.E. French Co.,* 54 Cal. 2d 717, 718 (1960) the California Supreme Court
11 held the opposite: ("[**T**]**he nature of the right** sued upon, **not** the form of action or **the relief**
12 **demanded**, **determines the** applicability of the **statute of limitations**." (emphasis added)). But
13 *Jefferson* was apparently not briefed to the *Archdale* court and not considered by it. Nevertheless, in
14 *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1073, 1079 (2007), *rev. denied* (2007), Justice
15 Croskey – who authored the *Archdale* opinion – characterized the breach of implied covenant claim
16 as a "contract action" and held: "[I]f the insurer denies benefits unreasonably . . . it may be exposed
17 to the full array of tort remedies," including punitive damages, citing *Cates*, 21 Cal. 4th at 43-44.

### 2. Litigation Privilege Does Not Bar HP's Claims

19 The SAC's claims sound in contract and the litigation privilege never applies to contract
20 claims as pled in the SAC. [19] So the litigation privilege cannot bar the SAC's contract claims.

---

**good faith and fair dealing essentially is a contract term** that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.' At present, this court recognizes only one exception to that general rule: **tort remedies are available for a breach of the covenant in cases involving insurance policies. In the insurance policy setting, an insured may recover damages not otherwise available in a contract action** . . . ." (emphasis added; citations omitted)); *Amato v. Mercury Cas. Co*., 53 Cal. App. 4th 825, 831 (1997) ("**Breach of an insurer's duty to defend** violates **a contractual obligation** and, **where unreasonable,** also **violates the covenant** of good faith and fair dealing, **for which tort remedies are appropriate**." (emphasis added)).

[19] *Performance Plastering v. Richmond American Homes of California, Inc*., 153 Cal. App. 4th 659, 673 (2007) (The privilege applies only to tort causes of action.); *Silberg v. Anderson,* 50 Cal. 3d 205, 212 (1990) (Section 47(b) is applicable to "all **torts** except malicious prosecution." (emphasis added)).

### 3.  Law Of The Case Doctrine Does Not Bar HP's Claims

Regardless of this Court prior Order dismissing the **FAC** with leave to amend, the law of the case doctrine does not prevent HP from proving that the **SAC's** claims are not time-barred. The doctrine states that: "'[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.' " *Suever v. Connell*, No. C 03-00156 RS, 2006 WL 3290404, at *1 (N.D. Cal. Nov. 13, 2006), citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). But "[t]he doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where . . . 4) other changed circumstances exist . . . ." *Id*.

The SAC's breach of contract claims substantively differ from the FAC's tort claims. This material change in HP's operative complaint is a significant "changed circumstance" that justifies this Court's exercise of "discretion" to "depart" from the doctrine, even if would otherwise apply. Had the Magistrate Judge "preliminarily peeked" at ACE's new motion to dismiss, he would have recognized the probability that the Court would exercise its discretion permit HP to plead its legally valid contract claims and seek damages permitted by law.[20]

## V.  CONCLUSION

The Magistrate Judge's Order staying discovery should be reversed and this matter remanded for determination of HP's Motions to Compel Discovery.

Dated:  September 11, 2008                    **GAUNTLETT & ASSOCIATES**

By:   s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Andrew M. Sussman
      Kory S. Booth

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

---

[20] *Oliner v. McBride's Industries, Inc*., 102 F.R.D. 561, n.1 (S.D.N.Y. 1984) (Every court has the "inherent power . . .  to reconsider interlocutory orders prior to the entry of final judgment.")