United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hewlett-Packard Co., | NO. C 07-04676 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| ACE Property & Casualty Insurance Co., | |
| Defendant. | |

## I. INTRODUCTION

Hewlett-Packard Company ("HP" or "Plaintiff") brings this diversity action against ACE Property & Casualty Insurance Company ("ACE" or "Defendant"), alleging breach of the implied covenant of good faith and fair dealing. HP alleges that ACE made a bad faith denial of HP's claim for defense of a third party suit for unfair competition.

Presently before the Court are several motions brought by the parties.[1] The Court conducted a hearing on December 22, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Clarification, DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion to Dismiss with prejudice.

---

[1] (Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted or, in the Alternative, Motion to Strike, hereafter, "MTD," Docket Item No. 68; Plaintiff's Motion for Partial Summary Judgment, hereafter, "MSJ," Docket Item No. 65; Plaintiff's Motion for Clarification of the Court's June 12, 2008 Order Granting ACE's Motion to Dismiss With Leave to Amend, hereafter, "Motion for Clarification," Docket Item No. 63.)

## II. BACKGROUND

A detailed recitation of the allegations in this case may be found in the Court's June 12, 2008 Order Granting Motion to Dismiss. (hereafter, "June 12 Order," Docket Item No. 52.) The Court reviews its findings from the June 12 Order, in addition to any procedural history relevant to the motions now before the Court.

On September 11, 2007, Plaintiff filed an initial Complaint in this action,[2] alleging a single cause of action for breach of the implied covenant of good faith and fair dealing, arising out of Defendant insurance carrier's alleged bad-faith denial of insurance coverage to Plaintiff policyholder in an Underlying Litigation.[3] (Docket Item No. 1.) On December 17, 2007, Defendant filed a motion to dismiss for failure to state a claim. (Docket Item No. 19.) On June 12, 2008, the Court granted Defendant's motion to dismiss, giving Plaintiff leave to amend. With respect to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, the Court found that Plaintiff's claim was barred by the two-year statute of limitations on tort-based bad faith claims. (June 12 Order at 6.) Whereas Plaintiff brought its bad faith claim on April 17, 2002, the Court found that the applicable statute of limitations expired on April 5, 2002.[4] (Id. at 5.) The Court also granted Defendant's motion, to the extent Plaintiff's bad faith claims were predicated on Defendant's conduct in the prior Coverage Litigation. Such allegations were found to be improper on the basis of Defendant's litigation privilege. (Id. at 7.)

Having found that Plaintiff's bad faith claim was time-barred, the Court granted Plaintiff leave to amend. In particular, the Court permitted Plaintiff to allege breach of the implied covenant

---

[2] On November 20, 2007, Plaintiff filed a First Amended Complaint. (hereafter, "FAC," Docket Item No. 8.)

[3] The Underlying Litigation was Hewlett-Packard Co. v. Nu-kote Int'l, Inc., Case No. C 94-20647 JW.

[4] The Court found that the statute of limitations on the bad faith claim began to run on April 5, 2000, which was the date on which the Underlying Action reached a final judgment. The Court applied California law, which provides that the statute of limitations is equitably tolled in bad faith insurance coverage actions until the underlying action is terminated by a final judgment. (June 12 Order at 4.)

2

of good faith and fair dealing under a contract-based theory, which would permit Plaintiff to take advantage of a four-year statute of limitations as opposed to the two years allowed in tort actions. (June 12 Order at 7).  The Court, however, limited Plaintiff to seeking damages allowable for breach of contract under California law.  (Id.)  In addition, the Court permitted Plaintiff to allege that its claim was not time-barred on grounds of equitable tolling or equitable estoppel.  (Id. at 6.)

On June 30, 2008, Plaintiff filed a Second Amended Complaint, alleging twelve counts for breach of the implied covenant of good faith and fair dealing.  (hereafter, "SAC," Docket Item No. 53.)  The Second Amended Complaint also alleges both equitable tolling and equitable estoppel.  (Id. at 5-7.)

Presently before the Court are Plaintiff's Motion for Clarification of the June 12, 2008 Order, Plaintiff's Motion for Partial Summary Judgment, and Defendant's Motion to Dismiss.

### III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Courts may

1 dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.
2 Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

**A.     Plaintiff's Motion for Clarification**

Plaintiff requests that the Court clarify several instances where the Court referred to the "Underlying Action" in its June 12, 2008 Order, and contends that, in each instance, the Court intended to refer to "Coverage Action." (Motion for Clarification at 2-3.) Plaintiff also requests that the Court clarify whether the terms of the June 12 Order permitted Plaintiff to amend its Complaint to allege equitable tolling and equitable estoppel. (Id. at 4.)

With respect to Plaintiff's request to clarify the Court's use of "Underlying Action" in the June 12 Order, the Court declines to reach this issue as it is moot in light of the Court's findings on Defendant's Motion to Dismiss, *infra*. The Court does, however, clarify that the June 12 Order did permit Plaintiff to allege equitable tolling and equitable estoppel.

Accordingly, Plaintiff's Motion for Clarification is DENIED with respect to the Court's uses of "Underlying Action" in the June 12 Order, and is GRANTED with respect to Plaintiff's ability to presently allege equitable tolling and equitable estoppel.

**B.     Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Second Amended Complaint, on the grounds that (1) Plaintiff's claims are still barred by the statute of limitations and (2) Plaintiff cannot allege that its claims are saved by application of equitable tolling or equitable estoppel. (MTD at 4-11.) The Court considers each contention in turn.

**1.     Statute of Limitations**

Defendant contends that Plaintiff's bad faith claims are barred by the statute of limitations, because Plaintiff only seeks tort remedies in contravention of the Court's June 12 Order, which held that any bad faith claims based on a tort theory are untimely. (MTD at 4.) Plaintiff contends that it is proceeding under a contract theory, and that under the particular circumstances of this case, tort

4

remedies are available. (Plaintiff's Opposition to Motion to Dismiss SAC at 13, hereafter, "Opposition to MTD," Docket Item No. 91.)

Under California law, an insurance policyholder bringing a claim for breach of the implied covenant good faith and fair dealing against its insurance carrier may elect to proceed under either a tort theory or a breach of contract theory. Frazier v. Metropolitan Life Ins. Co., 169 Cal. App. 3d 90, 100-03 (1985). An action or recovery using either theory is known as one for "bad faith." Archdale v. American Int'l Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 467 n.19 (2007). A two-year statute of limitations governs bad faith claims brought under a tort theory. Smyth v. USAA Property & Casualty Ins. Co., 5 Cal. App. 4th 1470, 1477 (1992); Cal. Civ. Proc. Code § 339(1). A four-year statute of limitations, however, governs bad faith claims brought under a breach of contract theory. Frazier, 169 Cal. App. 3d at 100-03; Cal. Civ. Proc. Code § 337(1). Whether the policyholder's remedy is in contract or tort "will depend on the nature of the relief or recovery sought" by the policyholder. Archdale, 154 Cal. App. 4th at 466.

There is a "significant difference" in the remedies available, depending on whether a plaintiff chooses to proceed on a tort theory or on a contract theory. Id. at 467 n.19.

> If the insured elects to proceed in tort, recovery is possible for not only all unpaid policy benefits and other contract damages, but also extra-contractual damages such as those for emotional distress, punitive damages, and attorney fees. An insured electing to proceed in tort, however, is burdened with a significantly shorter statute of limitations . . . If the insured elects to proceed only in contract . . . then the recovery is limited to those damages recoverable in contract.[5]

Id. at 467-68 n.19. For example, only if a plaintiff elects to proceed in tort, absent any statute of limitations issue, would it be entitled to seek recovery of attorney fees. Id. at 468 (citing Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985)). Similarly, no punitive damages are allowed when a

---

[5] See Cal. Civ. Code § 3300 ("For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.")

5

complaint "is based *only* on a contract theory of action."[6] Frazier, 169 Cal. App. 3d at 106 (emphasis in original). Where "the tort cause of action is time-barred . . . [the] plaintiff must proceed solely on [its] contract theory; and . . . may not also proceed on the time-barred tort theory to obtain punitive damages." Id. at 107. Although it is true that "tort damages have been permitted . . . for breach of the covenant of good faith and fair dealing in insurance contracts," a plaintiff must proceed on a tort theory as a predicate to such a recovery. See Erlich v. Menezes, 21 Cal. 4th 543, 552 (1999).

In this case, the Court previously granted Defendant's motion to dismiss on the ground that it appeared Plaintiff was pursuing its bad faith claim under a tort theory, specifically because Plaintiff sought punitive damages in its prayer for relief. (June 12 Order at 4 n.4.) Nonetheless, each count enumerated in Plaintiff's Second Amended Complaint seeks punitive damages and attorney fees associated with its prosecution of the Coverage Litigation, which Plaintiff contends are "not less than ten million dollars." (See, e.g., SAC ¶ 151.) Plaintiff's current prayer for relief similarly requests punitive damages, but also lists "general damages . . . in excess of $10,000,000.00." (Id. at 18.) Indeed, these are the exact same requests made by Plaintiff in its First Amended Complaint.[7] (See FAC at 47-48.)

Plaintiff now prays for the same relief it sought in its previously dismissed First Amended Complaint. Although the Court based its earlier dismissal on the observation that a prayer for relief for punitive damages reflected the tort nature of Plaintiff's claim, Plaintiff now asks the Court to treat its claim as sounding in contract rather than in tort. (See Opposition to MTD at 5-6.) Plaintiff

---

[6] Frazier cites Cal. Civ. Code § 3294, which "permit[s] punitive damages only for breach of an obligation *not arising from contract*." 169 Cal. App. 3d at 107 (emphasis in original). See also Cates Construction, Inc. v. Talbot Partners, 21 Cal. 4th 28, 61 (1999) ("in the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was wilful, fraudulent, or malicious."). In Cates, the court denied an award of punitive damages for a breach of the implied covenant of good faith and fair dealing where the plaintiff was unable to proceed on a tort theory.

[7] The only appreciable difference between the relief requested in the two Complaints is that the Second Amended Complaint omits the prayer for "compensatory damages . . . in excess of $11,000,000.00," which Plaintiff included in the First Amended Complaint. (See FAC at 48.)

6

suggests that a four-year statute of limitations governs these contract-based claims, even though Plaintiff seeks tort remedies. (Id. at 12.) Plaintiff, however, cites no governing authority for the express proposition that tort remedies are obtainable in a contract-based bad faith action, where the alternative tort theory is already barred by the statute of limitations.

In contrast to Plaintiff's statement of California law, cases such as Frazier and Archdale have expressly found that no tort remedies are available in a bad faith action unless brought pursuant to a tort theory of recovery. See Frazier, 169 Cal. App. 3d at 107; Archdale, 154 Cal. App. 4th at 467 n.19. Taken to its logical conclusion, Plaintiff's reading of California law renders meaningless the established distinction between tort and contract statutes of limitations. That is, if a Plaintiff could obtain a tort-style recovery by proceeding under a contract-based bad faith theory, the need for a separate tort statute of limitations would be obviated. There would be no reason to ever proceed in tort, if the same remedies could be obtained in contract, along with the additional contract theory benefit of a four-year statute of limitations.

In light of the fact that Plaintiff's Second Amended Complaint makes the same prayer for tort damages alleged in the First Amended Complaint, the Court finds that, after amendment, Plaintiff is still attempting to proceed under a tort theory. Although the Court expressly circumscribed Plaintiff's ability to seek damages other than those allowed for breach of contract under California law, Plaintiff continues to seek damages only available in tort. (See June 12 Order at 7-8.) Accordingly, the Court finds that a two-year statute of limitations applies to Plaintiff's claims, because Plaintiff has not adequately alleged a bad faith claim sounding in contract and is, therefore, not entitled to the four-year statute of limitations associated with contract claims.

Plaintiff's claims may be saved, however, if Plaintiff has adequately alleged either equitable tolling or equitable estoppel.

**2.      Equitable Tolling**

Plaintiff contends that, even if a two-year statute of limitations applies, the doctrine of equitable tolling prevents its claims from being time-barred. (Opposition to MTD at 16.)

7

Equitable tolling permits a plaintiff to avoid the bar of a statute of limitations when, notwithstanding all due diligence, the plaintiff cannot obtain necessary information to give him the ability to pursue the claim. Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). Equitable tolling requires no action by the opposing party, yet generally applies where an opposing party's wrongful conduct prevents the plaintiff from pursuing a claim or when the plaintiff, by exercise of reasonable diligence, could not have discovered vital information bearing on the claim. Holmberg, 327 U.S. at 397; In re United Ins. Mgmt., Inc., 14 F.3d 1380, 1386 (9th Cir. 1994). "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

In the Court's June 12 Order, the Court invited Plaintiff to address "whether the Court should toll the more than ten day delay" in Plaintiff's filing of its bad faith claim. (June 12 Order at 6.) In the Second Amended Complaint, Plaintiff alleges that "HP reasonably and diligently pursued its claim with ACE at all times after the tender and request for defense." (SAC ¶ 20.) The Complaint goes on to allege that "ACE . . . purportedly investigated [HP's] claim from shortly after the time of HP's notice through at least June 19, 2000" and that "ACE did not accept or deny HP's claim at any time." (Id. ¶¶ 22, 25.)

These allegations merely state that Plaintiff "reasonably and diligently pursued its claim" *for insurance coverage* and that Defendant never committed, one way or the other, to providing that coverage. (See SAC ¶ 20.) A proper allegation of equitable tolling, however, requires that Plaintiff reasonably and diligently pursue information bearing on the *legal claim* that is otherwise barred by the statute of limitations. Holmberg, 327 U.S. at 397. As such, the Second Amended Complaint appears to improperly conflate the "claim" for insurance coverage with the bad faith "claim" that is the basis of this case. Plaintiff does not allege that it reasonably and diligently pursued information relating to its bad faith claim, or that, despite such diligence, it was unable to discover vital information bearing on that claim. Id. Plaintiff's allegations focus on Defendant's protracted avoidance of its insurance coverage obligations, but do not state why Plaintiff was unable to

discover facts relating to any underlying bad faith on the part of Defendant.  In granting Plaintiff leave to amend to allege equitable tolling, the Court expected that Plaintiff would attempt to explain its twelve day delay in filing this bad faith action.  By focusing its allegations on its attempts to get insurance coverage from Defendant, Plaintiff has failed to connect its twelve day delay to the required elements of equitable tolling.

Accordingly, the Court finds that Plaintiff has failed to allege equitable tolling of the two-year statute of limitations associated with its claim for breach of the implied covenant of good faith and fair dealing.

### 3.  Equitable Estoppel

Defendant contends that Plaintiff does not allege equitable estoppel, because the Second Amended Complaint contains no allegations of affirmative representations by Defendant that were intended to induce Plaintiff into delaying timely action with respect to its bad faith claim.  (MTD at 12.)  Although the Second Amended Complaint does include allegations of equitable estoppel, Plaintiff's Opposition brief omits any discussion of equitable estoppel.

A statute of limitations may be tolled "if the defendant has affirmatively sought to mislead the charging party." Villasenor v. Lockheed Aircraft Corp., 640 F.2d 207, 207-08 (9th Cir. 1981). To determine whether estoppel may toll the statute of limitations, the court must consider "of critical importance" a "showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations," among other factors. Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981.)  "Conduct or representations" by the defendant that tend to "lull the plaintiff into a false sense of security, can estop the defendant from raising the statute of limitations based upon the principle that no man may take advantage of his own wrong." Atkins v. Union Pacific R. Co., 685 F.2d 1146, 1149 (9th Cir. 1982) (citations and alterations omitted).

In relevant part, the Second Amended Complaint alleges as follows:

> ACE lulled HP into a false sense of security.  (SAC ¶ 34.)  HP held off on filing its initial bad faith lawsuit . . . in part because it had reasonably but detrimentally relied upon ACE's purported further investigation and discovery about the claim, and erroneously believed ACE may honor the claim.  HP was severely prejudiced by ACE's conduct and representations and

9

failure to tell HP the truth - that ACE would never pay all of HP's reasonable defense expenses. (Id. ¶ 36.)

As with Plaintiff's allegations of equitable tolling, Plaintiff fails to connect the elements of equitable estoppel to its twelve day delay in filing this bad faith action. These allegations relate to Defendant's protracted unwillingness to honor its contractual obligations, but do not suggest that Defendant "affirmatively sought to mislead" Plaintiff with respect to its claim for bad faith denial of insurance coverage. Villasenor, 640 F.2d at 207-08. Accordingly, the Court finds that Plaintiff has insufficiently alleged equitable estoppel.

### 4.  Leave to Amend

The Court considers whether to grant HP leave to amend, for a second time, facts relating to equitable tolling or equitable estoppel.

In general, leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Nonetheless, a court may also consider whether the plaintiff has previously amended the complaint or repeatedly failed to cure deficiencies in prior amendments. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Eminence Capital, 316 F.3d at 1052. Thus, a district court's discretion over whether to grant leave to amend is "especially broad" where the court has already given a plaintiff one or more opportunities to amend the complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).

In the June 12 Order, the Court expressly gave Plaintiff an opportunity to amend its Complaint to allege equitable tolling and equitable estoppel. (June 12 Order at 6.) The Court suggested that Plaintiff may address "whether the Court should toll the more than ten day delay or whether Defendant is estopped from asserting a statute of limitations defense." (Id.) The Court provided Plaintiff with the applicable legal standards for both tolling and estoppel. Plaintiff, however, has not tailored its amended pleading to the standards provided, nor has it focused on the narrow issue of the twelve day delay with respect to the statute of limitations. Plaintiff further failed to address equitable estoppel in its Opposition brief. Given that the Court has given Plaintiff an

express opportunity to allege tolling and estoppel, and provided Plaintiff with a roadmap for doing so, the Court is not inclined to give Plaintiff further leave to amend.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss on the ground that Plaintiff's claim is barred by the two-year statute of limitations.  Having failed to adequately allege equitable tolling or equitable estoppel in its amended pleading, the Court DENIES Plaintiff leave to amend.

### C.   **Plaintiff's Motion for Partial Summary Judgment**

In light of the Court's findings on Defendant's Motion to Dismiss, the Court DENIES as moot Plaintiff's Motion for Partial Summary Judgment.

## V.  CONCLUSION

The Court GRANTS Plaintiff's Motion for Clarification with respect to Plaintiff's ability to allege equitable tolling and equitable estoppel.  The Court DENIES Plaintiff's Motion for Clarification with respect to references to "Underlying Action" in the June 12, 2008 Order.

The Court GRANTS Defendant's Motion to Dismiss with prejudice and DENIES Plaintiff's Motion for Partial Summary Judgment as moot.

Dated: January 30, 2009

JAMES WARE  
United States District Judge

11

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bradley Marc Zamczyk bzamczyk@hinshawlaw.com
David A. Gauntlett info@gauntlettlaw.com
James A. Lowe jal@gauntlettlaw.com
Kory Shawn Booth ksb@gauntlettlaw.com
Robert John Romero rromero@hinshawlaw.com
Steven H. Bergman sbergman@omm.com

**Dated: January 30, 2009**                                    **Richard W. Wieking, Clerk**

                                                               **By:  /s/ JW Chambers**
                                                                     **Elizabeth Garcia**
                                                                     **Courtroom Deputy**